UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRANCESCA GINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, URI SIMONSOHN, LEIF NELSON, JOSEPH SIMMONS, JOHN DOES 1-10, AND JANE DOES 1-10, | ) ) ) ) ) ) | Case No. 1:23-cv-11775-MJJ |
| Defendants. | ) ) ) ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE AND SRIKANT DATAR'S MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL

Pursuant to Local Rule 7.2, Defendants President and Fellows of Harvard College and Srikant Datar ("Harvard") move for leave to (i) publicly file a redacted version of the final report and findings of the Harvard Business School ("HBS") investigation committee that investigated the allegations against Plaintiff at issue in this case (the "Final Report"), and (ii) file partially under seal an unredacted copy of the Final Report.

Pursuant to Local Rule 7.1, Harvard informed Plaintiff's counsel of its intention to file the Final Report, which Plaintiff has possessed for nearly six months, with minimal redactions to protect legitimate third-party privacy interests and Plaintiff's private medical information, as Exhibit 5 to the contemporaneously filed Declaration of Jenny K. Cooper in Support of Harvard's Partial Motion to Dismiss Plaintiff's Amended Complaint (the "Cooper Declaration") and sought to narrow any issues in dispute. On Friday, October 6, 2023, Plaintiff's counsel

1

indicated that this approach sounded reasonable, pending review of the proposed redactions and input from their client on any other necessary redactions, and confirmed via e-mail that Plaintiff might cross-move for additional portions of the report to be redacted or sealed. To accommodate this request and allow Plaintiff additional time to review, Harvard agreed to delay filing its dispositive filings, and the present Motion, which it had intended to do on Friday, October 6, and asked Plaintiff to provide any additional proposed redactions by Monday, October 9. Plaintiff then changed course, objecting to any public filing of the report and requesting that Harvard refrain from filing *any* version of the Final Report on the public docket. Plaintiff's counsel has not articulated any reason why the Final Report should not be filed in any form, nor have they indicated what additional redactions should be made.

Instead, on Sunday, October 8, Plaintiff e-mailed "collaborators," including at least one HBS faculty member, arguing her innocence and discussing the Final Report in detail, describing its length, attachments, and contents, and the substantive work of the HBS investigative committee. *See* Exhibit 1 to the Declaration of Jean Cunningham, dated October 10, 2023 (the "Cunningham Decl."), filed concurrently herewith. For example, Plaintiff wrote: "[m]uch of the [F]inal [R]eport consists of supporting documents, like the integrity research policy (48 pages, as the policy was included three times), the allegations received from Data Colada which track closely with their blog posts (18 pages), the papers with the four studies in question (233 pages, as the papers were included more than once), transcripts of interviews (251 pages). Even the cover pages, separating parts of the document, add surprising length (94 pages). And there's a considerable duplication within the file (78 pages that appear twice). The [F]inal [R]eport itself was only 41 pages long, and even there, there's surprisingly little at the heart of the matter." *Id.*

In addition, Plaintiff has repeatedly referred to and characterized the Final Report in media comments and online postings.[1]

In short, Plaintiff has flatly opposed Harvard's filing any version of the Final Report in the public record, despite her own numerous references to the Final Report and its attachments in her Amended Complaint (*see, e.g.*, Doc. No. 6 at ¶¶ 106-109, 117-20, 131-37, 157-167, 185, 363), and continued reference to the same in statements to Harvard faculty, collaborators, and the public. *See* Cunningham Decl., Ex. 1; *see also supra* Note 1. Given Plaintiff's position, Harvard has refrained from filing a redacted version of the Final Report pending the resolution of Plaintiff's as-yet unstated objections, or until further order of this Court.

Harvard is on this date filing a Partial Motion to Dismiss Plaintiff's Amended Complaint, an accompanying memorandum of law, and the accompanying Cooper Declaration and exhibits thereto. In the version of the Final Report that Harvard seeks to file on the public docket, Harvard has redacted the names and identifying information of certain individuals who were not conducting or otherwise directly involved in the investigation, to protect the privacy interests of those third parties. Harvard additionally has redacted portions of the Final Report that contain Plaintiff's private health information, which she volunteered in her interview with the investigation committee. To accommodate Plaintiff's position, pending the resolution of Plaintiff's as yet undisclosed objections, Harvard has not filed this minimally redacted version of the Final Report, but argues that such a version would be sufficient and no greater than necessary to protect the legitimate privacy rights at issue while respecting the well-established public right

---

[1] As further example, Plaintiff quoted the Final Report in her public response to a New Yorker article, which Plaintiff posted on a website she created for purposes of this litigation. *See* Francesca Gino, New Yorker Rebuttal, Francesca v. Harvard, (Oct. 3, 2023), https://www.francesca-v-harvard.org/new-yorker-rebuttal. Also on her website, Plaintiff characterized the Final Report, stating: "if you read HBS's investigative report, you will see error-after-error-after-error in its handling of this matter." Francesca Gino, Refutation of Data Reconciliation Claims by HBS, (2023), https://www.francesca-v-harvard.org/hbs-data-reconciliation-1. Plaintiff has also referenced the Final Report in a LinkedIn post, stating that the HBS investigative committee "reached outrageous conclusions based entirely on inference, assumption, and implausible leaps of logic." Francesca Gino, LINKEDIN, https://www.linkedin.com/posts/francescagino_i-want-to-be-very-clear-i-have-never-ever-activity-7092615706931789825-poii?utm_source=share&utm_medium=member_desktop (last visited Oct. 10, 2023).

of access to judicial records. *See Brown v. Prudential Life Ins. Co. of Am.*, No. 2:22-cv-00365-GZS, 2023 WL 2413992, at *1 (D. Me. Feb. 7, 2023) (finding that minimal redactions of personally identifiable information were appropriate despite significant public interest).

This Court is authorized under Local Rule 7.2 to impound any materials for "good cause." L.R. 7.2. The First Circuit has recognized that "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *United States v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013) (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 411 (1st Cir. 1987). Indeed, "[t]hird-party privacy interests, in particular, have been referred to as 'a venerable common law exception to the presumption of access,'" and "weigh heavily in a court's balancing equation." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)). Moreover, sensitive medical information is "universally presumed to be private, not public." *Id.* (quoting *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003)).

The witnesses who participated in Harvard's investigation of the allegations of research misconduct against Plaintiff, as third parties to this matter, have significant privacy interests, the protection of which also will safeguard the ability of employers and other organizations to conduct internal investigations with full candor and participation from those involved. Courts in this circuit regularly have permitted parties to file exhibits redacting the names, addresses, and contact information of third parties for precisely these reasons. *E.g.*, *Tourangeau v. Nappi. Distribs.*, No. 2:20-cv-00012-JAW, 2022 WL 768688, at *7 (D. Me. Mar. 14, 2022) (redaction of third-party information "vindicates the privacy interest a third-party has in sensitive personal information") (quoting *Lown v. Salvation Army, Inc.*, No. 04-cv-01562, 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012)); *United States v. Abdelaziz*, 583 F. Supp. 3d 329, 330 (D. Mass. Feb. 3, 2022) (granting leave to redact "confidential personal contact information" in letters written

4

by third parties); *see also, e.g.*, *Bryne v. Yale Univ., Inc.*, No. 3:17-cv-1104, 2020 WL 1820761, at *3 (D. Conn. Apr. 10, 2020) (failure to protect "compelling privacy interest" of third-party witnesses "would amount to 'manifest injustice'" because it would "thwart the ability to obtain candid responses to essential investigations of impropriety, [and] it could besmirch the names of innocent people").

Plaintiff's private health information contained in the Final Report similarly is entitled to protection under well-established precedent. *See, e.g.*, *Kravetz*, 948 F. Supp. 2d at 93 (allowing redaction of portions of memorandum "describ[ing] instances of family members' illnesses," due to "compelling privacy interests in these 'highly personal' matters").

Granting this request would not be inconsistent with the public interest in judicial transparency, because the redacted version of the Final Report that Harvard seeks to file has been only minimally redacted, and any public interest in viewing the sensitive personal information that has been redacted does not outweigh the attendant privacy interests. *See Brown*, 2023 WL 2413992, at *1 (D. Me. Feb. 7, 2023).

Redaction of the Final Report beyond the categories described above, much less sealing it in its entirety, would not be justifiable because "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common law right of access." *Kravetz*, 706 F.3d at 59 (quotation omitted). Sealing the Final Report in its entirety would conflict with the well-established principle that "where the public's right of access competes with privacy rights, 'it is proper for the district court, after weighing competing interests, to *edit and redact* a judicial document in order to allow access to appropriate portions of the document. *Id.* at 62 (quoting *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995)) (emphasis added); *see also Tourangeau*, 2022 WL 768688, at *8 ("The Court will not broadly seal entire transcripts or documents where . . . the [party] fails to identify a sufficient factual

5

basis of potential harm to seal the material.") (quotation omitted).  Nor is a "fear of adverse publicity" sufficient to defeat public access.  *Kravetz*, 706 F.3d. at 64 (collecting cases).

Moreover, Plaintiff repeatedly has referred to and quoted from the Final Report and its attachments in her publicly filed Amended Complaint and in public statements.  *See, e.g.*, Doc. No. 6 at ¶¶ 106-109, 117-20, 131-37, 157-167, 185, 363; Cunningham Decl., Ex. 1; *supra* Note 1.  Over and over again, Plaintiff has made clear that the HBS investigation committee's work, documented in its Final Report, lies at the heart of her claims—she cannot be permitted to quote it selectively in her Amended Complaint and to the public while simultaneously maintaining that it cannot be filed publicly in any form, despite the well-established and overriding public interest in access to judicial records.  *See Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) ("The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it."); *see also id.* at 449 (noting that "the public interest in access is strong" with respect to documents that "will relate to and provide the foundation for dispositive motions," and that to seal them, the parties "must establish an overriding interest in sealing and must ensure that any sealing is *narrowly tailored to shield as little from public view as possible*") (emphasis added).

To ensure the protection of these privacy interests, Harvard respectfully requests leave to: (i) publicly file a copy of the Final Report containing minimal redactions to protect legitimate third-party privacy interests and Plaintiff's sensitive medical information; and (ii) file, under seal, an unredacted copy of the Final Report indefinitely or until further order of this Court.

Dated: October 10, 2023                                             Respectfully submitted,

        */s/ Douglas E. Brayley*
Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: October 10, 2023

                                            */s/ Douglas E. Brayley*
                                            Douglas E. Brayley