UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>*Plaintiff,*<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, URI SIMONSOHN, LEIF NELSON, JOSEPH SIMMONS, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>*Defendants.* | Civil Action No. 1:23-cv-11775-MJJ |

### MEMORANDUM IN SUPPORT OF PLAINTIFF FRANCESCA GINO'S CROSS MOTION TO IMPOUND IN OPPOSITON TO DEFENDANTS' MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL

For all of the reasons stated in her concurrently filed Memorandum in Opposition to Defendants' Motion for Leave to File Partially Under Seal ("Motion to Seal"), Plaintiff respectfully requests that this Court deny the Motion to Seal in its entirety, and that Defendants not be permitted to file the Final Report *either redacted or unredacted*. However, should this Court grant Defendants' opposed Motion to Seal, pursuant to Local Rule 7.2, Plaintiff respectfully moves this Court to order the impoundment of the document referenced in Defendants' Motion to Seal as the "Final Report" until discovery in this action is complete, with the expiration of the impoundment period to be set at a date determined by the Court, in accordance with the applicable discovery deadlines.

The removal of the restriction in CMECF occurring until a date after Plaintiff has had an opportunity to conduct discovery and to meaningfully respond to the disputed and erroneous factual allegations and conclusions set forth in the Final Report would comport with the common

1.

law right of the public to access materials constituting "judicial records." *See United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013). In *Kravetz*, the First Circuit explained that, "[w]hen considering whether the common law right of access applies, the cases turn on whether the documents that are sought constitute 'judicial records.'" *See id*. "Judicial records" are "those materials on which a court *relies in determining the litigants' substantive rights*." *id.* (emphasis added).

At this early stage of the action, the Final Report, even if appended by Defendants as an "exhibit" to their 12(b)(6) motion, does not constitute "judicial records" to which the public has a right to access. At this stage, this Court is tasked with assessing whether the factual allegations set forth in Plaintiff's Amended Complaint (Doc. 6) plausibly give rise to an entitlement of relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As the Second Circuit has stated, on a 12(b)(6) motion, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

On Defendants' 12(b)(6) motion, when this Court is tasked with determining the sufficiency of the Complaint, not weighing the evidence, this Court will not be relying on the Final Report to determine the litigants' substantive rights, a function that will arise after discovery, on a motion for summary judgment. *See Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc.*, 997 F.3d 367, 372 (1st Cir. 2021) ("Motions under Rules 12(b)(6) and 56 present a plaintiff with different hurdles")

There is also no right of public access to documents exchanged *during* civil discovery proceedings. *See Kravetz*, 706 F.3d at 55–56 (there is no right of public access to civil discovery) (citing *In Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ("pretrial depositions and

interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice."). Accordingly, under the law of this Circuit and the Supreme Court, the Final Report does not and will not constitute a "judicial record" triggering the common law right of access until this Court actually *relies on it* to determine the litigants' substantive rights, and that time will not arise until *after* discovery is complete and this Court is tasked with assessing the weight of the evidence offered by either side.

      Given that there is no legitimate public interest in disclosing the Final Report to the public *before* discovery is complete, it would be both premature and prejudicial to Plaintiff for Defendants to publicly file the one-sided and false narrative set forth in the Final Report *before* discovery is complete and Plaintiff has a meaningful opportunity to respond. Bereft of expert analysis or interpretation, given the Final Report's unwieldiness and complexity, its one-sided and false narrative would have little probative value, yet be accepted as true by the public.

[signature on next page]

**Dated: October 24, 2023**
      **Boston, Massachusetts**                **Respectfully submitted,**

                                                    **NESENOFF & MILTENBERG, LLP**
                                                    *Attorneys for Plaintiff Francesca Gino*

                                                    **By: /s/** *Julie A. Sacks*
                                                  **Andrew T. Miltenberg, Esq.**
                                                  **(*pro hac vice* forthcoming)**
                                                  **Kara L. Gorycki, Esq.**
                                                  **(*pro hac vice* forthcoming)**
                                                  **363 Seventh Avenue, Fifth Floor**
                                                  **New York, New York 10001**
                                                  **(212) 736-4500**
                                                  **amiltenberg@nmllplaw.com**
                                                  **kgorycki@nmllplaw.com**

                                                  **Tara Davis, Esq. (BBO No. 675346)**
                                                  **Julie A. Sacks, Esq. (BBO No. 674384)**
                                                  **101 Federal Street, 19th Floor**
                                                  **Boston, Massachusetts 02110**
                                                  **(617) 209-2188**
                                                  **tdavis@nmllplaw.com**
                                                  **jsacks@nmllplaw.com**

## CERTIFICATION OF SERVICE

I hereby certify that on October 24, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  October 24, 2023              */s/ Julie A. Sacks*
                                      Julie A. Sacks