UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>*Plaintiff,*<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, URI SIMONSOHN, LEIF NELSON, JOSEPH SIMMONS, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>*Defendants.* | Civil Action No. 1:23-cv-11775-MJJ<br><br>REQUEST FOR ORAL ARGUMENT |

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
### FOR LEAVE TO FILE PARTIALLY UNDER SEAL

**NESENOFF &MILTENBERG, LLP**
*Attorneys for Plaintiff Francesca Gino*
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500

101 Federal Street, 19th Floor
Boston, Massachusetts 02110
(617) 209-2188

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1
FACTS ..................................................................................................................................... 2
LEGAL ARGUMENT ............................................................................................................. 5
   I.   There Is No Basis To Grant Defendants' Motion To Seal Under The Federal Rules Of Civil Procedure................................................................................................................... 5
   II.   Defendants' Motion To Seal Seeks To Insert Defendants' Own Version Of Events Into Plaintiff's Well-Pleaded Complaint And Do Further Damage To Plaintiff's Reputation. .......... 9
CONCLUSION....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Alston v. Spiegel*,
  988 F.3d 564 (1st Cir. 2021) .................................................................................................... 5
*Aronson v. Advanced Cell Tech., Inc.*,
  972 F. Supp. 2d 123 (D. Mass. 2013) ....................................................................................... 5
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 5
*Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc.*,
  997 F.3d 367 (1st Cir. 2021) .................................................................................................... 9
*Autila v. Massachusetts Bay Transportation Auth.*,
  342 F.R.D. 23 (D. Mass. 2022) .................................................................................. 5, 6, 7, 8
*Beddall v. State St. Bank & Tr. Co.*,
  137 F.3d 12 (1st Cir. 1998) ...................................................................................................... 7
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 5
*Fleming v. Lind-Waldock & Co.*,
  922 F.2d 20 (1st Cir. 1990) ...................................................................................................... 5
*Gant v. Wallingford Bd. of Educ.*,
  69 F.3d 669 (2d Cir. 1995) ....................................................................................................... 7
*Ironshore Specialty Ins. Co. v. United States*,
  871 F.3d 131 (1st Cir. 2017) ................................................................................................ 5, 7
*Lynch v. City of New York*,
  952 F.3d 67 (2d Cir. 2020) .................................................................................................. 5, 7
*Patterson v. United States*,
  999 F. Supp. 2d 300 (D.C.C. 2013) ......................................................................................... 7
*Radfar v. City of Revere*,
  No. 1:20-CV-10178-IT, 2021 WL 4121493 (D. Mass. Sept. 9, 2021) ................................. 1, 8
*Rose v. Bartle*,
  871 F.2d 331 (3d Cir. 1989) ..................................................................................................... 7
*Smith v. Hogan*,
  794 F.3d 249 (2d Cir. 2015) ................................................................................................. 6, 7
*United States v. Kravetz*,
  706 F.3d 47 (1st Cir. 2013) ...................................................................................................... 9

**Rules**

Fed. R. Civ. P. 10(c) ............................................................................................................ 5, 6, 7, 8
Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 2, 5, 7, 8
Fed. R. Civ. P. 12(d) ................................................................................................................... 5, 6
Local Rule 7.1(a)(2) ....................................................................................................................... 2

**INTRODUCTION**

Plaintiff Francesca Gino ("Plaintiff") respectfully submits this Memorandum of Law in Opposition to Defendants' President and Fellows of Harvard College and Srikant Datar ("together, "Defendants") Motion for Leave to File Partially Under Seal ("Motion to Seal") (Doc. No. 22). As discussed *infra*, in seeking to attach and publicly file a 1,200-page investigation report ("Final Report") as a purported "exhibit" to their pending 12(b)(6) motion, Defendants ask this Court permission to inject their own version of events into Plaintiff's well-pleaded Amended Complaint (Doc. 6). Defendants' Motion to Seal inappropriately presents matters outside the pleadings and should be denied. *See, e.g., Radfar v. City of Revere*, No. 1:20-CV-10178-IT, 2021 WL 4121493, at *12 (D. Mass. Sept. 9, 2021).

Defendants' contention that granting Defendants' Motion to Seal is consistent with "public interest" is without merit. (*See* Doc 23 at 5). Defendants aim only to short-circuit the litigation at the pleadings stage, and to further destroy Plaintiff's professional reputation by publicly filing a 1,200-page, complex and unwieldy document that is outside the pleadings, and whose disputed factual allegations and conclusions, bereft of expert analysis, would be unfairly accepted as true by the public, and serve no probative value to the Court as evidence at this early pleadings stage.

Accordingly, Plaintiff respectfully requests that:

> (1) Defendants' Motion to Seal be denied in its entirely, as the Final Report should not be filed at all at the pleadings stage—*either redacted or unredacted*—because it is an extrinsic document, outside the pleadings, is not a "judicial record" which the public has a right to access, and because it would be premature at the pleadings stage to permit Defendants to expand Plaintiff's Amended Complaint (Doc. 6)

1.

with their own one-sided narrative, prior to discovery and before Plaintiff has had an opportunity to respond;

(2) Should the Court permit Defendants to file the Final Report, then, in accordance with Local Rule 7.2 and Plaintiff's contemporaneously filed Cross-Motion to Impound ("Cross Motion"), that the Court order the Final Report to be filed *entirely* under seal, with the expiration of the impoundment period to be set at a date after discovery is complete, to be determined by the Court in accordance with applicable discovery deadlines, so that the removal of the restriction in CMECF occurs after Plaintiff has had an opportunity to conduct discovery and meaningfully respond to the factual allegations in the Final Report;

(3) Should the Court deny Plaintiff's Cross Motion and grant Defendants' Motion to Seal and permit Defendants to publicly file a minimally redacted Final Report at this early stage in the pleadings and before discovery has commenced, that the Court order counsel to first confer for the purpose of ensuring that all minimal redactions to protect the identify of third-parties and other confidential information are made.

## FACTS

On August 8, 2023, Plaintiff filed a well-pleaded Complaint. (Doc. 6). On Friday, October 6, 2023, at 9:00 a.m., pursuant to Local Rule 7.1(a)(2), Defendants' counsel conferred with Plaintiff's counsel. In a telephone conference lasting fewer than five minutes, Defendants' counsel informed Plaintiff's counsel that they intended to file a partial motion to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and a motion to file under

partial seal a 1,200-page investigation Final Report, and that they intended to file both motions at 1:30 p.m. that day.[1]

At no point in time, on that call or otherwise, did Plaintiff's Counsel agree to the filing of the Final Report on the public docket with only Defendant's proposed redactions. Nor did Plaintiff's Counsel ask Defendants to delay the filing of their motions, (*see* Doc. No. 23 at 1-2). On the contrary, Plaintiff's Counsel requested a copy of the Final Report with Defendants' proposed redactions—which Defendants' counsel did not immediately agree to—and made clear that Plaintiff needed to review the Final Report in order to determine whether additional redactions were needed.

Defendants' counsel provided access to the proposed redactions after the call. Shortly thereafter, at 11:55 a.m. on October 6, Plaintiff's counsel emailed Defendants' counsel confirming she received the "link" they sent to electronically access the minimally redacted 1,200-page Final Report, and advising them that Plaintiff's counsel had no objections to Defendants' counsel's proposed redactions to the Final Report, but that they *did object to the public filing of any portion of the investigation report on the public docket that day*,[2] and further advising that they might "cross-move for additional portions of the report to be maintained under seal."

At 1:50 p.m. (after the expiration of Defendants' self-imposed deadline for filing their motions), Defendants' counsel emailed Plaintiff's counsel, urging them to "get back to us by 11 am on Monday with any proposals for limited additional redactions that you may have, . . . in advance of filing." Defendants' counsel further stated that because Plaintiff was in possession of the report for several months, the time in which to determine her position on the sealing motion

---

[1] Notably, Defendants' motions were not due to be filed until October 10, 2023, which Plaintiff's counsel mentioned on the call.
[2] It was the understanding of Plaintiff's counsel at this point in time that Defendants planned to file their motions on Friday, October 6.

3.

should be abbreviated, though Defendants' counsel initially gave her mere hours' notice with no intention of sharing the proposed redactions.

At 2:58 p.m. on October 6, Plaintiff's counsel responded that, they had only just learned of Defendants' plan to file the Final Report on *a motion addressed to the pleadings*, noted that, under the Local Rules, they were not required to consent to Defendants' partial sealing motion and that they had 14 days to file Plaintiff's opposition. Rather than agreeing not to file the Final Report on the public docket so that Plaintiff had adequate time to oppose the motion, at 6:15 p.m. on October 6, Defendants' counsel requested that Plaintiff's Counsel submit "any additional proposed redactions" to the report "by Monday, October 9, at 11:00am ET." On October 9, after more back and forth on whether Defendants intended to file the Final Report on the public docket, Defendants' counsel agreed to file the Report under seal until the Court resolved the sealing motion.

On October 10, 2023, Defendants filed a Partial Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") (Doc. No. 18) and supporting memorandum, seeking to dismiss eight of the nine claims against them, and a Motion for Leave to File Partially Under Seal ("Motion to Seal") (Doc. No. 22), with a supporting memorandum, seeking to attach a partially redacted copy of the Final Report as "Exhibit 5" to their Motion to Dismiss. (*See* Doc. 22.) The Final Report contains disputed findings and erroneous conclusions of purported "research misconduct" against Plaintiff.

Plaintiffs never assented to Defendants' Motion to Seal.

As discussed *infra,* there is no basis under Local Rule 7.2 or the Federal Rules of Civil Procedure, or any public interest that supports Defendants' request to attach and publicly file the Final Report as an "exhibit" to their Motion to Dismiss.

# LEGAL ARGUMENT[3]

## I. There Is No Basis To Grant Defendants' Motion To Seal Under The Federal Rules Of Civil Procedure.

In deciding a Rule 12(b)(6) motion to dismiss, the court must "take all of the factual allegations in the complaint as true, and all reasonable inferences are drawn in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021). The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement of relief "does not impose a probability requirement at the pleading stage:  it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of 'illegal' conduct." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  As the Second Circuit has stated, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

"Ordinarily any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." *Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135 (1st Cir. 2017); *see* Fed. R. Civ. P. 12(d); *see also Fleming v. Lind-Waldock & Co.,* 922 F.2d 20, 23 (1st Cir. 1990) ("The grounds for a Rule 12(b)(6) dismissal comprise only the pleadings and no more. A Rule 56 summary judgment allows the court to consider matters 'outside' the pleadings"). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Ironshore Specialty,* 841 F.3d at 135.

---

[3] Unless indicated otherwise, internal quotation marks and citations are omitted and emphasis is added.


As this Court has explained, the doctrine of deeming a document incorporated by reference to a complaint derives from language in Rule 10(c) of the Federal Rules of Civil Procedure. *See e.g., Autila v. Massachusetts Bay Transportation Auth.*, 342 F.R.D. 23, 30 (D. Mass. 2022); *Aronson v. Advanced Cell Tech., Inc.*, 972 F. Supp. 2d 123, 136 (D. Mass. 2013) ("statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion"). Rule 10(c) of the Federal Rules of Civil Procedure provides:

> (c) Adoption by Reference; Exhibits. A statement in a pleading *may* be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a *written instrument* that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10 (emphasis added).[4]

Thus, under the plain language of Fed. R. Civ. P 10(c), a pleading includes any *"written instrument"* that is attached to the complaint as an exhibit or that is incorporated it in by reference. *See Autila v. Massachusetts*, 342 F.R.D. at 30. In *Autila*, this Court turned to Black's Law Dictionary (11th ed. 2019) to shed light on the meaning of the term *"written instrument"* in Rule 10(c). Finding that Black's Law Dictionary defines the term "instrument" to mean *"a written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate.,"* the court concluded that the term "written instrument," under Rule 10(c) meant a *"legal document that defines rights, duties, entitlements, or liabilities."* See *Autila,* 342 F.R.D. at 30 (citing *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015)).

On that basis, the *Autila* Court declined to find that a self-serving affidavit that a plaintiff attached as a purported "exhibit" to his complaint constituted a "pleading," as it was not a *"written instrument"* within the meaning of Fed. R. Civ. P. 10(c). *See id.* (citing consistent judicial

---

[4] As noted, Rule 12(d) requires that if "matters outside the pleadings are presented to and not excluded by the court" on a 12(b)(6) motion to dismiss or a 12(c) motion for judgment on the pleadings, then the court must treat the motion "as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

interpretations given to the term "written instrument" by the Second, Third, and Fifth Circuit). The Court further explained its reasoning:

> [I]f an affidavit attached to a complaint constitutes a 'written instrument,' it 'would severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage, a right that is integral to federal procedure.' *Smith*, 794 F.3d at 255. Relatedly, it would 'blur the distinction between summary judgment and dismissal for failure to state a claim.' *Rose v. Bartle,* 871 F.2d 331 (3d Cir. 1989) at 340 n.3. Paradoxically, it would allow consideration of an affidavit attached to a complaint when adjudicating a Fed. R. Civ. P. 12(b)(6) motion to dismiss, but not allow consideration of the same affidavit attached to the motion itself. *See id.* (stating it 'would elevate form over substance by drawing' distinction between affidavit filed with answer and affidavit filed with motion to dismiss); *see generally Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135 (1st Cir. 2017) (court may consider only narrow categories of documents outside complaint on motion to dismiss) (citation omitted).

*Autila*, 342 F.R.D. at 30 (emphasis added).

The court's decision in *Autila* is consistent with other courts' rulings within the First Circuit and other jurisdictions, which have similarly held that only a narrow category of legally operative documents, such as contracts and benefits plans for which the authenticity is not challenged, may be considered outside the pleadings*, see, e.g., Ironshore Specialty,* 871 F.3d at 136 (contract); *Beddall v. State St. Bank & Tr. Co*., 137 F.3d 12, 17 (1st Cir. 1998) (trust agreement"); *see also Lynch v. City of New York,* 952 F.3d 67, 79 (2d Cir. 2020) ("we view "the types of exhibits incorporated within the pleadings by Rule 10(c)" as "consist[ing] largely of ... contracts, notes, and other writing[s] on which [a party's] action or defense is based"); *Hogan,* 794 F.3d 249 at 255 (same).

Conversely, courts have declined to deem a document "incorporated by reference" in a complaint that is not a "written instrument" pursuant to Rule 10(c), which is not legally operative and subject to factual dispute. *See, e.g., Patterson v. United States,* 999 F. Supp. 2d 300, 307 (D.C.C. 2013) (declining to consider police officer's affidavit attached to defendants' motion to

dismiss because, although it contained "factual material at the heart of the dispute" and the plaintiff had referenced it in his complaint, it was "only to impugn [the officer's] description of events"); *see also Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674-75 (2d Cir. 1995) (district court committed reversible error by *presuming* that plaintiffs who had appended as an exhibit to their complaint an *investigatory report* prepared by defendants had incorporated the report so as to accept all statements therein as true).

Here, Defendants presently have two motions pending: their 12(b)(6) Motion to Dismiss (Doc. 18), and their Motion to Seal (Doc. 22), by which they seek to attach the Final Report as an "exhibit" to their Motion to Dismiss.[5] Although not clearly articulated, Defendants suggest in their memorandum in support of their Motion to Seal (Doc. 22) that the Final Report should be deemed incorporated by reference into Plaintiff's Amended Complaint because it "lies at the heart of her claims," (*see* Doc. 23 at 6). Defendants' contention ignores the applicable standards under the Federal Rules of Civil Procedure for incorporation by reference under Rule 10(c).

Under this Court's holding in *Autila,* 342 F.R.D. at 30, the Final Report should not be deemed "incorporated by reference." First, the Final Report is not in a narrow category of documents, i.e., a written instrument. Second, allowing evidentiary material to be considered at the motion to dismiss stage would "blur the distinction" between summary judgment and dismissal under 12(b)(6). *See id.; see also, e.g., Radfar v. City of Revere,* No. 1:20-CV-10178-IT, 2021 WL 4121493, at *12 (D. Mass. Sept. 9, 2021) ("Because Covino's arguments rely on his version of the facts, rather than assuming the truth of Plaintiff's well-pleaded facts, and include matters outside the pleadings, the Rule 12(b)(6) motion is denied.").

---

[5] In their memorandum in support of their Motion to Dismiss, Defendants refer to the Final Report as "Exhibit 5." (Doc. 19).

### II. Defendants' Motion To Seal Seeks To Insert Defendants' Own Version Of Events Into Plaintiff's Well-Pleaded Complaint And Do Further Damage To Plaintiff's Reputation.

With Defendants' 12(b)(6) Motion to Dismiss pending, permitting Defendants to attach the 1,200-page extrinsic Final Report, which is not a "written instrument" under Rule 10(c), and which Plaintiff has only referenced in her Amended Complaint to *impugn* the defendant's description of events, (*see* Doc. 6 at ¶ 168), would permit Defendants to insert their own version of events into Plaintiff's Amended Complaint, rather than assuming the truth of Plaintiff's well-pleaded facts. However, at this stage the Court is tasked only with assessing the legal feasibility of the Amended Complaint, not to weigh evidence on either side. *See Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc.*, 997 F.3d 367, 372 (1st Cir. 2021) ("Motions under Rules 12(b)(6) and 56 present a plaintiff with different hurdles"). Expanding the Complaint to include Defendants' disputed and erroneous findings of purported research misconduct would, at this stage of the litigation, unfairly deprive Plaintiff any opportunity to respond to the factual allegations through the process of litigation and discovery.

Defendants erroneously claim in their memorandum in support of their Motion to Seal that, if this Court were to grant their Motion, it would "not be inconsistent with the public interest in judicial transparency." (*See* Doc. 23 at 5.) However, the public has no right to access the Final Report because it is not a "judicial record." As the First Circuit has explained, "[w]hen determining whether the common law right of access applies, the cases turn on whether the documents that are sought constitute 'judicial records.' Such records are those materials on which a court relies in determining the litigants' substantive rights." *See United States v. Kravetz,* 706 F.3d 47, 54 (1st Cir. 2013).

Here, and as discussed *supra,* the Final Report has not been attached as an exhibit to Plaintiff's Amended Complaint (Doc. 6) and it is not a "pleading" incorporated under Rule 10(c). At this stage in the action, the Court has no need to rely on the Final Report to assess the sufficiency of Plaintiff's Amended Complaint. Accordingly, there is no common law right for the public to access the Final Report.

Given that there is no legitimate public interest in disclosing the Final Report to the public, Defendants emphasis on a purported "public interest" and "right of access" (Doc 23 at 5) suggests that their true aim is only to further damage Plaintiff's reputation. Indeed, if Defendants' Motion to Seal is granted, Defendants will succeed in making public a complex and unwieldy 1,200-page report that comports with their own narrative of events. Bereft of expert analysis or interpretation, the Final Report would have little probative value yet be accepted as true by the public, and offer no assistance to this Court, whose task at this stage is only to assess the feasibility of the Amended Complaint, not to weigh the evidence on either side.

Defendants have already stripped Plaintiff of her entire salary and benefits, and effectively terminated Plaintiff's employment by placing her on a so-called unpaid leave for two years. ¶ 179. Defendants have deprived Plaintiff of her capacity to teach, research, publish, and mentor students. ¶ 180. Defendants have breached their duty of confidentiality, damaging Plaintiff's professional reputation and career. ¶¶ 183-230. In seeking to put the disputed Final Report in the public record, Defendants seek to put forth a one-sided, false narrative of research misconduct that will not bear out in discovery, with the attention of inflicting additional harm to Plaintiff's career and reputation and knowing full well the Final Report bears no relevance to the issues before the Court on a 12(b)(6) motion.

**CONCLUSION**

Based on the foregoing, Plaintiff Francesca Gino respectfully requests that:

(1) Defendants' Motion to Seal be denied in its entirely;

(2) Should the Court permit Defendants to file the Final Report, then, in accordance with Local Rule 7.2 and Plaintiff's contemporaneously filed Cross-Motion and supporting memorandum, that the Court order the Final Report to be filed *entirely* under seal, with the expiration of the impoundment period and removal of the restriction in CMECF to be set at a date after discovery is complete, and determined by the Court in accordance with applicable discovery deadlines;

(3) Should the Court deny Plaintiff's Cross Motion and grant Defendants' Motion to Seal and permit Defendants to publicly file a minimally redacted Final Report, that the Court order counsel to first confer for the purpose of ensuring that all minimal redactions to protect the identify of third-parties and other confidential information are made.

**Dated: October 24, 2023**

**Boston, Massachusetts**     Respectfully submitted,

   NESENOFF & MILTENBERG, LLP
   *Attorneys for Plaintiff Francesca Gino*

   **By: /s/** *Julie A. Sacks*
   **Andrew T. Miltenberg, Esq.**
   (***pro hac vice* forthcoming)**
   **Kara L. Gorycki, Esq.**
   (***pro hac vice* forthcoming)**
   **363 Seventh Avenue, Fifth Floor**
   **New York, New York 10001**
   **(212) 736-4500**
   **amiltenberg@nmllplaw.com**
   **kgorycki@nmllplaw.com**

11.

**Tara Davis, Esq. (BBO No. 675346)**
**Julie A. Sacks, Esq. (BBO No. 674384)**
**101 Federal Street, 19th Floor**
**Boston, Massachusetts 02110**
**(617) 209-2188**
**tdavis@nmllplaw.com**
**jsacks@nmllplaw.com**

12.

## CERTIFICATION OF SERVICE

I hereby certify that on October 24, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  October 24, 2023                         */s/ Julie A. Sacks*
                                                 Julie A. Sacks