UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, HARVARD CORPORATION, SRIKANT DATAR, URI SIMONSOHN, LEIF NELSON, JOSEPH SIMMONS, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-11775-MJJ |

**MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND THE NEW YORKER TO INTERVENE AND TO UNSEAL JUDICIAL RECORD, WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 24(b), the Reporters Committee for Freedom of the Press ("Reporters Committee") and The New Yorker (collectively, "Media Intervenors") respectfully move for leave to intervene in the above-captioned case, and further move this Court to unseal a judicial record at the heart of the dispute. The public's constitutional and common-law right of access to that judicial record, filed with this Court, outweighs the Plaintiff's interest in keeping secret a matter that has already generated widespread publicity and legitimate public concern.

Media Intervenors seek to intervene for the limited purpose of asserting their rights as representatives of the press and public to access judicial records in this matter under the First Amendment and common law. Specifically, Media Intervenors oppose continued sealing of the report produced by the committee of Harvard Business School ("HBS") faculty members at the conclusion of their investigation into allegations against Plaintiff (hereinafter, the "Final Report"). The Final Report was provisionally filed under seal by Defendants President and Fellows of

1

Harvard College and Srikant Datar (the "Harvard Defendants") as Exhibit 5 to the Declaration of Jenny K. Cooper, *see* Doc. 20-5.  It is referenced in the Harvard Defendants' Memorandum in Support of their pending Partial Motion to Dismiss Plaintiff's Amended Complaint, *see* Doc. 19.  As detailed herein, the Final Report is a "judicial record" to which a strong presumption of public access applies.  It should be immediately unsealed in its entirety, except to the extent that compelling interests justify limited redaction of private medical information.[1]

I.   **Media Intervenors' motion to intervene should be granted.**

When court proceedings or court files are closed, "representatives of the press and public 'must be given an opportunity to be heard on the question of their exclusion.'" *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) (internal quotation omitted).  The First Circuit has held that "permissive intervention" under Rule 24(b) of the Federal Rules of Civil Procedure is "the procedurally correct vehicle" for a member of the press or public to vindicate its right of access to judicial records and proceedings, *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009).  This motion to intervene satisfies Rule 24(b)'s requirements.

First, this motion is timely.  *See* Fed. R. Civ. P. 24(b)(1).  To determine timeliness, "the appropriate inquiry is when the intervenor became aware that its interest in the case would no longer be adequately protected by the parties." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 785 (1st Cir. 1988) (holding district court did not abuse its discretion by finding prospective intervenor's petition timely despite it being filed twelve weeks after judgment was entered).  "[T]he time of the acquisition of knowledge of the sealing order itself, if different from the time

---

[1] As detailed below, the Reporters Committee does not object to the redaction of Plaintiff's private medical information from the Final Report.  However, the Reporters Committee disagrees with the Harvard Defendants that names and identifying information of certain individuals may be redacted to protect "third-party privacy interests." *See* Doc. 22 at 2, Doc. 23 at 1.

of the acquisition of knowledge of the suit, must be factored into the equation" of timeliness for permissive intervention. *R&G Mortg. Corp.*, 584 F.3d at 11.

The public's First Amendment and common law rights to inspect judicial records apply "today for records of cases decided a hundred years ago" as well as to "lawsuits now in the early stages of motions litigation." *Pub. Citizen Grp.*, 858 F.2d at 786 (internal citation omitted). Here, Media Intervenors seek to intervene to assert their rights of access to a judicial record recently filed provisionally under seal. *Courthouse News Serv. v. Quinlan*, 32 F.4th 15, 20 (1st Cir. 2022) (recognizing "qualified First Amendment right of the public to access newly filed" pleadings); *see also Taylor v. Grunigen*, No. CV 19-11947-MBB, 2022 WL 313970, at *1 (D. Mass. Feb. 2, 2022) ("Under the common law, there is a long-standing presumption of public access to judicial records." (quoting *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).  Media Intervenors learned of the Harvard Defendants' request to partially seal the Final Report—to which Defendants Uri Simonsohn, Leif Nelson, and Joseph Simmons (the "Data Colada Defendants") have not objected, *see* Doc. 30 at ¶ 1—and Plaintiff's request that the Court "impound" the entire Final Report, when the parties' respective motions, responses, and supporting memoranda were docketed on October 10, 2023 and October 24, 2023, respectively.  There can be no reasonable dispute that the Media Intervenors' motion to intervene is timely.

Second, no party will be prejudiced, *see* Fed. R. Civ. P. 24(b)(3), by Media Intervenors' intervention for the limited purpose of arguing in favor of unsealing the Final Report, *see Pub. Citizen Grp.*, 858 F.2d at 787 ("[T]he potential burden or inequity to the parties should affect not the right to intervene but, rather, the court's evaluation of the merits of the applicant's motion to lift the protective order[.]" (internal citation omitted)).  By contrast, the constitutional and common law rights of Media Intervenors and other members of the public to inspect the Final Report would

be undermined if the Court's consideration of the necessity and extent of any sealing of the Final Report is limited to the arguments made by Defendants and Plaintiff. As discussed below, Media Intervenors oppose certain redactions requested by the Harvard Defendants and it should not be denied an opportunity "to be heard at a meaningful time and in a meaningful manner" on that issue. *United States v. Raffoul*, 826 F.2d 218, 222 (3d Cir. 1987).

Finally, courts have repeatedly held that the public's rights of access to judicial records provide the "common question of law and fact" that Rule 24(b)(1)(B) requires. *See Comm'r v. Advance Local Media LLC*, 918 F.3d 1161, 1173 n.12 (11th Cir. 2019) ("Many circuits recognize that parties 'seeking to intervene in a case for the limited purpose of unsealing judicial records' need not show a 'strong nexus of fact or law' to the issues in the original case." (citing collected cases)). This motion and incorporated memorandum of law "set out" Media Intervenors' "claim . . . for which intervention is sought," Fed. R. Civ. P. 24(c), by addressing the arguments made by the parties in their respective filings as to the question of wholesale sealing or redaction of the Final Report. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (holding that where a third-party intervenor's challenge to a protective order "describes the basis for intervention with sufficient specificity to allow the district court to rule, its failure to submit a pleading is not grounds for reversal").

**II.     The Final Report should be immediately unsealed with, at most, redactions of Plaintiff's private medical information.**

Like the Harvard Defendants and the Data Colada Defendants, Media Intervenors oppose Plaintiff's request for wholesale sealing—or "impounding"—of the Final Report filed in support of the Harvard Defendants' pending partial motion to dismiss until some later date after the commencement of discovery. For the reasons herein, the Final Report should be made publicly available on the Court's docket, in its entirety, except to the extent that compelling, overriding

interests justify limited redactions.  Media Intervenors do not oppose redaction of Plaintiff's private medical information.

### A. The Final Report is a judicial record presumptively open to public inspection.

"Courts have long recognized 'that public monitoring of the judicial system," particularly "[a]ccess to judicial records and documents[,] allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty, and respect for our legal system." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quoting *In re Providence J. Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002)).  "This presumption of access 'helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies.'" *In re Gitto Glob. Corp.*, 422 F.3d at 6 (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir.1994)).

The public has a presumptive right to inspect those "documents relevant to the determination of the litigants' substantive rights . . . submitted to, and accepted by, a court of competent jurisdiction in the course of the adjudicatory proceedings[,]" *Kravetz*, 706 F.3d at 58 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st. Cir. 1987)), "and which are relevant to that adjudication." *In re Providence J. Co., Inc.*, 293 F.3d at 9-10 (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at 412-13 (1st Cir.1987)).  "The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-36 (1984)).

Because the Final Report is relevant—if not central—to the resolution of this dispute and, in particular, to the Court's adjudication of the Harvard Defendants' pending partial motion to

dismiss, a strong presumption of public access attaches to it. *Bradford & Bigelow,* 109 F. Supp. 3d at 447. Plaintiff references the Final Report, both directly and indirectly, throughout her Amended Complaint. *See* Doc. 6 at ¶¶ 106-109, 117-20, 131-37, 157-68, 185, 251, 257, 266-67, 269, 345, 362-63. And the Harvard Defendants likewise cite to the Final Report throughout the memorandum in support of their partial motion to dismiss. *See* Doc. 19 at 3, 5-6, 11. There is no reasonable argument that the Final Report is not "relevant to the determination of the litigants' substantive rights." *Kravetz*, 706 F.3d at 58.

Plaintiff argues that the Final Report is not a "judicial record" because the court need only consider the pleadings to rule on the Harvard Defendants' partial motion to dismiss. *See* Doc. 29 at 9–10; Doc. 28 at 2. This is far too constrained a definition of "judicial records." *See Kravetz*, 706 F.3d at 60 (distinguishing judicial records from those records that relate "merely to the judge's role in management of the trial" (quoting *In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003)). The First Circuit has "explicitly rejected an approach to public access that would turn on whether the documents at issue actually played a role in the court's deliberations," instead holding that any document that may affect "the litigants' substantive rights that came to the attention of the district judge could 'fairly be assumed to play a role in the court's deliberations,'" and is a judicial record subject to the presumption of public access. *Id.* at 58 (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at 408). The Final Report, which was filed in support of the Harvard Defendants' partial motion to dismiss, falls squarely within this broad definition of "judicial records." *See id.* ("'To avoid the necessity for such mindreading,' we held there, and reaffirm here, 'that relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of access applies.'" (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at 408)).

Plaintiff also argues that the public has no right of access to documents merely exchanged between the parties in civil discovery. *See* Doc. 28, at 2 (citing *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 447 ("[T]here is no public right of access to unfiled discovery materials.")). The argument is a red herring. The Final Report was not obtained by the Harvard Defendants in discovery and—in addition to being referenced throughout Plaintiff's Amended Complaint—was filed with the Court in support of a dispositive motion. It is a judicial record which the public and press have a presumptive right to inspect.

>   **B.    Plaintiff has not and cannot meet her burden to justify wholesale sealing of the Final Report.**

A party seeking to seal or redact a judicial record bears the burden of demonstrating that "'good cause exists'" to restrict the public's right to inspect that document. *Taylor*, 2022 WL 313970, at *1 (quoting *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 447). "[T]o seal filings related to non-discovery pretrial motions[,]" like the Harvard Defendants' pending partial motion to dismiss, "'the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information.'" *Tourangeau v. Nappi Distributors*, No. 2:20-CV-00012-JAW, 2022 WL 768688, at *5 (D. Me. Mar. 12, 2022) (quoting *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448)); *see also Skyhook Wireless, Inc. v. Google, Inc.*, No. CV 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015) (denying motion to seal documents related to "motions in limine and a joint pretrial memorandum[,]" explaining that "[s]uch documents concern the conduct of a public proceeding, the trial, in which the public interest in access is strong and the tradition of public access is robust"). Any "sealing of judicial documents 'must be based on a particular factual demonstration of potential harm, not conclusory statements[,]'" as a party's "statements, standing alone, do not provide a sufficient basis to preserve [a] sealing order."

*Kravetz*, 706 F.3d at 60 (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at 412); *see also Jean-Pierre v. J&L Cable TV Servs., Inc.*, No. 1:18-CV-11499, 2021 WL 6773087, at *4 (D. Mass. June 28, 2021) (holding that unsubstantiated claims that disclosure might harm a party's business interests were "insufficient to defeat public access" (quoting *Kravetz*, 706 F.3d at 64)).

Plaintiff argues that making the Final Report publicly available will "put forth a false narrative" that will "inflict[] additional harm to Plaintiff's career and reputation." Doc. 29 at 10. A litigant's desire to control the public narrative is not, however, a valid basis for sealing. *See Kravetz*, 706 F.3d at 64 ("[A] fear of adverse publicity . . . is insufficient to defeat public access."); *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022) ("Lawsuits in federal courts frequently invade customary notions of privacy and—in the bargain—threaten parties' reputations. . . . Facing the court of public opinion under these conditions is sometimes stressful—but that is the nature of adversarial litigation.").

Even if it were a sufficient basis for sealing (it is not), Plaintiff's concern about adverse publicity is particularly misplaced given the facts and circumstances here. Plaintiff initiated this high-profile lawsuit in response to the already public—indeed, highly publicized—accusations that she falsified data. *See*, *e.g.*, Noam Scheiber, *Harvard Scholar Who Studies Honesty Is Accused of Fabricating Findings*, N.Y. Times (updated June 25, 2023) https://www.nytimes.com/2023/06/24/business/economy/francesca-gino-harvard-dishonesty.html (reporting that "the field [of behavioral science] may have sustained its most serious blow yet: accusations that a prominent behavioral scientist [Gino] fabricated results in multiple studies. . ."); Juliana Kim, *Harvard professor who studies dishonesty is accused of falsifying data*, NPR (June 26, 2023), https://www.npr.org/2023/06/26/1184289296/harvard-professor-dishonesty-francesca-

gino#:~:text=Francesca%20Gino%2C%20a%20prominent%20professor,work%20that%20contained%20falsified%20results (noting "Gino has contributed to over a hundred academic articles around entrepreneurial success"); Gideon Lewis-Kraus, *They studied dishonesty. Was their work a lie?*, New Yorker (Sept. 30, 2023) https://www.newyorker.com/magazine/2023/10/09/they-studied-dishonesty-was-their-work-a-lie (extensive report on, *inter alia*, the investigations discrediting Gino's work and actions taken by HBS in response).

Plaintiff has publicly, and extensively, discussed the facts and allegations underlying this lawsuit, including the contents of the Final Report. On September 29, 2023, she launched a website titled "Francesca v. Harvard"—an allusion to this lawsuit—that she uses as a platform to weigh in on the controversy surrounding her prior academic work. There, on a landing page titled "Breaking My Silence," she unambiguously declares, "I absolutely did not commit academic fraud." Francesco Gino, *Breaking My Silence,* Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/ (last visited Oct. 26, 2023, 4:45 P.M.). Plaintiff has published numerous posts on the site aimed at defending her prior work and criticizing the Harvard and Data Colada Defendants. *See, e.g.,* Francisco Gino, *Innocence*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/innocence (last viewed Oct. 26, 2023, 4:32 P.M.); Francisco Gino, *Refutation of Data Colada Claims about the 2012 PNAS Paper*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/data-colada-post-1 (last viewed Oct. 26, 2023, 4:39 P.M.); Francisco Gino, *Refutation of Data Reconciliation by HBS*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/hbs-data-reconciliation-1 (last viewed Oct. 26, 2023, 4:27 P.M.); Francisco Gino, *New Yorker Rebuttal*, Francesca v. Harvard, https://www.francesca-v-harvard.org/new-yorker-rebuttal, (last viewed Oct. 26, 2023, 4:41 P.M.). Her public statements have specifically criticized the HBS investigation that produced the Final Report. *See, e.g.,* Francisco Gino, *Why My Innocence Was*

9

*Not Found Originally*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/policy-injustice (last viewed Oct. 26, 2023, 4:51 P.M.); Francisco Gino, *A Broken Process*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/a-broken-process (last viewed Oct. 26, 2023, 4:57 P.M.). And she has publicly written, specifically, about this litigation, Francisco Gino, *Why A Lawsuit*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/why-a-lawsuit, (last viewed Oct. 26, 2023, 4:49 P.M.). She even posted several documents that she filed with the Court, including her original complaint and Exhibits 1, 2, 11, and 12. *See* Francisco Gino, *Case Documents*, Francesca-v-Harvard.org, https://www.francesca-v-harvard.org/case-documents (last viewed Oct. 26, 2023, 5:21 P.M.).

Simply put, Plaintiff's stated concern that unsealing of the Final Report may result in bad publicity is patently insufficient to overcome the public's presumptive right of access. Her assertion that it would be "premature and prejudicial to Plaintiff" for the Final Report to be publicly available, *see* Doc. 29 at 10, is similarly misplaced. Rather, if this Court allows the Final Report to remain shrouded, the public will be severely limited in its constitutionally protected ability to comprehend the claims and defenses being asserted in this litigation, and to understand and accept the Court's eventual resolution of the dispute.

      C.    **The Harvard Defendants have failed to demonstrate that redaction of the "names and identifying information of certain individuals" is warranted.**

Both the Harvard Defendants and the Data Colada Defendants correctly oppose Plaintiff's bid for wholesale sealing (or "impounding") of the Final Report. However, the Harvard Defendants have sought—and the Data Colada Defendants do not oppose—leave to redact from the Final Report the "names and identifying information of certain individuals who were not conducting or otherwise directly involved in the investigation, to protect the privacy interests of those third parties." Doc. 23 at 3. Though it is not entirely clear from the Harvard Defendants'

10

vague arguments, one can infer that they are seeking to hide the identity of individuals who cooperated with the internal HBS investigation that led to the Final Report. Doc. 23 at 4 (arguing that redaction of their names and identifying information "will safeguard the ability of employers and other organizations to conduct internal investigations with full candor and participation for those involved").[2] To be sure, the "privacy rights" of third parties are "among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.*, 830 F.2d at 411. Nonetheless, the party requesting sealing or redaction on that basis must do more than articulate its vague fears or suppositions. Instead, that party bears the burden of making a "*particular* factual demonstration of potential harm," specific to the information at issue, before it can overcome the public's presumptive right of access. *Kravetz*, 706 F.3d at 60 (emphasis added). Conclusory assertions are insufficient. *Id.* at 60–61 (noting that "[t]he defendants' statements, standing alone, do not provide a sufficient basis to preserve the sealing order").

Here, the Harvard Defendants have failed to "demonstrat[e] 'good cause' [by] making a particularized factual showing of the harm that would be sustained if the court did not allow" the names and identifying information of certain individuals" to be redacted from the Final Report. *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2023 WL 4186291, at *2 (D. Mass. June 26, 2023) (quoting *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, Civil Action No. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008)). It is simply not enough, under First Circuit precedent, to gesture at the speculative privacy concerns of a group

---

[2] The Harvard Defendants also have moved to redact "Plaintiff's private medical information." Doc. 23 at 3. As previously noted, the Reporters Committee does not object to the redaction of private medical information contained in the Final Report.

of third parties without demonstrating that any of them "will likely suffer a specific, severe harm as a result of disclosure." *Standard Fin. Mgmt. Corp.,* 830 F.2d at 412.

It is unclear what, *if any*, legitimate privacy interests are implicated by the inclusion of a third-party's name in the text of the Final Report. Such information is a far cry from, for example, the kind of information found to justify redaction by the district court in *Brown v. Prudential Life Ins. Co. of Am.*, No. 2:22-cv-00365-GZS, 2023 WL 2413992, at *1 (D. Me. Feb. 7, 2023): namely, the plaintiff's social security number, date of birth, and certain medical and financial information. *Brown*, 2023 WL 2413992, at *1. The inclusion of a third party's mere name in the Final Report—even if that individual did not "conduct" and was not "otherwise directly involved" in conducting the investigation—simply does not implicate a privacy interest sufficient to overcome the public's presumptive right of access. *See* Doc. 23, at 3.

## CONCLUSION

This lawsuit is unquestionably a matter of heightened public interest and legitimate public concern. *See, e.g.,* Cathleen O'Grady, *After honesty researcher's retractions, colleagues expand scrutiny of her work*, Science, 381 Vol. 6655, (July 18, 2023, 4:50 P.M.), https://www.science.org/content/article/after-honesty-researcher-s-retractions-colleagues-expand-scrutiny-her-work#:~:text=Behavioral%20science%20researcher%20Francesca%20Gino,frequently%20covered%20by%20the%20media; Lewis-Kraus, *supra* (noting how theories developed by Plaintiff and her colleagues in the field of behavioral science influenced policymakers, including affecting President Barack Obama's response to the 2008 financial crisis); *see* Noam Scheiber, *The Harvard Professor and the Bloggers*, N.Y. Times (updated Oct. 2, 2023), https://www.nytimes.com/2023/09/30/business/the-harvard-professor-and-the-bloggers.html

(reporting that at least five of Plaintiff's colleagues expressed concerns about the process that resulted in her being placed on leave). The Final Report filed with the Court in support of the Harvard Defendants' pending partial motion to dismiss is—as made clear by the parties' filings, including the Plaintiff's Amended Complaint—a document key to the public's understanding of the claims and defenses in this case. It is a judicial record that members of the press and public have a presumptive right to inspect and should not be maintained under seal.

For all of these reasons, Media Intervenors respectfully request that the Court grant their motion to intervene and enter an order requiring the Harvard Defendants to publicly file the Final Report with, at most, redactions to conceal only Plaintiff's private medical information.

Respectfully submitted,

Date: November 3, 2023

/s/ Robert A. Bertsche
Robert A. Bertsche (BBO #554333)
KLARIS LAW PLLC
6 Liberty Square #2752
Boston, MA 02109
Telephone: 857-303-6938
rob.bertsche@klarislaw.com

*Counsel of Record for Reporters Committee for Freedom of the Press and The New Yorker*

Katie Townsend*
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: 202-795-9300
Facsimile: 202-795-9310
ktownsend@rcfp.org
gclary@rcfp.org

*\* Pro hac vice application forthcoming*

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned hereby certifies that counsel for Media Intervenors have conferred with respective counsel for Plaintiff Francesca Gino, Defendants President and Fellows of Harvard College and Srikant Datar (the "Harvard Defendants"), and Defendants Uri Simonsohn, Leif Nelson, and Joseph Simmons (the "Data Colada Defendants") in a good-faith attempt to resolve or narrow the issues raised by this motion. The parties' respective positions are as follows: Plaintiff opposes the motion. The Data Colada Defendants do not oppose the motion. The Harvard Defendants take no position on Media Intervenors' motion to intervene but oppose Media Intervenors' motion to unseal the "names and identifying information of certain individuals" that the Harvard Defendants have moved to redact from the Final Report.

                                                                    */s/ Robert A. Bertsche*_____
                                                                    Robert A. Bertsche

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 3, 2023, the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                                                          */s/ Robert A. Bertsche*_____
                                                                                          Robert A. Bertsche