# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRANCESCA GINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PRESIDENT AND FELLOWS OF | ) | Case No. 1:23-cv-11775-MJJ |
| HARVARD COLLEGE, SRIKANT DATAR, | ) | |
| URI SIMONSOHN, LEIF NELSON, JOSEPH | ) | |
| SIMMONS, JOHN DOES 1-10, AND JANE | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## OPPOSITION TO PLAINTIFF'S CROSS MOTION TO IMPOUND IN OPPOSITION TO HARVARD'S MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL

### INTRODUCTION[1]

Plaintiff's indignant two-pronged response to Harvard's routine sealing motion in connection with its motion to dismiss is as baffling as it is telling. Contrary to Plaintiff's apparent belief, as expressed in her Cross-Motion, Harvard's motion for leave to file the Final Report partially under seal (the "Motion to Seal") does *not* seek this Court's permission to attach the Final Report as an exhibit to Harvard's motion to dismiss, because no such permission is needed. Rather, Harvard has sought leave from this Court to file the Final Report with targeted redactions aimed at striking a balance between the public's presumptive right of access and the legitimate privacy

---

[1] Capitalized terms have the meanings ascribed to them in the Memorandum in Support of Defendants President and Fellows of Harvard College and Srikant Datar's Motion for Leave to File Partially Under Seal (Doc. No. 23). "Opposition" refers to Plaintiff's Opposition to Harvard's Motion for Leave to File Partially Under Seal (Doc. No. 29). "Cross-Motion" refers to the Memorandum in Support of Plaintiff's Cross-Motion to Impound in Opposition to Defendants' Motion for Leave to File Partially Under Seal (Doc. No. 28).

interests of certain individuals, including Plaintiff herself, in accordance with well-established precedent and court procedures.  However, Plaintiff has argued in her Cross-Motion that, for the reasons stated therein and in her Opposition, Harvard's Motion to Seal should be denied and Harvard "should not be permitted to file the Final Report *either redacted or unredacted*."  Doc. No. 28 at 1 (emphasis in original).  As this Court is well aware, as a procedural matter, denial of Harvard's Motion to Seal would simply result in the Final Report being filed publicly in its entirety; it would not prohibit its filing altogether.

And yet, Plaintiff's Cross-Motion, which incorporates all of the arguments from her Opposition, unjustifiably requests just that.  This request is premised on a fundamental misunderstanding of the relief available on a motion to seal, and lacks any other procedural basis.  Even setting aside that fatal flaw, Plaintiff's arguments that the Final Report is irrelevant or that it otherwise cannot be considered on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are meritless (and in any event more appropriately belong in Plaintiff's presumably forthcoming opposition to Harvard's motion to dismiss).  Plaintiff premised this lawsuit on Harvard's investigation into the research misconduct allegations against her and the results memorialized in the Final Report, and Plaintiff's Complaint repeatedly cites, quotes, and purports to characterize the Final Report and its attachments.  *See, e.g.*, Doc No. 6 at ¶¶ 106-109, 117-20, 131-37, 157-67, 185, 363.  The Final Report is thus central to and incorporated in Plaintiff's Complaint and may be considered by the Court in connection with Harvard's motion to dismiss.

Nor should the Final Report be filed entirely under seal, as Plaintiff's Cross-Motion requests.  The Final Report is plainly the type of judicial record subject to the presumption of public access, and Plaintiff's sole concern with its filing—that it may sway public opinion against her—is telling in light of her repeated public claims about the supposedly obvious errors and

injustices in the Final Report. That is, Plaintiff repeatedly has discussed the Final Report in statements made both to her Harvard colleagues and to the public, including on a website she created specifically to argue against Harvard's conclusions memorialized in the Final Report. But now, curiously, she opposes any opportunity for her colleagues or the public to see the Final Report and assess for themselves. In any event—and as Data Colada and the Media Intervenors[2] agree—Plaintiff's public relations strategy is not a sufficient reason to seal the Final Report in its entirety. Plaintiff's Cross-Motion therefore should be denied, and the Court should allow the filing of the Final Report, with Harvard's proposed redactions, for the reasons set forth in Harvard's Motion to Seal.

## ARGUMENT

## I.   PLAINTIFF OFFERS NO BASIS ON WHICH TO PROHIBIT HARVARD FROM FILING THE FINAL REPORT ON THE DOCKET

Plaintiff's Cross-Motion incorporates and reiterates Plaintiff's request made in her Opposition to prevent Harvard from filing the Final Report altogether. *See* Doc. No. 28 at 1. This request should be denied because: (i) it seeks relief that cannot be obtained through a motion to seal; and (ii) it is based on the incorrect premise that this Court may not consider the Final Report in connection with Harvard's motion to dismiss.

### A.   Plaintiff's Requested Relief Is Not Obtainable Through Her Motion or Denial of Harvard's Motion to Seal

As an initial matter, Plaintiff's request is improper because it seeks a remedy unavailable through a motion to seal. A motion to seal is a limited tool through which a party may assert "interests which, in appropriate cases, can limit the presumptive right of access to judicial records"; it is *not* a vehicle through which to seek permission to file, or prevent a party from filing, those

---

[2] "Media Intervenors" refers to the Reporters Committee for Freedom of the Press and the New Yorker, collectively.

documents with the Court altogether. *See United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013). Accordingly, the denial of such a motion merely results in the public filing of the document in question without any redactions or sealing. *See United States v. Nuñes*, No. 1:11-cv-00205-JAW-6, 2021 WL 1292512, at *3 (D. Me. Apr. 7, 2021) (denying motion to seal and directing documents to be unsealed absent a prompt appeal). Harvard has been unable to locate a single case where a motion to seal or a motion to impound (or an opposition to one) was used to entirely prevent a party from filing a document with the Court, and Plaintiff offers none.

Instead, Plaintiff attempts to blur the distinction between her motion to impound and Harvard's motion to dismiss, arguing that Harvard should be prohibited from filing the Final Report on the public docket because the Court may not consider the Final Report in connection with Harvard's motion to dismiss. But the Court's determination as to whether it can consider the substance of the Final Report at this juncture has no bearing on whether Harvard is permitted to file the Final Report on the docket for the Court (and the public) to access in the first place. *See Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*, No. 3:12-cv-26, 2012 WL 12929563, at *1 (S.D. Ohio June 22, 2012) (granting motion for leave to file exhibit to motion to dismiss under seal, noting that "[t]his Court need not determine whether it should consider the [exhibit] in ruling on the motion to dismiss in order to rule upon the discreet [sic] issue before it—whether to grant Defendants' motion for leave to file the [exhibit] under seal"); *cf. United States ex rel. Yu v. Grifols USA, LLC*, No. 1:17-cv-2226-GHW, 2021 WL 4429375, at *1-2 (S.D.N.Y. Sept. 26, 2021) (denying motion to strike exhibit to motion to dismiss, because "[a] motion to strike is not the correct procedural vehicle for the relief that Relator requests" and because relator's argument incorrectly "conflates the standard applicable to a motion to strike a document from the record in its entirety with the standard for whether the courts can consider documents extrinsic to

a complaint in the context of a motion to dismiss"). Indeed, because the Final Report has not yet been presented to the Court—even in redacted form—pursuant to Local Rule 7.2(c), Plaintiff's argument would have the Court make a judgment about the propriety of considering the Final Report without ever having seen it. Plaintiff's requested relief cannot be obtained through either the Cross-Motion or her Opposition to Harvard's Motion to Seal.

**B. This Court May Consider the Final Report in Ruling on Harvard's Motion to Dismiss**

Even if Plaintiff could seek the relief she requests through her Cross-Motion or her Opposition to Harvard's Motion to Seal, she offers no reasoned basis on which to grant such relief. Plaintiff's request is premised on her claim that this Court may not consider the Final Report in connection with Harvard's motion to dismiss. But this argument ignores that "[o]n a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint." *Portnoy v. Insider, Inc.*, No. CV 22-10197-FDS, 2022 WL 16748583, at *1 & n.1 (D. Mass. Nov. 7, 2022) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Here, the authenticity of the Final Report is undisputed, and the Final Report is both central to Plaintiff's claims and thoroughly referred to in the Complaint.

The allegations in Plaintiff's Complaint center on Harvard's investigation into the research misconduct allegations against Plaintiff and the results of that investigation, as memorialized in the Final Report, as well as her arguments about the Final Report's supposed shortcomings. Indeed, one of the sub-headings in the Complaint is titled "The Final Report: A Biased and Deficient Foregone Conclusion." Doc. No. 6 at 33; *see also id.* ¶ 158 ("The Final

Report . . . evidenced that the committee had reached a foregone conclusion."); *id.* ¶ 160 (quoting an entire paragraph of the Final Report); *id.* ¶ 185 (quoting the Final Report's confidentiality footer).  Moreover, one of Plaintiff's defamation claims against Harvard is explicitly premised on the allegation that portions of the Final Report disclosed in the Retraction Notices "disparaged Plaintiff's professional reputation through false statements and selective omissions."  *Id.* ¶ 363. And the Complaint is replete with numerous other references to and quotations of the Final Report and its attachments, repeatedly making clear that the substance and accuracy of the Final Report lies at the heart of Plaintiff's claims.  *See, e.g.*, *id.* at ¶¶ 106-109, 117-20, 131-37, 157-67, 185, 363.

Plaintiff's assertion that the Final Report is not a written instrument under Federal Rule of Civil Procedure 10(c) does not undermine this conclusion.  *See* Doc. 29 at 9-11.  At the motion to dismiss stage, courts may consider extrinsic documents well beyond just "legally operative documents, such as contracts and benefit plans," as Plaintiff suggests (Doc. No. 29 at 10); indeed, written instruments are only one of several types of documents that a court may consider.  *See Portnoy*, 2022 WL 16748583, at *1 & n.1.  As the First Circuit has explained, "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading."  *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) (upholding district court's consideration, at motion to dismiss stage, of magazine article that plaintiff claimed formed the basis for libel claim, but that plaintiff had not attached to complaint).  In accordance with this guidance, courts in this circuit have routinely considered non-contractual extrinsic documents on a motion to dismiss.  *See, e.g.*, *Sourcing Unlimited, Inc. v. Elektroteks, LLC*, No. 20-cv-11955-ADB, 2021 WL 2875713, at *16 (D. Mass. July 8, 2021) (finding that an email exchange and other documents properly could be considered

by the court when ruling on a motion to dismiss because they were explicitly referenced in the complaint)*; Kader v. Sarepta Therapeutics, Inc.*, No. 1:14-cv-14318-ADB, 2016 WL 1337256, at *12 (D. Mass. Apr. 5, 2016) (considering "press releases, public filings, and transcripts containing the alleged misstatements referred to in the Complaint" attached to defendants' motion to dismiss for purposes of "determin[ing] the full content of Defendants' statements, and the context in which Defendants made them"); *United States v. DePuy Orthopaedics, Inc.*, 159 F. Supp. 3d 226, 234 & n.3 (D. Mass. 2016) (considering marketing materials attached to defendant's motion to dismiss because they were sufficiently referenced in the complaint), *rev'd on other grounds*, 865 F.3d 29 (1st Cir. 2017); *Doe v. W. New Eng.* Univ., 228 F. Supp. 3d 154, 163 & n.4 (D. Mass. 2017) (considering for purposes of defendant's motion to dismiss the summary of complainant's interviews, notices to plaintiff related to the investigation, and various email exchanges with plaintiff).

Unsurprisingly, none of Plaintiff's cited authorities supports the proposition that the Final Report cannot be considered because it is not a written instrument under Rule 10(c).  While Plaintiff relies on *Autila v. Massachusetts Bay Transp. Auth.*, 342 F.R.D. 23, 30 (D. Mass. 2022), that reliance is misplaced:  In *Autila,* the court found that an affidavit attached to a complaint was not a written instrument under Rule 10(c) and therefore not a part of the pleading subject to a motion to strike under Rule 12(f).  The question addressed there—whether a document is part of a pleading subject to a motion to strike—is entirely distinct from the question of whether a document is incorporated into the complaint or central to it for purposes of considering it on a motion to dismiss.  *Autila* thus provides no support for Plaintiff's request that the Court decline to consider the Final Report in connection with Harvard's motion, let alone prohibit its filing altogether.

Plaintiff's other cited authorities are likewise inapposite (and are not binding on this Court in any event). *See Gant v. Wallingford Bd. Of Educ.*, 69 F.3d 669, 674-75 (2d Cir. 1995) (holding that Rule 10(c) does not "require[] a plaintiff to adopt as true the full contents of any document attached to a complaint or adopted by reference"); *Patterson v. United States*, 999 F. Supp. 2d 300, 307 (D.D.C. 2013) (declining to consider affidavit attached by defendant to its motion to dismiss where the complaint "does not discuss it extensively and minimally quotes from it," and where "counsel for the defendants indicated that Defendants did not want their motion converted into one for summary judgment based on the Court's consideration of the . . . affidavit, and suggested that the Court consider only the facts alleged in the complaint").

## II. PLAINTIFF'S CROSS-MOTION FOR IMPOUNDMENT OF THE FINAL REPORT SHOULD BE DENIED

In apparent recognition that there is no reasonable basis on which the Court could entirely prohibit Harvard's filing of the Final Report, Plaintiff seeks in the alternative to completely seal the Final Report from public scrutiny. Doc. No. 28 at 1. But this request runs headlong into the "long-standing common law presumption of public access to judicial records." *Baird v. Attorney General of U.S.*, No. 22-12054-NMG, 2023 WL 4494276, at *1 (D. Mass. May 19, 2023) (citing *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)). "Judicial records" are those documents that are submitted, and accepted, by a court in the course of adjudicatory proceedings, and "[w]here, as here, the documents at issue are judicial records, only the most compelling reasons can justify non-disclosure." *Taylor v. Grunigen*, No. CV 19-11947-MBB, 2022 WL 313970, at *1 (D. Mass. Feb. 2, 2022) (internal citations and quotations omitted); *see Nat'l Org for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) ("Decisions on the sealing of judicial documents require a balancing of interests, although the scales tilt decidedly toward transparency . . . ."). As Plaintiff has failed to offer any reasoned basis that would overcome the well-established historic

presumption of public access and justify sealing the Final Report in its entirety, her Cross-Motion

should be denied.

>    **A.    The Final Report Is a Judicial Record Subject to a Strong Presumption of
>          Public Access**

Plaintiff first attempts to sidestep the bedrock principle of the presumption of public access

by blatantly mischaracterizing the First Circuit's definition of "judicial records," which she claims

are "those materials on which a court relies in determining the litigant's substantive rights."  Doc.

No. 28 at 2 (quoting *Kravetz*, 706 F.3d at 54); *see also* Doc. No. 29 at 8-11.  According to Plaintiff,

because it supposedly would be improper for the Court to consider the Final Report in deciding

Harvard's motion to dismiss, the Final Report cannot be a "judicial record" subject to the

presumptive public right of access.  *Id.*

Nothing is improper about this Court's consideration of the Final Report in connection with

Harvard's motion to dismiss, as detailed above.  But even setting that aside, Plaintiff's cramped

interpretation of "judicial record" finds no support in the case law.  Indeed, in *Kravetz*, the very

case Plaintiff cites for this proposition, the First Circuit *rejected* the argument that a document is

a "judicial record" only when relied on by the court.  706 F.3d at 58 (noting that the First Circuit

previously had "explicitly rejected an approach to public access that would turn on whether the

documents at issue actually played a role in the court's deliberations"); *see also Tourangeau v.*

*Nappi Distrib.*, No. 2:20-cv-00012-JAW, 2022 WL 768688, at *8 (D. Me. Mar. 14, 2022)

(rejecting motion to seal and noting that "in the First Circuit, if a party submits a document to

assist the court in adjudicating a pending motion, it is a relevant document for purposes of *Kravetz*

regardless of whether the judge actually relies on the document in resolving the case").

Rather, the term "judicial record" is simply "meant to 'distinguish documents presented to

a judge in connection with a discovery dispute from the record on which a judge actually decides

the central issues in a case.'"  *United States ex rel. Nargol v. Depuy Orthopaedics, Inc.*, 69 F.4th 1, 15 (1st Cir. 2023) (quoting *In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003)).  In contrast to discovery motions that "relate merely to the judge's role in management of the trial" and therefore "play no role in the adjudication process," any filings "relevant to the determination of the litigants' substantive rights that came to the attention of the district judge could fairly be assumed to play a role in the court's deliberations" and therefore are considered judicial records. *Kravetz*, 706 F.3d at 58 (internal citations and quotation omitted); *see also United States v. Jackson*, No. 21-115, 2021 WL 1026127, at *4 (D.D.C. Mar. 17, 2021) ("Documents and other materials filed in court [and] intended to influence the court are judicial records.") (internal citations and quotations omitted).  The fact that the Final Report has not yet physically been submitted to the Court (due to Local Rule 7.2(c)'s prohibition on filing a document proposed to be filed under seal until the motion is ruled upon) does not undermine this conclusion.  *See Radfar v. City of Revere*, No. 1:20-cv-10178-IT, 2023 WL 4137295, at *3 (D. Mass. June 22, 2023) (analyzing common law right of public access with respect to three documents litigant "intend[ed] to file" pursuant to Local Rule 7.2 in support of motion for summary judgment).

Plaintiff's assertion that "[t]here is also no right of public access to documents exchanged *during* discovery proceedings" is misplaced and irrelevant.  Doc. No. 28 at 2 (emphasis in original).  The Final Report was submitted not in connection with a discovery dispute—indeed, discovery in this case has not yet begun—but in support of Harvard's motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6).  It is thus plainly relevant to the determination of the litigants' substantive rights.  *See Fisher v. Kadant, Inc.*, 589 F.3d 505, 506 (1st Cir. 2009) (noting that a Rule 12(b)(6) motion is "dispositive"); *Tourangeau*, 2022 WL 768688, at *9 (denying motions to seal summary judgment record); *see also HotSpot Therapeutics,*

*Inc. v. Nurix Therapeutics, Inc.*, No. 22-cv-04109-TSH, 2023 WL 1768120, at *3 (N.D. Cal. Feb. 3, 2023) ("Because the parties' sealing motions relate to Defendant's pleading and the briefing on Plaintiffs' motion to dismiss and strike that pleading, the sealing motions are more than tangentially related to the merits of the case. Thus, the compelling reasons standard applies."). Even if Harvard's motion to dismiss were a discovery motion, which it undoubtedly is not, Plaintiff still would have to show good cause to seal the Final Report, which she has failed to do. *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-cv-30116-KAR, 2023 WL 4186291, at *1 (D. Mass. June 26, 2023) (noting that "once filed with the court, a showing of good cause is necessary to protect discovery motions and responses from disclosure," which requires "making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal") (quotations omitted). Accordingly, regardless of whether the Court ultimately considers the Final Report when ruling on Harvard's motion to dismiss, it is a judicial record, and the presumption of public access applies.

> **B.** **Plaintiff's Supposed Concerns Do Not Justify Sealing the Final Report In Its Entirety And Certainly Not Until the Close of Discovery**

Further, Plaintiff's supposed concerns with making the Final Report available to the public cannot justify sealing of the Final Report in its entirety for any amount of time, let alone until the close of discovery in this case.

"Because all papers filed with the Court are presumptively available for inspection by the public, the party seeking to seal or redact papers filed bears the burden of proof." *Roy*, 2023 WL 4186291, at *1 (quotation omitted). Although "it is within a court's discretion to curtail the common law presumption of public access, '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Baird*, 2023 WL 4494276, at *1 (citation omitted); *see also Tourangeau*, 2022 WL 768688, at *8 (parties must "'provide legitimate and identifiable reasons'

to seal specific documents" and acknowledging "the First Circuit's instruction to district courts to 'weigh the presumptively paramount right of the public to know against the competing private interests at stake'") (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).

The only reason to seal the Final Report that Plaintiff offers is that the Final Report's allegedly "one-sided and false narrative would have little probative value, yet be accepted as true by the public"—in other words, that allowing the public access to the Final Report would sway public opinion of her.  Doc. No. 28 at 3.  Even setting aside that this concern is squarely at odds with Plaintiff's claims about the Final Report's supposedly obvious deficiencies, it is decidedly not "compelling": "Courts in this district have found that the potential stigma from a public case is an insufficient justification for sealing it."  *Chikel v. Steward Health Care Sys., LLC*, No. 18-cv-10959-ADB, 2018 WL 11463444, at *2 (D. Mass. Nov. 7, 2018) (denying motion to seal); *see also Kravetz*, 706 F.3d at 64 (noting that "fear of adverse publicity" is insufficient to defeat public access); *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").[3]  This hypothetical

---

[3] For the reasons stated in Harvard's Memorandum in Support of Its Motion for Leave to File Partially Under Seal, legitimate countervailing interests justify targeted redactions to the publicly filed version of the Final Report to protect the personal information of third-party witnesses in Harvard's investigation and Plaintiff's own sensitive medical information.  *See* Doc. No. 23.  Although the Media Intervenors object to such redactions, they concede (as they must) that "'privacy rights' of third parties" may "'limit the presumptive right of access to judicial records.'"  Doc. No. 34 at 11 (quoting *Standard Fin Mgmt. Corp.*, 830 F.2d at 411).  Moreover, contrary to the Media Intervenors' claim, the harm of publicizing the names, identifying information, and (directly and by inference) contact information of third-party witnesses in Harvard's investigation is far from "speculative."  Doc. No. 34 at 11.  Given the high-profile nature of this case, such third-party witnesses would likely be subjected to invasive publicity and solicitations, and the disclosure of their names and contact information almost certainly would have a deterrent effect on witnesses' voluntary participation in future internal investigations.  In recognition of these and similar concerns, courts routinely have allowed narrow redactions of names and personal information.  *See Students for Fair Admissions, Inc. v. Pres. and Fellows of Harvard Coll.*, No. 14-cv-14176-ADB, 2023 WL 3126414, at *5 & n.4 (D. Mass. Apr. 27, 2023) (holding that names and identifying information of Harvard applicants and indicia of SFFA membership would be sealed); *Tourangeau*, 2022 WL 768688, at *7 (allowing redaction of "names, addresses, and contact information" of individuals but leaving unredacted the "generally sensitive testimony regarding interpersonal issues and [defendant's]

influence on the court of public opinion is woefully insufficient to overcome the presumption of public access to the Final Report.

Moreover, the Final Report is the cornerstone of Plaintiff's vigorous public relations campaign against Harvard. Plaintiff has posted numerous articles on the website she created concerning this litigation—www.francesca-v-harvard.org—with the clear aim of discrediting the Committee and the contents of the Final Report. Plaintiff's website features a number of articles criticizing the Committee and the Final Report. Examples include an article titled "A Broken Process" in which Plaintiff criticizes the Committee's work culminating in the Final Report and an article titled "Refutation of Data Reconciliation Claims by HBS" in which Plaintiff details the supposed inaccuracies in the Final Report's conclusions and urges the public to read it.[4] In one such article, Plaintiff appears to yearn for the public to review the Final Report, explaining that "if you read HBS's investigative report, you will see error-after-error-after-error in its handling of this matter."[5] Of course, the assertion that the Final Report somehow will vindicate Plaintiff is puzzling given Plaintiff's insistence that the Final Report comprises "a one-sided, false narrative of research misconduct" that must be concealed from the public so as not to inflict additional harm on her reputation. Doc. No. 29 at 13. In any event, Plaintiff's focus on the Final Report both in and outside of this litigation confirms that the Final Report is central to Plaintiff's claims and is in irreconcilable tension with her desire to conceal its contents from the public.

---

employees' opinions of each other's work" because of its relevance to plaintiff's claims); *Harris v. German*, No. 1:15-cv-01462-DAD-GSA-PC, 2019 WL 4640503, at *8 (E.D. Cal. Sept. 24, 2019) (permitting redaction of "names, prisoner identification numbers, and any other identifying information" of non-party witnesses in internal investigation).

[4] Francesca Gino, *A Broken Process*, FRANCESCA V. HARVARD, https://www.francesca-v-harvard.org/a-broken-process; Francesca Gino, *Refutation of Data Reconciliation Claims by HBS*, FRANCESCA V. HARVARD, https://www.francesca-v-harvard.org/hbs-data-reconciliation-1.

[5] Francesca Gino, *Refutation of Data Reconciliation Claims by HBS*, FRANCESCA V. HARVARD, https://www.francesca-v-harvard.org/hbs-data-reconciliation-1.

Plaintiff also fails to explain how filing the Final Report on the public docket possibly could "deprive Plaintiff any opportunity to respond to the factual allegations through the process of litigation and discovery." Doc. No. 29 at 12. That is because it could not. The filing of a document on the public docket has no bearing whatsoever on Plaintiff's ability to develop her case in discovery. Moreover, Plaintiff has discussed portions of the Final Report and its attachments at length in her public filings and other public statements, eliminating any hypothetical privacy interest she may have had with respect to such contents and thus foreclosing any justification for sealing those portions of the Final Report, in particular. *See Kravetz,* 706 F.3d at 63 ("[T]he interests in privacy fade when the information involved already appears on the public record.") (citation omitted). Moreover, Plaintiff's repeated references to the Final Report in her Complaint and continued public discussion of the Final Report undermine her assertion that the mere filing of the Final Report would create a "one-sided . . . narrative" (Doc. No. 28 at 3): her side of the narrative is already thoroughly public.

Plaintiff's lack of any legitimate justification for sealing the Final Report in its entirety is further confirmed by her arbitrary request that it be sealed "until discovery in this action is complete," Doc. No. 28 at 1, a period of time that is entirely untethered from any compelling reason that might hypothetically weigh in favor of non-disclosure. Even if Plaintiff had shown "compelling reasons" to justify nondisclosure of the Final Report in its entirety—which she has not—Plaintiff offers no reason whatsoever why such compelling reasons suddenly would be mooted by the close of discovery.

Even if Plaintiff's stated concerns were legitimate countervailing interests weighing in favor of sealing—and they are not—the Final Report is "central to Plaintiff's claims" and has been put at issue by both parties, including by Plaintiff's own communications with her colleagues and

the public.  Such considerations strongly weigh against sealing the Final Report in its entirety. *Barrigas v. U.S.*, No. 17-CV-10232-ADB, 2018 WL 1244780, at *1 (D. Mass. Mar. 9, 2018); *see also Lomangino v. Polaris Indus. Inc.*, No. 2:21-CV-00501, 2023 WL 2054278, at *2 (S.D. W. Va. Feb. 16, 2023) (denying motion to seal or redact information where the documents the party sought "to seal are central to this litigation and the dispositive motions at issue," and "[s]ealing the . . . material[s] in their entirety would leave anyone reviewing the motions, and any opinion resolving the motions, without the ability to discern core information and evidence"); *see also supra* Part II.B (discussing Plaintiff's public usage of the Final Report).  Plaintiff has failed to assert any other interests sufficient to justify sealing the Final Report in its entirety for any amount of time, much less until the close of discovery, and thus her Cross-Motion should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Harvard respectfully requests that the Court deny Plaintiff's Cross-Motion to Impound in Opposition to Defendants' Motion for Leave to File Partially Under Seal in its entirety, and grant Harvard's Motion for Leave to File Partially Under Seal.

Dated: November 7, 2023

Respectfully submitted,

*/s/ Douglas E. Brayley*
Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: November 7, 2023

*/s/ Douglas E. Brayley*
Douglas E. Brayley