UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, SRIKANT<br>DATAR, URI SIMONSOHN,<br>LEIF NELSON, JOSEPH SIMMONS,<br>JOHN DOES 1-10 AND JANE DOES 1-10,<br><br>    Defendants. | C.A. No. 23-cv-11775-MJJ |

**OPPOSITION OF URI SIMONSOHN, LEIF NELSON, AND JOSEPH SIMMONS TO "PLAINTIFF FRANCESCA GINO'S CROSS MOTION TO IMPOUND IN OPPOSITON TO DEFENDANTS' MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL"**

Defendants Uri Simonsohn, Leif Nelson, and Joseph Simmons (the "Data Colada Defendants") submit this opposition to Plaintiff Francesca Gino's "cross motion to impound" the entirety of Exhibit 5 to the Affidavit of Jenny K. Cooper – the Harvard report finding Gino responsible for research misconduct. (Doc. No. 27). Gino demands that the document be impounded "with the expiration of the impoundment period set at a date . . . after discovery is complete," so that its public filing "occurs after Plaintiff has had an opportunity to conduct discovery and to meaningfully respond to the factual allegations in the Final Report." (*Id.*).

As explained in the Data Colada Defendants' response to Harvard's motion to file partially under seal (Doc. No. 30), in the motion of proposed intervenors Reporters Committee for Freedom of the Press and The New Yorker, (Doc. No. 34), and at pages 8-15 of Harvard's Opposition (Doc. No. 38), Gino has failed to establish good cause for sealing this important exhibit. Gino's mere desire to take discovery before the report is publicly released so that she can

attempt to undermine its conclusions in the press is not the kind of "overriding interest" that courts recognize as sufficient to justify the wholesale sealing of a judicial document, especially not one that is central to a dispositive motion. *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). Moreover, the impoundment of the entirety of the 1,200 page document would violate the requirement that any sealing of judicial documents be narrowly tailored to keep from public view only that information as to which there is an overriding interest in sealing. *Id*.

For the foregoing reasons, the Court should deny Plaintiff's cross-motion to seal Exhibit 5 to the Affidavit of Jenny K. Cooper.

Respectfully Submitted,

URI SIMONSOHN, LEIF NELSON, AND JOSEPH SIMMONS,

By their attorney,

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO #647438)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
(617) 456-8000 (tel)
(617) 456-8100 (fax)
jpyle@princelobel.com

Date:  November 7, 2023

### CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

112698\000000\4641494