UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANCESCA GINO,

Plaintiff,

v.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE, SRIKANT DATAR, URI
SIMONSOHN, LEIF NELSON, JOSEPH
SIMMONS, JOHN DOES 1-10, AND JANE DOES
1-10,

Defendants.

No. 1:23-CV-11775-MJJ

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE
AMERICAN CIVIL LIBERTIES UNION AND
AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.
IN SUPPORT OF NEITHER PARTY
REGARDING DATA COLADA DEFENDANTS' MOTION TO DISMISS**

The American Civil Liberties Union and American Civil Liberties Union of Massachusetts

(collectively, "Amici"), by and through undersigned counsel, respectfully move this Court to grant

them leave to file the attached proposed amici curiae brief in support of neither party regarding the

Motion to Dismiss filed by Defendants Joseph Simmons, Leif Nelson, and Uri Simonsohn ("Data

Colada Defendants"). In support of this motion, Amici submit their proposed brief and state as

follows:

1.      District courts have discretion to permit non-parties to participate in an action as

amici curiae. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (noting that "acceptance of

amicus briefs is within the sound discretion of the [district] court."); *see also Boston Gas Co. v.

Century Indem. Co.*, No. 02–12062–RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006)

("[Federal district] courts have inherent authority and discretion to appoint amici.") (internal citations omitted). Amici curiae typically assist a district court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015).

2.    The ACLU is a nationwide, non-partisan, non-profit organization dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The American Civil Liberties Union of Massachusetts (ACLUM) is a state affiliate of the national ACLU dedicated to protecting the civil rights and civil liberties of residents of the Commonwealth of Massachusetts.

3.    The ACLU, ACLUM, and other ACLU state affiliates have frequently appeared before federal courts as counsel for a party or as amici curiae in First Amendment cases, including at the motion-to-dismiss stage in defamation cases. *See, e.g., Project Veritas Action Fund v. Rollins*, 982 F.3d 813 (1st Cir. 2022); *Doe v. Hopkinton Pub. Schs.*, 19 F.4th 493 (1st Cir. 2021); *Parker v. Hurley*, 514 F.3d 87 (1st Cir. 2008); *Pyle v. S. Hadley Sch. Comm.*, 55 F.3d 20, 22 (1st Cir. 1995); *see also* Brief of ACLU as Amicus Curiae Supporting Appellee Southern Poverty Law Center Inc., *Coral Ridge Ministries Media v. Amazon*, No. 19-14125 (11th Cir. March 30, 2020); Order, *Energy Transfer Equity, LP v. Greenpeace International*, No. 1:17-cv-00173-BRW (D. N. Da. Feb 14, 2019): *Green Grp. Holdings, LLC v. Schaeffer*, No. CV 16-00145-CG-N, 2016 WL 6023841 (S.D. Ala. Oct. 13, 2016).

4.    Data Colada Defendants' Motion to Dismiss requires this Court to consider whether Plaintiff has stated a claim of defamation. As organizations that frequently appear before courts

throughout the country in First Amendment cases, amici have a strong interest in application of a standard in this case that satisfies the First Amendment.

6.      Amici's proposed brief is relevant to the proper resolution of this case. Without taking a position on the merits, the brief addresses governing caselaw from the First Circuit and the Supreme Judicial Court of Massachusetts, which makes clear that the First Amendment protects statements of opinion based on disclosed nondefamatory facts from defamation liability. It highlights how this First Amendment doctrine is critical to safeguarding scientific discussions and academic inquiry. And it emphasizes that proper application of this doctrine is particularly important at the motion-to-dismiss stage of defamation lawsuits, because the prospect of costly litigation chills protected speech.

7.      Amici have provided notice to all parties of their intent to file an amici curiae brief. This motion is unopposed. Plaintiff and Harvard Defendants take no position with respect to the proposed brief. Data Colada Defendants consent to the filing of the proposed brief.

## CONCLUSION

For the foregoing reasons, Amici respectfully request that this Court grant the motion for leave to file a brief of amici curiae.

Dated: November 22, 2023                      Respectfully submitted,

                                              /s/ Jessie J. Rossman
Tyler Takemoto*                               Kirsten V. Mayer (BBO # 641567)
Vera Eidelman*                                Jessie J. Rossman (BBO #670685)
AMERICAN CIVIL LIBERTIES UNION                Ruth A. Bourquin (BBO # 552985)
  FOUNDATION                                  Rachel E. Davidson (BBO #707084)
125 Broad Street, 18th Floor                  AMERICAN CIVIL LIBERTIES UNION
New York, NY 10004                              FOUNDATION OF MASSACHUSETTS, INC.
Tel.: (212) 549-2500                          One Center Plaza, Suite 850
ttakemoto@aclu.org                            Boston, MA 02108
*Pro hac vice motion pending                  (617) 482-3170
Counsel for Amici Curiae                      jrossman@aclum.org