UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FRANCESCA GINO,**<br><br>*Plaintiff,*<br><br>v.<br><br>**PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, URI SIMONSOHN, LEIF NELSON, JOSEPH SIMMONS, JOHN DOES 1-10, AND JANE DOES 1-10,**<br><br>*Defendants.* | **Civil Action No. 1:23-cv-11775-MJJ** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Francesca Gino ("Plaintiff") respectfully requests that the Court grant her leave to file her second amended complaint ("Second Amended Complaint"). A copy of Plaintiff's proposed Second Amended Complaint is attached hereto as "Exhibit 1" which fully sets forth the proposed Complaint with proposed revisions identified in tracked redlined changes. As grounds, for this motion, Plaintiff avers:

1. Plaintiff filed her Complaint on August 2, 2023. (Doc. No. 1).

2. On August 8, 2023, Plaintiff filed her First Amended Complaint. (Doc. No. 6).

3. On October 31, 2023, Plaintiff filed a Charge of Discrimination (the "Charge") with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), alleging gender discrimination in violation of Title VII of

1.

the Civil Rights Ac of 1964 ("Title VII') and the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B ("Chapter 151B").[1]

4. Defendants President and Fellows of Harvard College ("Harvard") and Srikant Datar ("Datar") (collectively, the "Harvard Defendants") filed their Partial Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum in Support on October 10, 2023 (Docs. No. 18-19), seeking to dismiss all claims asserted against them apart from discrimination under Title IX.

5. Plaintiff filed her Memorandum in Opposition of the Harvard Defendants' Partial Motion to Dismiss on November 7, 2023.  (Doc. No. 40).

6. Plaintiff and the Harvard Defendants appeared before this Court on April 26, 2024 for a hearing on Defendants' Partial Motion to Dismiss.

7. On September 11, 2024, the Court issued its decision, granting the Motion to Dismiss Plaintiff's claims as to Defendants Uri Simonsohn, Leif Nelson, Joseph Simmons (Doc. No. 74), and partially granting the Harvard Defendants' partial motion to dismiss.  (Doc. No. 74 at 40).

8. The Court denied the Harvard Defendants' motion as to Plaintiff's claims for breach of contract, implied covenant of the good faith and fair dealing,[2] and estoppel, and granting the Harvard Defendants' motion as to the remaining claims, as well as the claim under Title IX which was not the subject of Defendants' motion.  (Doc. No. 74 at 40).

---

[1] Plaintiff filed an Amended Charge of Discrimination on November 24, 2023. For purposes of this Proposed Order, the Charge and the Amended Charge of Discrimination are both referred to as the "Charge."

[2] The Court denied the Harvard Defendants' motion on breach of the implied covenant "to the extent that the [First Amended Complaint] alleges breach of the implied covenant arising from the adoption of the Interim Policy or the imposition of administrative leave arising tantamount to tenure removal." (Doc. No. 74 at 40).

9. The Court's decision (Doc. No. 74) triggered Harvard's obligation to file an answer to the undismissed portion of Plaintiff's First Amended Complaint (ECF No. 6), by September 25, 2024, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

10. On September 12, 2024, this Court set the date for the Initial Case Management Conference for October 23, 2024.

11. On September 18, 2024, Plaintiff and Defendants jointly filed a Stipulation and Proposed Order Regarding Case Schedule, in which they stipulated, subject to this Court's approval, to the following:

    a. Plaintiff would file an Assented-To Motion for Leave to File a Second Amended Complaint, incorporating her claims against Defendants under Title VII and Chapter 151B on or before October 18, 2024; and

    b. The Harvard Defendants' deadline to file a responsive pleading to such Second Amended Complaint would be November 8, 2024.

    c. The Initial Case Management Conference currently set for October 23, 2024, and all associated deadlines would be continued to a date of the Court's convenience after November 8, 2024.

(Doc. No. 77).

12. The selection of the October 18, 2024 deadline for Plaintiff to file her second amended complaint was predicated upon the expectation that Plaintiff would withdraw her Charge of Discrimination from the MCAD and receive a Notice of Right to Sue from the EEOC, on or before October 18, 2024. (Doc. No. 77 at 2).

13. Pursuant to this Court's September 19, 2024 Electronic Order, the Court adopted the deadlines set forth in the Joint Stipulation and Proposed Order Regarding Case Schedule.

14. On October 4, 2024, in response to Plaintiff's request to withdraw her Charge from the MCAD pursuant to 804 Mass. Code Regs. § 1.04(12), the MCAD dismissed her Charge from the MCAD, pursuant to 804 Mass. Code Regs. § 1.08(1)(B).

15. On October 8, 2024, Plaintiff received her Notice of Right to Sue from the EEOC.

16. On October 18, 2024, the Plaintiff and Defendants jointly filed a Stipulation and Proposed Order Regarding Case Schedule (October 18 Stipulation), in which they stipulated, subject to this Court's approval, to the following:

   a. Plaintiff would file an Assented-To Motion for Leave to File a Second Amended Complaint, incorporating her claims against Defendants under Title VII and Chapter 151B on or before October 21, 2024; and

   b. The Harvard Defendants' deadline to file a responsive pleading to such Second Amended Complaint would be November 12, 2024.

(Doc. No. 79).

17. Pursuant to this Court's October 21, 2024 Electronic Order, the Court adopted the deadlines set forth in the October 18 Joint Stipulation, and cancelled the Initial Scheduling Conference, previously set for November 12, 2024, and rescheduled it to November 20, 2024.

18. Pursuant to the "liberal standard" set forth in Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Hamilton v. Partners Healthcare Sys., Inc.*, 879 F.3d 407, 416 (1st Cir. 2018); *see also Transwitch Corp. v. Galazar Networks, Inc.,* 377 F. Supp. 2d 284, 290 (D. Mass. 2005) (highlighting that leave to amend is "freely given when justice so requires absent an adequate basis to deny the amendment such as futility, bad faith, undue delay or a dilatory motive"—none of which are present in the instant matter) (internal quotations omitted).  Liberality is so favored, amendments are sometimes permitted during and after trial.  *Hamilton v. Partners Healthcare Sys., Inc.,* 879 F.3d at 420, FN 19 (1st Cir. 2018).

19. A second amended complaint is warranted to incorporate Plaintiff's additional related claims against the Harvard Defendants. Plaintiff has provided notice to this Court of her intention to do so.

20. The Harvard Defendants have assented to Plaintiff's filing a Motion for Leave for the purpose of incorporating her additional related claims against Defendants.

21. To the extent that there is any question that the present motion should be granted, Plaintiff requests a hearing for oral argument.

WHEREFORE, Plaintiff respectfully requests leave to file the proposed Second Amended Complaint, filed herewith as Exhibit 1.

**Dated: Boston, Massachusetts**
      **October 21, 2024**

                              **Respectfully submitted,**

                              **NESENOFF & MILTENBERG, LLP**
                              *Attorneys for Plaintiff Francesca Gino*

                              **By: /s/ *Julie A. Sacks***
                              **Andrew T. Miltenberg, Esq.**
                              (***pro hac vice***)
                              **Kara L. Gorycki, Esq.**
                              (***pro hac vice***)
                              **363 Seventh Avenue, Fifth Floor**
                              **New York, New York 10001**
                              **(212) 736-4500**
                              **amiltenberg@nmllplaw.com**
                              **kgorycki@nmllplaw.com**

                              **Tara J. Davis, Esq. (BBO No. 675346)**
                              **Julie A. Sacks, Esq. (BBO No. 674384)**
                              **Regina M. Federico, Esq. (BBO No. 700099)**
                              **101 Federal Street, 19th Floor**
                              **Boston, Massachusetts 02110**
                              **(617) 209-2188**
                              **tdavis@nmllplaw.com**
                              **jsacks@nmllplaw.com**
                              **rfederico@nmllplaw.com**

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

I, Julie A. Sacks, hereby certify that counsel for Francesca Gino conferred in good faith with Counsel for Defendants President and Fellows of Harvard College and Srikant Datar in an effort to resolve or narrow the issues presented in this motion. Counsel for Defendants indicated that they assent to this motion.

Dated: October 21, 2024                 /s/ Julie A. Sacks
                                        Julie A. Sacks

**CERTIFICATION OF SERVICE**

      I hereby certify that on October 21, 2024, this document was filed through the CM/ECF system, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  October 21, 2024              */s/ Julie A. Sacks*
                                                   Julie A. Sacks