UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| FRANCESCA GINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-cv-11775-MJJ |
| | ) | |
| PRESIDENT AND FELLOWS OF | ) | |
| HARVARD COLLEGE et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION OF URI SIMONSOHN, LEIF NELSON, AND JOSEPH SIMMONS
FOR SANCTIONS AGAINST PLAINTIFF FRANCESCA GINO
AND HER FORMER COUNSEL, NESENOFF & MILTENBERG LLP**

Uri Simonsohn, Leif Nelson, and Joseph Simmons (the "Data Colada Defendants")

hereby move for the imposition of sanctions against Plaintiff Francesca Gino and her former

counsel, Nesenoff & Miltenberg LLP, pursuant to the inherent authority of the Court. Plaintiff

and her counsel sued the Data Colada Defendants for defamation without "any reasonable hope

of prevailing on merits" and for the "oppressive reason" of punishing them for blowing the

whistle on Gino's apparent academic fraud. *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir.

1995) (internal quotations and citations omitted). Gino's claims relied on a factual predicate that

she and her lawyers knew to be false, were based on intentional mischaracterizations of what the

Data Colada Defendants said, and included wholly invented factual allegations of a

"conspiracy." Her claims attacked the Data Colada Defendants merely for engaging in scientific

inquiry, and they cast a chilling effect in derogation of important First Amendment principles.

Accordingly, this is one of the rare circumstances where imposition of sanctions under the

Court's inherent authority is warranted.

In support of this motion, the Data Colada Defendants submit the accompanying memorandum of law and the Affidavit of Jeffrey J. Pyle, with its attachments.

WHEREFORE, Uri Simonsohn, Leif Nelson, and Joseph Simmons move that the Court enter an order (1) imposing sanctions on Francesca Gino and Nesenoff & Miltenberg LLP, (2) requiring them, jointly and severally, to compensate the Data Colada Defendants for all attorneys' fees and costs incurred by them or on their behalf in this action, and (3) affording the Data Colada Defendants 30 days from the date of its ruling on this motion to submit an application for such reasonable attorneys' fees and costs.

Respectfully submitted,

URI SIMONSOHN, LEIF NELSON, AND JOSEPH SIMMONS,

By their attorney,

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO #647438)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
(617) 456-8000 (tel)
(617) 456-8100 (fax)
jpyle@princelobel.com

Date:  May 9, 2025

### CERTIFICACTION PURSUANT TO LOCAL RULE 7.1

I, Jeffrey J. Pyle, hereby certify that I have conferred with counsel for Francesca Gino and for Nesenoff & Miltenberg, LLP and have attempted in good faith to resolve or narrow the issues presented in this motion.

/s/ *Jeffey J. Pyle*
Jeffrey J. Pyle

#5516545v1

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

3

#5516545v1