**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FRANCESCA GINO,                      ) | |
|                                      ) | |
|            Plaintiff,                ) | |
|     v.                               ) | |
|                                      ) | |
| PRESIDENT AND FELLOWS OF             ) | Case No. 1:23-cv-11775-MJJ |
| HARVARD COLLEGE, SRIKANT DATAR,      ) | |
| JOHN DOES 1-10, AND JANE DOES 1-10,  ) | |
|                                      ) | |
|            Defendants.               ) | |

**MEMORANDUM OF LAW OF DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIM**

Defendant President and Fellows of Harvard College ("Harvard") respectfully submits this memorandum of law in support of its Motion for Leave to File Second Amended Answer and Counterclaim to assert a counterclaim (the "Counterclaim") against Plaintiff Francesca Gino ("Plaintiff") for defamation arising out of her public statements that Harvard overlooked a key dataset at issue in connection with the research misconduct allegations against her when, in fact, no such dataset exists; instead, new forensic evidence has revealed an apparent attempt by Plaintiff to fabricate and back-date a stand-in for such dataset.

As set forth below, good cause exists for this amendment. Harvard did not gain a full understanding of the basis for the Counterclaim until mid-November 2024, and it was unable to make public any information obtained from the tenure revocation proceeding that ended on May 20, 2025 without risking breaching the terms of internal procedures requiring Harvard to treat the proceeding as confidential while it was pending, and compromising the integrity of the proceeding itself. Moreover, Plaintiff would not be prejudiced by allowing Harvard to assert the Counterclaim, given that it arises out of the same events as Plaintiff's claims and discovery remains at an early stage. On the other hand, denying Harvard relief would deny it the ability to assert a meritorious counterclaim. Harvard therefore respectfully requests that the Court grant it leave to amend its answer to assert the Counterclaim.

## BACKGROUND

### A.     Factual and Procedural Background

Between October 2021 and June 2023, the Harvard Business School ("HBS") conducted an extensive, eighteen-month investigation into allegations of research misconduct against Plaintiff, then a tenured professor at HBS. On June 13, 2023, HBS Dean Srikant Datar accepted the investigation findings that Plaintiff committed repeated research misconduct over four papers spanning the course of eight years, and imposed certain disciplinary sanctions on Plaintiff,

including the initiation of a tenure revocation proceeding. Doc. No. 85 ¶¶ 178–80. Harvard subsequently commenced a tenure revocation proceeding pursuant to its internal policies and procedures, and that proceeding culminated in the revocation of Plaintiff's tenure on May 20, 2025.

On August 2, 2023, Plaintiff filed her initial Complaint against Harvard and Dean Datar, alleging claims arising out of HBS' research misconduct investigation. *See* Doc. No. 1. Plaintiff amended her complaint on August 8 (the "FAC"). *See* Doc. No. 6. On October 10, 2023, Harvard filed a partial motion to dismiss the FAC (Doc. Nos. 18–20), which this Court granted in part on September 11, 2024.

Plaintiff moved for leave to amend her complaint again on October 21, 2024 (the "SAC"), Doc. No. 81, and on November 12, 2024, Harvard filed its Answer to the SAC (the "Answer"), Doc. No. 82.[1] On November 13, 2024, the Court granted Plaintiff's motion for leave to amend (Doc. No. 83). On November 20, 2024, the Court entered a Scheduling Order setting certain case deadlines, including a deadline to amend the pleadings of January 31, 2025. Doc. No. 88 at 1. Neither party has previously made a request to this Court to amend or extend the deadlines set forth in the Scheduling Order.

### B. Harvard's Proposed Amendment

Harvard seeks leave to amend its Answer to assert a counterclaim against Plaintiff that arises from false and defamatory statements Plaintiff made on or around October 1, 2023 on her website, www.francesca-v-harvard.org. *See* Exhibit 1 to the Declaration of Jenny K. Cooper in Support of the Motion for Leave to File Second Amended Answer and Counterclaim ("Cooper Decl."). Specifically, Plaintiff stated that HBS "used the wrong dataset" in analyzing one of the allegations of research misconduct against Plaintiff, and that HBS overlooked the "correct

---

[1] Harvard filed an Amended Answer to the SAC after Plaintiff re-filed the SAC with various revisions affecting the content and numbering of its paragraphs. Doc Nos. 85, 89.

dataset," which she called on her website the "July 16 OG file"; but Plaintiff knew that these statements were false at the time that Plaintiff made them. *See id.* ¶¶ 1, 58–73.[2]

Harvard did not discover the basis for this claim until the fall of 2024, when Harvard was undertaking an internal proceeding to determine whether Plaintiff's tenure should be revoked. *Id.* ¶¶ 74–81. During that proceeding, as alleged in detail in the Counterclaim, Harvard discovered a file in Plaintiff's possession (the "2023 Cover-Up File") that bore signs of having been deliberately and purposively backdated in late September 2023 and modified to precisely resemble Plaintiff's description of the supposed "July 16 OG file." *Id.* After Harvard confronted Plaintiff with the 2023 Cover-Up File, Plaintiff removed all mention of the "July 16 OG file" from her website, and repeatedly shut down Harvard's efforts to learn more about the origin of the 2023 Cover-Up File or her statements regarding the "July 16 OG file." *Id.* ¶¶ 82–86. From these and other facts, Harvard ascertained that Plaintiff's statements on her website to the public, and further re-publicized by Plaintiff to her professional network, were maliciously false and defamatory. *Id.*

During Plaintiff's tenure revocation proceeding, Harvard's procedures governing the proceeding—which Plaintiff has alleged were binding and were breached by HBS in numerous ways (even before the tenure revocation proceedings began), *see e.g.*, Doc. No. 85 ¶¶ 332, 334(j)—required that, "[e]xcept for such simple announcements as may be required, covering the time of the hearing and similar matters, public statements, and publicity about the case by either parties or member of the Hearing Committee will be avoided as so far as possible until the proceedings have been completed, including consideration by the Corporation." Doc. No. 85 ¶ 67 (quoting Doc. No. 6-12 at 7). Moreover, the committee of tenured Harvard professors overseeing the proceeding

---

[2] All paragraph citations to Exhibit 1 of the Cooper Declaration refer to the Counterclaim set forth on page 125 *et seq*.

determined that it was "a confidential personnel matter, and parties and their [] counsel are expected to hold all information and materials related to this [] proceeding in strict confidence," recognizing both parties' interests in confidentiality during the pendency of the proceeding as well as the importance of ensuring that the tenure revocation proceeding is free of outside influence. Declaration of Robin Greenwood in Support of the Motion for Leave to File a Second Amended Answer and Counterclaim ("Greenwood Decl.") ¶ 7. Ultimately, the Harvard Corporation voted to revoke Plaintiff's tenure, and on May 20, 2025, the decision was communicated to the parties, thereby completing the proceeding. *Id.* ¶ 3.

### C.     The Parties' Discovery Efforts

Discovery in this case is still in early stages. The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.1, and they have served written discovery requests and responses. Cooper Decl. ¶¶ 4–5. While the parties met and conferred on June 24 and June 26, 2025 to discuss their responses and objections to discovery, neither party has to date produced any documents or noticed any depositions. *Id.* ¶¶ 7–8.

## ARGUMENT

Where a party seeks to amend the pleadings after the deadline set by a scheduling order, courts in the First Circuit analyze the request under Rule 16(b), which requires "good cause" for amendment. *Parkhurst v. Superior Drywall, Inc.*, No. 21-cv-10826-ADB, 2022 WL 36475, at *1 (D. Mass. Jan. 4, 2022) (citing *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015)). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment," and "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." *Id.* at *2. Here, because Harvard was diligent in seeking leave to amend once circumstances allowed and no prejudice to Plaintiff will accrue as a result, Harvard should be granted leave to amend its Answer to assert the Counterclaim.

4

## I. GOOD CAUSE EXISTS TO GRANT HARVARD LEAVE TO AMEND ITS ANSWER TO ASSERT A COUNTERCLAIM

Harvard requests leave to amend its Answer to assert a counterclaim of defamation against Plaintiff arising out of her statements regarding the purportedly exonerating "July 16 OG file." *See* Cooper Decl. Ex. 1. Harvard first discovered the 2023 Cover-Up File in September 2024, and its import was not fully understood until Plaintiff removed all reference to the "July 16 OG file" from her website, and testified in the tenure revocation proceeding in November 2024, interjecting baseless, blanket privilege objections to any discussion of the file, confirming that Plaintiff had no good-faith basis on which to believe her statements regarding the "July 16 OG file" were true. Greenwood Decl. ¶¶ 4–5; *see Parkhurst*, 2022 WL 36475, at *1; *Fed. Ins. Co. v. Fire Sprinkler Tech., Inc.*, No. 1:20-cv-10403-ADB, 2021 WL 1857403, at *4 (D. Mass. May 10, 2021) (finding good cause where "the Court credits [the movant's] assertion that it did not know enough about" the wrongdoer's actions "until after discovery progressed"); *Penobscot Nation v. Mills*, No. 12-cv-00254, 2014 WL 442429, at *3 (D. Me. Feb. 4, 2014) ("Defendant's request to amend does not reflect delay, rather it reflects the developing factual record related to this litigation."); *see also UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, No. 16–27–BU–JCL, 2017 WL 1653260, at *6 (D. Mont. May 2, 2017) (defendant did not unduly delay in asserting counterclaim where "it did not learn of the scope and magnitude of [plaintiff's] alleged misconduct" until later).

Moreover, Harvard could not have asserted the Counterclaim prior to the May 20, 2025 conclusion of the tenure revocation proceeding without risking violating its own procedures and potentially compromising the integrity of the proceeding. *Cf. Montello v. Phoenix Ins. Co.*, No. 16-12247-MLW, 2020 WL 13828989, at *2 (D. Mass. Oct. 23, 2020) (permitting amendment under Rule 15(a) where delay was attributable to parties' participation in ongoing mediation); *see also Ivymedia Corp. v. Ilikebus, Inc.*, 233 F. Supp. 3d 228, 230–31 (D. Mass. 2017) (good cause

found where parties agreed to wait until parallel arbitration was completed). These procedures provide, among other things, that "[e]xcept for such simple announcements as may be required . . . public statements, and publicity about the case by either parties or member of the Hearing Committee will be avoided so far as possible until the proceedings have been completed, including consideration by the Corporation." (Doc. No. 6-12 at 7).

Plaintiff quotes this very provision of the tenure revocation hearing procedures (which she calls the "Discipline Policy") in her complaint, claiming (incorrectly) that it governed the HBS investigation, and that Harvard breached it in connection with the HBS investigation. SAC ¶ 67; *see also id.* ¶¶ 199, 332–34, 339 (citing Doc. No. 6-12 at 7)). By asserting the Counterclaim—which relies on information learned from the tenure revocation proceeding—before the completion of the tenure revocation proceeding, Harvard would have risked the assertion of additional claims by Plaintiff. Accordingly, Harvard has not unduly delayed but instead acted diligently in asserting this Counterclaim after "the proceedings [were] completed, including consideration by the Corporation." *Id.* ¶ 67.

**II.     PLAINTIFF WILL SUFFER NO PREJUDICE AS A RESULT OF HARVARD'S PROPOSED AMENDMENT**

Notwithstanding that Rule 16(b)'s "'good cause' standard . . . focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," there is no such prejudice against Plaintiff here. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11–12 (1st Cir. 2004). Harvard's Counterclaim does not significantly expand the scope of this case; the 2023 Cover-Up File and its relationship to the purported "July 16 OG file" are also directly relevant to Harvard's defenses to Plaintiff's claims insofar as they demonstrate Plaintiff's lack of credibility

6

and a clear pattern by Plaintiff of data falsification and fabrication.³  *See Forrester Env. Servs., Inc. v. Wheelabrator Techs., Inc.*, No. 10-cv-154-JL, 2011 WL 839694, at *2 (D.N.H. Mar. 7, 2011) (no unfair prejudice where "it is likely that the discovery to date has already encompassed much, if not all, of the information relevant to the plaintiffs' [proposed] claim").

Moreover, "any prejudice to the non-moving part[y] is reduced here because fact discovery has not closed, dispositive motions are not due until [October 3, 2025], and a trial date has not yet been set." *Fed. Ins. Co.*, 2021 WL 1857403, at *5 (granting motion for leave to assert third-party complaint under Rule 16 where third-party defendant "will have time to prepare a defense to [the] claims in advance of dispositive motions being filed and without the pressure of a looming trial date"). While each party has served some initial discovery, neither party has noticed depositions or produced any documents. Cooper Decl. ¶¶ 4–7. Plaintiff will suffer no prejudice if this Motion is granted.⁴

---

³ To the extent this subject matter overlap renders Harvard's Counterclaim compulsory, that weighs further in favor of allowing Harvard to amend its Answer to assert it. *See UDAP Indus.*, 2017 WL 1653260, at *5 ("the argument for allowing amendment is especially compelling" because movant "would lose its ability to litigate its claims" if barred from asserting compulsory counterclaim) (citations omitted).

⁴ Although it is Plaintiff's burden to show that Harvard's amendment would be futile, *see Newman Cap. LLC v. Pvt. Cap. Grp., Inc.*, No. 22-CV-663 (VSB), 2025 WL 945851, at *2 (S.D.N.Y. Mar. 28, 2025), Plaintiff cannot carry that burden because the Counterclaim states a viable claim for relief. *See Hatch Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) ("If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).").

## **CONCLUSION**

For the foregoing reasons, Harvard respectfully requests that the Court grant its Motion for Leave to File a Second Amended Answer and Counterclaim.

Dated:  July 7, 2025  Respectfully submitted,

*/s/ Douglas E. Brayley*
Douglas E. Brayley (BBO# 676821)
Jenny K. Cooper (BBO# 646860)
Elena W. Davis (BBO# 695956)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Elena.Davis@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 7, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 7, 2025

                                                */s/ Douglas E. Brayley*
                                                Douglas E. Brayley