**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FRANCESCA GINO, | ) |
| Plaintiff, | ) |
| v. | ) |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10, | ) Case No. 1:23-cv-11775-MJJ |
| Defendants. | ) |

**MEMORANDUM OF LAW OF DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 2

ARGUMENT.................................................................................................................................. 4

I.    PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT (COUNT EIGHT) SEEKS RELIEF THAT IS NOT COGNIZABLE UNDER THE DECLARATORY JUDGMENT ACT ............................................................................. 5

II.    IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT (COUNT EIGHT).......................................................................................... 6

CONCLUSION............................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cognex Corp. v. Air Hydro Power, LLC*,
  651 F. Supp. 3d 322 (D. Mass. 2023) .................................................................................1, 5, 6

*Cohn v. Guaranteed Rate Inc.*,
  130 F. Supp. 3d 1198 (N.D. Ill. 2015) ..........................................................................................6

*Current Lighting Sols., LLC v. Signify Holding B.V.*,
  No. CV 23-11398-GAO, 2024 WL 456923 (D. Mass. Feb. 6, 2024) ....................................4, 5

*Daum v. Planit Sols., Inc.*,
  619 F. Supp. 2d 652 (D. Minn. 2009) ..........................................................................................7

*Debnam v. FedEx Home Delivery*,
  No. 10–11025–GAO, 2011 WL 1188437 (D. Mass. Mar. 31, 2011) ....................................5, 6

*In re Fin. Oversight and Mgmt. Bd. for P.R.*,
  919 F.3d 638 (1st Cir. 2019) ........................................................................................................4

*Mewawalla v. Middleman*,
  601 F. Supp. 3d 574 (N.D. Cal. 2022) ........................................................................................6

*Rodriguez v. Lab'y Corp. v. AmericaHoldings*,
  13 F. Supp. 3d 121 (D.D.C. 2014) ..............................................................................................6

*Schaer v. Brandeis Univ.*,
  735 N.E.2d 373 (Mass. 2000) ......................................................................................................7

*Speleos v. BAC Home Loans Servicing, L.P.*,
  755 F. Supp. 2d 304 (D. Mass. 2010) ........................................................................................4

*Sprint Spectrum L.P. v. Town of Easton*,
  982 F. Supp. 47 (D. Mass. 1997) ................................................................................................5

*Villaneuva v. Wellesley Coll.*,
  930 F.2d 124 (1st Cir. 1991) ........................................................................................................7

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ......................................................................................................................4

*Wynne v. Tufts Univ. Sch. of Med.*,
  932 F.2d 19 (1st Cir.1991) (en banc) ..........................................................................................7

**Statutes**

28 U.S.C. § 2201 ................................................................................................................................4

Defendant President and Fellows of Harvard College ("Harvard") respectfully submits this memorandum of law in support of its Partial Motion to Dismiss the Third Amended Complaint filed by Plaintiff Francesca Gino ("Plaintiff").

## PRELIMINARY STATEMENT[1]

After a thorough, eighteen-month-long process led by a committee of Plaintiff's peers at Harvard Business School ("HBS"), Harvard found, by a preponderance of the evidence, that Plaintiff intentionally, knowingly, or recklessly committed research misconduct in carrying out four studies across nearly ten years and by misrepresenting the published procedures in one of those studies to conceal a fatal flaw. Then, after another extensive, nearly two-year-long process involving a Screening Committee and then a Hearing Committee of Plaintiff's peers from across the University, Harvard *again* found, this time by clear and convincing evidence, that Plaintiff committed research misconduct, and that her misconduct constituted "grave misconduct or neglect of duty" warranting revocation of Plaintiff's tenure. After its own independent review, the Harvard Corporation then formally voted to revoke Plaintiff's tenured position. Plaintiff now seeks, among other things, to have this Court contradict the findings of the many tenured Harvard professors who meticulously examined the evidence in this case, and reverse these core academic determinations relating to tenure, by declaring that Plaintiff did not engage in "grave misconduct" and that grounds did not exist to revoke her tenure. Plaintiff's declaratory judgment claim suffers from numerous flaws on the merits and fails to state a claim as a matter of law.

It is well-settled that "[a]warding declaratory relief with respect to actions already taken runs counter to the purposes underlying the [Declaratory Judgment Act ("DJA")]." *Cognex Corp. v. Air Hydro Power, LLC*, 651 F. Supp. 3d 322, 327 (D. Mass. 2023). Plaintiff's declaratory

---

[1] Citations to "¶ _" are to the Third Amended Complaint, Doc. No. 126 (the "TAC"). Unless indicated otherwise, internal quotation marks and citations are omitted and emphasis is added.

judgment claim seeks backward-looking relief as to academic findings and decisions that already have been made, and thus fails for this reason alone. Moreover, even if Plaintiff's requested relief were available under the DJA, courts have consistently declined to exercise their discretion to hear declaratory judgment claims where they are duplicative of other claims, as is the case here. Finally, Plaintiff's declaratory judgment claim amounts to a request that this Court substitute its judgment for Harvard's internal academic and disciplinary decisions, which well-established precedent cautions is not the proper function of the courts. Accordingly, Count VIII should be dismissed.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

The Third Amended Complaint alleges as follows: Plaintiff is a behavioral scientist and former tenured professor at Harvard Business School ("HBS"). ¶¶ 22, 38. In 2021, HBS received allegations that Plaintiff committed research misconduct. ¶ 73. HBS then conducted a faculty-led inquiry and investigation spanning eighteen months, resulting in a finding by a committee of three tenured HBS professors in March 2023 that Plaintiff "intentionally, knowingly, or recklessly falsified or fabricated data." ¶ 7. After accepting the HBS investigation committee's findings, in June 2023, HBS Dean Srikant Datar recommended that University-level proceedings be commenced to revoke Plaintiff's tenure. ¶ 8. Plaintiff filed this litigation on August 2, 2023, asserting that she "has never falsified or fabricated data" and contesting HBS' findings. Doc. No. 1 ¶ 2.

By that time, Harvard already had begun moving forward with a proceeding pursuant to the Third Statute of Harvard University, which governs Harvard's tenured appointments, to

---

[2] While Harvard also forcefully denies Plaintiff's new allegations of retaliation in Count VII (in addition to all Plaintiff's other claims), because Count VII, like Count I, relies on disputed factual allegations, it is not appropriate for resolution at the motion to dismiss stage, when one must assume all factual allegations are true. Harvard therefore addresses Count VII in Harvard's concurrently filed Answer.

determine whether Plaintiff's tenure should be revoked. ¶ 15. The allegations first were presented to a Screening Committee of three tenured professors from Harvard Business School. *See* Doc. No. 1-20 at § 2 (describing process). After the Screening Committee unanimously determined that the allegations credibly alleged grave misconduct or neglect of duty, Harvard then convened a separate Hearing Committee of seven tenured Harvard professors, including three from Harvard Business School. ¶ 313. After a long and thorough process culminating in a hearing at which Plaintiff was permitted to present direct testimony and cross-examine witnesses, the Hearing Committee unanimously determined, by clear and convincing evidence, that Plaintiff committed grave misconduct or neglect of duty within the meaning of Harvard's internal Third Statute and recommended the revocation of Plaintiff's tenure and the termination of her Harvard employment. ¶¶ 313–29; *see also* ¶ 15. Harvard formally revoked Plaintiff's tenure in May 2025. ¶ 21.

After the Third Statute process concluded, the parties jointly proposed an amended scheduling order in this litigation, which was approved by the Court on July 22, 2025. Doc. No. 123. Plaintiff filed the TAC on August 4, 2025. Doc. No. 126. In addition to reiterating Plaintiff's previous allegations that the HBS investigation was biased against her, Plaintiff's TAC contains a litany of new complaints regarding the Third Statute proceeding and the Hearing Committee, which she claims (without any support or explanation) was biased against her. *See, e.g.*, ¶¶ 313–30. Among other revisions, the TAC now advances a request for declaratory judgment from this Court that (i) clear and convincing evidence "does not exist" to show that Plaintiff engaged in "grave misconduct" under the Third Statute; (ii) Plaintiff "has not engaged in 'grave misconduct'

within the meaning of Harvard's Third Statute"; and (iii) "grounds do not exist for the revocation of her tenure."[3]  ¶¶ 394–95.

## ARGUMENT

Under the DJA, "upon the filing of an appropriate pleading," district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  In evaluating motions to dismiss under the DJA, courts must "examine whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *In re Fin. Oversight and Mgmt. Bd. for P.R.*, 919 F.3d 638, 645 (1st Cir. 2019) (internal quotation omitted).  The DJA also confers on district courts "unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  "So long as a court "acts in accordance with the purposes of the [DJA] and the principles of sound judicial administration, [it] has broad discretion to refuse to entertain a declaratory judgment action."  *Current Lighting Sols., LLC v. Signify Holding B.V.*, No. CV 23-11398-GAO, 2024 WL 456923, at *2 (D. Mass. Feb. 6, 2024).

---

[3] To the extent that Plaintiff's TAC suggests that this Court may find that "grounds do not exist for the revocation of her tenure" if the Court finds that the Plaintiff has not engaged in grave misconduct, that is incorrect.  The Third Statute provides for the revocation of tenure upon a finding of grave misconduct *or* neglect of duty.  *See* Doc. No. 1-18 at 3 ("All Officers who hold teaching appointments . . . are subject to removal from such appointments by the Corporation only for grave misconduct or neglect of duty."); *accord Speleos v. BAC Home Loans Servicing, L.P.*, 755 F. Supp. 2d 304, 307 (D. Mass. 2010) (court may look to, *inter alia*, documents "incorporated by reference in the complaint").  Accordingly, even if this declaratory judgment claim stated a claim (it does not), the Court would have to find that Plaintiff did not commit grave misconduct *or neglect of duty* in order to determine that grounds for the revocation of her tenure do not exist.

## I. PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT (COUNT EIGHT) SEEKS RELIEF THAT IS NOT COGNIZABLE UNDER THE DECLARATORY JUDGMENT ACT

Plaintiff seeks a declaration that neither "clear and convincing evidence" that she engaged in "grave misconduct," nor grounds to revoke her tenure, exist within the meaning of Harvard's internal Third Statute. ¶¶ 394–95. But Harvard already found that such evidence does exist, and "[a]warding declaratory relief with respect to actions already taken runs counter to the purposes underlying the [DJA]." *Cognex Corp. v. Air Hydro Power, LLC*, 651 F. Supp. 3d 322, 327 (D. Mass. 2023) (dismissing declaratory action). This is because "declaratory relief is meant to resolve a party's contract rights and liabilities *before* it incurs costs and risks based upon its interpretation of the contract." *Id.* at 326; *see also Current Lighting Sols.*, 2024 WL 456923, at *2 ("The Act enables a party reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side."). The TAC affirmatively admits that the Hearing Committee already found that there existed clear and convincing evidence that Plaintiff engaged in grave misconduct, ¶ 321, and that Harvard already has accepted that finding and terminated Plaintiff's tenured appointment, ¶ 329. Plaintiff's declaratory judgment claim therefore improperly seeks to invoke the DJA retrospectively, compelling dismissal. *Cognex Corp.*, 651 F. Supp. 3d at 327 (internal quotation omitted); *Debnam v. FedEx Home Delivery*, No. 10–11025–GAO, 2011 WL 1188437, at *1 (D. Mass. Mar. 31, 2011) (dismissing declaratory claim where "plaintiff is seeking a declaration regarding the past conduct of the parties"); *Sprint Spectrum L.P. v. Town of Easton*, 982 F. Supp. 47, 53 (D. Mass. 1997) ("[D]eclaratory relief is an inappropriate remedy for a violation that has already occurred").

## II. IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT (COUNT EIGHT)

Even when a court is permitted to declare the rights of a party seeking declaratory relief, "federal courts have unique and substantial discretion in deciding whether to declare the rights of litigants." *Cognex Corp.*, 651 F. Supp. 3d at 327. Here, even if Plaintiff properly pled a claim for relief under the DJA (she does not), "it would be ill-advised" for this Court "to exercise its discretion to adjudicate the dispute." *Id.*

*First*, declaratory relief would be superfluous in light of Plaintiff's existing claims, which already seek determinations on the same legal issue—whether Harvard's revocation of Plaintiff's tenure breached the terms of Plaintiff's employment contract, which Plaintiff asserts incorporates the various internal Harvard policies and governing statutes at issue. *See* ¶¶ 351–60 (asserting breach of contract count over tenure revocation). Plaintiff's declaratory judgment claim thus seeks factual and legal determinations that inevitably would duplicate those implicated by her breach of contract claim. Courts consistently decline to exercise their discretion to adjudicate declaratory judgment claims in such circumstances. *See, e.g.*, *Debnam*, 2011 WL 1188437, at *1 (dismissing declaratory judgment claim where, in addition to implicating past conduct, "declaratory relief would add nothing to the coercive claim the plaintiff has made"); *see also Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 613 (N.D. Cal. 2022) (dismissing claim for declaratory judgment where "[d]etermining whether these actions amounted to a breach of contract will require a finding" duplicative of plaintiff's contract claims); *Cohn v. Guaranteed Rate Inc.*, 130 F. Supp. 3d 1198, 1205 (N.D. Ill. 2015) (dismissing declaratory judgment claim that employee "was constructively discharged without cause" where it was duplicative of breach of contract claim); *Rodriguez v. Lab'y Corp. v. AmericaHoldings*, 13 F. Supp. 3d 121, 128 (D.D.C. 2014) (dismissing declaratory judgment claim where it "does not present any legal or factual theories that are not

6

already subsumed in [Plaintiff's] other claims" and a declaratory judgment would not affect the plaintiff's future actions); *Daum v. Planit Sols., Inc.*, 619 F. Supp. 2d 652, 657 (D. Minn. 2009) (dismissing declaratory judgment claim that employee was "falsely terminate[d] [] for 'Cause'" as duplicative of breach of contract claim).

*Second*, Plaintiff's declaratory judgment claim improperly asks this Court to intervene in the internal affairs of an academic institution. The First Circuit has emphasized that "it is not the function of the courts to sit as 'super-tenure' committees." *Villaneuva v. Wellesley Coll.*, 930 F.2d 124, 129 (1st Cir. 1991). But Plaintiff seeks exactly that: to have this court effectively overturn the findings and recommendations of the Hearing Committee—a committee of Plaintiff's peers whose expertise stems in part from their experience as tenured professors at Harvard. This Court should decline to insert itself into Harvard's academic and disciplinary decisions. *See id.* (explaining courts are "hesitant to intrude upon academic freedom, which . . . long has been viewed as a special concern of the First Amendment"); *Wynne v. Tufts Univ. Sch. of Med.*, 932 F.2d 19, 25 (1st Cir.1991) (en banc) ("When judges are asked to review the substance of a genuinely academic decision, . . . they should show great respect for the faculty's professional judgment."); *Schaer v. Brandeis Univ.*, 735 N.E.2d 373, 378, 381 (Mass. 2000) (observing that "courts are chary about interfering with academic and disciplinary decisions made by private colleges and universities").

## CONCLUSION

For the foregoing reasons, Count VIII should be dismissed with prejudice.

Dated: August 18, 2025                                  Respectfully submitted,

*/s/ Douglas E. Brayley*
Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Elena W. Davis (BBO# 695956)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Elena.Davis@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 18, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: August 18, 2025

                  */s/ Douglas E. Brayley*
                  Douglas E. Brayley