UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PRESIDENTS AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>　　　　Defendants. | Civil Action No. 1:23-cv-11775-MJJ |

## **PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS**

The instant motion boils down to one question: Could the declaratory relief requested in Count VIII of the Third Amended Complaint be an appropriate remedy in this case? For the reasons that follow, Plaintiff respectfully submits that it could, and that Harvard's motion to dismiss Count VIII is at best premature.

### FACTUAL BACKGROUND

This is a case with a multitude of factual disputes. Among them is whether there exists "clear and convincing evidence" that Plaintiff engaged in "grave misconduct" within the meaning of Harvard's Third Statute. See Defendants' Answer to Plaintiff's Third Amended Complaint and Counterclaim, ¶ 17. Contrary to Harvard's conclusory assertions otherwise, that is not a "core academic determination[]," nor is it one that requires factfinders with "experience as tenured professors at Harvard." See Motion at 1, 7. Instead, the dispute largely turns on the analysis of forensic evidence, and a determination of the fair and reasonable conclusions that can (and more specifically, cannot) be drawn from that evidence. See Third Amended Complaint, ¶ 16.

As Harvard suggests in its motion, this factual dispute could be resolved incident to Plaintiff's claim for Breach of Contract. See Motion at 6-7. But the Court could also resolve the Contract claim in a manner that stopped short of addressing "grave misconduct," such as by determining that Harvard breached Plaintiff's procedural rights. Third Amended Complaint ¶ 359 (enumerating several such breaches). If that were to occur, Plaintiff could be reinstated and immediately subjected to another round of disciplinary proceedings based on the very same allegations of "grave misconduct."

To guard against such an outcome, Count VIII of the Third Amended Complaint requests a declaratory judgment to not only resolve the "grave misconduct" issue, but also to provide "such further declaratory relief as may be appropriate to fully resolve all disputes that may arise in this action concerning Plaintiff's rights as a tenured professor at Harvard." Id. ¶ 396.

## ARGUMENT

To begin, Harvard's suggestion that the requested declaratory relief would improperly "intervene in the internal affairs of an academic institution" is blatantly wrong. Massachusetts law does not afford any immunity to academic institutions—even Harvard—for breach of contract, discrimination or any of the other claims alleged in this action. Nor is there any legal authority that would afford Harvard's actions any presumption of correctness.

None of the cases cited by Harvard are to the contrary. Indeed, each confirms that Courts are fully empowered to decide claims brought against academic institutions, and the cases merely recognize the unremarkable proposition that due consideration should be given to the context in which the dispute arises. See e.g., Villanueva v. Wellesley Coll., 930 F.2d 124, 129 (1st Cir. 1991) ("At the same time, we recognize that Congress has committed to the federal courts a duty which we may not abdicate: that of eliminating workplace discrimination, within educational settings as

well as without."); see also Blasdel v. Nw. Univ., 687 F.3d 813, 815 (7th Cir. 2012) ("the legal standard is the same whether the plaintiff in an employment discrimination case is a salesman or a scientist").

In any event, the "grave misconduct" issue is already before the Court by virtue of Plaintiff's claim for breach of contract. Harvard has not, and cannot, provide any valid reason why addressing that issue in the context of a declaratory judgment action would be any more invasive of Harvard's "internal affairs" than doing so in a breach of contract action. Accordingly, the "internal affairs" argument lacks any merit.

The only material question is whether the grant of declaratory relief would be an appropriate act of judicial discretion. See Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995) ("federal courts retain substantial discretion in deciding whether to grant declaratory relief"). And the answer to that question is, at this stage, it depends. As noted above, resolution of this case could either resolve or render moot the parties' dispute concerning "grave misconduct." But it could also leave that issue unresolved, and set the stage for many more years of acrimony and litigation between these parties. The latter scenario is precisely the type of instance in which declaratory relief is appropriate. Id. ("The Declaratory Judgment Act serves a valuable purpose. It is designed to enable litigants to clarify legal rights and obligations before acting upon them.").

Given the uncertainty at this early stage, Harvard's motion should be denied without prejudice, and the Court should determine the appropriateness of the relief requested in Count VIII at a later stage in this proceeding.

## CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the motion be denied.

Francesca Gino
By her attorneys,

*/s/ Patrick J. Hannon*
Barbara A. Robb (BBO #639976)
Patrick Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02210
brobb@hmrhlaw.com
phannon@hmrhlaw.com
P: (617) 723-8000