UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FRANCESCA GINO,<br><br>           Plaintiff,<br><br>     v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, SRIKANT DATAR,<br>JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>           Defendants. | Case No. 1:23-cv-11775-MJJ |

**REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OF DEFENDANTS
PRESIDENT AND FELLOWS OF HARVARD COLLEGE AND SRIKANT DATAR**

Plaintiff's Opposition[1] entirely ignores black letter law that declaratory relief as to past conduct is improper.  Instead, Plaintiff hypothesizes that:  (i) her lawsuit *could* be resolved "in a manner that stopped short of addressing 'grave misconduct;'" (ii) if that occurred, Plaintiff *could* "be reinstated;" and (iii) if Plaintiff were reinstated, she *could* be "subjected to another round of disciplinary proceedings" based on the same grave misconduct.  Opp. at 2.  First, Plaintiff continues to ignore that "grave misconduct" is not the sole basis on which tenure may be revoked under the Third Statute; tenure also may be revoked based on "grave misconduct or neglect of duty."  *See* Mot. at 8 n. 3 (citing Doc. No. 1-18 at 3).  Moreover, this speculative thought experiment is no more a proper basis for declaratory judgment than Plaintiff's Third Amended Complaint's ("TAC") *ex post facto* challenge to Harvard's careful and reasoned determination that she committed grave misconduct or neglect of duty.  Nor would Plaintiff's requested declaratory relief—which seeks a ruling that there *currently* exists no clear and convincing evidence of her grave misconduct—even apply to such a hypothetical future scenario.  In any event, Plaintiff offers nothing to rebut the abundant case law cited in the Motion, all of which counsels against the Court's exercise of its discretion to adjudicate her declaratory judgment claim.

I. **PLAINTIFF'S OPPOSITION CONFIRMS THAT HER CLAIM FOR DECLARATORY JUDGMENT SEEKS RELIEF THAT IS NOT COGNIZABLE UNDER THE DECLARATORY JUDGMENT ACT**

The Opposition effectively concedes the applicability of the well-established law cited in Harvard's Motion that "[a]warding declaratory relief with respect to actions already taken runs counter to the purposes underlying the [DJA]."  *Cognex Corp. v. Air Hydro Power, LLC*, 651 F.

---

[1] Capitalized terms have the meanings ascribed to them in Harvard's Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 129) (the "Motion" or "Mot.").  "Opposition" or "Opp." refers to Plaintiff's Opposition to Harvard's Partial Motion to Dismiss (Doc. No. 130).  Unless indicated otherwise, internal quotation marks and citations are omitted and emphasis is added.

Supp. 3d 322, 327 (D. Mass. 2023) (dismissing declaratory judgment count because it sought a declaration of rights in connection with a contract termination that already had occurred); *see also* Mot. at 9 (collecting cases). Plaintiff instead speculates, without any supporting authority, that "[t]he Court could also resolve the Contract claim in a manner that stopped short of addressing 'grave misconduct,'" and, "[i]f that were to occur, Plaintiff could be reinstated and immediately subjected to another round of disciplinary proceedings based on the very same allegations of 'grave misconduct.'" Doc. No. 130 at 2. But courts repeatedly have emphasized that "declaratory judgments should not be pronounced 'unless the need is clear, not remote or speculative." *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 494 (1st Cir. 1992). Plaintiff's assertion that a future chain of events could lead to her being reinstated and again subjected to tenure revocation proceedings is precisely the sort of "threatened harm that is too attenuated or too speculative" to support declaratory relief. *Nat. Assoc. of Gov't Emps., Inc. v. Yellen*, 120 F.4th 904, 910 (1st Cir. 2024) (anticipated future harms to employees based on speculative predictions were insufficient to pursue declaratory relief because "threatened injury must be <u>certainly impending</u>" and "[a]llegations of <u>possible</u> future injury are not sufficient") (emphasis in original); *see also Ernst & Young v. Depositors Economic Protection Corp.*, 45 F.3d 530, 537 (1st Cir. 1995) (noting, in dismissing declaratory judgment that a claim that "depends upon future events that may never come to pass, or that may not occur in the form forecasted" is not ripe and that "courts should always be hesitant to answer hypothetical questions").

## II. THE COURT SHOULD NOT EXERCISE ITS DISCRETION TO TAKE UP PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT

The Opposition likewise fails to engage meaningfully with the case law establishing that, even *if* Plaintiff identified a dispute properly within the scope of the DJA, which she has not, "it would be ill-advised" for this Court "to exercise its discretion to adjudicate the dispute." *Cognex*,

2

651 F. Supp. at 327. Plaintiff argues that "Massachusetts does not afford any immunity to academic institutions—even Harvard—for breach of contract, discrimination or any of the other claims alleged in this action," and that courts "are fully empowered to decide claims brought against academic institutions." Opp. at 2. These uncontroversial assertions do not address the relevant question here: whether this Court should exercise its discretion to consider Plaintiff's declaratory judgment claim. *See Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995) (dismissing case, noting that the DJA "neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies").

As the Motion explains, Plaintiff's declaratory judgment claim invites this Court "to sit as [a] 'super tenure' committee[]," contrary to clear guidance from the First Circuit and Massachusetts Supreme Judicial Court, and the Court should decline to exercise its discretion on that ground alone. *Villanueva v. Wellesley Coll.*, 930 F.2d 124, 129 (1st Cir. 1991); *see also* Mot. at 7 (collecting cases). The First Circuit repeatedly has cautioned that "the discretion to grant declaratory relief is to be exercised with great circumspection when matters of public moment are involved . . . ." *Ernst & Young*, 45 F.3d at 535. Plaintiff offers no response to this binding guidance.

Instead, Plaintiff claims that the Court should hear her declaratory judgment claim because "the 'grave misconduct' issue is already before the Court by virtue of Plaintiff's claim for breach of contract." Opp. at 3. If that is so, then the duplicative nature of Plaintiff's declaratory judgment claim must weigh heavily against this Court exercising its discretion to hear it. *See* Mot. at 6–7 (collecting cases). But, as Plaintiff also points out, "the Court could also resolve the Contract claim in a manner that stop[s] short of addressing 'grave misconduct.'" Opp. at 3. In so arguing,

3

Plaintiff makes plain that her declaratory judgment claim indeed asks this Court to sit as a "'super tenure' committee," directly interpreting and applying the standard for revoking tenure under Harvard policy, in a manner disconnected from its application of the legal standards relevant to contract claims. *Villanueva*, 930 F.2d at 129. Even more, the scenario imagined by Plaintiff— involving a hypothetical future do-over of the tenure revocation proceeding against her— demonstrates that she impermissibly seeks this Court's speculative advisory opinion. *See Coffman v. Breeze Corp.*, 323 U.S. 316, 302–03 (1945) ("The declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy that has not yet arisen) (internal citations omitted).

Dated: September 9, 2025

Respectfully submitted,

*/s/ Douglas E. Brayley*
Douglas E. Brayley (BBO# 676821)
Jenny K. Cooper (BBO# 646860)
Elena W. Davis (BBO# 695956)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Elena.Davis@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: September 9, 2025

                                                */s/ Douglas E. Brayley*
                                                Douglas E. Brayley