UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESIDENTS AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>    Defendants. | Civil Action No. 1:23-cv-11775-MJJ |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

Plaintiff, Francesca Gino ("Professor Gino"), hereby Answers the Counterclaim submitted by Presidents and Fellows of Harvard College ("Harvard") as follows:

**Admissions and Denials**

1.    Admits that the allegations in Paragraph 1 of the Counterclaim contain partial quotations from a posting that Professor Gino caused to be made on www.francesca-v-harvard.org. That posting is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Denies the remaining allegations, and further avers that the content of the posting was true.

2.    Lacks sufficient knowledge to admit or deny whether the file referred to as the "July 16 OG file" was contained in the materials gathered by Harvard, and on that basis denies. Denies the remaining allegations.

3.    Admits that a hearing committee recommended revocation of Professor Gino's tenure, and that subsequently her tenure was formally revoked by Harvard. Lacks sufficient knowledge to admit or deny whether the file referred to as the "July 16 OG file" was contained

within materials Professor Gino produced to Harvard, and on that basis denies. Denies the remaining allegations.

4. Denies.

5. Denies.

6. Denies.

7. Denies.

8. Denies.

9. Admits.

10. Admits.

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Admits.

13. Lacks sufficient knowledge to admit or deny, and on that basis denies.

14. Paragraph 14 states a legal conclusion to which no response is required.

15. Admits.

16. Admits.

17. The allegation that Professor Gino is a "public figure" is a legal conclusion to which no response is required. To the extent a response is required, denies. Admits the remaining allegations.

18. Denies that Professor Gino ever falsified or fabricated data, or that any credible, unbiased decision-maker has ever "found" that she did. Lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies.

19. The paper referenced in Paragraph 19 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

20. Admits that the 2012 PNAS Paper has been cited by over 260 articles. Lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies.

21. Lacks sufficient knowledge to admit or deny, and on that basis denies.

22. Denies.

23. Admits that the RIO copied certain materials. Denies that the RIO's actions were "consistent with the Interim Policy and Procedures." Lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies.

24. The communication referenced in Paragraph 24 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

25. The communication referenced in Paragraph 25 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

26. The communication referenced in Paragraph 26 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

27. Admits that the RIO copied materials from two of Professor Gino's computers. Denies that the RIO "made a copy of all data on the laptop," and denies that Professor Gino "represented [they] were the only two computers in her possession that had records or evidence relevant to the research misconduct allegations." Lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies.

28. Admits that Professor Gino's laptops were returned to her. Lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies.

29. Denies.

30. Admits that Dean Datar appointed two senior HBS professors to serve on an inquiry committee. Denies the remaining allegations.

31. Admits the allegations contained in the second and third sentences of Paragraph 31. Admits that the Inquiry Committee gathered and reviewed some relevant information and interviewed Professor Gino. Denies the remaining allegations.

32. Admits that, at the recommendation of the RIO, Professor Gino retained an attorney to serve as one of her advisors. Denies the remaining allegations.

33. The Inquiry Report referenced in Paragraph 33 is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Admits that, after receiving the Inquiry Report, Dean Datar appointed a purported "investigation committee" and that such committee was comprised of three HBS professors, including two professors who had served on the inquiry committee. Denies the remaining allegations.

34. The report referenced in Paragraph 34 is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Admits that the committee (i) met several times; (ii) spoke to six of Professor Gino's co-authors and two of her research assistants, and reviewed written responses submitted by another of her co-authors; (iii) engaged a data forensic firm to review and analyze some information; (iv) conducted two interviews with Professor Gino. Denies that the committee conducted a "painstaking and comprehensive review," or otherwise acted appropriately or in good faith. Lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies.

35. Admits that Professor Gino did not specifically identify the "July 16 OG file" during the purported investigation. Denies the remaining allegations.

36. The report referenced in Paragraph 36 is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Denies any additional allegations.

4

37. Admits that Dean Datar met with one of Professor Gino's advisors. Denies the remaining allegations.

38. Denies.

39. Admits that Dean Datra enacted some of the committee's recommendations, which included placing Professor Gino on administrative leave and seeking formal revocation of her tenure. Denies the remaining allegations.

40. Denies.

41. Admits.

42. Admits.

43. Admits.

44. Admits the first sentence. Lacks sufficient information to admit or deny the second sentence.

45. Admits that the committee had access to other excel spreadsheets that contained data from the experiments. Lacks sufficient information to admit or deny the remaining allegations.

46. Admits that there were differences between the excel spreadsheets obtained by the committee, but denies that these differences were indicative of any type of fraud or improper manipulation. Denies the remaining allegations.

47. Admits that there were differences between the excel spreadsheets obtained by the committee, but denies that these differences were indicative of any type of fraud or improper manipulation. Denies the remaining allegations

48. Lacks sufficient knowledge to admit or deny, and on that basis denies.

49. Admits the allegations contained in the first sentence. Denies the remaining allegations.

50. Denies.

51. Denies.

52. Admits that Professor Gino filed this lawsuit on August 2, 2023, and that the lawsuit received attention in the media. The lawsuit is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

53. Admits that Professor Gino created a website available at www.francesca-v-harvard.org. Denies the remaining allegations.

54. Admits that Professor Gino sent an email to HBS faculty on or about September 29, 2023 concerning the launch of her website. That email is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

55. Admits the third sentence. The email and website post referenced in Paragraph 55 are written documents that speak for themselves, and Professor Gino denies any characterization of these documents.

56. The website posts referenced in Paragraph 56 are written documents that speak for themselves, and Professor Gino denies any characterization of these documents. Denies any additional allegations.

57. The website post referenced in Paragraph 57 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

58. Admits that Exhibit 1 is a true and accurate copy of a post from the website. The website post is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

59. The website post referenced in Paragraph 59 is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Denies any remaining allegations.

60. The website post referenced in Paragraph 60 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

61. The website post referenced in Paragraph 61 is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Denies any remaining allegations.

62. The website post referenced in Paragraph 62 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

63. The website post referenced in Paragraph 63 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

64. The website post referenced in Paragraph 64 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

65. The website post referenced in Paragraph 65 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

66. The website post referenced in Paragraph 66 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

67. The website post referenced in Paragraph 67 is a written document that speaks for itself, and Professor Gino denies any characterization of this document. Denies that the post contained any false statements.

68. The website post referenced in Paragraph 68 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

69. Denies.

70. The email referenced in Paragraph 70 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

71. The email referenced in Paragraph 71 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

72. Denies.

73. Lacks sufficient knowledge to admit or deny whether the "July 16 OG file" was contained within the materials provided to Harvard, and on that basis denies. Denies the remaining allegations.

74. Admits that Harvard conducted an internal proceeding to formally revoke Professor Gino's tenure, during which she had a *limited* opportunity to present evidence, including from fact and expert witnesses, and cross-examine witnesses. Denies the remaining allegations.

75. Admits that Professor Gino hired a forensic expert, that her expert created a forensic image of Professor Gino's laptop, and that her expert identified significant errors in Harvard's gathering of evidence, including by failing to make a forensic image or otherwise gathering all relevant materials. Denies any remaining allegations.

76. Admits that Harvard sought production of materials created by Professor Gino's expert. Denies the remaining allegations.

77. Lacks sufficient knowledge to admit or deny, and on that basis denies.

78. Admits that the referenced excel spreadsheets contain some similarities and some differences. Denies the remaining allegations.

79. The website post referenced in the first sentence of Paragraph 79 is a written document that speaks for itself, and Professor Gino denies any characterization of this document.

Denies the second sentence. Lacks sufficient knowledge to admit or deny the allegations set forth in the third sentence, and on that basis denies.

80. Denies.

81. Denies.

82. Denies.

83. Lacks sufficient knowledge to admit or deny the allegations contained in the second sentence, and on that basis denies. Denies the remaining allegations.

84. Admits that Professor Gino caused material to be removed from the referenced website after Harvard made an 11th hour effort to change the subject matter at issue in the revocation proceedings, which would have deprived Professor Gino of a reasonable opportunity to defend herself. Denies any remaining allegations.

85. Denies.

86. The allegation that certain statements "were in no way privileged" is a conclusion of law to which no response is required. To the extent a response is required, denies. Denies the remaining allegations.

## COUNT I

87. Professor Gino repeats her responses to the foregoing paragraphs as if fully set forth herein.

88. Denies.

89. Denies.

90. Denies.

91. Denies.

92. Denies.

93. Admits that Professor Gino published the statements referenced in the first sentence, but denies that they were false, malicious, or otherwise improper. Lacks sufficient knowledge to admit or deny the allegations in the second sentence, and on that basis denies.

94. Denies.

95. Paragraph 95 states Harvard's requests for relief, and therefore no response is required. To the extent that a response is required, Professor Gino denies that Harvard is entitled to any of the relief requested or any relief whatsoever.

## **Affirmative Defenses**

Professor Gino incorporates her respective responses to each and every foregoing paragraph as though fully set forth herein and asserts the following defenses with respect to each and every claim pled in the Counterclaim, unless otherwise noted. By virtue of asserting these defenses, Professor Gino does not assume any burden of proof or persuasion not otherwise legally assigned to her. Professor Gino reserves all other rights to assert other defenses as appropriate.

*FIRST DEFENSE*

Harvard's claim is barred, in whole or in part, because Harvard fails to state a claim upon which relief can be granted, and dismissal with prejudice is proper.

*SECOND DEFENSE*

Harvard's claim is barred, in whole or in part, because to the extent Harvard has suffered any injury, such injuries were not proximately or actually caused by Professor Gino's actions.

*THIRD DEFENSE*

Harvard has failed to sufficiently allege an actionable injury caused by Professor Gino.

### FOURTH DEFENSE

Harvard's claims are barred, in whole or in part, because, to the extent Harvard has suffered any injuries, such injuries were caused, in whole or in part, by Harvard's own negligence, recklessness and intentional actions.

### FIFTH DEFENSE

To the extent Harvard has suffered any damages, any damages awarded to Harvard must be reduced on the basis of Harvard's failure and refusal to make reasonable efforts to mitigate, minimize, or avoid any alleged damages.

### SIXTH DEFENSE

Harvard's claims are barred because Professor Gino acted at all times in good faith and Professor Gino's conduct was at all times lawful and protected under the United States Constitution and Massachusetts Declaration of Rights.

### SEVENTH DEFENSE

Harvard's claims are barred, in whole or in part, under the doctrine of unclean hands.

### EIGHTH DEFENSE

Any damages that Harvard has purportedly suffered must be offset by the damages to which Professor Gino is entitled for the claims set forth in her Third Amended Complaint.

### RESERVATION OF ADDITIONAL DEFENSES

Professor Gino hereby gives notice that she intends to rely upon such other and further affirmative defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserves her rights to amend this Answer and assert such defenses.

### RESERVATION OF RIGHTS

Professor Gino expressly reserves the right to amend her Answer and to assert additional

affirmative defenses as may become available during the course of discovery in this action.

**WHEREFORE**, Professor Gino respectfully requests that the Counterclaim be dismissed with prejudice, that she be awarded her fees and costs, and that the Court grant such further relief as it deems just.

Professor Gino demands a trial by jury on all claims so triable.

Francesca Gino

By her attorneys,

*/s/ Patrick J. Hannon*
Barbara A. Robb (BBO #639976)
Patrick Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02210
brobb@hmrhlaw.com
phannon@hmrhlaw.com
P: (617) 723-8000