**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| FRANCESCA GINO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10, | ) ) ) ) ) ) | Case No. 1:23-cv-11775-MJJ |
| Defendants. | ) ) ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

IT IS STIPULATED by and between the parties (collectively, the "Parties" and each, a "Party") to the above-captioned case (the "Litigation"), through their respective counsel, and ORDERED by the United States District Court for the District of Massachusetts, that the following provisions shall govern the handling of discovery produced, given, or exchanged by and among the Parties or any non-party in the Litigation:

1. This Order shall govern all material or information produced or disclosed in the course of discovery ("Material"), including but not limited to: documents and information in any format; discovery requests and responses (e.g., interrogatories and requests for admissions, and responses to each); and deposition testimony.

2. All Material, and the contents thereof, produced in this Litigation and designated as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in accordance with this Order, shall only be used in connection with the preparation, trial, and appeal, if any, of this Litigation or in connection with internal processes on a need-to-know basis and shall not be used or disclosed to any other person or entity for any other use or purpose, including any such use or disclosure

after the termination of this Litigation, unless otherwise agreed to in writing by the designating Producing Party, or if the Court so orders; provided, however, that the foregoing shall not apply to Material that is or becomes part of the public record other than through breach of the terms of this Order.

3. A Party that produces or discloses Material ("Producing Party") may designate such material "Confidential" upon a good faith determination that such Material constitutes or contains (i) trade secrets, (ii) proprietary business or financial information, (iii) non-public information or correspondence relating to employees or students of the Producing Party, (iv) non-public information, correspondence, or other documents relating to internal academic or disciplinary matters; (v) sensitive medical or personal identifying information ("PII"), and (vi) information that is required by law to be kept confidential ((i)-(vi) collectively, "Confidential Material"). For purposes of this Order, PII includes an individual's bank account or social security numbers alone, or an individual's name, address, or phone number in combination with one or more of the following: date of birth, social security number, driver's license number or other state identification number, or a foreign government equivalent, passport number, or financial account number. "Confidential Material" also means and includes any derivations, abstracts, excerpts, summaries, compilations or analyses of Confidential Material.

4. A Producing Party may designate as "Confidential - Attorneys' Eyes Only" any Confidential Material comprising information that is extremely sensitive, which may include, but is not limited to, sensitive financial information or information relating to non-party employees ("Confidential - Attorneys' Eyes Only Material"). "Confidential - Attorneys' Eyes Only Material" also means and includes any derivations, abstracts, excerpts, summaries, compilations or analyses of Confidential - Attorneys' Eyes Only Material. Confidential Material and Confidential -

Attorneys' Eyes Only Material shall collectively be referred to herein as "Designated Material." The Parties agree and acknowledge that nothing in this Stipulated Protective Order shall prevent either Party from seeking additional relief from the Court related to the production or confidentiality of any Material.

5. In order to protect against unauthorized disclosure of privileged or Designated Material, a Producing Party may redact certain privileged or Designated Material from produced documents, materials or other things. Specifically, the Producing Party may redact:

   a. Personal Identifying Information. The Social Security or tax identification numbers, and other private information of current and former employees.

   b. Privileged Material. Material protected from disclosure by the attorney-client privilege, or the attorney work product doctrine. The Producing Party will provide the receiving Party or non-Party ("Receiving Party") a privilege log consistent with its obligations under Fed. R. Civ. P. 26(b)(5)(A) for any information withheld pursuant to this paragraph.

6. A Producing Party may designate Material as Confidential or Confidential - Attorneys' Eyes Only as follows:

   a. *Documents and Electronic Media*. A Producing Party may designate a produced document as confidential by stamping or writing the word(s) "Confidential" or "Confidential - Attorneys' Eyes Only" on the face of the document at the time of production. A Producing Party may also designate electronic media or other computerized material (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) as confidential by noting such designation in an accompanying cover letter

or using any other means that reasonably notifies the Receiving Party of the designation.

b. *Depositions.* Parties may designate deposition testimony, or a portion thereof, or any deposition exhibit as "Confidential" or "Confidential - Attorneys' Eyes Only" by (1) a statement to such effect on the record during the course of the deposition, and/or by (2) written notice from counsel within ten (10) calendar days of receipt of the final transcript of the deposition by counsel for the Party designating confidentiality. If no such designation is made during the course of a deposition, all transcripts and videos of testimony in this Litigation shall be treated as Confidential Material and subject to this Order until ten (10) calendar days after a final transcript of the deposition is received by the Producing Party. Transcripts of depositions containing testimony designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be marked "Confidential" or "Confidential - Attorneys' Eyes Only" on each page of testimony so designated. If all or part of a video recorded deposition is designated as "Confidential" or "Confidential - Attorneys' Eyes Only," the container/file holding the video recording shall be labeled with the legend "Confidential" or "Confidential - Attorneys' Eyes Only." Any portion of any deposition testimony that is not designated as "Confidential" or "Confidential - Attorneys' Eyes Only" within ten (10) calendar days after a final transcript of the deposition is received by the Producing Party shall be considered non-confidential and not entitled to the protections afforded to Designated Materials under this Order. The Parties may modify this procedure for any

particular deposition through agreement on the record at such deposition, or after the deposition and by mutual agreement in writing, without further court order.

7. Unless otherwise ordered by the Court or permitted in writing by a Producing Party, Designated Material (and information therein) may be disclosed only as follows:

   a. Confidential Material may be disclosed only to:

      i. The Court and court personnel, including assistants, clerks, law clerks, and other support staff;

      ii. Outside counsel and in-house counsel for a Party who are working on this Litigation, and their employed or retained paralegals, contract attorneys, secretaries, and support services (including but not limited to copy services, jury consultants, mock jurors/focus group participants, interpreters, translators, document management services, graphics services, data processing services, and similar professional services);

      iii. Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation;

      iv. The Parties to the Litigation themselves, and in the case of President and Fellows of Harvard College, its present employees and officers to whom disclosure is reasonably necessary;

      v. Deponents or witnesses in this Litigation to whom disclosure is reasonably necessary;

      vi. Individuals who authored or who are clearly identified as being an addressee or carbon copy recipient of such materials prior to the filing of this Litigation;

      vii. Any person or independent expert (and the professional, secretarial and clerical staff of such individuals or entities), requested by counsel for the Receiving Party to furnish expert services or to give testimony in connection with this Litigation; and

      viii. Any other person who is designated access to Confidential Material by written stipulation of the Parties or by the Court, provided that such person signs the Acknowledgment attached hereto as Exhibit A.

b. Confidential - Attorneys' Eyes Only Material may be disclosed only to:

      i. The Court and court personnel, including assistants, clerks, law clerks, and other support staff;

      ii. Outside counsel and in-house counsel for a Party who are working on this Litigation, and their employed or retained paralegals, contract attorneys, secretaries, and support services (including but not limited to copy services, jury consultants, mock jurors/focus group participants, interpreters, translators, document management services, graphics services, data processing services, and similar professional services);

      iii. Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation;

      iv. Individuals who authored or who are clearly identified as being an addressee or carbon copy recipient of such materials prior to the filing of this Litigation;

      v. Any person or independent expert (and the professional, secretarial and clerical staff of such individuals or entities), requested by counsel for the Receiving

        Party to furnish expert services or to give testimony in connection with this Litigation; and

    vi.    Any other person who is designated to be given access to Confidential - Attorney Eyes Only Material by written stipulation of the Parties or by order of the Court, provided that such person signs the Acknowledgment attached hereto as Exhibit A.

8. Persons receiving or having knowledge of Confidential or Confidential - Attorneys' Eyes Only Material by virtue of their participation in this proceeding, or by virtue of obtaining any documents or other Protected Material produced or disclosed pursuant to this Order, shall use that Confidential Material or Confidential - Attorneys' Eyes Only Material only as permitted by this Order. Counsel shall take reasonable steps to assure the security of any Confidential Material or Confidential - Attorneys' Eyes Only Material and will limit access to such material to those persons authorized by this Order.

9. Nothing in this Order shall restrict a person qualified to receive Confidential Material and Confidential - Attorneys' Eyes Only Material pursuant to this Order from making working copies, abstracts, digests and analyses of such information for use in connection with this Litigation and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order.

10. All persons qualified to receive Confidential Material and Confidential - Attorneys' Eyes Only Material pursuant to this Order shall at all times keep all notes, abstractions, or other work product derived from or containing Confidential Material or Confidential - Attorneys' Eyes Only Material in a manner to protect it from disclosure not in accordance with this Order, and shall be obligated to maintain the confidentiality of such work product after the documents, materials,

or other thing, or portions thereof (and the information contained therein) are returned and surrendered pursuant to paragraph 23.

11.     Notwithstanding any other provisions hereof, nothing herein shall restrict any Party's counsel from rendering advice to that counsel's clients with respect to this proceeding, and in the course thereof, from generally relying upon his or her examination of Confidential Material or Confidential - Attorneys' Eyes Only Material.  In rendering such advice, counsel shall not disclose any other Party's Confidential Material or Confidential - Attorneys' Eyes Only Material other than in a manner provided for in this Order.

12.     Nothing contained in this Order shall prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document or other information subject to this Order, or otherwise constitute or operate as an admission by any Party that any particular document or other information is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing.

13.     Nothing contained in this Order shall preclude any Party from using or disclosing its own Confidential Material or Confidential - Attorneys' Eyes Only Material in any manner it sees fit, without prior consent of any Party or the Court.

14.     To the extent that a Producing Party uses or discloses to a third Party its designated confidential information in a manner that causes the information to lose its confidential status, the Receiving Party may also use the information in the same manner as the Producing Party.

15.     If a Receiving Party learns of its treatment of the other Party's Confidential Material or Confidential - Attorneys' Eyes Only Material in a manner inconsistent with this Order, it shall immediately (i) inform the Producing Party in writing of all pertinent facts relating to such disclosure; (ii) make its best effort to retrieve all copies of the Confidential Material or Confidential

- Attorneys' Eyes Only Material; (iii) make every effort to prevent further unauthorized and inadvertent disclosure of such Designated Material; (iv) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (v) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

16. Nothing contained in this Order shall affect the right, if any, of any Party or witness to make any type of discovery request, objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. This Order shall not be construed as a waiver by any Party of the attorney client privilege or work product doctrine as a basis to withhold any confidential information, or of any right that any Party may have to assert such privilege at any stage of the Litigation.

17. If a Party wishes to challenge any Party's designation of Material as "Confidential" or "Confidential - Attorneys' Eyes Only" based on a good faith belief that the material is not entitled to protection, the objecting Party ("Objecting Party") shall give written notice thereof to the Party who has made the claim of confidentiality ("Designating Party"), identifying the information or documents that the Objecting Party contends are not properly designated as "Confidential" or "Confidential - Attorneys' Eyes Only" and the basis for such objection. If the Parties are unable to reach an agreement on the matter, the Objecting Party may serve a motion with the Court challenging the propriety of the designation. Such Material subject to a designation challenge must be held as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to this Order pending the Court's ruling. The Designating Party shall carry the burden of establishing that such material is "Confidential" or "Confidential - Attorneys' Eyes Only."

18. This Order does not by itself authorize the filing of documents under seal. The Parties agree that if a Party wishes to file any Material designated by the other Party as "Confidential" or "Confidential - Attorneys' Eyes Only," that Party shall provide notice to the Designating Party, and the Parties shall confer to determine whether they are in agreement that the Designated Material may be filed publicly, including in minimally redacted form. If the Parties cannot reach agreement regarding such Designated Material, or if for any other reason a Party needs to file Designated Material (e.g., with agreed-to redactions), the filing Party shall move for an order sealing such Designated Material, in accordance with all applicable laws and rules or as otherwise ordered by the Court, before filing same; provided that, on such a motion, the Designating Party bears the burden of establishing the propriety of filing the Designated Material under seal. If the Designating Party does not object to publicly filing the Designated Materials, the filing Party shall not be required to file any such Designated Materials under seal.

19. This Order is subject to modification or termination by the Court upon showing of good cause.

20. Notwithstanding the above paragraphs, a Party may comply with a duly authorized subpoena from government agencies or a court, provided that the Party receiving the subpoena: (i) provide notice of the subpoena to counsel for the Producing Party that designated the Material as "Confidential" or "Confidential - Attorneys' Eyes Only" within three (3) business days of receipt of the subpoena or prior to the return date of the subpoena, whichever is earlier, to enable such Producing Party to object; (ii) advises the agency or court issuing the subpoena in writing prior to compliance that certain documents responsive to the subpoena have been designated as "Confidential" or "Confidential - Attorneys' Eyes Only," and (iii) if advised by the Producing Party that such Producing Party is going to seek to quash such subpoena, then the Party subject to

the subpoena will, to the extent permitted by applicable law, delay compliance until the return date of the subpoena in order to provide a reasonable opportunity for the opposing Party to obtain a court order, or a consent agreement, with respect to all or any of the documents sought by the subpoena.

21.     Nothing in this Order shall constitute: (1) an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Federal Rules of Civil Procedure or court order; (2) a waiver by any person or Party of any right to object to or seek a further protective order with respect to any discovery request in this Litigation; (3) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; (4) an admission by any Party that any particular Designated Material contains or reflects confidential information; (5) a waiver by any Party of their right to seek and receive testimony, documents or information in discovery; or (6) a waiver by any Party of their right to seek modification of this Order or for any order permitting disclosure of information designated "Confidential" or "Confidential - Attorneys' Eyes Only" beyond the terms of this Order.

22.     Unless otherwise agreed or ordered, and unless disclosed in a publicly filed document by either Party pursuant to this Protective Order, the confidentiality restrictions set forth in this Protective Order shall remain in force throughout this proceeding, including up to and after dismissal or entry of final judgment not subject to further appeal of this Litigation, except that the use, handling and disclosure of Confidential or Confidential - Attorneys' Eyes Only Materials in connection with any event taking place after Fed. R. Civ. P. 56 motions, including but not limited to trial, shall be the subject of a separate Protective Order, should the Court authorize one upon motion by one or both of the Parties.  Except where disclosed in a publicly filed document by

either Party in accordance with the process in Paragraph 19 and otherwise pursuant to this Protective Order, nothing in this Paragraph shall change the Parties' obligations pursuant to Paragraph 19.

23. Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal of this Litigation, or such other time as the Producing Party may agree in writing, the Receiving Party shall return or destroy all Confidential Material and Confidential - Attorneys' Eyes Only Material under this Order, and certify to the Producing Party that it has done so unless the document has been offered into evidence or filed without restriction as to disclosure.

24. Notwithstanding the above requirements to return or destroy documents, attorneys may retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential or Confidential - Attorneys' Eyes Only Material.  As to those materials that contain or reflect attorney work product, counsel of record for the parties shall be entitled to retain such work product in their files, so long as such materials, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Order and are maintained as such.  This Order shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained.  Any such materials shall continue to be treated in accordance with this Order.

25. <u>Rule 502(d) Order</u>. This Order constitutes an order pursuant to Federal Rule of Evidence 502(d), and provides that any such disclosure shall not constitute or be deemed a waiver or forfeiture of the privilege or protection of materials, including without limitation the attorney-client privilege, the work-product doctrine, or other applicable protection ("Protected Materials"), from discovery in this case or in any other federal or state proceeding as follows:

    a. The inadvertent disclosure or production by a Party of Protected Materials by a Producing Party to a Receiving Party shall in no way constitute the voluntary disclosure of such information.

    b. The inadvertent production or disclosure of Protected Materials in this Action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such information as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    c. The Parties stipulate that the entry of this Order by the Court shall constitute a Rule 502(d) order, which shall be interpreted to provide the maximum protection allowed by Rule 502(d).

26. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. However, such review shall be conducted before the deadline by which such documents, electronically stored information or information is to be produced to the Receiving Party in accordance with the Federal Rules of Civil Procedure. Nothing in this Order shall limit the right to request an in-camera review of any Protected Material.

27. In the event any prior agreement between the Parties and/or between the Parties and a non-Party concerning the disclosure of Protected Material conflicts with any of the provisions of this Order, the provisions of this Order shall control.

28. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

29. The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Litigation.

Dated: September 18, 2025

| */s/ Patrick J. Hannon* | */s/ Douglas E. Brayley* |
|---|---|
| Barbara A. Robb (BBO# 639976) | Douglas E. Brayley (BBO# 674478) |
| Patrick J. Hannon (BBO# 664958) | Jenny K. Cooper (BBO# 646860) |
| Hartley Michon Robb Hannon LLP | Elena W. Davis (BBO# 695956) |
| 101 Federal Street, Suite 1810 | Ropes & Gray LLP |
| Boston, MA 02210 | 800 Boylston Street |
| Tel: (617) 723-02210 | Boston, MA 02199-3600 |
| brobb@hmrhlaw.com | Tel: (617) 951-7000 |
| phannon@hmrhlaw.com | Douglas.Brayley@ropesgray.com |
| | Jenny.Cooper@ropesgray.com |
| | Elena.Davis@ropesgray.com |
| *Counsel for Plaintiff Francesca Gino* | *Counsel for Defendants President and Fellows of Harvard College and Srikant Datar* |

## **ORDER**

Based upon the stipulation of the parties,

IT IS SO ORDERED.

_____
Honorable Myong J. Joun
United States District Judge

DATED:_____, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025, a true copy of the above document was filed through the ECF System of the United States District Court for the District of Massachusetts and will be served electronically on the Registered Participants identified in the Notice of Electronic Filing.

Dated:  September 18, 2025

                                              */s/ Douglas E. Brayley*
                                              Douglas E. Brayley

## EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Francesca Gino v. President and Fellows of Harvard College, Srikant Datar, John Does 1-10, and Jane Does 10,* Civil Action No. 1:23-cv-11775-MJJ, by the United States District Court for the District of Massachusetts. I hereby agree to comply with and be bound by the terms and conditions of said Protective Order. I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcing the Protective Order.

I declare under the penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed on _____, at _____

Signed:_____
Address:_____
_____
Telephone:_____
Employer: _____
Occupation: _____