**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FRANCESCA GINO, <br><br> Plaintiff, <br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10, <br><br> Defendants. | Case No. 1:23-cv-11775-MJJ |

## JOINT MOTION TO ENTER AMENDED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 16.1(g), and the Court's November 20, 2024 Scheduling Order (Doc. No. 88, as amended on July 22, 2025 (Doc. No. 123) the "Scheduling Order") the Parties respectfully move the Court to enter the proposed Amended Scheduling Order attached hereto as **Exhibit 1**. As set forth more fully below, the parties respectfully submit that good cause exists to amend the Scheduling Order, as the Parties require additional time to (i) complete written and document discovery, and (ii) schedule depositions so as to allow adequate time for deposition preparation and accommodate witness and counsel schedules. There has been one previous request for amendment of the Scheduling Order, made by the parties on July 16, 2025 (Doc. No. 121) and granted by this Court on July 22, 2025 (Doc. No. 123).

The Parties have engaged in written and document discovery, which they intend to substantially complete by October 20, 2025. On December 4, 2024, the Parties exchanged their Fed. R. Civ. P. 26(a) initial disclosures. On March 31, Plaintiff served her first set of

interrogatories and requests for production on Harvard, to which Harvard responded on April 22, 2025. On April 18, 2025, Harvard and Defendant Srikant Datar ("Dean Datar" and, together with Harvard, the "Harvard Defendants") served their first set of interrogatories and requests for production on Plaintiff, to which she responded on May 28 and June 4, 2025. Also on April 18, 2025, Plaintiff served a set of requests for production on Dean Datar, to which he responded on May 19, 2025. On September 17, 2025, the Harvard Defendants filed their second sets of interrogatories and requests for production to which Plaintiff's response is due on October 17, 2025. On September 20, 2025, Plaintiff served her second sets of interrogatories and requests for production, to which Harvard's responses are due on October 20.

The Parties have met and conferred three times to discuss their responses and objections to discovery. While these meetings have been productive, there remains a number of issues on which the Parties have yet to reach agreement. As of today, October 10, 2025, Harvard has produced 2,951 documents. Plaintiff has not produced any documents as of the date of this stipulation. No experts have been designated.

On September 20, 2025, the Harvard Defendants noticed Plaintiff's deposition and issued subpoenas for deposition on two third-party witnesses. On September 26, Plaintiff noticed five depositions of individuals affiliated with Harvard. On October 10, Plaintiff noticed five additional depositions, including those of two third-party witnesses. The Parties have agreed that, other than those depositions already noticed as of the submission of this Joint Motion, no additional fact witnesses will be deposed without leave of court and for good cause shown.

Good cause exists to amend the Scheduling Order. Given the number of depositions to be taken, scheduling conflicts of witnesses and counsel, and that substantial written and document discovery remains to be completed, the parties require additional time to prepare for and complete

2

these depositions. Both parties have consented to the proposed amendment to the Scheduling Order set forth herein.

* * *

Accordingly, the Parties respectfully request the Court enter the Proposed Amended Scheduling Order attached hereto as **Exhibit 1**, which revises the following dates from the operative Scheduling Order:

| Event | Current Scheduling Order Deadline | Proposed Deadline |
|---|---|---|
| **Fact Discovery** | | |
| Initial disclosures | December 4, 2024 | No change |
| Amendments to the pleadings | Except for good cause shown, no motions seeking to leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after August 1, 2025 | No change |
| All requests for production of documents and interrogatories shall be served no later than | August 18, 2025 | No change |
| All requests for admission shall be served no later than | September 1, 2025 | No change |
| Substantial completion of document production | N/A | October 20, 2025 |
| Completion of fact discovery | October 20, 2025 | December 20, 2025 |
| **Expert Discovery** | | |
| Designation of experts and information contemplated by Rule 26(a)(2) by party bearing burden | October 23, 2025 | January 23, 2025 |

3

| | | |
|---|---|---|
| Designation of rebuttal experts and information contemplated by Rule 26(a)(2) | November 17, 2025 | February 17, 2026 |
| Completion of expert depositions and discovery | December 5, 2025 | March 5, 2026 |
| **Dispositive Motions** | | |
| Motions for summary judgment | January 19, 2026 | April 20, 2026 |
| Oppositions to dispositive motions | February 16, 2026 | May 18, 2026 |
| Reply memoranda | March 9, 2026 | June 11, 2026 |

**SO STIPULATED:**

Dated: October 10, 2025                                                Respectfully submitted,

*/s/ Patrick J. Hannon*                                                */s/ Douglas E. Brayley*
Patrick J. Hannon                                                        Douglas E. Brayley

Patrick J. Hannon (BBO# 664958)              Douglas E. Brayley (BBO# 674478)
Barbara A. Robb (BBO# 639976)                Jenny K. Cooper (BBO# 646860)
Hartley Michon Robb Hannon LLP               Elena W. Davis (BBO# 695956)
101 Federal Street, Suite 1810               Ropes & Gray LLP
Boston, MA 02110                             800 Boylston Street
(617) 723-8000                               Boston, MA 02199-3600
phannon@hmrhlaw.com                          Tel: (617) 951-7000
brobb@hmrhlaw.com                            Douglas.Brayley@ropesgray.com
                                             Jenny.Cooper@ropesgray.com
*Attorneys for Plaintiff Francesca Gino*     Elena.Davis@ropesgray.com

*Attorneys for Defendants President and Fellows of Harvard College and Srikant Datar*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 10, 2025

                                                   */s/ Douglas E. Brayley*
                                                   Douglas E. Brayley

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Francesca Gino,<br>          Plaintiff(s),<br><br>v.<br><br>President and Fellows<br>of Harvard College et al.,<br>          Defendant(s). | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:23-cv-11775-MJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[PROPOSED] AMENDED SCHEDULING ORDER

July ___, 2024

JOUN, D.J.

      This Amended Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**Timetable for Discovery and Motion Practice**

      Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **December 4, 2024**.

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **August 1, 2025**.

3. **Fact Discovery - Interim Deadlines**.

    a. All requests for production of documents and interrogatories must be served by **August 18, 2025**.

    b. All requests for admission must be served by **September 1, 2025**.

    c. No additional fact depositions may be noticed as of **October 10, 2025**, except with leave of court and for good cause shown.

    d. Parties must substantially complete document production by **October 20, 2025**.

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline**. All discovery, other than expert discovery and depositions, must be completed by **December 20, 2025**.

6. **Status Conference**. A status conference will be held on _____.

7. **Expert Discovery**.

    a. Trial experts for the party with the burden of proof must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **January 23, 2025**.

    b. Rebuttal trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **February 17, 2026**.

    c. All trial experts must be deposed by **March 5, 2026**.

8. **Summary Judgment Motions**.

    a. Motions for summary judgment must be filed by **April 20, 2026**.

    b. Opposition to summary judgment motions are due by **May 18, 2026**.

    c. Reply memoranda are due by **June 11, 2026**.

    d. Sur-reply memoranda are not permitted.

    e. In the case of cross-motions, the deadlines and page limits for the filings other than the Plaintiff's initial motion are set forth in the Session's Standing Order Regarding Motion Practice in Section D(2) unless specifically modified.

## Procedural Provisions

1. **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend

    the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

    If the requested extension or modification affects any other scheduled dates, a represented party must submit a proposed revised scheduling order using this template. (A *pro se* party may, but is not required to, submit a proposed revised scheduling order.)

    Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Status Conferences**. The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.

4. **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

5. **Pretrial Conference**. Lead trial counsel are required to attend any pretrial conference.

                                                  /s_____
                                      United States District Judge