UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO, <br><br> Plaintiff, <br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10, <br><br> Defendants. | Case No. 1:23-cv-11775-MJJ |

**JOINT STATUS REPORT**

The undersigned attorneys of record hereby submit this joint status report in accordance with the Court's orders entered December 1, 2025 (Doc. No. 145) and February 18, 2026 (Doc. No. 160). The Parties state as follows:

1. **Fact Discovery.**

Plaintiff's Position:

Plaintiff has completed her document production, subject to the Court's ruling on the pending dispute regarding a forensic protocol for searching various electronic devices. While Defendants contend that they have completed their document production, the most recent production from Defendants was made just recently—on February 9, 2026—and Plaintiff believes that additional responsive documents remain to be produced by Defendants. Additionally, Defendants privilege log—which was also produced on February 9, 2026—contains 1,224 entries, many of which appear to be improper on their face.

While the parties have worked cooperatively on deposition scheduling, several depositions remain to be completed. Defendants have refused to take Plaintiff's deposition until after all

document production is completed and any disputes concerning Plaintiff's privilege log are resolved. Plaintiff commenced depositions several months ago—while Defendants' production was being made on a rolling basis—but has been delayed due to the unavailability of a critical witness whom Defendants have maintained was unavailable for health reasons. That deposition is now scheduled for February 26 and 27, and Plaintiff anticipates completing the remaining depositions, along with all other outstanding discovery, within three weeks thereafter.

Defendants' Position:

All Parties have completed their document productions and written discovery, with the exception of the following disputed issues that are outstanding:

a. ***Forensic Images***: As detailed in Defendants' letters to the Court dated December 30, 2025 and February 18, 2025, and in Plaintiff's letter to the Court dated February 3, 2026, the parties disagree on how to address Defendants' Request for Production No. 32, which seeks forensic images of certain devices used by Plaintiff to store research records. Both parties have submitted proposed protocols to govern this RFP to the Court, which the parties understand the Court intends to address at the February 25, 2026 status conference. Once the Court orders the adoption of a protocol, the parties will work together to implement it and complete production of the images and/or responsive data on an expedited basis.

b. ***Written Discovery and Document Production***: As outlined in Defendants' December 30, 2025 and January 23, 2026 letters, Defendants contend that (1) Plaintiff's responses and objections to Defendants' Requests for Admission Nos. 4, 6-12, and 15 are deficient because Plaintiff fails to "state in detail" why she cannot admit or deny these requests, and/or has failed to make a reasonable inquiry to allow her to do so, and (2) Plaintiff has not removed certain improper redactions made on text message threads produced between Plaintiff and non-parties Frances Frei and Laura Huang. Defendants will be prepared to address these issues during the February 25 conference.

c. ***Privilege Log Challenges***. On February 12 and February 16, 2026, Defendants requested additional information from Plaintiff regarding her engagements of counsel, to aid Defendants in evaluating certain privilege claims made by Plaintiff. Plaintiff has not provided the requested information. On February 20, 2026, Defendants sent a letter to Plaintiff reiterating those requests and outlining certain additional deficiencies in Plaintiff's privilege log. Defendants will be prepared to address these issues during the February 25 conference.

Defendants have taken one deposition of a non-party witness. Defendants were also scheduled to take a second non-party deposition on February 24, 2026, but late in the day on February 23 counsel for the non-party postponed the deposition due to inclement weather; it is now being rescheduled. Defendants additionally intend to take Plaintiff's deposition as soon as practicable following the resolution of the forensic imaging, written discovery/document production, and privilege log issues discussed above. Plaintiff has taken five depositions of current or former Harvard employees and is scheduled to take a sixth deposition of a current Harvard employee on February 26 and February 27, 2026.

Plaintiff served insufficient notices relating to four additional fact depositions— comprising one Rule 30(b)(6) deposition and three non-party witnesses—on October 10, 2025. On October 10, counsel for Defendants informed Plaintiff that they do not represent the non-parties, and on October 28 Defendants informed Plaintiff that the Rule 30(b)(6) notice was insufficient and requested that Plaintiff provide topics for any proposed Rule 30(b)(6) deposition. Plaintiff has taken no further steps to schedule such depositions or otherwise to correct the notices or issue subpoenas for the non-parties. Accordingly, Defendants object to any further extension of Plaintiff's time to take fact depositions other than the one already scheduled for February 26 and 27.

Defendants understand that the Court intends to make an extension to the fact discovery deadline at the February 25, 2026 hearing in light of the issues involved with Defendants' request for forensic images and the submitted protocols. Defendants believe that fact discovery should be extended solely for the purpose of (i) allowing for the implementation and resolution of the forensic imaging, written discovery and document production, and privilege log challenges discussed in Section 1(a)–(c) above; (ii) the deposition of Plaintiff following the resolution of the

issues discussed in (i); and (iii) the deposition of the one non-party witness whose February 24, 2026 deposition was forced to be rescheduled due to inclement weather.

2. **Expert Discovery**.  The Parties intend to engage in expert discovery pursuant to the schedule set by the Court.  No party has designated any expert witnesses at this time.

3. **Dispositive Motions**.  At this time, Defendants anticipate filing a motion for summary judgment on some or all of Plaintiff's claims and/or Harvard's counterclaim.  Plaintiff does not expect to file a motion for summary judgment.

4. **Mediation / Alternative Dispute Resolution**.  The Parties have not agreed to pursue mediation or other alternative dispute resolution at this time.

Dated: February 23, 2026                                          Respectfully submitted,

*/s/ Patrick J. Hannon*                                                */s/ Douglas E. Brayley*
Patrick J. Hannon                                                       Douglas E. Brayley

Patrick J. Hannon (BBO# 664958)                        Douglas E. Brayley (BBO# 674478)
Barbara A. Robb (BBO# 639976)                         Jenny K. Cooper (BBO# 646860)
Hartley Michon Robb Hannon LLP                       Elena W. Davis (BBO# 695956)
101 Federal Street, Suite 1810                              Ropes & Gray LLP
Boston, MA 02110                                                  800 Boylston Street
(617) 723-8000                                                         Boston, MA 02199-3600
phannon@hmrhlaw.com                                       Tel: (617) 951-7000
brobb@hmrhlaw.com                                           Douglas.Brayley@ropesgray.com
                                                                               Jenny.Cooper@ropesgray.com
*Attorneys for Plaintiff Francesca Gino*               Elena.Davis@ropesgray.com

                                                                               *Attorneys for Defendants President and*
                                                                               *Fellows of Harvard College and Srikant*
                                                                               *Datar*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 23, 2025

                                                */s/ Douglas E. Brayley*
                                                Douglas E. Brayley