**UNITED STATES DISTRICT COURT
FOR THE DISTRICT MASSACHUSETTS**

| | |
|---|---|
| FRANCESCA GINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PRESIDENT AND FELLOWS OF | ) Case No. 1:23-cv-11775-MJJ |
| HARVARD COLLEGE, SRIKANT DATAR, | ) |
| JOHN DOES 1-10, AND JANE DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF HARVARD'S MOTION TO QUASH
DEPOSITION OF HARVARD PURSUANT TO RULE 30(b)(6)**

Pursuant to Fed. R. Civ. P. 26(c), Defendant President and Fellows of Harvard College

("Harvard") submits this memorandum of law in support of its motion to quash the deposition of

Harvard pursuant to Fed. R. Civ. P. 30(b)(6).[1]

**INTRODUCTION**

Plaintiff's amended deposition notice, served at the eleventh hour before the close of the

fact discovery period that the Court already has extended four times, contravenes everything that

discovery is supposed to be: reasonable, cooperative, and aimed at minimizing burden and

expense. Instead, Plaintiff belatedly would have Harvard undertake duplicative work and expense

in a short timeframe to prepare one or more representatives to testify about topics that could have

---

[1] On April 15, 2026, in accordance with Local Rules 7.1(a)(2) and 37.1(a), counsel for Harvard (Jenny Cooper and Elena Davis) conferred telephonically with counsel for Plaintiff (Patrick Hannon) to attempt to resolve or narrow the issues. The conference lasted approximately 30 minutes. The parties were unable to reach a resolution, and Plaintiff indicated that she opposes this motion.

1

been, and in some cases already were, explored thoroughly by Plaintiff through depositions and written discovery—all because she did not engage collaboratively in discovery and inform Harvard of those topics on a reasonable timetable.

The amended notice follows a pattern of foot-dragging by Plaintiff throughout discovery: she similarly served her original notice, a mere ten days before the then-applicable fact discovery deadline of October 20, 2025.  Contrary to Rule 30(b)(6)'s requirement that the notice identify all topics for examination, the original notice contained no topics whatsoever, and Plaintiff did not respond to Defendants' prompt notification of this defect.  Although the fact discovery deadline subsequently was extended to December 20, 2025, and then to February 26, 2026, Plaintiff failed to issue an amended notice or give Harvard notice of the topics for examination.  It was not until the Court extended the fact discovery deadline a fourth time, to May 5, 2026, that Plaintiff returned to the idea of a Rule 30(b)(6) deposition—and even then, she waited over a month after she had secured the extension to serve the amended notice.

By late October, document production was well underway, meaning that for over six months, Plaintiff has had the relevant knowledge and every opportunity to cure her defective notice and inform Harvard of the proposed topics for examination.  Yet despite obtaining multiple extensions of the fact discovery deadline, and despite the Court urging Plaintiff to take steps to pursue the depositions promptly, she again has waited until the very end of the discovery period.

Harvard should not be prejudiced by Plaintiff's cavalier attitude toward the process the Federal Rules demand and the clear discovery deadlines set by the Court in this case.  The amended notice therefore should be quashed in its entirety for several reasons.  First, it simply comes too late.  Harvard has been deprived of adequate time to identify and prepare representatives on these topics by Plaintiff's lack of diligence and lackadaisical attitude towards discovery, and would be

unduly burdened by having to do so now.  Second, three of the four noticed topics seek testimony on subjects that already have been covered in individual depositions, including those of Robin Greenwood and Srikant Datar, who testified extensively about the counterclaim decision and Harvard's damages, and Jean Cunningham, the author of the email on which one topic focuses. Plaintiff had every opportunity to explore these subjects during those depositions and should not be permitted a second bite at the apple by requiring Harvard to produce a 30(b)(6) witness on the same topics.  Third, discovery of certain of the topics noticed either could have been obtained— or already has been obtained—in a far less burdensome manner via written discovery or interrogatories.  Finally, one of Plaintiff's noticed topics seeks primarily information about the counterclaim that Plaintiff knows was developed with Harvard's legal counsel and which therefore is privileged.

## BACKGROUND

Fact discovery in this case commenced in November 2024, with the original completion deadline set for July 18, 2025, which the Court extended to October 20, 2025 upon the parties' joint motion.  Doc. Nos. 87, 88, 123.

On September 26, 2025, Plaintiff served deposition notices for five current or former Harvard employees: (i) HBS Dean Srikant Datar; (ii) HBS Associate Dean for Faculty and Academic Affairs Jean Cunningham; (iii) HBS Senior Associate Dean for Faculty Promotions and Tenure and George Gund Professor of Finance and Banking Robin Greenwood; and (iv) Teresa Amabile and Robert Kaplan, two former HBS professors.  On October 10, 2025—ten days before the fact discovery deadline then in effect—Plaintiff noticed the deposition of: (i) an additional Harvard employee, Alain Bonacossa, who served as the Research Integrity Officer in connection with HBS' research misconduct process; and (ii) Harvard itself pursuant to Rule 30(b)(6).

In addition to being unreasonably late, the Rule 30(b)(6) notice did not identify any topics for examination, and therefore failed to "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6). Defendants promptly informed Plaintiff that Harvard could not designate a representative to serve as a witness for the Rule 30(b)(6) deposition without proposed topics for examination; however, Plaintiff did not respond.

The Court granted another extension for fact discovery to December 20, 2025; and later, after holding a November 20, 2025 conference with the parties at which the Court ordered Plaintiff to provide all outstanding discovery to which Defendants were entitled, a further extension to February 26, 2026. Doc. Nos. 141, 145. Defendants still received no response or any further communication from Plaintiff regarding a Rule 30(b)(6) deposition.

Instead, in the months that followed, Plaintiff deposed the six Harvard-affiliated individuals mentioned above. During those depositions, which totaled approximately 40 hours, Plaintiff had the opportunity to examine these witnesses on topics that directly overlap with the subjects now noticed for the 30(b)(6) deposition, including Harvard's decision to file its counterclaim in this litigation (Topic 2), Harvard's claimed damages in connection with the counterclaim (Topic 3), and the email authored by Jean Cunningham at issue in Topic 4.

Plaintiff took no further action with respect to the Rule 30(b)(6) deposition during this time. However, on February 25, 2026, Plaintiff informed the Court that she still intended to take the Rule 30(b)(6) deposition, along with certain other depositions she also had so far failed to pursue. The Court allowed Plaintiff additional time to pursue those depositions, moving back the fact discovery deadline once again to May 5, 2026, but noting that Plaintiff "really need[s] to start

moving on completing these depositions as soon as possible." Ex. 1[2]. Despite this guidance, Plaintiff took no action until over a month later on March 26, 2026—when, approximately an hour and a half before the parties were scheduled to appear for another status conference, she finally served an Amended Notice of Rule 30(b)(6) Deposition (the "Amended Notice," *see* Ex. 2).

The Amended Notice sets a deposition date of April 23, 2026 and identifies four topics for which Harvard is directed to designate a knowledgeable witness or witnesses:

- Topic 1 seeks testimony on "[a]ll facts concerning [Harvard's] decision to accept the findings and recommendations of the hearing committee" that considered Plaintiff's tenure revocation and "to remove Professor Gino from her appointment as a tenured professor," including (a) "[t]he identity and role of the individuals involved," (b) "[t]he process followed," and (c) "[a]ny additional information considered";

- Topic 2 seeks testimony on "[a]ll facts concerning [Harvard's] decision to file a counterclaim against Plaintiff in this matter," including (a) "[t]he identity and role of the individuals involved," (b) "[t]he process followed," and (c) "[a]ny additional information considered";

- Topic 3 seeks testimony on "[a]ll facts concerning any harm or damages claimed by [Harvard] based on the facts alleged in the counterclaim"; and

- Topic 4 seeks testimony on "[a]ll facts concerning 'the possible path' referenced in" a particular email produced by Harvard in this litigation.

Ex. 2 at 2.

Each of these topics was known to Plaintiff at the time of the defective original notice served last October. Harvard revoked Plaintiff's tenure in May 2025, filed its counterclaim in July 2025, and produced the referenced email to Plaintiff in discovery on October 2, 2025.

---

[2] All references to "Ex. __" refer to exhibits to the Declaration of Elena W. Davis dated April 22, 2026, filed concurrently with this Motion.

## ARGUMENT

**I.   THE AMENDED NOTICE SHOULD BE QUASHED BECAUSE IT WAS SERVED UNREASONABLY LATE AND IMPOSES AN UNDUE BURDEN ON HARVARD (ALL TOPICS)**

The Federal Rules are clear that courts are to limit discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(b)(2)(C)(ii), (c)(1). Plaintiff served the Amended Notice unreasonably late in the discovery period despite being aware since last October of the defect in the original notice and having had ample time to cure, and this unreasonable and unjustified delay imposes an undue burden on Harvard. Thus, both grounds justify quashing the Amended Notice.

Discovery began in late November 2024. *See* Doc. No. 87. Plaintiff did not serve her original Rule 30(b)(6) notice until October 10, 2025, and even then the notice identified no topics for examination—despite the parties having exchanged written discovery, including interrogatory responses, and despite Plaintiff already having received nearly 3,000 documents produced by Harvard. Although Defendants promptly notified Plaintiff that the notice was deficient for this reason, she ignored Defendants' email and took no action to pursue the deposition until over five months later, on March 26, 2026, when she served the Amended Notice.

There is no reason that Plaintiff could not have included topics for examination in her defective original Notice, and certainly no reason that she could not have served an Amended Notice setting forth examination topics sooner than March 26, 2026. She had all of the necessary information to identify the topics listed in the Amended Notice by no later than October 2, 2025, the date on which the email referred to in Topic 4 was produced. At that point, it had been months since Harvard had revoked Plaintiff's tenure (May 2025; subject of Topic 1) and filed its

counterclaim (July 2025; subject of Topics 2 and 3). Plaintiff needed no further information to know that she would want a 30(b)(6) witness to testify on these topics.

Yet Plaintiff did nothing for *months*, even after spending approximately 40 hours deposing five Harvard-affiliated witnesses with key roles in the events underlying Plaintiff's claims in December 2025, and did not even promptly identify topics to Harvard after completing a sixth individual deposition in February 2026. Plaintiff instead chose to wait approximately one month more, until there was only just over a month remaining in the four-times-extended discovery period, to provide Harvard notice of the proposed topics on which she wished to depose a designated representative.

Courts consistently have quashed or limited 30(b)(6) depositions under similar circumstances. In *Estate of Ungar v. Palestinian Authority*, a court granted a protective order where the plaintiff served a Rule 30(b)(6) notice near the latter phase of discovery. No. CA 00-105L, 2010 WL 11714067, at *1, n.1 (D.R.I. Oct. 28, 2010). The court emphasized that "more than half of the period for discovery had already elapsed" by the time the notice was served and found the notice "unreasonable on [its] face, especially given the limited time remaining." *Id.* Similarly, in *RPM Pizza, LLC v. Argonaut Great Central Insurance Co.*, the court quashed a Rule 30(b)(6) notice where the noticing party issued it shortly before the close of discovery and refused to narrow the scope of its inquiry, finding that "the time constraints and [the party's] obligation to prepare its corporate representative to testify about the broad areas of inquiry . . . collectively imposed an undue burden." No. CIV.A. 10-684-BAJ, 2014 WL 258784, at *1 (M.D. La. Jan. 23, 2014). *See also Stephens v. City of Helen*, No. 222CV00111RWSJCF, 2023 WL 10325432, at *4 (N.D. Ga. Apr. 24, 2023) (denying motion to compel 30(b)(6) deposition where the notice was

7

served just one week before the scheduled deposition and the party "did not provide . . . an adequate opportunity to prepare").

Here, Plaintiff has had ample opportunity throughout the lengthy discovery period to pursue the information now sought at the eleventh hour, including through individual depositions of the very witnesses most knowledgeable about these topics. Harvard has already spent time and resources preparing the individual deponents, coordinating their availability, and making them available for a full day of testimony, which was particularly difficult for certain of its witnesses during the school year. Had the Amended Notice been served in a timely fashion, Harvard could have accounted for certain of the noticed topics in the preparation it already undertook for its witnesses' individual depositions. Instead, the Amended Notice now burdens Harvard and certain of its witnesses with a costly and inefficient second round of preparation that is required per Rule 30(b)(6) because of Plaintiff's own delay, as well as a second round of testimony, despite having already provided 40 deposition hours. *See* Rule 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization.").

Moreover, the preparation in connection with Topic 1 (seeking testimony on "[a]ll facts concerning [Harvard's] decision" to revoke Plaintiff's tenure and the identity and role of those involved) would be particularly burdensome, as Harvard's governing board, approximately a dozen individuals, were the decisionmakers as prescribed in Harvard's Third Statute process, and Harvard's designee would need to work to understand the reasoning of each one of them, all with their own scheduling limitations, in a short period of time, compounded with the demands of concluding the school year. Again, this is information well known to Plaintiff before she even filed this action, and she has been able for months to identify a suitable topic for examination. *See* Exhibit 12 to Plaintiff's Complaint, Doc. No. 1-20, at 2 ("The Hearing Committee shall conduct

hearings, make findings of fact, and make recommendations to the President and Fellows on what, if any, action is appropriate."). Plaintiff should not be permitted to impose this burden on Harvard at this late stage.

## II. THE NOTICED TOPICS ARE UNREASONABLY CUMULATIVE AND DUPLICATIVE OF TESTIMONY ALREADY OBTAINED IN INDIVIDUAL DEPOSITIONS (TOPICS 2, 3, AND 4)

Topics 2, 3, and 4 are unreasonably cumulative and duplicative of testimony that Plaintiff has already obtained through six individual depositions and 40 total hours of testimony, and thus should be quashed for that additional independent reason. *See* Fed. R. Civ. P. Rule 26(b)(2)(C)(i)-(ii) (requiring courts to limit discovery that is "unreasonably cumulative or duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or less expensive," or where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). Plaintiff should not be permitted to misuse Rule 30(b)(6) to take another run at topics she already has examined through witnesses with first-hand knowledge of the facts in question.

***Topics 2 and 3.*** Plaintiff already has had ample opportunity to explore Harvard's decision to file the Counterclaim (Topic 2) and the harm Harvard suffered in connection with the Counterclaim (Topic 3) in the six depositions of Harvard-affiliated witnesses she took.

Indeed, Professor Greenwood already has testified at length on both topics. When asked whether he ██████████████████████████████ Professor Greenwood testified: ███████████████████████████████ Ex. 3 (Greenwood Tr.) at 220:6-9. Professor Greenwood also provided testimony r███████████████████████ ████████████████████. *See id.* at 222:17-20 ("███████████████████████

███████████████████████████████████████████████

████████████████████████████████████████ ██████████████"); *id.* at 223:1-11 ("████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████"). Professor Greenwood additionally testified in detail about ████████████████████████.

*See id.* at 223:16-23 ("███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████"); *see also id.* at 224:15-20.

Dean Datar similarly testified about, among other things, █████████████████████

("█████████████████████████████████████████████████████," Ex. 4 (Datar

Tr.) at 220:1-2); ████████████████████████████████████████████ ("███████████

████████████████████████████████████████████████████████

█████████████████████████████████," *id.* at 220:5-9); and ██████████████████

████████████████ (███████████████████████████████████████████

████████████████████████," *id.* at 220:11-12). Although Dean Datar testified that he had

█████████████████████████████████████, Plaintiff asked him no questions about ████

████████████████████████████████████████████████. Nor did

Plaintiff ask any other deponent—including Alain Bonacossa, HBS' Research Integrity Officer

and Managing Director at the Division of Research and Faculty Development—this question,

despite being free to do so.

10

Plaintiff therefore had every opportunity to explore these topics with the six witnesses she already examined, and she has not articulated what additional, non-duplicative information a Rule 30(b)(6) deposition would yield.  Requiring Harvard to prepare and produce an additional witness to testify on the same topics would be unreasonably cumulative and duplicative of the testimony already elicited.  *See In re Blackstone Partners, L.P.*, No. 04 CIV. 7757 (NRB), 2005 WL 1560505, at *3 (S.D.N.Y. July 1, 2005) (affirming quashing of additional depositions where party had acquired "sufficient relevant facts from key players" and provided "no explanation of what additional information it hoped to obtain from further depositions of members of the Deal Team other than to suggest that their testimony might contain minor inconsistencies"); *Salazar v. Acuity Brands Lighting, Inc.*, No. 21-CV-0349, 2022 WL 2788827, at *2 (D. Ariz. July 15, 2022) (quashing 30(b)(6) subpoena where the designated witness "had already sat for a deposition" covering the noticed topics and the entity "had no other person with more knowledge to designate").

***Topic 4.***  Plaintiff's request for Harvard testimony about the meaning of the phrase "the possible path" in an email written by HBS employee Jean Cunningham, is similarly duplicative of testimony that Ms. Cunningham already provided directly.  Plaintiff deposed Ms. Cunningham, introduced this document as an exhibit, and asked her ████████████████████████████.  *See* Ex. 5 (Jean Cunningham Tr.) at 178:3-12.  Ms. Cunningham responded directly, testifying as to ███████████████████████████.  *Id.* at 178:13-23 ("██████████████████████ ██████████████████████").  Plaintiff is not entitled to anything more on this subject.  *See United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, No. 11-C-0560, 2022 WL 784522, at *3 (E.D. Wis. Mar. 15, 2022) ("Rule 30(b)(6) does not confer omniscience on the organization: an

organization's knowledge is limited by the knowledge of its officers and employees, and therefore a Rule 30(b)(6) witness[] cannot fill in the gaps in its employees' memories.").

If Plaintiff seeks information relating to Ms. Cunningham's individual understanding of this email, the proper vehicle was her individual deposition—not a Rule 30(b)(6) notice directed at the organization. *See Salazar*, 2022 WL 2788827, at \*2 (quashing 30(b)(6) subpoena where the designated witness "had already sat for a deposition" covering the noticed topics); *Ameristar Jet Charter*, 244 F.3d at 192-93 (finding it not "plainly wrong" to quash a 30(b)(6) subpoena where "the person to be examined already has been deposed in the case.").

Ms. Cunningham's individual testimony as to the meaning of the email she herself authored is the best evidence of its meaning; any testimony elicited from Harvard as to the meaning of this email necessarily would consist only of Harvard's organizational knowledge, and accordingly would carry no additional probative value. *See Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727 (D. Mass. 1985) (Rule 30(b)(6) examination must be confined to organizational rather than individual knowledge). Harvard should not be required to produce a Rule 30(b)(6) designee simply because Plaintiff may be dissatisfied with Ms. Cunningham's answer or failed to exhaust questioning during her individual deposition.

## III. THE AMENDED NOTICE SEEKS DISCOVERY THAT COULD HAVE BEEN MORE REASONABLY OBTAINED THROUGH WRITTEN DISCOVERY (TOPICS 1, 2, AND 3)

Several of the topics in the Amended Notice also are unduly burdensome because they seek discovery that could have been obtained, or has been obtained, more reasonably and efficiently through written discovery.

*Topics 1 and 2.* The "identity and role of individuals involved" in Harvard's decisions (Topics 1(a) and 2(a)) and the "process followed" for those decisions, (Topics 1(b) and 2(b)) are

precisely the types of factual inquiries that can be "adequately provided by written discovery [and] interrogatories." *E.E.O.C. v. Texas Roadhouse, Inc.*, No. CIV.A. 11-11732-DJC, 2014 WL 4471521, at *3-4 (D. Mass. Sept. 9, 2014).   Plaintiff had every opportunity to issue such interrogatories, which would have been a far less burdensome means of obtaining this information than requiring Harvard to identify, prepare, and produce a 30(b)(6) witness for a deposition. Plaintiff should not be permitted to rectify her failure to thoroughly pursue these topics through the appropriate means by subjecting Harvard to a burdensome 30(b)(6) deposition at this late stage. *See Cook v. Lynn & William, Inc.*, 344 F.R.D. 149, 154-55 (D. Mass. 2023) ("[A] Rule 30(b)(6) deposition is not an appropriate substitute for written discovery"); *E.E.O.C. v. Texas Roadhouse, Inc.*, No. CIV.A. 11-11732-DJC, 2014 WL 4471521, at *3-4 (D. Mass. Sept. 9, 2014) (denying deposition request where information could "be adequately provided by written discovery, interrogatories, and a deposition of [an] expert").

*Topic 3.*   Topic 3 of the Amended Notice also must be quashed because it seeks information that is entirely cumulative and duplicative of written discovery Plaintiff already has received. Plaintiff seeks testimony regarding "[a]ll facts concerning harm or damages claimed by [Harvard] based on the facts alleged in the counterclaim."   Ex. 2.   In Harvard's Amended Responses and Objections to Interrogatory No. 1 of Plaintiff's Second Set of Interrogatories ("Amended Response"), served on Plaintiff's counsel on April 21, 2026, Harvard stated that it intends to seek nominal damages of one dollar for its counterclaim.   *See* Ex. 6.   Even to the extent Plaintiff is entitled to more information, Harvard's prior interrogatory responses also explained the extent of the reputational and other harm Harvard suffered as a result of Plaintiff's conduct underlying the Counterclaim.   In light of these clear written responses disclosing the harm to Harvard and stating that Harvard seeks only nominal damages, testimony from a Harvard designee on the topic of

Harvard's damages from the Counterclaim is clearly "unreasonably cumulative or duplicative." Rule 26(b)(2)(C)(i).

## IV.    THE AMENDED NOTICE SEEKS TESTIMONY THAT INVADES ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT PROTECTIONS (TOPIC 2)

Topic 2 must be quashed for the additional and independent reason that it seeks primarily privileged information. Plaintiff seeks testimony about Harvard's decision to file the Counterclaim in this litigation, including the "process [Harvard] followed" in making the decision and "any additional information considered" in connection with that decision. Amended Notice at 2. But discovery already has made clear that the decision to file the Counterclaim was made in close coordination with Harvard's legal counsel. *See* Ex. 4 at 220:11-12 (testifying that ███████████

████████████████████████████████████████████████████

███████████"). A Rule 30(b)(6) deposition on this topic therefore inevitably would require Harvard's witness to testify about the substance of communications with counsel, the legal advice received, and the considerations—including counsel's legal analysis—that informed the decision to file a counterclaim. This creates an undue burden warranting a protective order. A Rule 30(b)(6) deposition that would require the designee to navigate the line between privileged and non-privileged information in real time—on topics that inherently involve legal counsel's advice and strategy—imposes precisely the type of undue burden that Rule 26(c) is designed to prevent.

Courts have recognized that protective orders are appropriate where, as here, a Rule 30(b)(6) topic would require disclosure of privileged communications or attorney work product. *See Sec. & Exch. Comm'n v. Present*, No. CV 14-14692-LTS, 2016 WL 10998439, at *2 (D. Mass. May 12, 2016) (a Rule 30(b)(6) deposition "may be unwarranted when other methods of obtaining discovery are available, the deposition amounts to questioning of opposing counsel, and where the

14

deposition is likely to invade attorney work product or to place an undue burden on the parties"); *E.E.O.C. v. Texas Roadhouse, Inc.*, No. CIV.A. 11-11732-DJC, 2014 WL 4471521, at *3 (D. Mass. Sept. 9, 2014) (citing *S.E.C. v. SBM Inv. Certificates, Inc.*, 2007 WL 609888 (D. Md. Feb.23, 2007), for the proposition that "the subjects outlined in the 30(b)(6) deposition notice on their face seek attorney work product and would require the deposition of EEOC counsel or a proxy prepared by counsel," and "[t]he need to prepare a proxy would result in an undue burden"); *see also Prouty v. Thippanna*, No. 4:17-CV-40126-TSH, 2019 WL 267465, at *2 (D. Mass. Jan. 18, 2019) (granting protective order for privileged materials in connection with a Rule 30(b)(6) deposition and directing the organization to convey only "responsive non-privileged information").

## CONCLUSION

For the reasons set forth above, the Court should quash the Rule 30(b)(6) deposition of Harvard in its entirety.

Dated: April 22, 2026                    Respectfully submitted,


                                        /s/ Laura G. Hoey

                                        Douglas E. Brayley (BBO# 674478)
                                        Jenny K. Cooper (BBO# 646860)
                                        Elena W. Davis (BBO# 695956)
                                        ROPES & GRAY LLP
                                        800 Boylston Street
                                        Boston, MA 02199-3600
                                        Tel: (617) 951-7000
                                        Douglas.Brayley@ropesgray.com
                                        Jenny.Cooper@ropesgray.com
                                        Elena.Davis@ropesgray.com

                                        Laura G. Hoey (BBO# 650643)
                                        ROPES & GRAY LLP
                                        191 North Wacker Drive
                                        32nd Floor

15

Chicago, IL 60606
Telephone: (312) 845-1200
Laura.Hoey@ropesgray.com

*Attorneys for Defendant President and*
*Fellows of Harvard College*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: April 22, 2026

_/s/ Elena W. Davis_
Elena W. Davis