**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT MASSACHUSETTS**

| | | |
|---|---|---|
| FRANCESCA GINO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10, | ) ) ) ) | Case No. 1:23-cv-11775-MJJ |
| Defendants. | ) ) ) | |

**JOINT MEMORANDUM REGARDING DISCOVERY DISPUTES**

In accordance with the Court's Notice, Docket No. 178, the Parties submit this joint memorandum in advance of the status conference scheduled for May 4, 2026, and state as follows:

## I.    **Defendants' Outline of the Areas in Dispute**

1.    <u>Plaintiff's Challenge to Defendants' Privilege Log:</u> Defendants' privilege log is not deficient. Nothing in Mr. Bonacossa's deposition testimony suggests that his communications with in-house counsel regarding the Interim Policy and Procedures are not privileged. Communications among Harvard employees with no attorney on the top email of the chain were properly withheld because they request or relay legal advice from Harvard's counsel and/or were made to enable counsel to provide legal advice. This is also true of Mr. Bonacossa's communications with Dean Bittinger, which were exchanged at the direction of counsel to facilitate legal advice. Plaintiff's complaint regarding the volume of withheld communications provides no basis to conclude they were improperly designated.

2.    <u>Defendants' Request for a Limited Extension to the Discovery Period</u>: Throughout this litigation, Plaintiff has engaged in a pattern of delay that has impeded Defendants' ability to complete discovery by May 5, 2026—including months of unresponsiveness on the forensic protocol that Plaintiff's counsel conceded was "entirely [his] fault," *see* Docket No. 151 at 4:1, and belated disclosure of expert reports caused by her disregard for the longstanding expert discovery deadline. Defendants thus request a narrow extension of the May 5 deadline solely to permit Defendants to:

   (1)    take and hold open Plaintiff's deposition until forensic and discovery disputes are resolved;
   (2)    depose Plaintiff's expert witnesses and submit rebuttal reports as necessary; and
   (3)    complete forensic discovery under the Court-endorsed forensic protocol and make additional targeted requests under the protocol.

The Court should deny any request by Plaintiff to extend the discovery deadline to accommodate depositions and subpoenas she failed to timely pursue. Plaintiff has issued a flurry of

eleventh-hour deposition notices and subpoenas directed at individuals and entities known to Plaintiff since before this litigation commenced (including individuals on Defendants' Amended Initial Disclosures). Specifically, over approximately the last month, Plaintiff has noticed four depositions—and indicated that she will be noticing even more, despite that the clock is running out— and served seventeen subpoenas. Permitting Plaintiff to take these depositions or use information produced in response to these subpoenas after May 5, 2026, would reward her consistent disregard of this Court's deadlines and severely prejudice Defendants.

## II.      Plaintiff's Outline of the Areas in Dispute

1.      Late Disclosure of Witnesses. On April 24th, Defendants amended their initial disclosures[1] to add *seven* new Harvard-affiliated witnesses. Plaintiff should be permitted to take these witnesses' depositions, or a reasonable subset; otherwise, Defendants should be precluded from using these witnesses. See Fed. R. Civ. P. 37(c)(1).

2.      Failure to Search for Responsive Documents. Defendants have made no effort to determine if the following have responsive documents: (A) the newly identified witnesses, and (B) the decision makers on Plaintiff's tenure revocation; Defendants recently disclosed in conferral over the Rule 30(b)(6) deposition notice to Defendant Harvard that there are 18 such individuals.

3.      Overbroad Assertions of Attorney-Client Privilege. Defendants have withheld hundreds of documents from discovery in their entirety, including hundreds of communications where Defendants assert attorney-client privilege even though no attorney is a participant in the communication. Defendants claim that many of these communications may reflect, or may include,

---

[1] Defendants designated their amended initial disclosures and privilege log "Confidential." Plaintiff is prepared to submit these documents to the Court upon request and in accordance with the Court's guidance.

some legal advice, or were allegedly "sent at the direction of counsel to assist counsel with rendering legal advice," but have not provided sufficient detail to evaluate these claims of privilege. Defendants have failed to comply with Judge Joun's instruction (Dkt. 170) to produce communications with appropriate redactions where only some content is privileged. Plaintiff also challenges (a) privilege assertions over 34 communications with Kristin Bittinger, a medical school dean from whom Defendants do not claim legal advice was sought or given, and (b) 32 communications between Alain Bonacossa and in-house counsel Heather Quay that may not be privileged because their purpose was policy advice or guidance rather than legal advice.

4.    Completion of Pending Fact Discovery. Plaintiff has no objection to allowing the parties to complete all previously served fact discovery and pending depositions.

5.    Forensic Protocol. Defendants seek an indefinite extension of the forensic protocol process scheduled to close May 5th. Plaintiff does not oppose a reasonable extension, but Defendants have not been willing to discuss a specified end date. An end date should be set.

6.    Remaining Expert Disclosures, and Expert Depositions. The parties previously exchanged four expert reports, and agreed that four additional expert report disclosures will be exchanged after the forensic protocol process. A deadline should be set for the four outstanding expert disclosures; Plaintiff proposes 7 days after the deadline for the forensic protocol (see point 5 above). The parties should also be allowed to take the depositions of all disclosed experts.[2]

---

[2] Plaintiff's opposition to Harvard's motion to "quash" the Rule 30(b)(6) deposition of Defendant Harvard is due May 6th. On April 30th, Plaintiff separately requested a conference concerning Professor Claudine Gay's refusal to appear for deposition pursuant to subpoena.

3

Dated: May 1, 2026

Respectfully submitted,

/s/ *Hampton M. Watson*
Hampton M. Watson

Patrick J. Hannon (BBO# 664958)
Barbara A. Robb (BBO# 639976)
Hampton M. Watson (BBO# 705983)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
(617) 723-8000
phannon@hmrhlaw.com
brobb@hmrhlaw.com
hwatson@hmrhlaw.com

*Attorneys for Plaintiff Francesca Gino*

/s/ *Douglas E. Brayley*
Douglas E. Brayley

Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Shannon Capone Kirk (BBO# 674530)
Elena W. Davis (BBO# 695956)
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Shannon.Kirk@ropesgray.com
Elena.Davis@ropesgray.com

Laura G. Hoey (BBO# 650643)
ROPES & GRAY LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Laura.Hoey@ropesgray.com

*Attorneys for Defendants President and*
*Fellows of Harvard College and Srikant*
*Datar*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 1, 2026

_/s/ Douglas E. Brayley_
Douglas E. Brayley