**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT MASSACHUSETTS**

|  |  |
|---|---|
| FRANCESCA GINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-11775-MJJ |
| ) | |
| PRESIDENT AND FELLOWS OF ) | |
| HARVARD COLLEGE, SRIKANT DATAR, ) | |
| JOHN DOES 1-10, AND JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT MEMORANDUM REGARDING DISCOVERY DISPUTE**

1

In accordance with the Court's Notice, Docket No. 181, Plaintiff and Professor Claudine Gay submit this joint memorandum in advance of the status conference scheduled for May 5, 2026.

## I.    Plaintiff's Outline of the Areas in Dispute.

A narrow dispute exists on the parameters of Professor Claudine Gay's deposition. Plaintiff offered to cap the deposition's duration at four (4) hours, but Prof. Gay refuses to appear unless the deposition is limited to just two (2) hours and is limited to only one topic, that is, Prof. Gay's role in authorizing Harvard's pursuit of revoking Plaintiff's tenure during the second half of 2023 when Prof. Gay was Harvard's president. Prof. Gay seeks to bar Plaintiff from asking questions about Harvard's responses to complaints that Prof. Gay engaged in "research misconduct," which also occurred and were investigated by Harvard in the second half of 2023.[1]

Plaintiff should not be barred from asking questions about the latter topic. Central to this case is Plaintiff's claim that, after Plaintiff was accused of "research misconduct," Harvard subjected her to a broken process. Among other things, Harvard created a new "Interim Policy" to apply to Plaintiff, barred Plaintiff from hiring a forensic expert or gathering evidence, conducted an incomplete collection of evidence; and structured its process as a mere confirmation of what it already believed, that Prof. Gino must be guilty.

Harvard's Jan. 2024 letter to Congress[2] confirms that an identical definition of "research misconduct" with an identical standard of intent was used in the investigations of both professors. Cf. Third. Am. Complt. (Doc. 126) ¶¶ 92–98. Plaintiff seeks discovery concerning how Harvard applied these same policies and standards to others, which may help show how Harvard subjected Prof. Gino

---

[1] The parties had discussed May 5th as a mutually agreeable date for the deposition, but it will need to be rescheduled.

[2] https://www.harvard.edu/media-relations/wp-content/uploads/sites/3/2024/01/Harvards-Detailed-Description-of-its-Review-Process.pdf at pp. 2-3, 6.

to an unfair process. Any (understandable) discomfort Prof. Gay may have in testifying on this subject does not override the need for discovery or create an undue burden. To the extent Prof. Gay relies on the "apex" doctrine, it is inapt: Plaintiff does not seek to ask questions on this topic merely because Prof. Gay was once Harvard's president. Prof. Gay obviously has direct knowledge of how Harvard treated her and how she was able to respond to the allegations against her, which knowledge may be superior to and unique from any evidence Plaintiff could gather from Harvard.

## II.   Non-Party Professor Claudine Gay's Position.

On March 26, 2026, Plaintiff served Non-Party Professor Claudine Gay with a subpoena for testimony, and documents concerning two issues: (1) "Plaintiff" and (2) "Harvard's response and investigation(s) into" certain "Plagiarism Allegations," defined in part as "allegations that [Professor Gay] had engaged in plagiarism that were raised to Harvard between October 24, 2023 and January 2, 2024." *See* Ex. A at 4, 6. On April 9, Professor Gay served responses and objections to the subpoena on Professor Gino. *See* Ex. B. On April 13, the parties agreed upon the scope of the document production: Professor Gay will review and produce documents from her personal email and mobile phone from the relevant time period that hit upon the search terms "Francesca" or "Gino" or "FG." In exchange, Professor Gino will not pursue documents relating to Harvard's response to the "Plagiarism Allegations."

Professor Gay also offered to appear for a deposition lasting up to two hours on the topic of the disciplinary proceedings against Professor Gino (the "Third Statute proceedings") that ultimately led, long after Professor Gay had left the office of the presidency of Harvard, to Professor Gino's expulsion from the faculty of Harvard Business School ("HBS"). Professor Gay did not agree, however, to answer questions regarding the irrelevant topic of Harvard's response to the "Plagiarism Allegations." On April 24, Professor Gino rejected Professor Gay's offer, noting that "a central issue

3

in our case is whether Harvard's response to the research misconduct allegations against Prof. Gino was consistent with Harvard's policies and legal obligations to Prof. Gino." *See* Ex. C at 1. On April 28, Professor Gay responded, explaining that Harvard's response to the Plagiarism Allegations is "irrelevant to Plaintiff's claims against Harvard and other defendants, disproportionate to the needs of the case, and much more appropriately and less burdensomely sought from Harvard, a party to the case, than from" her. *See* Ex. D at 1. Professor Gay also noted that, given the irrelevance of the information – Professor Gay is an inappropriate comparator for numerous reasons – and the fact that Harvard clearly would have been the more appropriate party from which to seek it, Professor Gino's request was clearly "designed only to annoy, embarrass, harass, and oppress Professor Gay." *Id.* at 1–2. This conclusion is reinforced by the fact that one of Professor Gay's most persistent critics, hedge fund manager Bill Ackman, has been funding Professor Gino's litigation since at least June 2024. *See id.* at 2 n.2.

As president of Harvard, Professor Gay played a ministerial role in the early stages of the Third Statute proceedings. As required by Harvard's procedures, Professor Gay authorized a Screening Committee to review HBS's complaint against Professor Gino and, following the Screening Committee's unanimous recommendation, authorized a Hearing Committee to further review the allegations. She then left the presidency (nearly 16 months before Prof. Gino was stripped of tenure). As a non-party and someone without "unique first-hand, non-repetitive knowledge of the facts at issue in the case," and because Professor Gino has not "exhausted other less intrusive discovery methods," Professor Gay's offer to sit for a two-hour deposition on the topic of the Third Statute proceedings is the maximum burden to which she should be subject.[3]

---

[3] *Brown v. Saint-Gobain Performance Plastics Corp.,* 2022 WL 122609, at *2 (D.N.H. Jan. 7, 2022) (citation omitted).

Dated: May 4, 2026

Respectfully submitted,

/s/  Hampton M. Watson
Hampton M. Watson

/s/  Daniel Suleiman (with permission)
Daniel Suleiman

Patrick J. Hannon (BBO# 664958)
Barbara A. Robb (BBO# 639976)
Hampton M. Watson (BBO# 705983)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
(617) 723-8000
phannon@hmrhlaw.com
brobb@hmrhlaw.com
hwatson@hmrhlaw.com

Lanny A. Breuer *(pro hac admission pending)*
Daniel Suleiman *(pro hac admission pending)*
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
lbreuer@cov.com
dsuleiman@cov.com

*Attorneys for Plaintiff Francesca Gino*

Joy A. Chen (BBO No. 714192)
Covington & Burling LLP
1 International Pl., Ste 1020
Boston, Massachusetts 02110
(617) 603-8821
jchen@cov.com

*Attorneys for Claudine Gay*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, this document was filed through the CM/ECF system, which will send copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that I emailed a true copy of the foregoing document to Professor Gay's counsel identified in the signature block above.

Dated: May 4, 2026

*/s/ Hampton M. Watson*
Hampton M. Watson