# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts  ▼

| | | |
|---|---|---|
| Francesca Gino | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:23-cv-11775-MJJ |
| President and Fellows of Harvard College, and Srikant Datar | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Claudine Gay, 16 Summer Road, Unit 16, Cambridge, MA 02139

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Hartley Michon Robb Hannon LLP, 101 Federal Street, Suite 1810, Boston, MA 02110 | Date and Time: April 22, 2026, 9:30 AM |
|---|---|

The deposition will be recorded by this method:    stenographic means and audiovisual recording may be made by an employee of undersigned counsel.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Documents and electronically stored information listed on attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/26/2026

CLERK OF COURT

OR

_____          /s/ Hampton M. Watson
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Francesca Gino
_____ , who issues or requests this subpoena, are:

Hampton M. Watson, 101 Federal St. Ste. 1810, Boston, MA 02110, hwatson@hmrhlaw.com, 617-447-2809

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-11775-MJJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Claudine Gay

## SCHEDULE A

Plaintiff Francesca Gino hereby propounds the following document requests (the "Requests") upon Claudine Gay pursuant to Federal Rules of Civil Procedure 34(c) and 45 and the Local Rules of the United States District Court for the District of Massachusetts. In accordance with the Definitions and Instructions set forth below, the documents requested herein are to be produced for inspection and copying at Hartley Michon Robb Hannon LLP, 101 Federal Street, Suite 1810, Boston, MA 02110 on or before April 22, 2026, and may be provided to Plaintiff's counsel by email at phannon@hmrhlaw.com and hwatson@hmrhlaw.com.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "Action" means the above-captioned action, *Gino v. President and Fellows of Harvard College, et al.*, pending in the United States District Court for the District of Massachusetts as Civil Action No. 1:23-cv-11775-MJJ.

2.      "You" and "Your" mean Claudine Gay and all of Your agents, assigns, representatives, attorneys, advisors and other persons acting for or on her behalf.

3.      "Plaintiff" means the plaintiff in this Action, Francesca Gino and all of her agents, assigns, representatives, attorneys, advisors and other persons acting for or on her behalf.

4.      "Harvard" means Defendant President and Fellows of Harvard College and its present and former agents, employees, representatives, trustees, attorneys, and persons acting on its behalf.

5.      "Dean Datar" means Defendant Srikant Datar, Dean of HBS and all of his agents, assigns, representatives, attorneys, advisors and other persons acting for or on his behalf.

6.      "Defendants" means Dean Datar and Harvard.

7.      "HBS" means the Harvard Business School of Harvard University.

8.      The "Plagiarism Allegations" means the allegations that You had engaged in plagiarism that were raised to Harvard between October 24, 2023 and January 2, 2024, including (but not limited to) allegations brought to Harvard's attention by the New York Post in October 2023, allegations concerning your dissertation, and allegations made to Harvard's Faculty of Arts and Sciences Research Integrity Office, and allegations reported by the Washington Free Beacon.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) through any medium, including, without limitation, written, oral, or electronic transmissions, records and memoranda to file, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, and electronic messages (including emails, text messages, instant messages, iMessages, Microsoft Teams messages, Slack messages, Signal messages, WhatsApp messages, posts on electronic bulletin boards, social media, or any other electronic or physical medium).

10.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information ("ESI"), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or nonidentical copy is a separate document within the meaning of this term.

11.     "Concerning" means referring to, describing, evidencing, or constituting.

12.     For the avoidance of doubt, this deposition is limited in scope to the claims, allegations, and potential defenses in the Action.

13.     In order to bring within the scope of these Requests any and all matters or documents which might otherwise be construed to be outside of their scope:

    a.     The singular of each word shall be construed to include its plural and vice versa;

    b.     "And" as well as "or" shall be construed both conjunctively and disjunctively;

    c.     "Each" shall be construed to include "every" and vice versa;

    d.     "Any" shall be construed to include "all" and vice versa; and

    e.     The present tense shall be construed to include the past tense and vice versa.

14.     If a Request read literally requires the production of a part or portion of a document or electronically stored information, production of the entire document or electronically stored information is requested.

15.     If you believe that any of the Requests calls for assertion of a claim of privilege, then produce so much of the document(s) as is not objected to, state the part of the Request as to which you raise the objection, set forth the basis for your claim of privilege with respect to such information as you refuse to give, and for each document as to which you claim privilege state:

    a.     The date of the document;

    b.     The subject matter of the document;

    c.     The name of the person(s) who prepared and signed the document; and

    d.     The names of any recipients of the document.

16.     Each Request shall be deemed continuing so as to require supplemental production should you learn that you are in possession, custody, or control of additional responsive documents subsequent to your initial production.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.    All Documents and Communications concerning or relating to Plaintiff.

2.    All Documents and Communications between October 1, 2023 and February 28, 2024 concerning or relating to Harvard's response and investigation(s) into the Plagiarism Allegations.