# EXHIBIT B

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FRANCESCA GINO, <br><br> Plaintiff, <br><br> vs. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10, <br><br> Defendants. | Civil Action No. 1:23-cv-11775-MJJ <br><br><br> **NON-PARTY PROFESSOR CLAUDINE GAY'S RESPONSES AND OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND PRODUCE DOCUMENTS** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Professor Claudine Gay ("Professor Gay"), an employee of Defendant President and Fellows of Harvard College ("Harvard"), hereby responds and objects to the Subpoena to Testify at a Deposition in a Civil Action, and the Definitions, Instructions, and Requests for production of documents affixed thereto as Schedule A (collectively, the "Subpoena"), dated March 26, 2026, as follows. Professor Gay reserves the right to supplement or amend these responses and objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and any applicable order of this Court or any court with jurisdiction over a motion to quash or compel with respect to the Subpoena under Rule 45. The responses set forth herein are based solely on the information that is presently available and known to Professor Gay.

1

## GENERAL OBJECTIONS

1.      Professor Gay objects to the Subpoena to the extent it imposes obligations or requirements on Professor Gay which are greater than or different from those imposed by Federal Rules of Civil Procedure 34(c) and 45, the Local Rules of the United States District Court for the District of Massachusetts, and/or by any other applicable law, rule, or regulation.

2.      Professor Gay, a non-party to the above-captioned action and an employee of Harvard, objects to the two requests for "DOCUMENTS TO BE PRODUCED" in the Subpoena (the "Requests") as imposing an undue burden or expense and seeking documents that are more readily available from—or otherwise within the possession, custody or control of—Harvard, a party to this action, or that are available from another source that is more convenient, less burdensome, or less costly to obtain.

3.      Professor Gay objects to the Requests to the extent they seek communications or documents that Plaintiff Francesca Gino ("Plaintiff") has failed to seek or obtain from Harvard.

4.      Professor Gay objects to the Requests to the extent they seek communications or documents that are not within Professor Gay's possession, custody, or control, or that are publicly available or otherwise equally available to Plaintiff.

5.      Professor Gay objects to the Requests to the extent they seek information that is not proportionate to the needs of the case or reasonably calculated to lead to the discovery of admissible evidence.

6.      Professor Gay objects to the Requests as excessive in time and scope.

7.      Professor Gay objects to the Requests, including each definition and Request, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and based upon any incorrect factual assumption. Nothing contained in these responses and objections shall be

2

construed as an admission or agreement by Professor Gay relative to any express or implied factual assertion embedded within the Requests, and Professor Gay does not waive any objections to the admission into evidence of these responses, or any document produced in response to the Requests on any applicable grounds.

8. Professor Gay objects to the Subpoena to the extent the Requests seek information that is not relevant to any party's claims or defenses.

9. Professor Gay objects to the Requests to the extent that they seek sensitive, confidential, proprietary, or trade secret information that Professor Gay is under an obligation to maintain in confidence. Professor Gay will not disclose or produce third-party information or documents absent notice to, and, if required, consent of the third party or the entry of a court order compelling production.

10. Professor Gay objects to the Requests to the extent they seek documents protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. All such claims of privilege are expressly reserved. Professor Gay reserves the right to request return and/or destruction of any produced document that is protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or immunity.

11. Professor Gay objects to the Requests on the grounds that (a) compliance would impose significant expense on a non-party, and (b) the issuing party has failed to "take reasonable steps to avoid imposing undue burden and expense" on Professor Gay, as required by Federal Rule of Civil Procedure 45(d)(1). Any significant expense incurred in responding to the Subpoena would need to be paid for by Plaintiff.

12. Professor Gay objects to the compliance deadline in the Subpoena to the extent that it purports to require her to produce responsive documents in a time period that fails to allow a

3

reasonable time to comply.

13. Professor Gay objects to the Subpoena to the extent the Requests therein are vexatious and/or oppressive.

14. Professor Gay objects to the Subpoena on the grounds that commanding a deposition of Professor Gay is unduly burdensome, cumulative, and duplicative of party discovery. Professor Gay further objects to the Subpoena on the grounds that under the apex doctrine, a deposition would only be permitted if it could be shown that Professor Gay has unique relevant information and that Plaintiff has attempted to obtain that information from non-apex witnesses.

15. Professor Gay objects to the Subpoena to the extent it seeks her appearance for a deposition on April 22, 2026, a date when Professor Gay will be out of the country and not available. Notwithstanding the foregoing, counsel for Professor Gay is willing to meet and confer with Plaintiff's counsel regarding whether a non-party deposition of Professor Gay is necessary, and, if so, what the appropriate scope and timing for a deposition might be.

16. Professor Gay reserves the right to supplement or amend these responses.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Professor Gay objects to the definition of "You" and "Your" on the grounds that it is overbroad, unduly burdensome, and would impose unreasonable costs and expenses on a third party. Professor Gay's responses will be limited to her information, knowledge, or belief, and she will not provide information regarding documents or information outside of her possession, custody, or control.

2. Professor Gay objects to the definition of "Harvard" on the grounds that it is overbroad and unduly burdensome to the extent that it purports to include "its present and former agents, employees, representatives, trustees, attorneys, and persons acting on its behalf."

3.      Professor Gay objects to the definition of "Dean Datar" on the grounds that it is overbroad and unduly burdensome to the extent that it purports to include "his present and former agents, employees, representatives, trustees, attorneys, and persons acting on its behalf."

4.      Professor Gay objects to the definition of "Defendants" on the grounds that it is overbroad and unduly burdensome to the extent that it purports to include "the present and former agents, employees, representatives, trustees, attorneys, and persons" acting on behalf of Dean Datar and Harvard.

5.      Professor Gay objects to the definition of "Plagiarism Allegations" to the extent it is overly broad, unduly burdensome, not proportional to the needs of the case, and not material to the prosecution of this Action.  Professor Gay further objects to the extent it is vague and ambiguous in referring to broad and non-specific categories of "allegations" without specificity as to the actual allegations at issue.

6.      Professor Gay objects to the definition of "communication(s)" on the grounds that it is vague, ambiguous, overbroad, and unreasonably burdensome.

7.      Professor Gay objects to the definition of "documents(s)" on the grounds that it is vague, ambiguous, overbroad, and unreasonably burdensome.

8.      Professor Gay objects to the definition of "concerning" on the grounds that it is vague, ambiguous, overbroad, and unreasonably burdensome.

9.      Professor Gay objects to the Instructions to the extent they are vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as applied to a non-party deponent who is an employee of a defendant in the action.

10.     Professor Gay objects to Instruction No. 14 to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

5

11.     Professor Gay objects to Instruction No. 15 to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

12.     Professor Gay objects to Instruction No. 16 to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.  Professor Gay further objects to Instruction No. 16 as imposing an undue burden or expense.

13.     Nothing in these written responses constitutes, or is intended to constitute, an admission or representation by Professor Gay of any fact or contention in this litigation, or any characterization or implication in the Subpoena.

14.     Professor Gay reserves the right to amend or supplement any or all of her objections or responses at any time.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

In addition to the objections above, which are fully incorporated herein, Professor Gay also objects to the individual Requests for production of documents included in the Subpoena on the following grounds:

**REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications concerning or relating to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Professor Gay's General Objections and Objections to Definitions and Instructions are expressly incorporated herein.  Professor Gay further objects to this Request on the grounds that it is overly broad, vague, unduly burdensome, and seeks documents that are not relevant or proportional to the needs of the case, including because it seeks *all* documents and communications relating to Plaintiff, without any limitation as to scope or time.  Professor Gay further objects to this Request as seeking documents more readily available from Harvard, a party to this action.

6

Professor Gay further objects to this request as unreasonably cumulative and duplicative of that which Plaintiff has already obtained on this topic from Defendants.  Professor Gay further objects to this Request to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Professor Gay states that she is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications between October 1, 2023 and February 28, 2024 concerning or relating to Harvard's response and investigation(s) into the Plagiarism Allegations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Professor Gay's General Objections and Objections to Definitions and Instructions are expressly incorporated herein.  Professor Gay further objects to this Request on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case, as the purported "Plagiarism Allegations" are not relevant to any issue in the case.  Professor Gay further objects to this Request as seeking documents more readily available from Harvard, Professor Gay's employer and a party to this action.  Professor Gay further objects to the definition of "Plagiarism Allegations" to the extent it is overly broad, unduly burdensome, not proportional to the needs of the case, and not material to the prosecution of this action.  Professor Gay further objects to this Request as vague and ambiguous in its use of the terms "response" and "investigation(s)," which are susceptible to multiple meanings but not defined or limited in the Subpoena.  Professor Gay further objects to this Request to the extent it assumes facts and makes characterizations about any purported allegations against her.  By responding to this request, Professor Gay does not concede that any assumed fact or

7

characterization is accurate.  Professor Gay further objects to this Request to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Professor Gay further objects to this Request to the extent it is propounded for an improper purpose, including harassment of Professor Gay, a non-party to this action.

Subject to and without waiving the foregoing objections, Professor Gay states that she is willing to meet and confer about this request.

Respectfully Submitted,

Dated:  April 9, 2026

/s/ *Daniel Suleiman*
Lanny A. Breuer
Daniel Suleiman
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
lbreuer@cov.com
dsuleiman@cov.com

*Attorneys for Non-Party Professor Claudine Gay*

8

**CERTIFICATE OF SERVICE**

I, Daniel Suleiman, hereby certify that on April 9, 2026, I served a copy of the foregoing

NON-PARTY PROFESSOR CLAUDINE GAY'S RESPONSES AND OBJECTIONS TO

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND PRODUCE

DOCUMENTS on counsel of record for Plaintiff by email.


Dated:  April 9, 2026                          */s/ Daniel Suleiman*
                                               Daniel Suleiman