# EXHIBIT D

**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**Via Email**                                                                April 28, 2026

Hampton Watson, Esq.
Hartley Michon Rob Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
hwatson@hmrhlaw.com

> Re:    ***Gino v. Harvard, et al.*, No. 1:23-cv-11775-MJJ (D. Mass.)**

Dear Mr. Watson,

We write in response to your April 24, 2026 email regarding certain discovery Plaintiff Francesca Gino seeks from our client, non-party Professor Claudine Gay. In particular, Plaintiff is seeking documents and testimony related to Plaintiff, as well as testimony regarding "Harvard's response and investigation(s) into" certain plagiarism allegations that have been leveled in the media and elsewhere against Professor Gay (the "plagiarism allegations").[1]

During our conference on April 13, 2026, we offered to produce Professor Gay for a two-hour deposition regarding the ministerial role she played, in her capacity as president of Harvard, in the Third Statute proceedings that ultimately led (long after Professor Gay had left the office of the presidency) to Plaintiff's expulsion from the faculty of Harvard Business School ("HBS"). Eleven days later, on April 24, you rejected Professor Gay's offer. You proposed instead to limit Professor Gay's deposition to four hours, and you refused to withdraw your request to depose her on Harvard's response to the plagiarism allegations, noting that "a central issue in our case is whether Harvard's response to the research misconduct allegations against Prof. Gino was consistent with Harvard's policies and legal obligations to Prof. Gino."

Professor Gay's position remains, as we have explained, that Plaintiff's request for information related to Harvard's response to the plagiarism allegations is irrelevant to Plaintiff's claims against Harvard and other defendants, disproportionate to the needs of the case, and much more appropriately and less burdensomely sought from Harvard, a party to the case, than from non-party Professor Gay. In fact, given the irrelevance of this information and the fact that Harvard is clearly the more appropriate party from which to seek it, it seems clear that this

---

[1] We agree with you that we have reached agreement on the scope of Plaintiff's document requests – namely, that Professor Gay will produce non-privileged documents from her personal email and mobile phone that hit on the search terms "Francesca" or "Gino" or "FG," and that Plaintiff will in exchange withdraw her request for documents related to Harvard's response to the plagiarism allegations.

COVINGTON

Hampton Watson, Esq.
April 28, 2026
Page 2

request is designed only to annoy, embarrass, harass, and oppress Professor Gay. As a consequence, we cannot agree to produce Professor Gay to respond to questions regarding Harvard's response to the plagiarism allegations.[2]

Rule 26 permits discovery only into matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although you claimed during our conference that Harvard's approach to misconduct accusations against others is relevant to Plaintiff's breach of contract claim, you did not and still have not explained why Harvard's response to allegations against *Professor Gay* is relevant to that claim or any of Plaintiff's other claims.

While certain comparator evidence could theoretically be relevant to Plaintiff's discrimination claims, Professor Gay, who, like Professor Gino, is female, is obviously not an appropriate comparator. *See, e.g., Ramos Pena v. New Puerto Rico Marine Mgmt.*, Inc., 84 F. Supp. 2d 239, 247 (D.P.R. 1999) (citing *Vega v. Kodak Caribbean, Ltd.*, 3 F.3d 476, 479 (1st Cir. 1993)). She is also not an appropriate comparator because she is not similarly situated to Professor Gino given the role she occupied at Harvard. *See, e.g., Daumont-Colon v. Cooperativa de Ahorro y Credito de Caguas*, 982 F.3d 20, 29 (1st Cir. 2020) ("Distinctions as to an employee's position . . . [is a] proper factor[] in determining that a plaintiff and a proposed comparator are not similarly situated.").

As to Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims, comparator evidence is irrelevant, as the question of whether Harvard breached its contract or implied covenant with Plaintiff is a function of the arrangement between Plaintiff and Harvard. *Cf. Puerto Rico Coll. of Dental Surgeons v. Triple S Mgmt. Inc.*, 290 F.R.D. 19, 30 (D.P.R. 2013) (citing *In Re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 89 (D. Mass. 2005) (collecting cases)) (breach of contract inquiry depends on individual contract). Even if comparator evidence was relevant to these claims, Professor Gay again would be an inappropriate comparator since she was not a professor at HBS, but instead occupied the Harvard presidency, and because the politically motivated plagiarism allegations against Professor Gay bear no relation whatsoever to the allegations of data falsification and fabrication that led to Plaintiff's expulsion from the HBS faculty.

In addition, a deposition of Professor Gay on Harvard's response to the plagiarism allegations would impose an impermissible burden on Professor Gay. As a non-party, Professor Gay is entitled to protection from overly burdensome discovery requests, such as an hours-long

---

[2] We note that Bill Ackman, hedge-fund manager and persistent critic of Professor Gay, recently acknowledged that Plaintiff approached him in 2023, at a "time when [he] was highly publicly critical of then-Harvard president Claudine Gay," that he "noted the disparity between how Gino's case compared with how [Professor] Gay's was handled by [Harvard]," and that he has been funding Plaintiff's litigation since June 2024. *See* Bill Ackman (@BillAckman), X (Jan. 2, 2026, at 12:19 a.m.), https://x.com/BillAckman/status/2006958483220955275. This further adds to our assumption that Plaintiff's effort to depose Professor Gay regarding Harvard's response to the plagiarism allegations is motivated by concerns extraneous to her litigation claims.

**COVINGTON**

Hampton Watson, Esq.
April 28, 2026
Page 3

deposition about topics unrelated to Plaintiff. *See, e.g., Cates v. Zeltiq Asethetics, Inc.*, 2020 WL 5517457, at *2 (D. Mass. Sept. 14, 2020) (citing *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 755 F.3d 55, 59 (1st Cir. 2014)) ("Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs for discovery."). Furthermore, Plaintiff has not demonstrated that Professor Gay has "unique first-hand, non-repetitive knowledge" of Harvard's response to the plagiarism allegations, particularly since Harvard is a party to the litigation. *See, e.g., Brown v. Saint-Gobain Performance Plastics Corp.*, 2022 WL 122609, at *2 (D.N.H. Jan. 7, 2022) (citing *Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.*, 2019 WL 4785701, at *3 (D.P.R. Sept. 30, 2019)). Even if information about Harvard's response to the plagiarism allegations was relevant to Plaintiff's claims, which it is not, Professor Gay is the wrong person from whom to seek it. *See id.*

We note also that whether Professor Gay has any personal knowledge of the events involving Plaintiff does not dictate whether the apex doctrine applies. *See id.* ("When determining whether to allow an apex deposition, courts should consider: '(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.'" (quoting *Gonzalez Berrios*, 2019 WL 4785701, at *3)). As someone who, by virtue of her position as president of Harvard, played a ministerial role in the Third Statute proceedings against Plaintiff, a two-hour deposition on the topic of those proceedings is the maximum burden to which Professor Gay should be subject.

\* \* \* \* \*

Our offer of April 13 still stands: Professor Gay is available at 9:00 a.m. on May 5 in the Boston offices of Covington & Burling LLP for a deposition lasting up to two hours on the topic of the Third Statute proceedings that ultimately led to Plaintiff's expulsion from the HBS faculty. If Plaintiff continues to seek a deposition on the irrelevant topic of Harvard's response to the plagiarism allegations, Professor Gay reserves her right to seek costs. *See* Fed. R. Civ. P. 37(a)(5).

Sincerely,

Lanny A. Breuer
Daniel Suleiman