UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANCESCA GINO,

    Plaintiff,

      v.

PRESIDENTS AND FELLOWS OF HARVARD
COLLEGE, SRIKANT DATAR, JOHN DOES 1-
10, AND JANE DOES 1-10,

    Defendants.

Civil Action No. 1:23-cv-11775-MJJ

## PLAINTIFF'S OPPOSITION TO MOTION TO QUASH

The instant motion concerns a deposition notice issued pursuant to Rule 30(b)(6), identifying four topics on which Defendant President and Fellows of Harvard College ("Harvard") is asked to produce a representative to testify. Harvard does not dispute that the subjects are relevant to this case, nor does it dispute that the notice "describe[s] with reasonable particularity the matters for examination." See Fed. R. Civ. P. 30(b)(6). Instead, Harvard advances a series of arguments that generally assert producing a corporate representative on these topics would impose an undue burden.

As an initial matter, Harvard's motion should be denied because it failed to engage in the good faith meet and confer process required by the Rule. In 2020, Rule 30 was amended to require that "the serving party and the organization must confer in good faith about the matters for examination." As noted in Harvard's motion, a meet and confer did take place on April 15, 2026, but it was not the good faith discussion that the Rule requires. Instead, Harvard asserted that it was unwilling to provide a corporate designee to testify under any circumstances. And when asked why it would be burdensome for Harvard to produce a designee concerning the four topics identified in

the notice, Harvard's counsel was unwilling to provide any information that would allow for a possible compromise to address its alleged concerns.

For example, Harvard's counsel was unaware whether Harvard possessed any additional information concerning topic 4 (the "possible path" email) beyond that which had been testified to by Jean Cunningham. Plaintiff proposed that Harvard should simply conduct the reasonable inquiry required by Rule 30(b)(6)—which would presumably include speaking with the Harvard Professor to whom Jean Cunnigham sent that email—and if no additional information was reasonably available, Harvard could simply provide notice that it was adopting Jean Cunningham's testimony as its own on that topic. But Harvard refused to conduct even that simple inquiry.

Likewise, when Plaintiff asked at the meet and confer how many decision-makers there were related to topic 1 (the decision to revoke Plaintiff's tenure) Harvard's counsel refused to disclose that information, and told Plaintiff to "ask Harvard." That response prevented any meaningful dialogue concerning how the topic might be narrowed. And when Harvard later disclosed, on the eve of filing its motion, that "Harvard's decision to revoke Plaintiff's tenure was made by multiple (over ten) decisionmakers," Harvard's counsel declined to engage in a further meet and confer regarding how the topic might be narrowed given that additional information.

Given Harvard's refusal to make any good faith effort towards compromise, its motion to quash should be denied. Plaintiff remains ready and willing to compromise to alleviate whatever undue burden claims to exist. For example:

On topic 1, Plaintiff does not—and never has—taken the position that Harvard is obligated to "work to understand the reasoning of each one" of the decision-makers. The preparation required under Rule is limited to what information is reasonably available, and producing a person who was directly involved in the process would likely be sufficient.

On topic 2, while Harvard claims that the decision to file a counterclaim was "made in close coordination with Harvard's legal counsel" that does not negate the possibility that Harvard possesses responsive unprivileged information responsive to this topic. At a minimum, Harvard must conduct a reasonable inquiry to determine whether any non-privileged information exists and, if not, provide a statement confirming the same.

On topics 3 and 4, if Harvard possesses no additional information on these topics beyond what is set forth in prior testimony, then it should simply provide written confirmation of the same and designate the prior testimony as its own.

While these available and appropriate compromises should suffice to resolve this dispute, we will address each of the specific arguments raised in Harvard's motion.

1. **The Deposition Notice is Not Untimely.**

The deposition notice provided Harvard 30-days to prepare for testimony on just four topics. There is no authority whatsoever to suggest that this is insufficient notice under Rule 30. The cases cited by Harvard all address circumstances where there were too many topics for the responding party to prepare its witness. Harvard has not made that claim here—nor can it, given there are just four topics—and instead argues that doing so is simply inconvenient at this stage. There is no legal authority to suggest that is a valid basis for quashing a 30(b)(6) deposition—litigation is always inconvenient.

While the notice could have been issued sooner, there is nothing in the Rules that required Plaintiff to do so. It is common practice in civil litigation to take 30(b)(6) depositions at the end of the discovery period. This allows a party to identify gaps and holes in the discovery record, and avoids the need for issuing a notice at the outset of a dispute that touches upon every conceivable matter on which discovery might be needed. Here, Plaintiff appropriately conducted depositions

3

of various fact witnesses, and then prepared a 30(b)(6) notice based on areas where it appeared that the discovery record may be incomplete. That is a perfectly reasonable approach, and one that is plainly permitted under the Rules.

### 2. The Topics Are Not Unduly Burdensome.

As noted above, there is no dispute that the notice "describe[s] with reasonable particularity the matters for examination." Further, as noted above, the duty imposed by the Rule is simply reasonable preparation. Harvard is obligated to conduct a reasonable inquiry to determine what information it possesses on the four topics and must reasonably prepare a witness to testify on those subjects. Further, as noted above, if Harvard has genuine concerns about the burden imposed on any of these topics, there are readily available compromises that could be reached to address those concerns.

### 3. Topics 2, 3 and 4 Are Not Unreasonably Cumulative.

To begin, the testimony previously obtained concerning Topic 2, is clearly incomplete, as Dean Datar claimed to have incomplete knowledge. On topics 3 and 4, Plaintiff does not know if it is complete, as Harvard has refused to undertake the reasonable inquiry required by the Rule to determine if it possesses any additional information. Thus, on the current record, there is no basis to conclude that the requested testimony on any of these topics would be unreasonably cumulative.

### 4. It is Not Unreasonable to Seek Discovery on These Topics Through a 30(b)(6) Deposition.

Any topic in a 30(b)(6) notice could conceivably be ascertained through other means of discovery. If Harvard were correct, and discovery must always be sought through other means, Rule 30(b)(6) would not exist.

The purpose of the Rule is to provide a live witness to testify regarding enumerated subjects. The notice here provides those subjects—limits them to just 4—and describes them with

reasonable particularity. That is precisely what the Rule requires, and Harvard does not advance any argument (or cite any authority) to suggest that the topics at issue here are improper subjects of a 30(b)(6) deposition.

### 5.  Topic 5 Does Not Invade Work Product or Privilege

One of Plaintiff's claims in this case is that Harvard's decision to file its counterclaim—which it is investing tens of thousands of dollars to pursue, but only seeking nominal damages—was made in bad faith, and is in retaliation for Plaintiff's protected activity. Plaintiff is entitled to inquire as to Harvard's motive for filing the counterclaim, and it should be required to produce a designee to provide any non-privileged information responsive to topic 4. If no such information exists, it can so state.

### CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the motion be denied.


Francesca Gino

By her attorneys,

*/s/ Patrick J. Hannon*
Barbara A. Robb (BBO #639976)
Patrick Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02210
brobb@hmrhlaw.com
phannon@hmrhlaw.com
P: (617) 723-8000

**ATTESTATION**

I, Patrick J. Hannon, hereby declare under penalty of perjury that the facts set forth in the foregoing opposition concerning the parties' meet and confer efforts are true and accurate.

*/s/ Patrick J. Hannon*