UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCESCA GINO,

                        Plaintiff,

v.                                                              No. 1:23-cv-11775-MJJ-JDH

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE, SRIKANT DATAR,
JOHN DOES 1-10, AND JANE DOES 1-10,

                        Defendants.

## MEMORANDUM AND ORDER ON HARVARD'S MOTION TO QUASH DEPOSITION OF HARVARD PURSUANT TO RULE 30(b)(6)

HEDGES, M.J.

On April 22, 2026, Defendant President and Fellows of Harvard College ("Harvard") moved to quash Plaintiff Francesa Gino's notice of deposition of Harvard pursuant to Federal Rule of Civil Procedure 30(b)(6). Docket No. 172. Ms. Gino opposes that motion and seeks to proceed with the deposition as noticed. Docket No. 190.

Because I find that Topic 2 improperly seeks privileged information, Harvard's motion to quash that topic is GRANTED. However, because I find that the other topics were not untimely noticed and are not unduly burdensome or cumulative, Harvard's motion to quash those topics is DENIED.

## I.   BACKGROUND

Fact discovery in this case commenced in November 2024 and was initially set to close on July 18, 2025. Docket Nos. 87, 88. In response to various delays and requests for more time from the parties, the Court extended the fact discovery deadline five times. *See* Docket Nos.

1

123, 141, 145, 162, 184.  Most recently, on May 4, 2026, the Court granted a final extension until May 29, 2026, for the parties to complete all outstanding discovery.  Docket No. 184.

During this period, Ms. Gino noticed and took multiple depositions.  On September 26, 2025, Ms. Gino served deposition notices for: (1) Harvard Business School ("HBS") Dean Srikant Datar, (2) HBS Associate Dean for Faculty and Academic Affairs Jean Cunningham, (3) HBS Senior Associate Dean for Faculty Promotions and Tenure and George Gund Professor of Finance and Banking Robin Greenwood, (4) former HBS professor Teresa Amabile, and (5) former HBS professor Robert Kaplan.  *See* Docket No. 173 at 3.  On October 10, 2025, Ms. Gino noticed the deposition of (1) HBS Research Integrity Officer Alain Bonacossa, and (2) Harvard, pursuant to Rule 30(b)(6).  *See id.*  Defendants objected that the 30(b)(6) notice was served unreasonably late, just ten days before the then-scheduled close of fact discovery, and that the notice did not identify topics, in violation of Rule 30(b)(6)'s requirement to "describe with reasonable particularity the matters for examination."  *See id.* at 4.  Ms. Gino did not proceed with the 30(b)(6) deposition at that time, but she did spend approximately 40 hours deposing the individuals named above.  *See id*.

On February 25, 2026, Ms. Gino informed the Court that she intended to proceed with additional depositions, including the 30(b)(6) deposition of Harvard.  *See* Docket No. 164 at 27-33.  The Court pushed back the fact discovery deadline until May 5, 2026, in part to allow Ms. Gino to take these depositions, but stated that Ms. Gino "really need[ed] to start moving on completing these depositions as soon as possible."  *Id*. at 33.  On March 26, 2026, Ms. Gino served an amended 30(b)(6) deposition notice containing the following topics for an April 23, 2026 deposition:

> (1) All facts concerning [Harvard]'s decision to accept the findings and recommendations of the hearing committee empaneled to consider the matter

concerning Professor Francesco Gino of Harvard Business School pursuant to the Third Statute of the University, and to remove Professor Gino from her appointment as a tenured professor at Harvard University, including without limitation: (a) The identity and role of the individuals involved in making that decision; (b) The process followed in making that decision; and (c) Any additional information considered in making that decision. (2) All facts concerning [Harvard]'s decision to file a counterclaim against Ms. Gino in this matter, including without limitation: (a) The identity and role of the individuals involved in making that decision; (b) The process followed in making that decision; and (c) Any additional information considered in making that decision. (3) All facts concerning any harm or damages claimed by [Harvard] based on the facts alleged in the counterclaim. (4) All facts concerning "the possible path" referenced in the email produced by [Harvard] with bates-stamp number HARV00009216.

Docket No. 174-2 at 3. On April 22, 2026, Harvard filed the instant motion to quash.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 30(b)(6), a party may notice the deposition of an organization. The notice "must describe with reasonable particularity the matters for examination," and the "organization must designate one or more . . . persons who consent to testify on its behalf" about "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The scope of Rule 30(b)(6) discovery is limited by Rule 26, which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and directs courts to "limit the frequency or extent of discovery" upon determination that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed

discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b).

## III.    ANALYSIS

### A.  Meet and Confer Requirement

 Ms. Gino argues that Harvard's motion should be denied for failure to meet and confer in good faith.  Docket No. 190 at 1.  While the pre-filing meet-and-confer would ideally result in compromises sufficient to narrow the dispute or negate the need to file a motion, I find that the thirty-minute phone conversation described here satisfies the requirements of Local Rule 37.1(a).  *See* Docket No. 173 at 1 n.1.  I therefore proceed to the merits of the parties' arguments.

### B.  Late Notice and Overall Undue Burden

Harvard first argues that the deposition notice should be quashed in its entirety because it was served unreasonably late and imposes an undue burden on Harvard.  *See* Docket No. 173 at 6-9.  I disagree.  While it is true that Ms. Gino served the initial notice toward the end of a repeatedly extended discovery period, she did not violate any discovery rule or court order by doing so.  Nearly six weeks still remained to complete discovery on March 26, 2026, when Ms. Gino served her amended 30(b)(6) notice, leaving ample time for Harvard to prepare a witness to testify to the four noticed topics.  That Harvard waited almost a month to file its motion to quash, forcing this dispute past the since-moved May 5 discovery deadline, is not Ms. Gino's fault.  And where Ms. Gino noticed only four deposition topics—compared, for example, to the over 100 topics noticed at the last minute in *Est. of Ungar v. Palestinian Auth.*, 2010 WL 11714067, at *1 (D.R.I. Oct. 28, 2010)—I am disinclined to find that she left Harvard with too little time to prepare.  In short, I decline to quash the deposition notice in its entirety based on lateness or undue burden.

### C.  Topic 1

4

Harvard argues that Topic 1 (facts concerning Harvard's decision to remove Ms. Gino from her appointment as a tenured professor) is improper because it could have been, "more reasonably and efficiently" obtained through written discovery.  Docket No. 173 at 12-13.  I disagree.  Some types of information are decidedly more appropriate to probe through written or expert discovery than through a 30(b)(6) deposition, including information about a party's factual and legal bases for bringing a claim, *see Cook v. Lynn and William, Inc.*, 344 F.R.D. 149, 154 (D. Mass. 2023), or the procedure and methodology for calculating damages in a class action, *see E.E.O.C. v. Texas Roadhouse, Inc.*, No. 11-cv-11732-DJC-MPK, 2014 WL 4471521, at *3-4 (D. Mass. Sept. 9, 2014); *see also Disability L. Ctr., Inc. v. Massachusetts Dept. of Correction*, No. 07-cv-10463-MLW-JCB, 2011 WL 13365600, at *5 (D. Mass. Feb. 4, 2011*)* ("a party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery.").  The information sought here does not fall into either of those categories, and Harvard does not cite an analogous case or explain why this type of information must be gathered through written discovery.  Topic 1 is squarely relevant to Ms. Gino's case and reasonably within Harvard's organizational knowledge, and Ms. Gino is free to pursue it through a 30(b)(6) deposition.

### D.  Topic 2

Harvard challenges Topic 2 (which seeks facts concerning Harvard's decision to file a counterclaim against Ms. Gino) on three grounds.  First, Harvard argues that the information sought through Topic 2 is unreasonably cumulative and duplicative of testimony that was already obtained in individual depositions.  *See* Docket No. 173 at 9-12.  Second, Harvard argues that Topic 2 would have been more appropriate for written discovery.  *See id.* at 12-13.  Third, Harvard argues that Topic 2 must be quashed because it seeks primarily privileged information.

*See* Docket No. 173 at 14-15.  I agree with Harvard's third argument and thus decline to address the first two.

Harvard notes that "discovery already has made clear that the decision to file the Counterclaim was made in close coordination with Harvard's legal counsel."  Docket No. 173 at 14.  It is hard to imagine what relevant information surrounding the decision to file a counterclaim would not have involved counsel, and Ms. Gino does not identify any such information.  Moreover, to the extent that this topic seeks the basis for Harvard's claim, I note that "a Rule 30(b)(6) witness may not be expected to testify about the factual basis of legal theories."  *See Sec. & Exch. Comm'n v. Present*, No. 14-cv-14692-LTS-JCB, 2016 WL 10998439, at *2 (D. Mass. May 12, 2016) (collecting cases); *see also Texas Roadhouse*, 2014 WL 4471521, at *3 (finding improper a 30(b)(6) deposition topic that would require the deponent to "discuss how the [plaintiff] decided to proceed in preparing the case.").  Thus, Harvard's motion to quash Topic 2 is GRANTED.

### E.  Topic 3

Harvard next argues that Topic 3 ("[a]ll facts concerning any harm or damages claimed by [Harvard] based on the facts alleged in the counterclaim") is unreasonably cumulative and duplicative of testimony that was already obtained (or that could have been obtained) in individual depositions or through written discovery.  *See* Docket No. 173 at 9-14.   Although Ms. Gino may have already asked Professor Greenwood and Dean Datar about harm suffered in connection with the counterclaim, an individual's testimony on a topic is not the same as organizational testimony, and "[w]ithout having a witness or witnesses who can testify so as to bind the corporation, the deposing party is left at an unfair disadvantage, having no understanding of what the corporation's position is as to the subjects of inquiry."  *Disability L.*

6

*Ctr.*, 2011 WL 13365600, at *5.  The sealed testimony by Professor Greenwood and Dean Datar excerpted in Harvard's brief reflects personal beliefs and experiences but does not purport to speak on behalf of the university, or to fully cover the "information known or reasonably available to the organization."  *See* Docket No. 173 at 9-10; Fed. R. Civ. P. 30(b)(6).

Similarly, although Harvard contends that it already addressed Topic 3 through its responses to written interrogatories, "[d]epositions by oral examination are universally recognized as the favored form of discovery because they allow the parties to question and cross-examine the deponent like no other method.  Producing documents and responding to written discovery are not a substitute for providing a thoroughly educated Rule 30(b) deponent."  *Fed. Deposit Ins. Corp. v. Galan-Alvarez*, No. 12-cv-1029-PAD, 2015 WL 13264438, at *2 (D.P.R. June 15, 2015).  It is not unreasonable to ask that Harvard prepare a 30(b)(6) deponent to testify beyond the paragraph provided in its written interrogatory response.  *See* Docket No. 174-10 at 3-4.  Accordingly, I decline to quash Topic 3.

### F.  Topic 4

Finally, Harvard argues that a 30(b)(6) deposition on Topic 4 ("[a]ll facts concerning 'the possible path' referenced in the email produced by [Harvard] with bates-stamp number HARV00009216") would be unreasonably cumulative, because Ms. Gino has already deposed the author of the email at issue about its meaning.  *See* Docket No. 173 at 11-12.  Harvard contends that if Ms. Gino "seeks information relating to Ms. Cunningham's individual understanding of this email, the proper vehicle was her individual deposition," and that "Ms. Cunningham's individual testimony as to the meaning of the email she herself authored is the best evidence of its meaning."  *Id*. at 12.  While Harvard is correct that Ms. Cunningham is the most appropriate deponent to explain the meaning of her words, Topic 4 is not limited to "Ms.

Cunningham's individual understanding" of the email at issue, or even the meaning of her words. Topic 4 asks about "[a]ll facts concerning 'the possible path' referenced in the email. . . ." Docket No. 174-2 at 3. There are non-duplicative questions that Ms. Gino could ask a 30(b)(6) deponent about the "path" itself, and about *Harvard's* relationship to the statement in the email, including any role it had in suggesting, rejecting, or implementing that "path." Accordingly, I decline to quash Topic 4.

## IV.    CONCLUSION

For the foregoing reasons, Harvard's motion is GRANTED in part and DENIED in part. Ms. Gino may depose Harvard's 30(b)(6) designee on Topics 1, 3, and 4.

SO ORDERED.[1]

Dated: May 13, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

[1] The parties are advised that under Federal Rule of Civil Procedure 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determinations and this order must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.