**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FRANCESCA GINO,       ) | |
|         ) | |
|       Plaintiff,       ) | |
|         ) | |
|       v.       ) | |
|         ) | |
| PRESIDENT AND FELLOWS OF       ) | Case No. 1:23-cv-11775-MJJ |
| HARVARD COLLEGE, SRIKANT DATAR,       ) | |
| JOHN DOES 1-10, AND JANE DOES 1-10,       ) | |
|         ) | |
|       Defendants.       ) | |
|         ) | |

**JOINT MEMORANDUM REGARDING DISCOVERY DISPUTES**

In accordance with the Court's Notice, Docket No. 198, the Parties state as follows:

## I.    **Defendants' Outline of the Areas in Dispute**

1.    <u>Plaintiff's Privilege Objections at Third-Party Depositions</u>: Plaintiff asserted privilege and work-product objections that prevented Defendants from examining third-party witnesses Benjamin Edelman and Gregory Burd on non-privileged topics that bear directly on Defendants' counterclaim, including the witnesses' (i) involvement in creating Plaintiff's website, (ii) knowledge of the July 16 OG File, (iii) modification of files on Plaintiff's devices, and (iv) involvement with the backdating of the 2023 Cover-Up File ("July 16 OG File" and "2023 Cover-Up File" as defined in Harvard's counterclaim, Dkt. No. 154).  These topics do not relate to legal advice or attorney work performed for the purpose of litigation, and to the extent Plaintiff invokes privilege over communications concerning file manipulation or spoliation, the crime-fraud exception applies. Defendants request that the Court overrule Plaintiff's privilege objections and they seek an award of costs and fees stemming from these invalid objections, including costs to reopen the depositions.

2.    <u>Privilege Log (Entries 1-3)</u>: Defendants request that the Court compel production of redacted versions of Entries 1-3 on Plaintiff's privilege log.  Ex. 1.  Plaintiff has represented that these entries are documents that were created in 2010 and later uploaded to Google Drive by Plaintiff or Mr. Edelman.  Plaintiff's log indicates that these documents include comments between Plaintiff and Mr. Edelman, which she claims are privileged and/or protected work product.  On May 12, 2026, Plaintiff agreed to produce native versions of these Excel spreadsheets with any privileged comments redacted, if technically feasible; even though Defendants informed Plaintiff of a forensic tool that would allow for these redactions that same day, Plaintiff still has not produced these documents.

3.    <u>Privilege Log (Lessig)</u>: Defendants request that the Court compel production of certain withheld documents dated May to November 2025 involving Lawrence Lessig, a Harvard Law School

professor who has released a podcast series about the research misconduct and tenure proceedings at issue in this case.  On information and belief, these withheld communications concern discussion of Mr. Lessig's podcast, rather than legal advice.  On May 12, counsel for Plaintiff offered to produce at least a subset of these documents for review, but Plaintiff has not yet produced any.

4.      Privilege Log (Frei/FGS Global): Defendants request that the Court compel production of 95 withheld documents involving Professor Frances Frei and FGS Global, and on which no attorney is copied.  On information and belief, these documents relate to public relations strategy and are not protected work product.

5.      WhatsApp Messages: On May 4, 2026, Plaintiff made a production of documents initially (improperly) withheld for privilege.  This production revealed that Plaintiff had used WhatsApp to discuss topics responsive to Defendants' discovery requests.  On May 12, 2026, Plaintiff's counsel stated that Plaintiff had not taken steps to preserve WhatsApp messages and that they had automatically been deleted; he also agreed to provide written confirmation of this but has not done so.  Defendants request that the Court order Plaintiff to attest in writing to the circumstances of the destruction of these messages and their contents so that Defendants may seek appropriate relief.

6.      In Camera Review of Gino-Frei Messages: On February 25, 2026, Judge Joun ordered Plaintiff to submit certain text messages between Plaintiff and Prof. Frei for in camera review. Ex. 2 at 24-26.  To date, Plaintiff has not successfully submitted those messages for review.  Defendants therefore request that the Court order Plaintiff to submit those messages forthwith so that the Court and Defendants can assess whether Plaintiff has complied with her discovery obligations.

7.      Plaintiff's Personal Laptop: Defendants' discovery requests seek information related to and forensic images of all devices where Plaintiff stored or worked on files related to the research misconduct allegations at issue.  Defendants recently learned that Plaintiff has an additional laptop

that should have been, but was not, disclosed in response to Defendants' requests. After Defendants requested that Plaintiff update her discovery responses and produce the laptop, on May 12, 2026, Plaintiff agreed to produce the laptop pursuant to the Forensic Protocol, but still has not done so. Defendants request that the Court compel Plaintiff to update her discovery responses and produce this laptop immediately under an expedited process in light of the imminent discovery deadline.

8.    "July 16 OG File": Plaintiff asserted on her website that Harvard failed to review the "July 16 OG File" during her research misconduct process, forming the basis of Harvard's counter-claim. Harvard requested a copy of this file, and Judge Joun ruled on November 20, 2025 that Plaintiff's objections to this request were waived. Dkt. 151. When asked to confirm whether it has been produced or logged, Plaintiff's counsel was unable to do so. Ex. 3. Defendants request that the Court order Plaintiff to (i) identify the produced file if produced; (ii) identify it on her log if withheld for purported privilege; (iii) produce it if not already produced; or (iv) admit that the July 16 OG File no longer exists or never existed. The Court should also compel Plaintiff to update her responses to Requests for Admission Nos. 4 and 6, which Judge Joun ordered on February 25, 2026. Ex. 2 at 13-17.

## II.    Plaintiff's Outline of the Areas in Dispute

1.    Plaintiff's Privilege Objections at Third-Party Depositions: Defendants badly—and blatantly—misrepresent the matters on which Plaintiff has invoked privilege. Plaintiff did not backdate any files, and Defendants' repeated efforts to obtain access to privileged information is particularly hypocritical give the broad and baseless assertions of privilege they have made in this matter. Regardless, Plaintiff's assertions of privilege and work-product protection were all proper.

2.      <u>Privilege Log (Entries 1-3)</u>: Plaintiff has agreed to produce a redacted copy, but counsel is unable to perform the redactions in the "native" version as requested by Defendants' counsel.

3.      <u>Privilege Log (Lessig)</u>: Plaintiff maintains that the assertions of privilege and work-product were all proper. Plaintiff is nonetheless willing to produce a subset of the disputed documents on the condition that Defendants stipulate that the production of such documents does not serve as a waiver of privilege/work product with respect to any other information.

4.      <u>Privilege Log (Frei/FGS Global)</u>: Plaintiff maintains that the assertions of privilege and work-product were all proper. Plaintiff is nonetheless willing to produce a subset of the disputed documents on the condition that Defendants stipulate that the production of such documents does not serve as a waiver of privilege/work product with respect to any other information.

5.      <u>WhatsApp Messages</u>: Defendants' characterization of the parties' meet and confer discussion is incorrect and misleading. Plaintiff has conducted a diligent search for responsive messages, and any non-privileged documents have been produced. To the extent that Defendants have further questions about the preservation of documents, those should be addressed at Plaintiff's deposition.

6.      <u>In Camera Review of Gino-Frei Messages</u>: Plaintiff states that she has already done so. But Plaintiff will submit again if needed.

7.      <u>Plaintiff's Personal Laptop</u>: Defendants misstate their discovery requests, as there was no discovery served which would have called for identification of the laptop Plaintiff acquired in Sumer 2023. Plaintiff has nonetheless agreed to amend the existing forensic protocol to provide for such inspection, and has also had a forensic image created for that purpose.

4

8.      "July 16 OG File": There is no basis for this request, as Plaintiff has produced all such responsive documents (and has confirmed that none are being withheld on the basis of privilege. As for the requests for admissions, Plaintiff served responses to supplemental requests served after Judge Jooun's ruling, and was under the impression that addressed the issue, but will serve further responses based on Defendants' request—which was made for the first time after business hours this past Friday.

Dated: May 18, 2026                           Respectfully submitted,


/s/ Hampton M. Watson                         /s/ Douglas E. Brayley
Hampton M. Watson                             Douglas E. Brayley

Patrick J. Hannon (BBO# 664958)               Douglas E. Brayley (BBO# 674478)
Barbara A. Robb (BBO# 639976)                 Jenny K. Cooper (BBO# 646860)
Hampton M. Watson (BBO# 705983)               Shannon Capone Kirk (BBO# 674530)
Hartley Michon Robb Hannon LLP                Elena W. Davis (BBO# 695956)
101 Federal Street, Suite 1810                ROPES & GRAY LLP
Boston, MA 02110                              800 Boylston Street
(617) 723-8000                                Boston, MA 02199-3600
phannon@hmrhlaw.com                           Tel: (617) 951-7000
brobb@hmrhlaw.com                             Douglas.Brayley@ropesgray.com
hwatson@hmrhlaw.com                           Jenny.Cooper@ropesgray.com
                                              Shannon.Kirk@ropesgray.com
                                              Elena.Davis@ropesgray.com
*Attorneys for Plaintiff Francesca Gino*

                                              Laura G. Hoey (BBO# 650643)
                                              ROPES & GRAY LLP
                                              191 North Wacker Drive, 32nd Floor
                                              Chicago, IL 60606
                                              Telephone: (312) 845-1200
                                              Laura.Hoey@ropesgray.com

                                              *Attorneys for Defendants President and*
                                              *Fellows of Harvard College and Srikant*
                                              *Datar*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 18, 2026

*/s/ Douglas E. Brayley*
Douglas E. Brayley