# EXHIBIT 3

| | |
|---|---|
| **From:** | Patrick J. Hannon |
| **To:** | Davis, Elena; Barbara Robb; Hampton Watson |
| **Cc:** | Hoey, Laura; Brayley, Douglas; Cooper, Jenny K.; Kirk, Shannon Capone; Porges, Stephanie Dowd |
| **Subject:** | RE: Gino v. President and Fellows of Harvard College et al., No. 1:23-cv-1175-MJJ |
| **Date:** | Monday, May 11, 2026 2:47:41 PM |

**THIS MESSAGE IS FROM AN EXTERNAL SENDER**
This message came from a sender outside of Ropes & Gray

Hi Elena,

You packed a lot into this email, so I need some more time to work through everything in preparation for a meet and confer. But I can respond on a few points now:

- Gino's deposition. 5/22 works.
- Ben Edelman. It would be helpful to know why you believe his communications with Professor Gino are not protected by privilege and work-product. Also, I believe that any dispute concerning his deposition must be brought (at least in the first instance) in Washington, pursuant to Rule 45.
- Redacted spreadsheets. I don't think what you are asking for—production of a native document that has been redacted—is technically possible. But I will look into it.
- Lessig communications. There is no doubt that Lessig has, and continues to, represent Professor Gino. Nonetheless, we will review the authority you have provided and circle back.
- Professor Gino's new personal laptop. Contrary to your assertions otherwise, you have not produced any evidence that the so-called "2023 Cover-Up File" was ever stored or modified on the personal laptop (or that any of our prior discovery responses are otherwise incomplete/inaccurate). Nonetheless, we are agreeable to allowing a limited forensic inspection of the personal laptop that is limited to addressing this specific issue.
- July 16 OG File. I do not believe that the "July 16 OG File" has been withheld on any privilege grounds, but will double check to confirm. Otherwise, I do not know if that file is contained within our production, but can confirm that Plaintiff conducted a diligent search and that any such non-privileged document has been produced if it was located.

I'll be free in the morning (9-11) if you would like to schedule a time to discuss.

Patrick J. Hannon
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810

Boston, MA  02110
Direct: (617) 447-2819
Fax: (617) 447-2800
www.hmrhlaw.com

---

**From:** Davis, Elena <Elena.Davis@ropesgray.com>
**Sent:** Sunday, May 10, 2026 4:52 PM
**To:** Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>; Hampton Watson <hwatson@hmrhlaw.com>
**Cc:** Hoey, Laura <Laura.Hoey@ropesgray.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Porges, Stephanie Dowd <Stephanie.Porges@ropesgray.com>
**Subject:** Gino v. President and Fellows of Harvard College et al., No. 1:23-cv-1175-MJJ

Patrick,

Per Judge Hedges' rules, Defendants intend to request a Zoom conference to seek relief on the following issues.  Please let us know Plaintiff's position on the below issues.  We are available to meet and confer tomorrow, on Monday.  We will be contacting the Court on these issues on Tuesday at 9 AM ET.

We will be asking the Court to address these issues this week so that the production of any additional materials will happen by 5pm on Tuesday, May 19.   Since you have not provided dates for Professor Gino's deposition as were requested on May 4, May 5, May 7, and May 8, we are issuing a notice for her deposition for Friday May 22.  Please confirm ASAP that she can appear on this date.

Privilege Disputes
1. **Motion to Compel Testimony of Ben Edelman**
   a. Defendants intend to move to compel further deposition testimony from Mr. Edelman on the following topics and seek a finding from the Court that Mr. Edelman cannot refuse to testify on the basis of the attorney-client privilege or the work product doctrine:
      i. Edelman's involvement with the creation of Plaintiff's website;
      ii. Edelman's knowledge of the July 16 OG File, including its origin, contents, and current location;
      iii. Edelman's modification of files on any of Gino's devices using remote technology; and
      iv. Edelman's involvement with the backdating of the 2023 Cover-Up File.
   b. Defendants also intend to request their costs and fees to bring this motion under Fed. R. Civ. P. 37(a)(5)(A), as well as the costs to reopen the deposition under Fed. R. Civ. P. 30(d)(2), given that counsel's meritless privilege objections substantially impeded the conduct of the deposition.

2. **Motion to Compel Production of Entries 1-3 on Plaintiff's 2d Amended Privilege Log**

a. Plaintiff has represented that these entries are documents that were created in 2010 and later uploaded to Google Drive by Plaintiff or Edelman.  Plaintiff's log indicates that these documents include comments exchanged between Plaintiff and Edelman which are privileged and/or protected work product.  Defendants intend to move to compel native versions of these Excel spreadsheets with any comments redacted, consistent with Judge Joun's April 13, 2026 order. Dkt. No. 170.

3. **Entries 230-231, 233, 237, 239-241, 243-255, 261-265, 271, 281-284, 302-303, 308, 310-314 involving Lawrence Lessig on Plaintiff's 2d Amended Privilege Log**

   a. Plaintiff has claimed these entries are emails with Lawrence Lessig or Ben Edelman for the purposes of obtaining legal advice. However, on information and belief, including based on documents produced by Plaintiff that were previously on her privilege log, *see, e.g.,* GINO_037305, these communications, dated from May to November 2025, concern discussion of the content to be aired on Mr. Lessig's podcast examining Plaintiff's research misconduct process and the subsequent Third Statute proceeding. Discussions of the content or logistics of a podcast are not communications for the purposes of seeking legal advice—particularly when those communications are between the producer/host and the podcast's subject—and the courts have long held that "[a] media campaign is not a litigation strategy."  *Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, No. 02-CV-7955 DLC, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003). Additionally, as Defendants explained in their April 7, 2026 letter to Judge Joun, while Plaintiff has asserted that Mr. Lessig is acting as Plaintiff's attorney, Mr. Lessig has never made an appearance in this matter and, as Defendants have previously pointed out, has disclaimed on multiple occasions in public statements that he represents Plaintiff, including most recently on the podcast.

4. **Frei/FGS Global**

   a. Defendants have stated their positions as to Prof. Frei and FGS Global personnel in their April 7, 2026 letter to Judge Joun, and they incorporate those positions by reference here.  Defendants intend to move to compel the production of 95 communications that remain on Plaintiff's privilege log involving FGS Global personnel and/or Prof. Frei but no attorneys that predate November 1, 2023.

   b. Defendants intend to seek to compel Plaintiff to produce all WhatsApp messages responsive to Defendants' discovery requests, including a WhatsApp group chat between Gino, Frei, and FGS Global employees (starting in August 2023) that Defendants identified for the first time based on a document produced in Plaintiff's privilege falloff production. *See* GINO_037093. As we will explain to the Court, Defendants could not have requested these messages sooner because Plaintiff has never referenced this chat in her discovery responses, including her response to Defendants' Request for Production No. 29, nor did she identify any WhatsApp messages on her privilege log.

   c. Defendants also intend to compel Plaintiff's submission of certain text messages between Plaintiff and Prof. Frei for in camera review, as the correspondence with Mr. York on which Defendants are copied reflects that Plaintiff has failed to follow Judge Joun's order to submit those messages for in camera review.  Defendants intend to

request that Judge Hedges order Plaintiff to submit those messages to her forthwith.

Other Disputes

1. **Plaintiff's Personal Laptop**
   a. For the reasons set forth in our May 6, 2026 email, to which we have received no response, Defendants intend to move to compel Plaintiff to update her deficient discovery responses and produce her personal laptop.

2. **July 16 OG File**
   a. For the reasons set forth in our May 6, 2026 email, to which we have received no response, Defendants intend to move to compel Plaintiff to identify the location of the July 16 OG File in Plaintiff's productions or on Plaintiff's privilege log.

Best,
Elena

**Elena Weissman Davis**
**ROPES & GRAY LLP**
T +1 617 951 7017
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Elena.Davis@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

{This email originated from outside your Organization}