UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANCESCA GINO,

    Plaintiff,

        v.

PRESIDENTS AND FELLOWS OF
HARVARD COLLEGE, SRIKANT
DATAR, JOHN DOES 1-10, AND JANE
DOES 1-10,

    Defendants.

Civil Action No. 1:23-cv-11775-MJJ

## AFFIDAVIT OF FRANCESCA GINO

I, Francesca Gino, hereby depose and state under penalty of perjury:

1. I am the plaintiff in this matter and submit this Affidavit in response to the motion to compel filed by Defendants on May 26, 2026.

2. Defendants' allegations of data fabrication and evidence destruction are false and unfounded. Neither I, nor anyone acting on my behalf, created a backdated file to fabricate evidence. Nor did I, or anyone acting on my behalf, overwrite any file data in an effort to destroy evidence.

3. The so-called "July 16 OG" file is a genuine file that I found in or about the summer of 2023 when searching through materials that had been stored in my former office at Harvard.

4. Indeed, Defendants claim that I placed a file on my Harvard laptop in September 2023 to destroy existing evidence and fabricate new evidence simply makes no sense. As of September 2023, Defendants had led me to believe that Harvard made a forensic

image of my laptop in 2021, when it "sequestered" data at the outset of Harvard's purported investigation. As such, I believed that Harvard already possessed every file from my computer, and it would be impossible for me to either destroy or fabricate any evidence on that device.

5. Defendants' suggestion that one of my attorneys, Benjamin Edelman, was somehow part of a scheme to falsify or destroy evidence is not only unfounded, but also deeply hurtful.

6. Mr. Edelman agreed to represent me in this matter in June of 2023, shortly after Harvard leaked the outcome of its "investigation" to the Data Colada bloggers. Their posts ignited a public firestorm that impacted me in countless ways, including cancellation of lucrative contracts and a death threat from an unknown individual.

7. I retained Mr. Edelman because he is an attorney, and all of the advice and counsel I have sought from him over the past three years has been of a legal nature.

8. Given the complexity of my situation, this advice has touched upon numerous subjects, including the content of public statements; the analysis of forensic evidence; and overall strategy for vindicating my legal rights. But in all instances, I have sought Mr. Edelman's advice on matters primarily because of his legal training and acumen.

9. By contrast, when I have been in need of advice from non-lawyers, I have obtained that assistance from specialized consultants. This includes a public relations firm and a computer forensics firm.

10. I understand that Defendants now argue there are four "topics" on which Mr. Edelman provided me advice outside the scope of his legal representation of me. I will address each of them in turn:

a.  <u>My Website</u>:  All of my communications with Mr. Edelman concerning my website were for the purpose of obtaining legal advice. Again, I had a public relations team that could assist me with the non-legal aspects of my public statements. Mr. Edelman's counsel was needed for the legal ramifications of my statements, all of which were being crafted in anticipation of my pending lawsuit with Harvard.

b.  <u>The "July 16 OG" file</u>: All of the materials that I provided to Mr. Edelman, or otherwise provided him access to, were for the purpose of facilitating his rendering of legal advice. As a lawyer, and particularly as a lawyer with some specialized knowledge in forensic matters, I sought his advice and counsel concerning the strengths and weaknesses of various pieces of evidence.

c.  <u>Edelman's "modification of the content or metadata of files on any of Plaintiff's devices"</u>: One of the ways in which Mr. Edelman communicated his legal advice to me was by redlining and adding comments to documents. Part of the legal analysis also included examining allegations made in the Data Colada blog about how different portions of an excel spreadsheet may have been modified, and what evidence of those modifications could be found in the file metadata. Accordingly, any "modification" that he made of any files was for the purpose of rendering legal advice.

d.  <u>Edelman's "involvement with the backdating of the 2023 Cover-Up File"</u>: This simply never happened.

3

11. Throughout my work with Mr. Edelman, he has shown himself to be of the highest moral character. He agreed to represent me at a time when many in my professional and personal lives were hesitant to support me given the ferocity with which I was being attacked publicly. Harvard's efforts to publicly malign Mr. Edelman in this fashion—particularly in a forum where he cannot defend himself—is extremely unfair.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF JUNE, 2026.

Signed by:

*FRANCESCA GINO*

55F0AEA915CC4DF...

FRANCESCA GINO