UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCESCA GINO,

                        Plaintiff,

v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE, SRIKANT DATAR,
JOHN DOES 1-10, AND JANE DOES 1-10,

                        Defendants.

No. 1:23-cv-11775-MJJ-JDH

**MEMORANDUM AND ORDER ON HARVARD'S MOTION TO COMPEL NON-PRIVILEGED TESTIMONY**

HEDGES, M.J.

On May 26, 2026, Defendant President and Fellows of Harvard College ("Harvard") moved to compel deposition testimony from Plaintiff Francesa Gino and third-parties Benjamin Edelman and Gregory Burd pursuant to Fed. R. Civ. P. 37.  Docket No. 206.  Harvard specifically moved to compel testimony on four topics: (1) Mr. Edelman's "involvement with the creation of Plaintiff's website" about this litigation, (2) Mr. Edelman's knowledge of a data-file central to Harvard's counterclaim in this litigation, "the July 16 OG File," (3) Mr. "Edelman's modification of the content or metadata of files on any of Plaintiff's devices," and (4) Mr. "Edelman's involvement with the backdating of" a file that Harvard refers to as, "the 2023 Cover-Up File."  Docket No. 207 at 8-9.  Ms. Gino opposed Harvard's motion, arguing that the testimony Harvard seeks to compel is privileged.  Docket No. 217.

Because I find that the motion to compel testimony from Mr. Edelman was filed in the wrong court, Harvard's motion is DENIED as to Mr. Edelman.  Harvard's motion to compel is

1

also DENIED as to Ms. Gino, because she properly objected, on the basis of attorney-client privilege, to the one unanswered question before the Court. However, because I find that no attorney-client relationship existed between Mr. Edelman and Mr. Burd, Harvard's motion to compel further testimony from Mr. Burd is GRANTED, as specified below.

## I.   ANALYSIS

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel an answer to a deposition question. Fed. R. Civ. P. 37(a)(3)(B)(i). "The motion should be granted if the questions are relevant and proper and denied if the questions call for privileged information or if an answer is otherwise unnecessary." *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) (internal quotation marks omitted).

### A.  Mr. Edelman

This Court lacks jurisdiction to resolve Harvard's motion to compel testimony from Mr. Edelman. "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also Gebka v. EverQuote, Inc.*, No. 1:21-mc-91391-IT, 2021 WL 3131549 (D. Mass. July 23, 2021) ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions, including motions to compel, are to be filed in the district court where compliance is required."); *Creative Machining and Molding Corp. v. CRC Polymer Sys.*, Inc., No. 17-cv-30043-MAP, 2018 WL 1440320, *2 (D. Mass. Mar. 22, 2018) ("[M]otion practice related to a Rule 45 subpoena takes place in the district where compliance is required."). The Federal Rules of Civil Procedure permit the transfer of subpoena-related motions to the issuing court only "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Mr. Edelman, a nonparty, was deposed in response to a Rule 45 subpoena that required compliance in Seattle, Washington. *See* Docket

No. 217-1 at 5.  Accordingly, a motion to compel testimony from Mr. Edelman must be filed—at least in the first instance—in the U.S. District Court for the Western District of Washington. Because it was filed in the wrong court, Harvard's motion is DENIED as to Mr. Edelman.

### B.  Mr. Burd

The sealed deposition testimony filed with the court includes a single question posed to Mr. Burd that Ms. Gino's counsel objected to on grounds of attorney-client and work product privilege.  *See* Docket No. 208-9 at 3.  I find that both grounds for objection were improper.

The attorney-client privilege protects communications between attorneys and their clients, and applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."  *Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp.*, 649 F.3d 5, 30 n.23 (1st Cir. 2011) (quoting *Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002)).  Mr. Edelman served not as Mr. Burd's attorney, but as Ms. Gino's attorney.  *See* Docket Nos. 207 at 2; 216 at 2.  Because an attorney-client relationship did not exist between Mr. Edelman and Mr. Burd, the attorney-client privilege does not protect their communications.

As to attorney work-product, as Judge Joun previously advised in this case, "[t]he work product doctrine . . . protects materials prepared in anticipation of litigation, including an attorney's mental impressions and legal strategies.  It does not typically protect underlying facts."  Docket No. 170; *see also Hawkinson v. Immig. and Cust. Enf't*, 554 F. Supp. 3d 253, 266 (D. Mass. 2021) ("The work-product doctrine protects (1) any document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or

for a party's representative.") (cleaned up).  A conversation is not a "material[] prepared in anticipation of litigation," nor is it a "document or tangible thing."  Mr. Burd's conversations with Mr. Edelman about the topic raised on page 9 of Harvard's sealed exhibit 9 do not constitute "work-product," and thus his testimony about those conversations do not implicate the work-product doctrine.  *See* Docket No. 208-9 at 3.

In its brief, Harvard seeks to compel testimony regarding four general topics.  *See* Docket No. 207 at 8-9.  However, Rule 37 of the Federal Rules of Civil Procedure allows the filing of a motion to compel a discovery response where "a deponent fails to answer a question asked under Rule 30 or 31."  Fed. R. Civ. P. 37(a)(3)(B)(i).  Rule 37 may not be used to compel responses to questions not previously asked.  *See, e.g., Jacobs v. J. Publ'g. Co.*, No. 21-cv-690-MV-SCY, 2024 WL 4333199, at *2 (D.N.M. Sept. 27, 2024) ("A motion to compel is not the proper procedure to obtain responses to a new question.").  Because it appears that Harvard asked Mr. Burd only one question that Ms. Gino objected to on privilege grounds, that is the sole question to which Harvard may seek further testimony in response to this order.

Accordingly, Harvard's motion is GRANTED as to Mr. Burd's testimony, solely on the question posed to Mr. Burd at page 3, lines 5-7 of Docket No. 208-9.

### C.  Ms. Gino

Based on the sealed deposition testimony provided to the Court, Ms. Gino declined to answer only one question during her deposition on the basis that answering would require disclosing attorney-client communications between herself and Mr. Edelman, and/or Mr. Edelman's work-product.  *See* Docket No. 208-5 at 7:21-23 (question); *id*. at 8:13-14 (refusal to

4

answer).[1]  As with Mr. Burd's deposition testimony, I focus on the specific question objected to and unanswered during Ms. Gino's deposition, rather than the four broad topics raised by Harvard in its brief.  *See supra* at 4.  That question concerned Ms. Gino's provision of the "July 16 OG" file to Mr. Edelman.  *See* Docket No. 208-5 at 7.  Ms. Gino has sworn that, with respect to that file, "[a]ll of the materials that I provided to Mr. Edelman, or otherwise provided him access to, were for the purpose of facilitating his rendering of legal advice.  As a lawyer, and particularly as a lawyer with some specialized knowledge in forensic matters, I sought his advice and counsel concerning the strengths and weaknesses of various pieces of evidence."  Docket No. 216 at 3.  Accordingly, Plaintiff properly objected to this question based on attorney-client privilege.

Harvard argues that even if Ms. Gino and Mr. Edelman's communications about the July 16 OG File would otherwise be protected by the attorney-client privilege, that privilege is "waived pursuant to the crime-fraud exception."  Docket No. 207 at 15.  To invoke the crime-

---

[1] I note that Ms. Gino's counsel also appears to have objected to a question related to Ms. Gino's communications with another individual on the basis of attorney-client privilege.  *See* Docket No. 208-5 at 2:9-23.  Because Harvard's brief does not mention testimony related to that individual as a topic on which it seeks to compel further testimony, *see* Docket No. 207 at 8-9, or make any argument in its brief about testimony related to communications with that individual, *see id.* at 9-18, I will not address that question or objection further.

I also note that counsel objected to and instructed Ms. Gino not to answer two questions—to the extent that doing so would require her to reveal information protected by the attorney-client privilege—which Ms. Gino subsequently answered.  *See* Docket No. 208-5 at 4:2-3 (first question); *id.* at 5:1-3 (first answer); *id.* at 6:7-10 (second question); *id.* at 6:23-24 (second answer).  It does not appear that Harvard asked any follow-up questions that Ms. Gino declined to answer on the basis of privilege.  Therefore, I find that there is no further testimony to compel with respect to these two questions.

Finally, I note that Plaintiff answered questions on Topic 3 at Docket No. 208-5, 12:4-13:15 and 14:4-9.  Because counsel did not object to these questions on the basis of privilege, and because Plaintiff answered them, I assume that Harvard is not seeking to compel further testimony on these questions.

fraud exception, a party must show that: (1) the client engaged (or planned to engage) in criminal or fraudulent activity while communicating with the attorney; and (2) the client intended to use communications with her attorney to facilitate or conceal the wrongful activity. *See United States v. Joyce*, 311 F. Supp. 3d 398, 406 (D. Mass. 2018). Whether Ms. Gino did, in fact, engage in fraud or wrongdoing with respect to the July 16 OG File remains in dispute. This question is at the heart of Harvard's counterclaim, and I decline to rule on this ultimate issue—without the benefit of the parties' full briefing and both parties' expert reports—to resolve a discovery dispute that concerns the answer to a single yes or no question.

Therefore, I decline to apply the crime-fraud exception, and Harvard's motion to compel further testimony from Ms. Gino is DENIED.

**D.  Costs**

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if the court grants a motion to compel, it must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Alternately, if the court denies a motion to compel, it must "after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Finally, "[i]f the motion is granted in part and denied in part, the

court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Here, the motion has been granted in part and denied in part. Thus, apportionment of reasonable expenses is discretionary, and I decline to award costs. *See, e.g., Shea v. Millett*, No. 17-cv-12233-ADB, 2019 WL 4218477, at *2 (D. Mass. Sept. 4, 2019); *Merchia v. U.S.*, No. 18-cv-10424-PBS, 2021 WL 3667747, at *1 (D. Mass. Aug. 17, 2021).

## II.   CONCLUSION

For the foregoing reasons, Harvard's motion is GRANTED in part and DENIED in part. Harvard may compel further testimony from Mr. Burd on the single question discussed above. Harvard may not compel further testimony from Ms. Gino pursuant to this order. If Harvard wishes to compel further testimony from Mr. Edelman, it must file a motion to compel in the U.S. District Court for the Western District of Washington.[2]

Dated: June 22, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

[2] The parties are advised that under Fed. R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determinations and this order must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.