# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRANCESCA GINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRESIDENT AND FELLOWS OF | ) | Case No. 1:23-cv-11775-MJJ |
| HARVARD COLLEGE, SRIKANT DATAR, | ) | |
| JOHN DOES 1-10, AND JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' MEMORANDUM
## REGARDING FORENSIC REQUESTS[1]

---

[1] Defendants provided Plaintiff with their initial draft of a joint memorandum at 4:45pm—just 15 minutes before the filing deadline—making it impossible for Plaintiff to include her responses by 5pm.

As an initial matter, the assertions in Defendants' opening paragraph are simply untrue: (i) Plaintiff's discovery responses were complete and correct, (ii) when Defendants belatedly requested access to Plaintiff's personal laptop she voluntarily agreed to include it in the forensic protocol, and (iii) Plaintiff did not do anything to prevent Defendants from obtaining discovery before her deposition.

Attached as Exhibit A is an email chain reflecting the "meet and confer" that preceded Defendants' request for a discovery conference. As reflected therein, Plaintiff agreed to most of the requests that Defendants were then making. Plaintiff heard nothing further from Defendants on these matters until 9 days later, when they submitted an email to the Court requesting a conference. Notably, the "disputed" issues referenced in that email are different from the issues discussed in the preceding meet and confer. Likewise, Plaintiff first learned that Defendants were seeking leave to reopen Plaintiff's deposition just 15 minutes before the Court's deadline for submission of a joint memorandum. To be clear, Plaintiff objects to that request.

Plaintiff's position on the 5 matters set forth in Defendants' statement is as follows:

1. *All bash/Terminal logs and/or history files created, copied, archived, or otherwise saved at any location on the 2023 Laptop and for any configured shell.*

Plaintiff's only objection to the request for bash/terminal logs is that it should be limited to an appropriate time range. As Defendants allege that the "backdating" on which they seek discovery occurred in September 2023, only bash/Terminal longs from that month should be produced. Plaintiff objects to the request for "history files" on the additional ground that it is too vague.

2. *All browser history and download logs for September 23, 2023.*

Plaintiff's concern with this request is that it is not limited to any subject matter, and could potentially include information of a highly personal and confidential nature. To address this concern, the request should either be limited to a particular subject matter—such as how to

backdate metadata—or Plaintiff's counsel should be permitted to instruct the Analyst to withhold any information of a highly personal and confidential nature.

3. All .mov, .heic, .jpg, .bmp, or.png files created, modified, accessed, or added to the 2023 Laptop on September 23, 2023

Plaintiff objects for the same reasons as set forth in item 2, above, and requests the same limitation.

4. All Google Drive logs for September 23, 2023

Plaintiff does not object to this request.

5. Information regarding USB connection activity on the 2023 Laptop on or after July 1, 2023

Plaintiff's only objection is that any questions should be framed in terms of requesting facts, not opinions.

Respectfully submitted,

Francesca Gino
By her attorneys,

/s/ *Patrick J. Hannon*
Barbara A. Robb (BBO #639976)
Patrick J. Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
P: (617) 723-8000
F: (617) 447-2800
brobb@hmrhlaw.com
phannon@hmrhlaw.com
Attorneys for Plaintiff