**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| FRANCESCA GINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRESIDENT AND FELLOWS OF | ) | Case No. 1:23-cv-11775-MJJ |
| HARVARD COLLEGE, SRIKANT DATAR, | ) | |
| JOHN DOES 1-10, AND JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS AND
<u>REQUEST FOR URGENT STATUS CONFERENCE</u>**

Defendants President and Fellows of Harvard College and Srikant Datar (the "Defendants") move, pursuant to D. Mass. Local Rule 56.1 and this Court's inherent authority to manage its docket, to strike Plaintiff Francesca Gino's Statement of Additional Material Facts ("SAMF"), Doc. No. 249, filed in opposition to Defendants' motion for summary judgment.

## <u>INTRODUCTION</u>

Defendants filed their motion for summary judgment on June 23, 2026, in accordance with the Court's scheduling order. *See* Doc. No. 230. After Defendants assented to extend Plaintiff's opposition deadline to July 30 in exchange for a corresponding extension for Defendants' reply, which the Court granted, Doc. Nos. 244-45, Plaintiff filed her opposition brief and related filings

in the early morning of July 31.[1]  *See* Doc. No. 247.  On review, Defendants found that, in addition to her response to Defendants' 33-page statement of material facts, Plaintiff had filed a sprawling 94-page, 408-paragraph statement of additional facts, to which Plaintiff attached 146 exhibits, and which clocks in at nearly four times the length of her opposition to summary judgment.  *See* Doc. No. 249 ("SAMF").  Closer examination revealed a litany of deficiencies beyond sheer length: compound paragraphs; a plethora of immaterial facts and duplicative facts not genuinely in dispute, many of which are completely ignored in the opposition brief; incorrect exhibit citations; and wholesale disregard for Judge Joun's Standing Order.  Plaintiff's repeated failure to comply with the letter and spirit of the rules imposes an unreasonable burden on the Court and Defendants, and the SAMF should be stricken in its entirety.

## LEGAL STANDARD

Local Rule 56.1 provides that "[a] party opposing [a summary judgment] motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried."  D. Mass. Loc. R. 56.1.  "Local Rule 56.1 was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material."  *Brown v. Armstrong*, 957 F. Supp. 1293, 1297 (D. Mass. 1997), *aff'd*, 129 F.3d 1252 (1st Cir. 1997).  Courts of this District have imposed various sanctions for non-compliance, from "deem[ing] all facts set forth in Defendants' Fact Statement to be admitted," *id.* at 1298, to "disregard[ing] plaintiffs' submissions" "[t]o the extent that the additional facts are conclusory or go beyond the task of identifying 'material facts of record as to which it is contended that there

---

[1] Defendants did not receive an unsealed copy of Plaintiff's opposition brief until nearly 3:00 a.m. on July 31, and did not receive unsealed copies of Plaintiff's responses to Defendants' statement of facts, statement of additional facts, and exhibits until approximately 6:30 a.m. on July 31.

exists a genuine issue to be tried.'" *Kaiser v. Kirchick*, 662 F. Supp. 3d 76, 86 (D. Mass. 2023) (quoting D. Mass. Loc. R. 56.1). Beyond this District, federal courts have similarly stricken extraneous statements of additional fact for being "immaterial or irrelevant to the pending motion," "duplicative," or "unduly lengthy," *see Boring v. World Gym-Bishop, Inc.*, No. 06 C 3260, 2009 WL 703385, at *1-2 (N.D. Ill. Mar. 17, 2009), or have "ordered [plaintiffs] to re-submit an amended LR 56.1 Response" compliant with the applicable rules, *Tripathy v. McCloskey*, No. 21-CV-6584 (CS), 2024 WL 2135623, at *3 (S.D.N.Y. May 13, 2024).

This Court's Standing Order imposes additional requirements governing submissions of statements of fact and their accompanying exhibits. *See* Joun Standing Order Regarding Motion Practice (the "Joun Standing Order"). Pursuant to Joun Standing Order § D.1, both parties are instructed to "in the same document, list any additional material facts in support of its opposition, beginning with the number following the last number appearing in the moving party's statement of material facts." With regard to supporting exhibits, Joun Standing Order § F provides for exhibits to be filed "in chronological order, with a descriptive table of contents."

## ARGUMENT

Plaintiff's SAMF falls markedly short of the requirements set forth in the Local Rules and the Joun Standing Order, and in so doing imposes an unnecessary and undue burden on this Court and the Defendants. Defendants therefore request that Plaintiff's SAMF be stricken in its entirety.

### A. Plaintiff's SAMF Violates the Requirements That the Statement of Facts Be "Concise" and Be Set Forth in "Short Numbered Paragraphs"

Plaintiff's 94-page, 408-paragraph SAMF is anything but the "concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried" contemplated by Local Rule 56.1. Although the sheer length of the SAMF alone demonstrates that it violates the rule, this conclusion is further confirmed when considering that the Statement

3

of Undisputed Facts ("SUF") filed by Defendants, the moving party, is a mere 33 pages containing 165 numbered paragraphs, *see* Doc. No. 234 ("SUF")—meaning that Plaintiff's SAMF is nearly three times the length of Defendants' submission.[2] This entirely inverts the spirit of Rule 56.1; for instance, where other federal courts have set express limits on the length of parties' Rule 56.1 statements, they have afforded *the movant* more space than the opposing party. *See, e.g.*, N.D. Ill. Loc. R. 56.1(d)(5) (allowing a movant 80 numbered paragraphs in their statement of material facts, and an opposing party 40 numbered paragraphs of additional facts).

Courts routinely strike or order resubmission of Rule 56.1 statements that exceed any reasonable measure of conciseness—indeed, they have done so in response to submissions *shorter* than Plaintiff's submission here. *See, e.g.*, *Union Carbide Corp.*, 179 F.R.D. 425, 428 & n.4 (S.D.N.Y. 1998) (calling an 86-page, 116-paragraph statement of additional facts "outrageous," and rejecting it as "basically a compendium of the arguments plaintiff plans to make at trial, rather than a short and concise statement of facts"); *Goldstick v. The Hartford, Inc.*, No. 00 CIV. 8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (finding a 41-page response to defendant's 84 stated facts to be "a manifest evasion of the page limitation" governing plaintiff's opposition memorandum, and striking the excess); *Tripathy*, 2024 WL 2135623, at *1 (ordering plaintiff opposing summary judgment to re-submit an amended Rule 56.1 response where his first submission was over "356 pages long – over 14 times longer than Defendants' submission"). Plaintiff's 94-page SAMF presents an analogous circumstance to these cases, where federal courts deemed judicial intervention necessary.

---

[2] Additionally, while Defendants attached 69 exhibits in support of their motion for summary judgment, Plaintiff attached an additional 147 exhibits to her SAMF.

The inappropriate length of Plaintiff's SAMF is exacerbated by Plaintiff's consistent use of compound paragraphs that bundle multiple distinct propositions, each supported by separate citations, into single numbered entries. For example, SAMF ¶ 115 packs together at least five separate statements, each supported by a separate record citation, in a single paragraph. This violates the requirement of short, discrete numbered paragraphs set forth in Joun Standing Order § D.1. *Cf. Trimble v. All.-DeKalb/Rock-Tenn Co.*, 801 F. Supp. 2d 764, 768 (N.D. Ill. 2011) (disregarding paragraphs that "clearly fail to comply with the requirement . . . of 'short numbered paragraphs'"). Because of this disregard for the rules, both Defendants (in responding to Plaintiff's SAMF) and the Court (in reviewing it) must now undertake the additional work of parsing these compound paragraphs into their various components to sort through what is (i) fact, (ii) genuinely in dispute, and (iii) material. It is Plaintiff's obligation to do this work in the first instance.

### B. Plaintiff's SAMF Contains Facts That Are Duplicative and/or Irrelevant to Her Opposition.

Nor can Plaintiff claim that the supposed facts set forth in the SAMF were all necessary to include. Much of Plaintiff's SAMF is duplicative of facts already contained in Defendants' SUF—and indeed, of facts that Plaintiff *admitted* in her separately filed response.[3] For example, Plaintiff's SAMF ¶ 5 states that "Gino joined Harvard Business School ('HBS') as Associate Professor in July 2010 and was promoted to Full Professor with tenure in July 2014." This merely

---

[3] Plaintiff's exhibits suffer from the same deficiency. Plaintiff submits many exhibits identical to those already submitted by the Defendants. *Compare, e.g.*, Doc. No. 231-41, Defs.' Ex. 40 (HARV00022264), *with* Doc. No. 249-115, Pl.'s Ex. 184 (same Bates); Doc. No. 231-42, Defs.' Ex. 41 (HARV00022713, a Sep. 6, 2024 letter from the Hearing Committee to Respondent), *with* Doc. No. 249-41, Pl.'s Ex. 110 (non-Bates stamped version of same document). Indeed, in some instances, she even submits the same document *multiple times* as separate exhibits. *Compare* Doc. No. 231-35, Defs.' Ex. 34 (HARV00043127), *with* Doc. No. 249-15, Pl.'s Ex. 84 (same Bates); Doc. No. 249-112, Pl.'s Ex 181 (same Bates). This violates the requirements of Joun Standing Order § F that "parties shall cite to exhibits already filed, rather than filing duplicate copies" and "shall not submit additional identical copies with their subsequent filings."

restates facts Plaintiff admitted in SUF ¶¶ 2–3.  Similarly, SAMF ¶ 103's quotation that "HBS bears the burden of proof for making a finding of research misconduct" duplicates verbatim a portion of the quotation already set forth by Defendants in SUF ¶ 33.  These are not "additional" facts; they are undisputed facts already in the record that serve only to inflate the SAMF's length and needlessly increase Defendants' burden to respond.

Plaintiff's opposition brief confirms that much of the SAMF serves no discernible purpose other than to evade page limits and to preview anticipated trial arguments. Rather than citing specific paragraphs to support specific propositions, Plaintiff's brief cites sweeping, undifferentiated ranges of her SAMF, often by entire section and at times citing generally to over 100 paragraphs of supposedly "material facts" at once.  *See* Doc. No. 247 at 10 (citing "Pl. SAMF § IX.D (¶¶ 295–396)," a 101-paragraph range that amounts to additional argument relating to each of the research misconduct allegations); *id.* at 6 (citing "Pl. SAMF §§ I, VII," a range spanning at least six pages and 25 numbered paragraphs).  Not only are these "facts" cited by section difficult to locate given that Plaintiff's brief gives no page or paragraph number for where they start, but further, many of the additional "material facts" are plainly irrelevant to Plaintiff's case, as they are never cited in her Opposition brief.  *See, e.g.*, SAMF § 2 (spanning 5 pages and 19 paragraphs, none of which are referenced in her Opposition).  Adding to the confusion, some of Plaintiff's enumerated "facts" themselves incorporate ranges of other "facts"; for example, SAMF ¶ 240, subpart b cites "supra at ¶¶ 174–81."  This Court and the Defendants should not be required to weed through these broad ranges of "facts" to determine which are truly "material," genuinely in dispute, and relevant to her cited propositions.

**C.    The SAMF Contains Additional Facial Defects That Increase the Burden on This Court and the Defendants.**

Finally, other violations of the Local Rules and the Joun Standing Order pervade Plaintiff's SAMF, each of which creates undue burden on this Court and the Defendants.    These other deficiencies include:

1)    *Multiple Violations of Judge Joun's Standing Order.*  Plaintiff's SAMF and accompanying exhibits make no effort to comply with the procedures set forth in the Joun Standing Order.  First, under Joun Standing Order § D.1, additional facts must be stated "in the same document" as responses to the movant's statement of material facts, and must "begin[] with the number following the last number appearing in the moving party's statement of material facts."  Plaintiff instead filed her SAMF as a separate document from her response to Defendants' SUF and restarted her paragraph numbering at ¶ 1.  Second, Plaintiff's exhibits were not filed in chronological order and the accompanying table of contents provides no descriptions, in contravention of the requirements set forth in Joun Standing Order §§ D and F.  This violation of the rules is not immaterial: Plaintiff filed 146 exhibits with her SAMF.

2)    *Incorrect exhibit citations.*  Some of Plaintiff's exhibit citations are facially defective. For example, SAMF ¶ 7 cites "Ex. 151, ¶ 2" for the proposition that Gino relied on research assistants to prepare data.  But this citation is plainly in error.  Plaintiff's Ex. 151, *see* Doc. No. 249-82, is the deposition transcript of Harvard's Rule 30(b)(6) witness, which neither offers any support for this statement nor is organized by paragraphs.  Even where exhibits are correctly identified, a large number omit the "page references" required by Local Rule 56.1.  It is unreasonable to require the Court and Defendants to search through hundreds of exhibits to locate support that Plaintiff was obligated to cite with

7

specificity.  *See Yanovsky v. JPMorgan Chase*, No. 13-11426-RGS, 2014 WL 2986655, at *3 n.4 (D. Mass. July 2, 2014) (a court "has no independent obligation to ferret out facts that might defeat a motion for summary judgment").

        3)     *Argumentative facts.*  Many of Plaintiff's purported "facts" inject argument and characterization rather than stating facts.  For example, SAMF ¶ 240 and its four lettered subparts repeatedly characterize what HBS's Complainant "falsely argued," "falsely claimed," or acted "disingenuously."  Another paragraph consists only of a statement summing up prior paragraphs (with no citation).  *See* SAMF ¶ 354; *see also id.* ¶ 39 (providing no citation at all for the argument, not fact, that "Defendants' improper motives are evidenced in part by numerous false statements").  Such argumentative characterizations that have no place in a statement of material facts.  *See Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, 902 F. Supp. 2d 149, 153 (D. Mass. 2012) ("To the extent [plaintiff's] Statement does include statements that are not supported by citations to the record or merely reflect the arguments of counsel, this court has not credited them as facts."); *accord St. Paul Mercury Ins. Co. v. Hanover Ins. Grp., Inc.*, 823 F. Supp. 3d 177, 181 (D. Mass. 2026) ("[T]he latter is a legal conclusion drawn from that fact, which is left for the determination of the Court and simply does not belong in a statement of facts." (internal quotation marks and citation omitted)).

## **RELIEF REQUESTED**

For the foregoing reasons, Defendants respectfully request that the Court enter an order striking Plaintiff's SAMF in its entirety.  In addition, Defendants respectfully request a status conference with the Court as soon as possible regarding what response to the SAMF, if any, is to be filed alongside Defendants' Reply memorandum, and on what timeline.

Dated: August 4, 2026                    Respectfully submitted,

/s/ Douglas E. Brayley
Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Elena W. Davis (BBO# 695956)
Stephanie D. Porges (BBO# 703381)
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Elena.Davis@ropesgray.com
Stephanie.Porges@ropesgray.com

Laura G. Hoey (BBO# 650643)
ROPES & GRAY LLP
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Laura.Hoey@ropesgray.com

*Attorneys for Defendants President and Fellows of Harvard College and Srikant Datar*

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: August 4, 2026

*/s/ Douglas E. Brayley*
Douglas E. Brayley