**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FRANCESCA GINO,<br><br>            Plaintiff,<br><br>      v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, SRIKANT DATAR,<br>JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>            Defendants. | Civil Action No.  1-23-cv-11775-MJJ |

**PLAINTIFF'S MOTION FOR PARTIAL CLARIFICATION**

Plaintiff respectfully submits this motion to seek partial clarification of the Court's Order (Doc. No. 253), so that Plaintiff can ensure her renewed SAMF adequately addresses the Court's concerns.

1.      Length of SAMF. Defendants objected to the length of Plaintiff's Statement of Additional Material Facts on the grounds that it was not a "concise statement," within the meaning of LR 56.1. See Doc. No. 252 at 1-4. However, the Local Rules do not set a numerical limit to the pages or paragraphs of LR 56.1 statements, and caselaw provides little guidance on what constitutes a "concise statement." But see, e.g., In re Amitiza Antitrust Litig., No. CV 21-11057-MJJ, 2025 WL 4036635, at *3 (D. Mass. Oct. 29, 2025) (Joun, J.)[1] (citing Kaiser v. Kirchick, 662 F. Supp. 3d 76, 86 (D. Mass. 2023)). Judging conciseness based solely upon the length of

---

[1] In the Amitiza action, the paper containing the disputed additional facts and responses to the defendants' facts (Docket No. 509) was significantly longer in page number than Gino's filings, at 342 pages.

Plaintiff's SAMF is particularly tricky here, as Defendants' summary judgment motion places in issue multiple fact-intensive questions, such as whether her procedural rights were violated during the course of either of two separate internal proceedings at Harvard that each lasted nearly two years and involved five separate fact-intensive allegations of research misconduct.

Plaintiff respectfully requests that the Court clarify whether Defendants' objection about conciseness was one of the grounds for the Court's Order (Doc. No. 253). If so, Plaintiff would respectfully request that the Court provide guidance as to what length of the SAMF the Court may find to be more appropriate.

2.    Allegedly Compound Facts. Plaintiff's SAMF often included multiple sentences and citations within a single numbered paragraph. One such example is SAMF ¶ 115[2], which states:

> 115.    Notably, the Investigation Committee acknowledged that the raw study data from Qualtrics for the study in Allegation 3 was not available, Ex. 21, Investigation Committee Report at 23, and acknowledged that Gino had argued the Qualtrics data was necessary to evaluate whether the anomalies had resulted from RA error, or whether they were legitimate changes from data cleaning, etc. Ex. 21, Investigation Committee Report at 25. The Investigation Committee failed to mention that Gino's sole co-author, [*name*], whom the Investigation Committee found to be a "credible" witness, Ex. 21, Investigation Committee Report at 24, had told the committee that the Qualtrics data were "massively important" to the Investigation Committee's theory of falsification. Ex. 91 at 401, see also 398-399 (Ex. 7 to Investigation Committee Report at 17, see also 14-15) (Transcript of Investigation Committee Interview with [*name*], June 9, 2022).

Citing SAMF ¶ 115 as an example, Defendants objected that certain of Plaintiff's facts were improperly "compound." See Doc. No. 252 at 5. Defendants, however, offer no definition of what constitutes an improperly "compound" fact, and several examples from their own statement of

---

[2] The co-author's name in the block quote below was redacted in the version of the Investigation Committee's report and its exhibits previously filed on the docket (Doc. No. 20-5), so we omit it here.

facts seems to confirm that including multiple sentences and citations within a single numbered paragraph does not make it improperly "compound." See Def. SOF (Doc. No. 234) ¶¶ 30, 32-44 (combining assertions about the Interim Policy and the ORI Regulations).

Plaintiff respectfully requests clarification as to whether Defendants' compoundness objection was one of the grounds for the Court's allowance of Defendants' motion, and if so, that the Court provide guidance as to what constitutes improper compoundness.

3.    Allegedly Duplicative Facts. Defendants' also objected that her facts were improperly duplicative, offering SAMF ¶¶ 5 and 103 as examples. See Doc. No. 252 at 5-6. But SAMF ¶ 5 establishes that Gino's 2014 promotion made her a "Full Professor with tenure," which Defendants' SOF ¶¶ 2-3 did not say, and SAMF ¶ 103 quotes portions of the Interim Policy that Def. SOF ¶ 33 omitted, including the burden on HBS to prove intent. Thus, while Plaintiff's SAMF sometimes includes facts that appear in Defendants' statement, Plaintiff believes that doing so is most helpful to the Court because it helps elucidate the additional context and detail that Defendants' statement leaves out.

Plaintiff respectfully requests clarification as to whether Defendants' duplicativeness objection was one of the grounds for the Court's allowance of Defendants' motion, and if so, that the Court provide guidance as to what constitutes improper duplicativeness.

4.    Allegedly Argumentative Facts. Defendants objected that some of Plaintiff's facts were improperly "argumentative," such as SAMF ¶ 240, which characterizes various assertions as having been made "falsely." Plaintiff's view is that assertions of this nature describe reasonable

inferences that a jury could draw from the cited evidence and, thus, are appropriately stated by the non-moving party as "facts."[3]

Plaintiff respectfully requests clarification as to whether Defendants' argumentativeness objections were one of the grounds for the Court's allowance of Defendants' motion, and if so that the Court provide as to what constitutes improper argumentativeness.

<u>Conclusion</u>

Prior to filing this motion, Plaintiff's counsel reached out to Defendants' counsel to inquire as to their position on this motion, and they responded that Plaintiff may state in this motion: "Defendants have communicated that they disagree with certain assertions in the motion and take no position on the relief sought."

Wherefore, Plaintiff respectfully requests that this motion be allowed.

Dated: August 11, 2026                         Respectfully submitted,

                                               Plaintiff Francesca Gino,
                                               by her attorneys,

                                               */s/    Hampton M. Watson*
                                               Patrick J. Hannon (BBO# 664958)
                                               Hampton M. Watson (BBO #705983)
                                               Hartley Michon Robb Hannon LLP
                                               101 Federal Street, Suite 1810
                                               Boston, MA 02110
                                               Telephone: (617) 723-8000
                                               Facsimile: (617) 447-2800
                                               phannon@hmrhlaw.com
                                               hwatson@hmrhlaw.com

                                               *Attorneys for Plaintiff Francesca Gino*

---

[3] They are also material. For example, as Gino argues in her Opposition (Doc. No. 247 at 23-24), whether certain key witnesses made false statements is a genuine dispute of material fact relevant to pretext for Gino's discrimination and retaliation claims.

## Local Rule 7.1(a) Certification

I hereby certify that prior to filing this motion I conferred with counsel for Defendants, who stated they take no position on the relief requested, as explained above.

Dated: August 11, 2026

/s/ *Hampton Watson*
Hampton Watson