**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | ) | Civil Action No. 1:23-cv-11775-MJJ |

**DECLARATION OF JULIAN ACKERT**

I, Julian Ackert, hereby declare:

1. I am a Senior Managing Director at iDiscovery Solutions, Inc. (iDS), an expert services and consulting firm that provides independent computer forensics, electronic discovery expert testimony and analysis, original authoritative studies, and strategic consulting services to the business and legal community.

2. I have been retained by counsel for the President and Fellows of Harvard College and Srikant Datar (collectively, "Harvard") to provide my impartial professional analyses of and opinions on the forensic evidence of data files and emails relating to claims brought by Plaintiff Francesca Gino ("Gino") in this litigation as well as a counterclaim brought by Harvard.

3. I previously submitted an Expert Report in this action on May 27, 2026 (the "Initial Report"). *See* Doc. No. 222-1. My qualifications and background are set forth in my Initial Report. *Id.* ¶¶ 1–16.

4. I respectfully submit this Declaration in support of the President and Fellows of Harvard College's ("Harvard") Motion for Sanctions for Plaintiff's Manipulation, Concealment, and Spoliation of Evidence.

5. My opinions are based on the available forensic evidence and may evolve based on the production of new forensic artifacts. I reserve the right to update my report and opinions if new forensic evidence becomes available to me, if I am asked to perform additional analysis, or in response to any further submissions by Plaintiff in this matter.

## I. ADDITIONAL EVIDENCE TAMPERING AND DESTRUCTION ON PLAINTIFF'S 2023 LAPTOP

6. In my Initial Report, I reviewed the forensic evidence then available and reached several conclusions concerning activities related to two backdated files—the 2023 Cover-Up File and July 16 OG File—on Plaintiff's HBS Laptop, Black USB, and Google Drive that pertain to the study at issue in Allegation 4b.[1] I have since received additional evidence through the forensic search protocol agreed to by the parties in this action (the "Protocol") concerning a laptop Plaintiff purchased in 2023 (MacBook Pro, S/N: QF40X17WPC) (the "2023 Laptop").[2] I also understand

[1] The "HBS Laptop" refers to the laptop that Harvard issued Plaintiff in 2017. The "Black USB" is the USB device with serial number 21013403D7FFA005. "Allegation 4b" is one of the research misconduct allegations investigated by the HBS Investigation Committee and concerned a paper Plaintiff published in 2012 based on an experiment conducted in 2010. All undefined capitalized terms used in this report have the meanings ascribed to them in my Initial Report.

[2] I have received only some evidence from the 2023 Laptop because I understand the Protocol put in place a process whereby Defendants made requests to a third-party forensic neutral (the "Analyst") who provided files responsive to those requests, after those files had been reviewed by Plaintiff's counsel.

that Plaintiff has testified that [redacted]

7. The evidence from the 2023 Laptop reveals extensive activity with files and emails related to the study at issue in Allegation 4b throughout the afternoon and evening of September 23, 2023. As I discuss in detail below, I can conclude with a reasonable degree of forensic certainty that it is highly probable that Plaintiff, or someone acting at her direction, manually backdated the 2023 Cover-Up File and July 16 OG File on the 2023 Laptop. I have also found that, since September 23, 2023, Plaintiff or someone acting at her direction has engaged in anti-forensic activities on the 2023 Laptop to delete evidence from the record that have impeded my investigation into the method she used to backdate the file system metadata of the 2023 Cover-Up File and July 16 OG File.[3]

## II. PLAINTIFF'S ACTIVITIES ON THE 2023 LAPTOP ON SEPTEMBER 23, 2023

8. Over the course of September 23, 2023, the 2023 Laptop was used to interact with a number of emails and datasets related to Allegation 4b. The pattern of these interactions, as well as the names of the files interacted with, indicate that Plaintiff, or someone acting at her direction, not only created and manually backdated the 2023 Cover-Up File and July 16 OG File that day, but also engaged in a sustained effort over the course of the afternoon and evening to document when Plaintiff had received emails from her research assistant in 2010 and to review, using

[3] File system date/time metadata is recorded by a computer's operating system, while application metadata, like the Microsoft Excel metadata discussed herein, is recorded by a program or application on the computer.

sophisticated forensic techniques including Terminal[4] commands and the unzipping of Excel files, the metadata of datasets to determine when they had been created and/or modified. Taken together, the forensic evidence from the 2023 Laptop bolsters my opinions in my Initial Report that both the 2023 Cover-Up File and July 16 OG File were manually backdated on September 23, 2023 to appear as though they were files created in 2010.

9. I identified the following relevant activities during my review of the forensic evidence received from the 2023 Laptop to date:

a. From 2:38 to 2:47 p.m., record changed metadata[5] for five numbered email files (1.eml; 14.eml; 3.eml; 4.eml; 5.eml), which I understand are emails from July 2010 that Plaintiff's former research assistant provided to Harvard during the research misconduct process, indicates that those email files were accessed on the 2023 Laptop.[6] A review of the emails Plaintiff exchanged with her research assistant would establish when Plaintiff received raw research data from the research assistant in July 2010.

b. At 4:56 p.m., a Microsoft Word document with filename "Timing of Allegation 4b Emails" was created, and this file first appeared on the 2023 Laptop at 5:04 p.m.[7] Based on the file system Last Modified metadata, this file was saved at 5:04 p.m. and then uploaded from the 2023 Laptop to the Google Drive associated with the

[4] In my Initial Report, I explained that Terminal is a built-in utility included in Mac OSX, which allows knowledgeable users (who can find the application in Mac system utility folders) to execute command-line prompts to accomplish all sorts of tasks, *including modifying metadata*. *Id.* ¶ 47.
[5] Record changed is a metadata value that tracks when there is a change to the metadata values of a file in the file system catalog. Record changed can indicate an interaction with the file, even if the file contents are not accessed, opened, or viewed.
[6] HARV00007401.
[7] I have been unable to review this document because Plaintiff has withheld it as privileged. *See* Privilege Log (Jun. 3, 2026).

email address francescabgino@gmail.com.[8] The file name of this document indicates that Plaintiff, or someone acting at her direction, took a step beyond merely reviewing the emails and created a chronology of her communications with her research assistant in July 2010.

c. At 5:08 p.m., the Microsoft Office registration database on the 2023 Laptop recorded a Microsoft Excel file named "Taxstudy.xlsx" being opened. At that time, the file was located on the Black USB.[9] The content of this file at the time it was opened cannot be determined.

d. A minute later, file system accessed metadata and Microsoft Office registration database on the 2023 Laptop both record that the file "Tax Study STUDY 1 2010-07-13.xlsx", which has the same filename as Document #6 and is an MD5 hash duplicate, was opened.[10] This file contains the modified data.

e. At 5:13 p.m., "Taxstudy.xlsx" on the Black USB was saved by "Gino, Francesca," based on the file system Last Modified metadata.[11] This file contains the modified data, but its file system metadata do not exhibit any forensic indicia of manual backdating. The sequence of files being opened and saved up to this point is

[8] This information is based on the metadata for file 16-2024117 in the Analyst report "20260526-Request 4 Int Dates 20260601.xlsx", along with the record with timestamp [redacted]

[9] This information is based on the two records with "ID" value 679748 in the Analyst report "20260526-Requests_2_Office_REG_Redacted.PDF."

[10] This information is based on the three records with "ID" value 665071 in the Analyst report "20260526-Requests_2_Office_REG_Redacted.PDF", and the metadata for file 16-488439 in the Analyst report " 20260526-Request-1-Tax_Study_Files_Metadata-REDACTED.xlsx."

[11] I referred to this file as Copy #3 in my prior report. Initial Report ¶ 52.

consistent with the modified data being copied into "Taxstudy.xlsx" during this five minute window.

f. At 5:16 p.m., the 2023 Cover-Up File was last saved on the Black USB by "Gino, Francesca." Initial Report ¶ 53. The 2023 Cover-Up file also contains modified data and, as previously discussed, exhibits manually backdated file system metadata. Initial Report ¶¶ 46–48.

g. At 5:31 p.m., the lid of the HBS Laptop was opened for the first time on September 23, 2023. Initial Report ¶ 56.

h. At 5:32 p.m., the 2023 Cover-Up File was copied from the Black USB to the directory that contained Document #3 on the HBS Laptop, and as part of that process, Document #3 was overwritten and permanently deleted by the 2023 Cover-Up File. Initial Report ¶¶ 56–59. I can conclude to a reasonable degree of forensic certainty that Plaintiff or someone acting at her direction manually backdated the 2023 Cover-Up File at some point between 5:16 p.m. and 5:32 p.m. because the backdating overwrote the file system Last Modified metadata to make it appear as though the file had been last modified on July 17, 2010, rather than on September 23, 2023 at 5:16 p.m. The backdating must have occurred on the 2023 Laptop before the 2023 Cover-Up File was copied to the HBS Laptop because there is no evidence of any activity on the HBS Laptop on September 23, 2023 other than the activities described herein.

i. At 5:36 p.m., Terminal was opened on the 2017 Laptop, and a single command was entered: mdls /Users/fgino/Documents/Work\ In\ Progress/Max\ Bazerman/Tax\ study/Tax\ Study\ STUDY\ 1\ 2010-07-13.xlsx. Initial Report ¶ 60. This command

sought the metadata for Document #6. *Id.* I have reviewed all produced Terminal log commands for the 2017 Laptop and the 2023 Laptop. I do not see any instances where the "mdls" command was used at any other time. This means that the individual who ran this command at this time was not only *specifically interested* in metadata for Document #6, but the use of the "mdls" command is *unique* to September 23, 2023 in the produced Terminal log data.

j. After this command was entered, the lid of the HBS laptop was closed at 5:46 p.m. and there was no further activity on that device on September 23, 2023. Initial Report ¶ 63.

k. At 7:45 p.m., file system record changed metadata on the 2023 Laptop records that the file "Tax Study STUDY 1 2010-07-13.xlsx", which has the same filename as Document #6 and is a redline duplicate, was accessed.[12] This file contains the modified data.

l. At 8:11 p.m., the Microsoft Office registration database on the 2023 Laptop records that a file named "Taxstudy.xlsx" was opened.[13] The content of this file at the time it was opened cannot be determined.

m. The July 16 OG File was uploaded to Plaintiff's Google Drive account at 8:16 p.m. *Id.* at ¶ 68. Based on the Google Drive logs from the 2023 Laptop for September

[12] This information is based on the metadata for file 16-2019922 in the Analyst report " 20260521-Requests_5.1_Tax_Study.xlsx." The file "Tax Study STUDY 1 2010-07-13.xlsx" and Document #6 are not MD5 hash duplicates, but a comparison of the content of the documents shows no differences. As such, they are redline duplicates.

[13] This information is based on the two records with "ID" value 675548 in the Analyst report "20260526-Requests_2_Office_REG_Redacted.PDF." At the time it was opened, the file was located at \Data\Users\fgino\Documents\Work In Progress\Max Bazerman\Tax study.

23, 2023, I have now confirmed that the July 16 OG File was uploaded to Google Drive from the 2023 Laptop.

10. The sequence of events recorded by the 2023 Laptop and HBS Laptop during the roughly forty minute period from 5:08 p.m. to 5:46 p.m. is consistent with Plaintiff, or someone acting at her direction, copying modified data into and backdating the metadata of a version of "Taxstudy.xlsx" in order to create the 2023 Cover-Up File on the 2023 Laptop and then transferring it to the HBS Laptop. The sequence of events recorded on the 2023 Laptop during the roughly thirty minute period from 7:45 p.m. to 8:15 p.m. is also consistent with Plaintiff, or someone acting at her direction, creating the July 16 OG File on the 2023 Laptop and then uploading it to her Google Drive.

11. As I explained in my Initial Report, the Cloud Modified metadata for the July 16 OG File on Google Drive has been manually backdated to July 16, 2010 at 4:30 p.m. Initial Report ¶ 66. The version of the July 16 OG File on the 2023 Laptop has identical backdated file system Last Modified metadata of July 16, 2010 at 4:30:00 p.m., as I indicated would be the case. Initial Report ¶ 66.

12. The July 16 OG File present on the 2023 Laptop has an additional metadata field not available in the version on Plaintiff's Google Drive: file system Created metadata of July 13, 2010 at 6:43:00 p.m.[14]

13. None of the unmodified datasets described in my Initial Report (*i.e.*, Document #s 1, 2, 3, or 5) had a file system Created date of July 13, 2010. Document #s 1, 2, and 5 are attachments to emails and have no file system Created metadata because they were attached to

[14] During the upload process, Google Drive does not retain the file system Created metadata field, instead replacing it with the Cloud Created metadata showing when the file came to exist on the Google Drive platform.

emails sent from [redacted] to Plaintiff.[15] Initial Report ¶¶ 26, 27, 30. Document #3, which was an attachment that was downloaded from an email, had file system Created metadata of July 17, 2010 at 6:43:30 p.m. *Id.* ¶ 28.

14. Taking the Created and Last Modified dates of the July 16 OG File together, this file was backdated to make it appear as if the file was created immediately *after* Plaintiff received Document #1 from [redacted] on July 13 at 5:50 p.m. and last saved immediately *before* Plaintiff received Document #3 from [redacted] at 4:57 p.m. on July 16.

15. Thus, in addition to my conclusion in my Initial Report that the Cloud Modified metadata for the July 16 OG File was manually backdated, I can now conclude to a reasonable degree of forensic certainty that *both* the file system Last Modified *and* Created metadata of the July 16 OG File were manually backdated prior to the file being uploaded to Google Drive from the 2023 Laptop at 8:16 p.m.

16. At 8:28 p.m., the 2023 Laptop recorded Last Modified data for a directory named "Taxstudy07162010," which I understand is a folder named the same as a version of Document #5.[16] The contents of this directory are XML files with names that indicate they are components of a Microsoft Excel file.[17] Microsoft Excel files contain XML file components that are often analyzed by forensic professionals. In my experience, a user unzips an Excel file to conduct

---

[15] An attachment to an email is stored within an email message, not directly on the file system as an individual file. As such, the attachment itself does not have its own file system created date or file system modified date metadata, unless it is downloaded from within the email message to the file system as an individual file.

[16] "Taxstudy07272010," is the filename of the version of Document #5 that [redacted] provided to Harvard during the research misconduct process. "Taxstudy07272010" is an MD5 hash duplicate of Document #5.

[17] This information is based on the records in the Analyst report "20260526-Request_3_FS_Dates_Redacted.xlsx" with "FS Modified" timestamps "2023-09-23 20:28:06" through "2023-09-23 20:28:14."

forensic analysis, including but not limited to date and time metadata analysis, for the file. However, it is highly unusual for a non-forensic professional to know that the XML components can be unzipped from the Microsoft Excel file. Based on my experience with forensic analysis of Microsoft Excel files, I can conclude to a reasonable degree of forensic certainty that the user had unzipped Document #5 to review the XML files that make up a modern Microsoft Excel file for date and time metadata analysis.

17. A few minutes later, the 2023 Laptop recorded Last Modified data for another directory "Taxstudy07272010," which I understand to be a version of Document #3.[18]

## III. RELEVANT EVIDENCE HAS BEEN DELETED FROM THE 2023 LAPTOP.

18. In my review of the forensic discovery from the 2023 Laptop, I have identified two instances of evidence deletion, in addition to the overwriting of Document #3 with the 2023 Cover-Up File on the HBS Laptop on September 23, 2023, and file manipulation shown in the backdating of the 2023 Cover-Up File and July 16 OG File. First, I located [redacted].[19] Second, the Analyst reported that the [redacted], days before the 2023 Laptop was imaged for forensic examination. The [redacted] is especially troubling because it came to light

[18] This information is based on the records in the Analyst report "20260526-Request_3_FS_Dates_Redacted.xlsx" with "FS Modified" timestamps "2023-09-23 20:31:58" through "2023-09-23 20:32:08." "Taxstudy07162010" is the filename of the version of Document #3 that [redacted] provided to Harvard during the research misconduct process. "Taxstudy07162010" is an MD5 hash duplicate of Document #3.

[19] [redacted]

only after [redacted]

**A.** [redacted]

19. [redacted].

20. [redacted]

21. [redacted]

22. [redacted]

---

20 [redacted]

**B.** [redacted]

23. [redacted] Specifically:

a. [redacted]

b. The forensic search protocol required that the Analyst submit forensic data to Plaintiff's counsel for review before it was provided to me. As such, the potential existence of privileged or personal information [redacted] was not a permissible basis on which to delete the data.

24. This now-documented pattern of evidence deletion has improperly impeded my forensic analysis.

## IV. PLAINTIFF'S ANTI-FORENSIC ACTIVITIES ON THE 2023 LAPTOP HAS IMPEDED INVESTIGATION INTO THE METHOD USED TO BACKDATE THE 2023 COVER-UP FILE AND JULY 16 OG FILE.

---

[redacted]

25. As explained in my Initial Report in relation to the 2023 Cover-Up File, I can conclude to a reasonable degree of professional certainty that it is likely that Plaintiff, or someone acting at her direction, used Terminal on the 2023 Laptop to manually backdate the metadata of the July 16 OG File. Initial Report ¶ 46. The difference of 30 seconds between the Date Modified Times for Document #3 and the 2023 Cover-Up File is consistent with using Terminal to modify the 2023 Cover-Up File to appear to have the same file system Date Modified of Document #3, but failing to specify an optional seconds value. In those circumstances, as appears to have happened here, the relevant Terminal command would default the Modified Date seconds value to 00 (that is, to 6:43:00 p.m.). *Id.* ¶ 47.

26. I have now received and reviewed the available Terminal logs from the HBS Laptop and 2023 Laptop but have not identified any logs showing modification of file system metadata. While the available logs do not establish that Terminal was used to modify metadata, the other forensic evidence described above—including the user's demonstrated ability to access and use Terminal on the HBS Laptop, as well as the inspection of Excel XML files on the 2023 Laptop—is consistent with the level of technical sophistication required to examine metadata and execute manual metadata backdating via Terminal.

27. Moreover, the available forensic evidence shows that, since September 23, 2023, Terminal has been used on the 2023 Laptop to engage in anti-forensic activities, and, given this evidence, it is possible that the relevant logs were deleted or session history was cleared using Terminal commands during the period between September 23, 2023 and when the image of the 2023 Laptop was taken in May 2026.

28. Because deleting the logs or clearing session history would not necessarily be recorded in the Terminal log or elsewhere in the Mac OS and because Plaintiff has engaged in a

documented pattern of evidence deletion from the 2023 Laptop, I cannot rule out that the relevant log or logs showing the alteration of the file system metadata of the 2023 Cover-Up File and July 16 OG File were deleted from the 2023 Laptop prior to it being imaged.

Dated: September 11, 2026

Respectfully submitted,

*/s/*

Julian Ackert

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: September 11, 2026

*/s/ Elena W. Davis*
Elena W. Davis

*Counsel for Defendant President and Fellows of Harvard College*