# EXHIBIT 12

ROPES & GRAY

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

Douglas E. Brayley
T +1 617 951 7119
douglas.brayley@ropesgray.com

October 21, 2024

**BY E-MAIL**

Julie Sacks
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001

Re: *Francesca Gino, v. President and Fellows of Harvard College, et al.*, No. 23-cv-11775 (D. Mass)—Preservation Notice

Dear Julie,

We have severe concerns regarding Professor Francesca Gino's ("Plaintiff") compliance with her obligation to preserve records and documents relevant to the ongoing federal court litigation, specifically surrounding documents and data stored on Plaintiff's physical devices and the various cloud storage platforms she utilizes. Your client recently disclosed—for the first time—the existence of numerous data storage devices and services that were not provided to Harvard in connection with the earlier research misconduct process.

Moreover, we have determined that Plaintiff has used or has had access to additional physical devices and cloud storage platforms beyond those she recently disclosed. For example, Plaintiff used a USB Device that was connected to Plaintiff's primary laptop in September 2023, after the sequestration of files in connection with the HBS investigation and after the instant litigation was filed, which likely facilitated the replacement of a highly relevant dataset. This replacement purged the original and accurate dataset with modified data and Plaintiff, or a person working at her direction, appears to have corrupted the evidentiary record by incompletely modifying the metadata.

As you are aware, your client has a duty to preserve and not alter relevant documents and data. This duty applied to her as soon as she received the notice of inquiry from Harvard Business School's research integrity officer Alain Bonacossa on October 27, 2021, certainly continued through her initiation of federal court litigation, and still applies to this day. If Plaintiff acted or acts in any way with the intent to deprive (or effect the depriving) the fact-finder of relevant evidence, we reserve the right to insist that the Court "presume that the lost information was unfavorable" and to "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2). Further, Plaintiff's failure to abide by her preservation obligations could result in additional collateral penalties and could form the basis of legal claims for spoliation.

For avoidance of doubt, we hereby demand that Plaintiff preserve and retain, and refrain from further altering, deleting, destroying, concealing, or discarding, any materials, or data within Plaintiff's possession, custody, or control, including physical devices, websites, blogs, and cloud storage platforms, from all locations, including the following devices, websites, and platforms that have been identified to date through disclosures, comments, or forensic artifacts.

1. **USB and External Hard Drive Devices, including**:
    a. Black, unlabeled USB device used by Plaintiff bearing serial number 21013403D7FFA005;
    b. MicroCenter USB device used by Plaintiff bearing serial number 067308185030;
    c. USB device with the HBS logo used by Plaintiff bearing serial number 0B7E18851060;
    d. SimpleTech USB device used by Plaintiff with serial number 0196019921036;
    e. Western Digital 1 TB external hard drive device used by Plaintiff bearing serial numberWXG2AC0AZCUK; and
    f. Any additional USB and external hard drive devices not otherwise identified here which may contain potentially relevant materials.
2. **Computers, including**:
    a. Apple MacBook Pro - Serial# C02T2CB6GTF1 issued January 2017;
    b. Macbook Pro - Serial# F5KNG0HAF694 issued June 2020;
    c. Dell Latitude E4310 - Serial# C98V0P1 issued January 2011;
    d. Macbook Pro 15" issued Apr 2011;
    e. Apple Mac Pro - Serial# C02MR2DMFD59 issued September 2014;
    f. Surface Pro - Serial# 12153273153 issued October 2017;
    g. Apple MacBook Air- Serial# C02XQ15WJK7M Issued January 2018;
    h. Macbook Pro - Serial# W9CRXWL99M Issued March 2020;
    i. University of North Carolina at Chapel Hill ("UNC") Computer – Used while at UNC, prior to January 2011;
    j. Unknown computer used at UNC;
    k. Unknown computer used at HBS until February 2017;
    l. Unknown computer used in September 2023; and
    m. Any additional computers not otherwise identified here which may contain potentially relevant materials.
3. **Any and all Time Machine backups of computers which may contain potentially relevant materials.**
4. **Cloud Accounts, including**:
    a. Google Drive for francescabgino@gmail.com;

b. Back Blaze file archive account;

c. hbsbehavioralresearch@gmail.com;

d. iCloud account for Francesca Gino (fgino@me.com);

e. VIBER account; and

f. Any and all cloud accounts which may contain potentially relevant materials.

5. **All machines with the following MS Office user account registrations and all documents created, saved, or modified using the following MS Office user account registrations should be preserved, including**:

a. Francesca  Gino [two spaces];

b. Francesca Gino [one space]; and

c. Gino, Francesca.

6. **Any other devices (including devices belonging to Plaintiff's spouse) that have been used in connection with matters relevant to this litigation and contain potentially relevant materials, including, but not limited to, the following**:

a. iPad 9 – Apple iPad Pro 11-inch Wi-Fi, serial number DMPZ4036KD8W; and

b. iPad Air Wi-Fi, Cellular, serial number DLXMMOBRFKYC.

7. **Devices associated with Apple ID fgino@me.com, identified during forensic analysis, including**:

a. Device named Gregory's iMac;

b. Device named (or containing serial number) C02FD3Q3MD6R;

c. Device named Ardbeg;

d. Device named fgino-mba-d;

e. Device named ossus;

f. Device named Gregory's iPhone;

g. Device named Gino, Francesca's iPad;

h. Device named bos-mp31j;

i. Device named Greg's MacBook Pro;

j. Device named Francesca's iPhone;

k. Device named Gregory's iPad;

l. Device named ardbeg (2);

m. Device named 70cd60f2ada3; and

n. Device named catseye.

8. **Devices containing the following volume labels, as identified during forensic analysis**:

a. NO NAME;

b. DISK_IMG;

c. KINGSTON;

d. SE9;

e. Hard Drive;

f. Hard Drive-1; and

g. WD-Drive.

9. **Devices containing the following computer/host names**:

a. Fgino-mbp; and

b. Fgino-mbp-d.

10. **Post-sequestration full image, including a non-redacted full image, of Plaintiff's personal devices.**

11. **Any and all websites or blogs, including a complete original copy of all articles and posts to www.francesca-v-harvard.org.**

This may include, but would not be limited to, discontinuing all data destruction and backup tape recycling policies, and implementing the preservation of emails and attachments (e.g., by placing emails in e-folders) sent or received through online email account providers that would otherwise be auto-deleted pursuant to the account provider's policies.

With regard to electronic data created subsequent to the date of this letter, relevant evidence should not be destroyed, and you and Plaintiff are to take the appropriate steps required to avoid destruction of such evidence. Please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

If this correspondence is in any way unclear, please contact me immediately. Thank you for your attention to this matter.

Best regards,

Doug E. Brayley

Douglas E. Brayley

cc: Tim Macht
Brian Mogck