# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | ) | Case No. 1:23-cv-11775-MJJ |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendants President and Fellows of Harvard College and Srikant Datar (together, "Harvard") respectfully request that Francesca Gino produce responses to the following Interrogatories to the offices of Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, Massachusetts, 02199, within 30 days of receipt.

## DEFINITIONS

1. "Action" means the above-captioned action filed in the U.S. District Court for the District of Massachusetts, entitled *Gino v. President and Fellows of Harvard College, et al.*, Case No. 1:23-cv-11775-MJJ.

2. "Person(s)" means any natural person or any business, legal, or governmental entity or association.

3. “SAC” and “Complaint” mean the Second Amended Complaint filed in this Action (Doc. No. 85) on November 14, 2024.

4. “HBS” means Harvard Business School.

5. “Misconduct Disciplinary Action” means any and all disciplinary actions HBS imposed on Plaintiff as a result of HBS’ determination that Plaintiff committed research misconduct.

6. “Communication(s)” means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, without limitation, written, oral, or electronic transmissions, records and memoranda to file, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including emails, Telegram messages and posts, text messages, instant messages, iMessages, Microsoft Teams messages, Slack messages, Signal messages, WhatsApp messages, posts on electronic bulletin boards, social media, or any other electronic or physical medium).

7. “Document(s)” is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (“ESI”), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or nonidentical copy is a separate document within the meaning of this term.

8. “Data Colada” refers collectively to Uri Simonsohn, Joe Simmons, and Leif Nelson.

9. “Francesca v Harvard Website” means the website created by Plaintiff located at the web address https://www.francesca-v-harvard.org/.

10. The term “Identify” when used with a person means to give to the extent known, the person’s full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

11. “Interim Policy and Procedures” means the HBS Interim Policy and Procedures for Responding to Allegations of Research Misconduct.

12. “Investigation Committee” means the committee comprising three senior HBS faculty members that investigated allegations of research misconduct against Plaintiff.

13. “Paragraph” means a paragraph of the Complaint.

14. The terms “regard,” “reflect,” “refer,” “relate,” “concern,” “regarding,” “reflecting,” “referring,” “relating,” or “concerning” shall be construed to mean information referring to, attesting to, describing, reflecting, evidencing, constituting, manifesting, or otherwise discussing the subject matter identified in a Request.

15. The phrase “State the basis” means:

1. identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

2. identify each and every Communication which forms any part of the source of information regarding the alleged facts or legal conclusions referred to by the Interrogatory;
3. state separately the acts or omissions on the part of any person (identifying the acts or omissions by stating their nature, time, and place and identifying the persons involved) which form any part of the information regarding the alleged facts or legal conclusions referred to in the Interrogatory; and
4. state separately any other fact which forms the basis of the information regarding the alleged facts or conclusions referred to in the Interrogatory.

16. The terms "You," "Your," and "Plaintiff" mean Francesca Gino and all of her agents, assigns, representatives, attorneys, advisors and other persons acting for or on her behalf.

17. To the extent necessary to bring within the scope of the requests contained herein any document that might otherwise be construed to be outside their scope: (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the words "all," "any," and "each" shall each be construed as encompassing any and all; (d) the singular includes the plural and the plural the singular; and (e) masculine pronouns denote the correlative feminine and gender neutral pronouns and vice versa.

## INSTRUCTIONS

A. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

B. If any information responsive to any of the Interrogatories contained herein is claimed to be privileged or otherwise protected from discovery in whole or in part, identify each person who has knowledge of such information or to whom such information has been

communicated, and state with particularity the nature and basis of the claim of privilege in sufficient detail to permit the Court to adjudicate the validity of such a claim.

C. If any of the Interrogatories contained herein are claimed to be objectionable, then: (a) identify the portion of such Interrogatory that is claimed to be objectionable, and state the nature and basis of the objection with sufficient particularity and in sufficient detail to permit the Court to adjudicate the validity of the objection; (b) identify any information withheld from production pursuant to such objection with sufficient particularity and in sufficient detail to permit the Court to determine that the information falls within the scope of such objection; and (c) answer so much of each Interrogatory as is not claimed to be objectionable.

D. The Interrogatories contained herein shall be deemed continuing, and Plaintiff is required to supplement the answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

E. In preparing answers to these Interrogatories, Plaintiff shall inquire of all persons from whom Plaintiff is reasonably able to obtain information who have or may have information to answer the Interrogatories. If Plaintiff does not inquire of all such persons, Plaintiff shall identify the person not consulted and, as to each such person, state the reason why that person was not consulted.

## INTERROGATORIES

1. For each count in Your Complaint, Identify all Persons with knowledge about that count, including facts and circumstances related to it, and the subject and sources of each such Person's knowledge.

2. Identify all specific provisions, paragraphs, or other terms of any contract(s) that Harvard allegedly breached, including the dates of the alleged breaches and each of Harvard's

actions or inactions that allegedly breached the contract(s) and the dates of such actions or inactions.

3. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 6 that Harvard "negotiated an agreement with Data Colada."

4. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 13 that "the results of Harvard Business School's investigation 'report' were disclosed to Data Colada."

5. Identify all of the "potential witnesses" You alleged that You contacted in Paragraph 152.

6. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 334 that Plaintiff "was subject to an unfair and biased investigation, denied the presumption of innocence, and required to bear the burden of disproving the allegations against her."

7. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 185 that "Dean Datar's office contacted a female professor and plaintiff's colleague and asked her to 'counsel out' Plaintiff."

8. State the basis of and Identify all witnesses with knowledge concerning Your allegations in Paragraph 186 about the supposed "counseling out" of other faculty members.

9. State the basis of and Identify all witnesses with knowledge concerning every instance in which You claim that Harvard treated You less favorably than similarly situated male faculty members, including but not limited to the alleged circumstances in Paragraph 253 concerning a "male junior professor," in Paragraph 260 concerning "another male associate

professor," and in Paragraphs 270-72 and 274 concerning Marc Hauser, Laurence Tribe, Charles Ogletree, Andrei Shleifer, John Comaroff, Jorge Dominguez, and Gary Horton.

10. State the basis of and Identify all witnesses with knowledge concerning Your allegations in the Complaint that Harvard treated female faculty members less favorably than similarly situated male faculty members, including Your allegations in Paragraph 263 concerning "a female professor, 'Jane Roe'" and "a second case involving allegations against an HBS female professor's purported violations of the so-called 'colleagueship standard.'"

11. Identify each Person with knowledge concerning the Francesca v Harvard Website and any statements or claims made on the Francesca v Harvard Website at any time.

12. Provide an itemized description of all damages, including monetary amounts, that You claim to have incurred as a result of the acts alleged in the Complaint for which You seek recovery against Harvard, including the manner in which such amount has been calculated and the specific basis and support for said amount, and describe any non-economic damages You claim.

13. Identify each physician, psychiatrist, psychologist, social worker or other health care provider or facility that You visited, consulted, or received treatment from concerning any physical or emotional condition or symptoms You allege to have suffered as a result of the events alleged in the Complaint.

14. Identify all devices, external drives, and cloud storage platforms on which You have ever stored data or other materials in connection with the four studies investigated by the Investigation Committee

15. Identify each Person with knowledge concerning Your storage of data or other materials in connection with the four studies investigated by the Investigation Committee.

16. Identify all Documents and exhibits You intend to rely upon or seek to introduce at any deposition, trial or hearing in this Action.

17. Identify each Person, other than a Person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that You have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that Person.

Dated: April 18, 2025

Respectfully submitted,

*/s/ Douglas E. Brayley*

Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Elena W. Davis (BBO# 695956)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Elena.Davis@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2025, a true copy of the above document was served by electronic means upon counsel of record for all parties.

Dated: April 18, 2025

*/s/ Elena W. Davis*
Elena W. Davis