# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-11775-MJJ |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendants President and Fellows of Harvard College and Srikant Datar (together, "Harvard") hereby request that Plaintiff respond to these document requests ("Requests") and make available for inspection and copying the following documents at the offices of Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, Massachusetts, 02199, within 30 days of service.

**DEFINITIONS**

1. "Action" means the above-captioned action filed in the U.S. District Court for the District of Massachusetts, entitled *Gino v. President and Fellows of Harvard College, et al.*, Case No. 1:23-cv-11775-MJJ.

2. "Person(s)" means any natural person or any business, legal, or governmental entity or association.

.

3. “SAC” and “Complaint” mean the Second Amended Complaint filed in this Action (Doc. No. 85) on November 14, 2024.

4. “HBS” means the Harvard Business School of Harvard University.

5. “Misconduct Disciplinary Action” means any and all disciplinary actions HBS imposed on Plaintiff as a result of HBS’ determination that Plaintiff committed research misconduct.

6. “Communication(s)” means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) through any medium, including, without limitation, written, oral, or electronic transmissions, records and memoranda to file, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including emails, text messages, instant messages, iMessages, Microsoft Teams messages, Slack messages, Signal messages, WhatsApp messages, posts on electronic bulletin boards, social media, or any other electronic or physical medium).

7. “Document(s)” is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (“ESI”), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or nonidentical copy is a separate document within the meaning of this term.

8. “Data Colada” refers collectively to Uri Simonsohn, Joe Simmons, and Leif Nelson.

9. "Francesca v Harvard Website" means the website created by Plaintiff located at the web address https://www.francesca-v-harvard.org/.

10. "Interrogatories" means any Interrogatory or set of Interrogatories served on Plaintiff in this matter.

11. "Investigation Committee" means the committee comprising three senior HBS faculty members that investigated allegations of research misconduct against Plaintiff.

12. The terms "regard," "reflect," "refer," "relate," "concern," "regarding," "reflecting," "referring," "relating," or "concerning" shall be construed to mean information referring to, attesting to, describing, reflecting, evidencing, constituting, manifesting, or otherwise discussing the subject matter identified in a Request.

13. "You," "Your," and "Plaintiff" mean Francesca Gino and all of her agents, assigns, representatives, attorneys, advisors and other persons acting for or on her behalf.

14. To the extent necessary to bring within the scope of the requests contained herein any document that might otherwise be construed to be outside their scope: (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the words "all," "any," and "each" shall each be construed as encompassing any and all; (d) the singular includes the plural and the plural the singular; and (e) masculine pronouns denote the correlative feminine and gender neutral pronouns and vice versa.

## INSTRUCTIONS

A. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

B. Unless otherwise specified, each Request herein requests production of any responsive Document within Your custody or control, including without limitation Documents that

were generated, prepared, received, delivered, used, reviewed, exchanged, or distributed or otherwise came into existence on (1) Your Harvard-issued MacBook Pro laptop bearing the serial number C02T2CB6GTF1; (2) Your USB drives with the serial numbers 0B7E18851060, 067308185030, and 21013403D7FFA005; (3) Your external hard drive with the serial number WXG2AC0AZCUK; (4) Your Google Drive, Dropbox, and OneDrive accounts; (5) Your Mac Pro desktop computer with the serial number F5NG0HAF694; (6) Your Qualtrics account; and (7) any other hard drives, solid state disks, removable storage devices, cloud storage, written or paper records, or other electronic or physical storage media.

C. All document production shall be in electronic format pursuant to the Stipulation and Proposed Order for the Production of Documents and ESI to be agreed upon by the parties.

D. A request for a document shall be deemed to include a request for drafts, transmittal sheets, cover letters, enclosures, or attachments to the document, and any non-identical copies or duplicates of the document, in addition to the document itself.

E. As to any document called for in a Request which no longer exists, but which Plaintiff is aware existed at one time, please identify such document(s) and, in addition, identify the last known location and the reason such document(s) is/are no longer in existence.

F. If You claim any of the Requests are objectionable, then (a) identify that portion of such Request claimed to be objectionable, and state the nature and basis of the objection with sufficient particularity and in sufficient detail to permit the Court to adjudicate the validity of the objection; b) answer each Request to the extent you do not claim it to be objectionable.

G. The document production requests contained herein shall be deemed continuing, and Plaintiff is required to supplement her production of documents as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1. All Documents and Communications that reference, document, refer, relate to or otherwise concern any of the incidents or allegations upon which Your Complaint is based.

2. All Documents and Communications concerning Persons contacted or interviewed in connection with this Action and/or the allegations in the Complaint, including, but not limited to, Communications between You and any former or current employee of the President and Fellows of Harvard College.

3. All Communications with any Person named in Section A of Your Initial Disclosures, dated December 4, 2024, concerning the allegations in the Complaint.

4. All of Plaintiff's resumes and curricula vitae and any previous versions thereof that Plaintiff has published or caused to be published at any time relevant to the allegations in the Complaint.

5. All Documents and Communications identified or relied upon in responding to Harvard's Interrogatories.

6. All Documents and Communications concerning Your contentions that Harvard's actions in connection with its receipt of the allegations regarding data anomalies in Your papers, including the Misconduct Disciplinary Action or any other adverse action alleged to have been taken by Harvard against You, were based on or otherwise influenced by Plaintiff's sex or gender.

7. All Documents and Communications concerning Your allegation in Paragraph 3 of the Complaint that Plaintiff "has never falsified or fabricated data."

8. All Documents and Communications concerning Your allegations that Harvard negotiated an agreement with Data Colada, including the allegations in Paragraphs 4, 6, 70, and 73 of the Complaint.

9. All Documents and Communications concerning Your allegation in Paragraph 7 of the Complaint that Harvard "created the 'Interim Policy and Procedures for Responding to Allegations of Research Misconduct' just for Plaintiff."

10. All Documents and Communications concerning Your allegation in Paragraph 10 of the Complaint that the Investigation Committee "failed to make the requisite, specific findings of intent, supported by a preponderance of the evidence."

11. All Documents and Communications concerning Your allegation in Paragraph 11 of the Complaint that the Investigation Committee "fail[ed] to consider or give evidence to credible witness testimony."

12. All Documents and Communications concerning Your allegation in Paragraph 13 of the Complaint that "the results of Harvard Business School's investigation 'report' were disclosed to Data Colada."

13. All Documents and Communications concerning Your contention that Harvard discriminated against Plaintiff on the basis of sex, including but not limited to Your allegation in Paragraph 21 of the Complaint that Harvard "has treated similarly situated male professors differently."

14. All Documents and Communications concerning Your allegation in Paragraph 51 of the Complaint that "[i]n 2014, male tenured professors at HBS outnumbered female tenured professors 76 to 19."

15. All Documents and Communications concerning Your allegation in Paragraph 152 of the Complaint that You "contacted potential witnesses (without telling them about the ongoing investigation) who could corroborate [Your] statements to the [HBS] investigation committee," including but not limited to any responses received by any Person as a result of such contact.

16. All Documents and Communications concerning Your allegation in Paragraph 186 of the Complaint that "Dean Datar had tried to 'counsel out' female faculty."

17. All Documents and Communications concerning Your allegation in Paragraph 201 of the Complaint that "Harvard and Dean Datar committed serious and significant breaches of confidentiality required by the Interim Policy."

18. All Documents and Communications concerning Your allegation in Paragraph 243 of the Complaint that "[i]n the past, HBS utilized its Faculty Review Board process to review both applications of faculty seeking tenure, as well as allegations of faculty misconduct, including alleged research misconduct."

19. All Documents and Communications concerning Your allegation in Paragraph 260 of the Complaint that "[i]n another recent case, another male associate professor employed at HBS who was charged with a blatant and obvious disregard of Harvard's conflict of interest policy received no sanction by Harvard and Dean Datar."

20. All Documents and Communications concerning Your allegations in Paragraphs 253, 260, 270, 271, 272, and 274 of the Complaint relating to "the male junior professor," "another male associate professor employed at HBS," Marc Hauser, Laurence Tribe, Charles Ogletree, Andrei Shleifer, John Comaroff, Jorge Dominguez, and Gary Horton.

21. All Documents and Communications concerning Your contention that Harvard has treated male comparator faculty members more favorably than female faculty members, including Your contention that female faculty members at HBS have received harsher treatment than male faculty members, the allegations in Paragraph 263 of the Complaint concerning "a female professor, 'Jane Roe,' [who] was accused by her colleagues of treating staff and research assistants poorly . . . ," and the allegations in Paragraph 266 of the Complaint concerning "a second case

involving allegations against an HBS female professor's purported violations of the so-called 'colleagueship standard.'"

22. All Documents and Communications concerning the contractual documents or agreements that You claim Harvard breached or with respect to which You claim Harvard breached the covenant of good faith and fair dealing, including but not limited to a copy of each contractual document or other agreement that You claim Harvard breached or with respect to which You claim Harvard breached the covenant of good faith and fair dealing.

23. All Documents and Communications related to the June 13, 2023 meeting between Plaintiff and Dean Datar referenced in Paragraph 179 of the Complaint.

24. Documents sufficient to show Your gross income and all sources thereof, including but not limited to all wages, salary, tips, bonuses, fees, payments and/or all other forms of earned or unearned income received by You from January 1, 2021 through the present.

25. All Documents and Communications concerning all efforts You made to secure any full- or part-time employment, or to enter into any business or independent contractor relationship or to secure any other sources of earned income, since June 13, 2023.

26. All Documents and Communications concerning Your claimed damages, including but not limited to each and every item and category of damages pleaded with generality in any Paragraphs of the Complaint, and the method or manner by which such damages have been calculated.

27. Completed authorization forms for the release of medical records and psychotherapy notes that are compliant with the Health Insurance Portability and Accountability Act of 1996 for each physician, psychiatrist, psychologist, therapist, social worker, or other healthcare professional, or any other health care provider with whom you consulted or from whom

you received or sought treatment in connection with any alleged damages caused by Harvard at any time between October 27, 2021 and the present.

28. All of Your internet and social media postings, or other media, publications, or public comments relating to Harvard, this Action, and/or the *2020 JPSP Paper,* the *2015 Psychological Science Paper*, the *2014 Psychological Science Paper*, or the *2012 PNAS Paper* (each as identified in Your Complaint) including, but not limited to, postings on Facebook, LinkedIn, X or Twitter, Threads, Reddit, YouTube, Instagram, Snapchat, TikTok, EJMR, PubPeer, Retraction Watch, or any other blogs, forums, wikis, or social media sites, and comments or interviews made or given by You to any newspapers, magazines, podcasts, or other media or news sites (including without limitation the New York Times, the Washington Post, Poets & Quants, the Harvard Crimson, and Medium).

29. All Documents and Communications exchanged with any Person concerning Your internet and social media postings, or other media, publications, or public comments relating to Harvard, this Action, and/or the *2020 JPSP Paper,* the *2015 Psychological Science Paper*, the *2014 Psychological Science Paper*, or the *2012 PNAS Paper* (each as identified in Your Complaint) including, but not limited to, postings on Facebook, LinkedIn, X or Twitter, Threads, Reddit, YouTube, Instagram, Snapchat, TikTok, EJMR, PubPeer, Retraction Watch, or any other blogs, forums, wikis, or social media sites, and comments or interviews made or given by You to any newspapers, magazines, podcasts, or other media or news sites (including without limitation the New York Times, the Washington Post, Poets & Quants, the Harvard Crimson, and Medium).

30. All Documents and Communications concerning the Francesca v Harvard Website and any content currently or previously on the Francesca v Harvard Website at any time, including all Documents relating to the claims that "HBS used the wrong dataset" and "failed to conduct a

comprehensive search for all available versions of the data," and the assertion about "the mountain of evidence my team is amassing about HBS' mishandling of this matter."

31. All Documents and Communications exchanged with any Person concerning the Francesca v Harvard Website or its content.

32. A forensically sound image or other complete digital copy, without any deduplication, of any of Your hard drives, solid state disks, removable storage devices, cloud storage, including without limitation: (1) Your Harvard-issued MacBook Pro laptop bearing the serial number C02T2CB6GTF1; (2) Your USB drives with the serial numbers 0B7E18851060, 067308185030, and 21013403D7FFA005; (3) Your external hard drive with the serial number WXG2AC0AZCUK; (4) Your Google Drive, Dropbox, and OneDrive accounts; (5) Your Mac Pro desktop computer with the serial number F5NG0HAF694; (6) Your Qualtrics account; and (7) any other device on which You have ever stored any Documents or Communications concerning the allegations in Your Complaint, including Your contention that you have never falsified or fabricated data, or otherwise committed research misconduct.

33. All Documents and Communications relating to the four studies investigated by the Investigation Committee, including but not limited to all versions of datasets, all materials and/or drafts (including all tracked changes, comment bubbles, and any other hidden text), and any Communications with co-authors, research assistants, or other collaborators.

34. All Documents and Communications that You intend to rely upon or introduce into evidence during the litigation and trial of this Action.

Dated: April 18, 2025

Respectfully submitted,

*/s/ Douglas E. Brayley*

Douglas E. Brayley (BBO# 674478)
Jenny K. Cooper (BBO# 646860)
Elena W. Davis (BBO# 695956)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Douglas.Brayley@ropesgray.com
Jenny.Cooper@ropesgray.com
Elena.Davis@ropesgray.com

*Counsel for Defendants President and Fellows of Harvard College and Srikant Datar*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2025, a true copy of the above document was served by electronic means upon counsel of record for all parties.

Dated: April 18, 2025

*/s/ Elena W. Davis*
Elena W. Davis