# EXHIBIT 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-11775-MJJ |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**<u>FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Fed. R. Civ. P. 26 and 34, plaintiff Francesca Gino ("Gino" or "Plaintiff") hereby provides her responses to Defendants President and Fellows of Harvard College and Srikant Datar's (collectively, "Harvard" or "Defendants") First Set of Requests for Production ("Requests").[1]

**<u>RESPONSES</u>**

1. All Documents and Communications that reference, document, refer, relate to or otherwise concern any of the incidents or allegations upon which Your Complaint is based.

**<u>Objection</u>:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent that it seeks information concerning incidents and allegations that are undisputed. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, spousal

[1] As discovery is ongoing, Plaintiff reserves the right to supplement, revise, or otherwise amend these answers and objections to the Requests as discovery proceeds.

disqualification and/or other applicable privilege ("Privileged Information").

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents concerning the claims in the Second Amended Complaint ("SAC").

2. All Documents and Communications concerning Persons contacted or interviewed in connection with this Action and/or the allegations in the Complaint, including, but not limited to, Communications between You and any former or current employee of the President and Fellows of Harvard College.

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information, particularly to the extent that it seeks information concerning matters that are not in dispute. Plaintiff further objects to this Request to the extent it seeks Privileged Information.

3. All Communications with any Person named in Section A of Your Initial Disclosures, dated December 4, 2024, concerning the allegations in the Complaint.

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent that it seeks information concerning matters that are not in dispute. Plaintiff further objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged responsive documents concerning the claims in the SAC.

4. All of Plaintiff's resumes and curricula vitae and any previous versions thereof that Plaintiff has published or caused to be published at any time relevant to the allegations in the Complaint.

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information, particularly to the extent that it seeks information concerning matters that are not in material dispute. Plaintiff further objects to this Request on the

grounds that "published or caused to be published" is vague.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will produce the most recent versions of her resume and/or curricula vitae.

5. All Documents and Communications identified or relied upon in responding to Harvard's Interrogatories.

**Objection:** Plaintiff objects to this Request on the grounds that the phrase "relied upon" is vague and confusing, and potentially renders the request overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents (1) that are identified in Plaintiff's Responses to Defendants' First Set of Interrogatories ("Interrogatory Responses"), or (2) from which Plaintiff obtain factual information for use in her Interrogatory Responses.

6. All Documents and Communications concerning Your contentions that Harvard's actions in connection with its receipt of the allegations regarding data anomalies in Your papers, including the Misconduct Disciplinary Action or any other adverse action alleged to have been taken by Harvard against You, were based on or otherwise influenced by Plaintiff's sex or gender.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

7. All Documents and Communications concerning Your allegation in Paragraph 3 of the Complaint that Plaintiff "has never falsified or fabricated data."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

8. All Documents and Communications concerning Your allegations that Harvard negotiated an agreement with Data Colada, including the allegations in Paragraphs 4, 6,

70, and 73 of the Complaint.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

9. All Documents and Communications concerning Your allegation in Paragraph 7 of the Complaint that Harvard "created the 'Interim Policy and Procedures for Responding to Allegations of Research Misconduct' just for Plaintiff."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

10. All Documents and Communications concerning Your allegation in Paragraph 10 of the Complaint that the Investigation Committee "failed to make the requisite, specific findings of intent, supported by a preponderance of the evidence."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

11. All Documents and Communications concerning Your allegation in Paragraph 11 of the Complaint that the Investigation Committee "fail[ed] to consider or give evidence to credible witness testimony."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

12. All Documents and Communications concerning Your allegation in Paragraph 13 of the Complaint that "the results of Harvard Business School's investigation 'report' were disclosed to Data Colada."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a

reasonable search and will produce any non-privileged documents responsive to this Request.

> 13. All Documents and Communications concerning Your contention that Harvard discriminated against Plaintiff on the basis of sex, including but not limited to Your allegation in Paragraph 21 of the Complaint that Harvard "has treated similarly situated male professors differently."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

> 14. All Documents and Communications concerning Your allegation in Paragraph 51 of the Complaint that "[i]n 2014, male tenured professors at HBS outnumbered female tenured professors 76 to 19."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

> 15. All Documents and Communications concerning Your allegation in Paragraph 152 of the Complaint that You "contacted potential witnesses (without telling them about the ongoing investigation) who could corroborate [Your] statements to the [HBS] investigation committee," including but not limited to any responses received by any Person as a result of such contact.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

> 16. All Documents and Communications concerning Your allegation in Paragraph 186 of the Complaint that "Dean Datar had tried to 'counsel out' female faculty."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

> 17. All Documents and Communications concerning Your allegation in Paragraph

201 of the Complaint that "Harvard and Dean Datar committed serious and significant breaches of confidentiality required by the Interim Policy."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

18. All Documents and Communications concerning Your allegation in Paragraph 243 of the Complaint that "[i]n the past, HBS utilized its Faculty Review Board process to review both applications of faculty seeking tenure, as well as allegations of faculty misconduct, including alleged research misconduct."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

19. All Documents and Communications concerning Your allegation in Paragraph 260 of the Complaint that "[i]n another recent case, another male associate professor employed at HBS who was charged with a blatant and obvious disregard of Harvard's conflict of interest policy received no sanction by Harvard and Dean Datar."

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

20. All Documents and Communications concerning Your allegations in Paragraphs 253, 260, 270, 271, 272, and 274 of the Complaint relating to "the male junior professor," "another male associate professor employed at HBS," Marc Hauser, Laurence Tribe, Charles Ogletree, Andrei Shleifer, John Comaroff, Jorge Dominguez, and Gary Horton.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

21. All Documents and Communications concerning Your contention that Harvard has treated male comparator faculty members more favorably than female faculty

members, including Your contention that female faculty members at HBS have received harsher treatment than male faculty members, the allegations in Paragraph 263 of the Complaint concerning "a female professor, 'Jane Roe,' [who] was accused by her colleagues of treating staff and research assistants poorly . . . ," and the allegations in Paragraph 266 of the Complaint concerning "a second case involving allegations against an HBS female professor's purported violations of the so-called 'colleagueship standard.'"

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents responsive to this Request.

22. All Documents and Communications concerning the contractual documents or agreements that You claim Harvard breached or with respect to which You claim Harvard breached the covenant of good faith and fair dealing, including but not limited to a copy of each contractual document or other agreement that You claim Harvard breached or with respect to which You claim Harvard breached the covenant of good faith and fair dealing.

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information, particularly to the extent that it seeks information unrelated to the breaches claimed by Plaintiff. Plaintiff further objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents concerning her claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

23. All Documents and Communications related to the June 13, 2023 meeting between Plaintiff and Dean Datar referenced in Paragraph 179 of the Complaint.

**Objection:** Plaintiff objects to this Request on the grounds that the phrase "related to" is vague and confusing, and potentially renders the request overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents concerning the June 13, 2023

meeting between Plaintiff and Dean Datar referenced in Paragraph 179 of the SAC.

> 24. Documents sufficient to show Your gross income and all sources thereof, including but not limited to all wages, salary, tips, bonuses, fees, payments and/or all other forms of earned or unearned income received by You from January 1, 2021 through the present.

**Objection:** Plaintiff objects to this Request to the extent it seeks information that is unrelated to her claimed damages and, therefore, is not relevant to this dispute.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will produce documents sufficient to determine her damages.

> 25. All Documents and Communications concerning all efforts You made to secure any full- or part-time employment, or to enter into any business or independent contractor relationship or to secure any other sources of earned income, since June 13, 2023.

**Objection:** Plaintiff objects to this Request to the extent it seeks information that is not relevant to this dispute. Plaintiff further objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents concerning her efforts to mitigate the damages that she seeks in this action.

> 26. All Documents and Communications concerning Your claimed damages, including but not limited to each and every item and category of damages pleaded with generality in any Paragraphs of the Complaint, and the method or manner by which such damages have been calculated.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information. Plaintiff further objects to this Request on the grounds that "each and every item and category of damages pleaded with generality in any Paragraphs of the Complaint" is vague and unintelligible.

**Response:** Subject to and without waiving the objections set forth above, Plaintiff will conduct a reasonable search and will produce any non-privileged documents concerning her claimed damages.

> 27. Completed authorization forms for the release of medical records and psychotherapy notes that are compliant with the Health Insurance Portability and Accountability Act of 1996 for each physician, psychiatrist, psychologist, therapist, social worker, or other healthcare professional, or any other health care provider with whom you consulted or from whom you received or sought treatment in connection with any alleged damages caused by Harvard at any time between October 27, 2021 and the present.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information. Plaintiff further objects to this Request to the extent it seeks confidential information. Plaintiff further objects to this Request on the grounds that it is overly broad and seeks information that has no relevance to this dispute and is not reasonably calculated to lead to the discovery of admissible evidence with regard to providers whom she has "consulted."

> 28. All of Your internet and social media postings, or other media, publications, or public comments relating to Harvard, this Action, and/or the 2020 JPSP Paper, the 2015 Psychological Science Paper, the 2014 Psychological Science Paper, or the 2012 PNAS Paper (each as identified in Your Complaint) including, but not limited to, postings on Facebook, LinkedIn, X or Twitter, Threads, Reddit, YouTube, Instagram, Snapchat, TikTok, EJMR, PubPeer, Retraction Watch, or any other blogs, forums, wikis, or social media sites, and comments or interviews made or given by You to any newspapers, magazines, podcasts, or other media or news sites (including without limitation the New York Times, the Washington Post, Poets & Quants, the Harvard Crimson, and Medium).

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request to the extent that it seeks Privileged Information.

> 29. All Documents and Communications exchanged with any Person concerning Your internet and social media postings, or other media, publications, or public comments relating to Harvard, this Action, and/or the 2020 JPSP Paper, the 2015 Psychological Science Paper, the 2014 Psychological Science Paper, or the 2012 PNAS Paper (each as identified in Your Complaint) including, but not limited to, postings on Facebook, LinkedIn, X or Twitter, Threads, Reddit, YouTube, Instagram, Snapchat, TikTok, EJMR, PubPeer, Retraction Watch, or any other blogs, forums, wikis, or social media sites, and comments or interviews made or given by You to any newspapers, magazines, podcasts, or other media or news sites (including without limitation the New York Times, the Washington Post, Poets & Quants, the Harvard Crimson, and Medium).

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks irrelevant information. Plaintiff further objects to this Request to the extent that it seeks Privileged Information.

30. All Documents and Communications concerning the Francesca v Harvard Website and any content currently or previously on the Francesca v Harvard Website at any time, including all Documents relating to the claims that "HBS used the wrong dataset" and "failed to conduct a comprehensive search for all available versions of the data," and the assertion about "the mountain of evidence my team is amassing about HBS' mishandling of this matter."

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request to the extent that it seeks Privileged Information.

31. All Documents and Communications exchanged with any Person concerning the Francesca v Harvard Website or its content.

**Objection:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information. Plaintiff further objects to this Request to the extent that it seeks Privileged Information.

32. A forensically sound image or other complete digital copy, without any deduplication, of any of Your hard drives, solid state disks, removable storage devices, cloud storage, including without limitation: (1) Your Harvard-issued MacBook Pro laptop bearing the serial number C02T2CB6GTF1; (2) Your USB drives with the serial numbers 0B7E18851060, 067308185030, and 21013403D7FFA005; (3) Your external hard drive with the serial number WXG2AC0AZCUK; (4) Your Google Drive, Dropbox, and OneDrive accounts; (5) Your Mac Pro desktop computer with the serial number F5NG0HAF694; (6) Your Qualtrics account; and (7) any other device on which You have ever stored any Documents or Communications concerning the allegations in Your Complaint, including Your contention that you have never falsified or fabricated data, or otherwise committed research misconduct.

**Objection:** Plaintiff objects to this Request on the grounds that exceeds the scope of discovery permitted under the federal rules, and there are no special circumstances here that would warrant deviation from those rules. See Mantha v. QuoteWizard.com, LLC, No. CV 19-12235-LTS, 2020 WL 4369701, at *4 (D. Mass. July 30, 2020); Hardy v. UPS Ground Freight, Inc., No. 3:17-CV-

30162-MGM, 2019 WL 3290346, at *4 (D. Mass. July 22, 2019); In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003); Moser v. Americor Funding, LLC, No. 4:23-CV-10008-KMM, 2023 WL 11845701, at *2 (S.D. Fla. Sept. 21, 2023); see also Lipsky v. New Jersey Ass'n of Health Plans, Inc., 288 A.3d 1273, 1287–88 (N.J. Super. Ct. App. Div. 2023). Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information, particularly to the extent that it seeks all information contained on such devices regardless of relevance. Plaintiff further objects to this Request to the extent that it seeks Privileged Information.

> 33. All Documents and Communications relating to the four studies investigated by the Investigation Committee, including but not limited to all versions of datasets, all materials and/or drafts (including all tracked changes, comment bubbles, and any other hidden text), and any Communications with co-authors, research assistants, or other collaborators.

**Objection:** Plaintiff objects to this Request to the extent it seeks Privileged Information. Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent that it seeks information that is not in material dispute.

> 34. All Documents and Communications that You intend to rely upon or introduce into evidence during the litigation and trial of this Action.

**Objection:** Plaintiff objects to this Request as premature and to the extent it seeks to impose discovery obligations beyond those required under the Federal Rules of Civil Procedure. Plaintiff has not made a decision on which documents she intends to introduce at trial or litigation in this matter and will disclose that information in accordance with all applicable rules and court orders

Francesca Gino
By her attorneys,

*/s/ Patrick J. Hannon*
Barbara A. Robb (BBO #639976)
Patrick Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02210
brobb@hmrhlaw.com
phannon@hmrhlaw.com
P: (617) 723-8000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, a true copy of the above document was served by electronic means upon counsel of record for Defendants.

*/s/ Patrick J. Hannon*
Parick J. Hannon