# EXHIBIT 17

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD, 21st FLOOR
LOS ANGELES, CA 90067-6257
WWW.ROPESGRAY.COM

June 13, 2025

Elena W. Davis
T +1 617 951 7017
elena.davis@ropesgray.com

**BY E-MAIL**

Barbara A. Robb
Patrick J. Hannon
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02210
brobb@hmrhlaw.com
phannon@hmrhlaw.com

Re: *Francesca Gino v. President and Fellows of Harvard College, et al.,* No. 1:23-cv-11775-MJJ

Counsel:

I write on behalf of Defendants President and Fellows of Harvard College and Srikant Datar (collectively, "Harvard") to address certain deficiencies[1] in Plaintiff's Responses and Objections (together, the "Responses") to Harvard's First Set of Requests for Production, (the "RFPs"), and First Set of Interrogatories (the "Interrogatories," and together with the RFPs, the "Requests"), dated May 28, 2025 and June 4, 2025, respectively.

As detailed below, Plaintiff's Responses suffer from serious deficiencies, including but not limited to factual errors and omissions in Plaintiff's Interrogatory Responses; the improper refusal to provide basic information about Plaintiff's claims and damages; and the reliance on privilege objections that have no basis in law and certainly do not excuse Plaintiff from providing non-privileged information relating to a given subject.

Please let us know when you are available **Thursday, June 19, or Friday, June 20, 2025** to meet and confer on these issues. Please also confirm whether Plaintiff agrees to provide any of the information requested below by **June 18, 2025**.

[1] This letter addresses several fundamental issues raised by Plaintiff's Responses to Harvard's Requests; it is not intended to address each and every deficiency in Plaintiff's Responses. Harvard reserves all rights, waiving none.

## I. FACTUAL INACCURACIES IN PLAINTIFF'S INTERROGATORY RESPONSES (INTERROGATORY NOS. 3, 5)

Plaintiff's Interrogatory Responses contain basic factual errors that reveal serious deficiencies in Plaintiff's investigation of the facts and call into question the truthfulness of Plaintiff's Responses.

For example, in response to Interrogatory No. 3, Plaintiff referred to Data Colada's "August 1, 2024 submission in the [Third Statute Proceeding]." As Plaintiff is well aware, Data Colada never submitted anything in the Third Statute Proceeding; in fact, the only "August 1, 2024 submission" made in the Third Statute Proceeding was by Plaintiff herself.

Plaintiff's response to Interrogatory No. 5, which asks Plaintiff to identify the "potential witnesses" Plaintiff alleges she contacted in paragraph 152 of the complaint, is similarly deficient and incorrect. Plaintiff asserts that Meghan King's last place of employment is Modern HR, Inc.; but in fact, Ms. King is currently employed by Harvard, just as she was in July 2024 when she was interviewed by Plaintiff's own attorneys in connection with the Third Statute proceeding. Plaintiff's response is also deficient in that it omits, at a minimum, the names of Alexander Van Zandt, Mike Walsh, Mimi Coleman, and Ceylan Oymak, all of whom were contacted by Plaintiff during the HBS investigation as evidenced by emails attached to Plaintiff's response to the draft report of the HBS investigation committee.

Under Federal Rule of Civil Procedure 26(e), Plaintiff "must supplement or correct" incomplete or incorrect interrogatory responses "in a timely manner." Please confirm that Plaintiff will amend these Responses accordingly and verify that her other Interrogatory Responses are in fact accurate and complete.

## II. INFORMATION RELATING TO WITNESSES AND POTENTIAL WITNESSES (RFP NO. 2 / INTERROGATORY NOS. 1, 5)

Plaintiff has improperly declined to respond or provide responsive documents to Harvard's Requests seeking information concerning persons Plaintiff contacted in connection with this litigation or the allegations in the complaint, and the identities of persons with knowledge of the allegations in the complaint. None of Plaintiff's objections to these Requests have merit.

Harvard is entitled to discover the identities of fact witnesses known to Plaintiff and any documents or communications exchanged between Plaintiff and those witnesses, or other third parties with whom no privileged relationship exists, regarding the facts and circumstances giving rise to and comprising this litigation, including without limitation her communications with other Harvard professors, members of the press, or others, during the

HBS research misconduct process or otherwise. This is especially true of any fact witnesses Plaintiff intends to call. *See Pons v. Walter Kidde Portable Equip. Inc.*, 2025 WL 1424519, at *9 (D. Mass. May 16, 2025). Although Plaintiff objects to providing information "concerning matters that are not in dispute," this is not a valid objection permitting a refusal to respond, and Plaintiff is not entitled to unilaterally determine the "matters" that are "in dispute." Nor can Plaintiff credibly argue that these documents or information are not "relevant" where they explicitly pertain to this litigation and Plaintiff's own allegations.

Plaintiff's privilege objections are similarly unavailing. The identities of fact witnesses are plainly discoverable and not privileged. *See Brown v. Wal-Mart Assocs., Inc.*, 616 F. Supp. 3d 137, 142 (D. Mass. 2022) ("[I]t would be difficult to conceive of a more obviously relevant and necessary category of discoverable information than, broadly stated, the identities of people with knowledge about the case."). Also not privileged are any documents or communications with others that were not prepared for, or in anticipation of, litigation. *See, e.g.*, *In re Grand Jury Supboena*, 220 F.R.D. 130, 156 (D. Mass. Mar. 16, 2004) (notes of non-party witness interview was not entitled to opinion work product protection because it was not prepared for or in anticipation of litigation). Even if certain documents properly are subject to privilege, Plaintiff must respond to the Requests by producing all non-privileged documents and information and include any responsive documents withheld due to privilege in a privilege log.

Accordingly, please confirm that Plaintiff will amend her Responses to provide a response to Interrogatory No. 1 and produce documents responsive to RFP No. 2. Please also confirm that Plaintiff has not withheld any information from her Response to Interrogatory No. 5 on the basis of her privilege objection.

## III. PLAINTIFF'S RESUMES AND/OR CURRICULA VITAE (RFP NO. 4)

In response to Harvard's RFP No. 4, seeking all versions of Plaintiff's resumes and/or curricula vitae that she has published or caused to be published at any time relevant to the allegations in the complaint, Plaintiff has agreed to produce only "the most recent versions" of her resume and curricula vitae. This is insufficient. Plaintiff has alleged and repeatedly argued in this matter that Harvard improperly considered allegations in violation of the Interim Policy and Procedures' six-year limitations period. Because the Interim Policy and Procedures contains an exception to the six-year limitations period for instances in which "the respondent has continued or renewed an incident of alleged research misconduct through the citation, republication, or other use for the potential benefit of the respondent of the research record in question," *all* instances in which Plaintiff cited to or otherwise used the relevant publications during the time periods relevant to the complaint are relevant. That includes citations in any resumes and/or curricula vitae that Plaintiff utilized during the time periods at issue in this litigation.

Accordingly, please provide an amended response to RFP No. 4 agreeing to produce any non-privileged, responsive documents.

## IV. INFORMATION RELATING TO PLAINTIFF'S CONTRACT CLAIMS (RFP NO. 22 / INTERROGATORY NO. 2)

Interrogatory No. 2 seeks information regarding the specific provisions, paragraphs, or other terms of any contract(s) that Harvard allegedly breached, and the supposed actions or inactions causing such breaches. Plaintiff has declined to respond to this interrogatory in its entirety "on the grounds that it is premature and seeks to discover Privileged Information."[2] Prematurity is not a proper basis on which to withhold a response to this Interrogatory. Plaintiff filed this lawsuit over two years ago, at which time counsel certified under FRCP 11 that Plaintiff's claims had a reasonable legal basis. This Interrogatory seeks basic information regarding Plaintiff's contractual claims and Harvard is "entitled to at least a preliminary idea of [Plaintiff's] position" regarding these claims. *Abiomed, Inc. v. Maquet Cardiovascular LLC,* No. 16-10914-FDS, 2018 WL 4054903, at *2 (D. Mass. Aug. 24, 2018) (rejecting prematurity objection).

Interrogatory No. 2 also does not seek "Privileged Information"—rather, it is a textbook "contention interrogatory" permissibly seeking Plaintiff's application of the law to the facts of the case, and to which a response is required. *See, e.g., AMAG Pharmaceuticals, Inc. v. Am. Guarantee and Liability Ins. Co.,* No. 21-CV-10618-LTS, 2022 WL 16950437, at *8 (D. Mass. Nov. 15, 2022) ("A major purpose of contention interrogatories is to narrow and define the issues in a case, however much litigants might otherwise prefer to 'keep their options open' indefinitely."). There is nothing privileged about the alleged breaches, actions or inactions forming the very basis of Plaintiff's contract-based claims. Please provide a response to Interrogatory No. 2.

Similarly, RFP No. 22 seeks documents and communications concerning the contractual documents on which Plaintiff bases her claims, including "a copy of each contractual document or other agreement that You claim Harvard breached or with respect to which You claim Harvard breached the covenant of good faith and fair dealing." We appreciate that Plaintiff has agreed to produce "non-privileged documents concerning her claims for breach of contract and breach of the implied covenant of good faith and fair

---

[2] Plaintiff's objection that Interrogatory No. 2 "consists of separate distinct subparts" is also without merit. It is well-established that "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question." *U.S. ex rel. Long v. Janssen Biotech, Inc.,* No. 16-12182-FDS, 2022 WL 4124018, at *3 (D. Mass. Sept. 9, 2022) (citation omitted). The subparts to this Interrogatory, as well as to Interrogatories Nos. 10 and 17, "are logically or factually subsumed within and necessarily related to the primary question" and therefore do not constitute separate interrogatories. *Id.*

dealing," but please also confirm that Plaintiff intends to produce a copy of all contracts or agreements underlying such claims.

## V. INFORMATION RELATING TO PLAINTIFF'S ALLEGATION OF DISCLOSURES TO DATA COLADA (INTERROGATORY NO. 4)

Interrogatory No. 4 asks Plaintiff to state the basis of and identify all witnesses with knowledge concerning Plaintiff's allegation in paragraph 13 of the Complaint "that the results of the Harvard Business School's investigation 'report' were disclosed to Data Colada." As an initial matter, Plaintiff's privilege objections as to disclosing the identity of witnesses to this alleged disclosure, and your basis for contending that it occurred, are without merit. *See Brown*, 616 F. Supp. 3d at 142.

Moreover, Plaintiff's Response includes statements that (i) "Professor Frei also has knowledge of the allegation in this Interrogatory," without providing the basis of that knowledge or any further information about Professor Frei's knowledge, and (ii) a New Yorker staff writer communicated with Plaintiff's co-authors about a story he was doing and "seemed aware" that the results of the HBS investigation were disclosed to Data Colada. Please provide an amended response to Interrogatory No. 4 that additionally states (i) the basis of Professor Frei's knowledge; and (ii) the identities of those co-authors spoken to by the New Yorker staff writer, and Plaintiff's basis for stating that he "seemed aware" of the alleged disclosure to Data Colada, including an accounting of any communications by the staff writer to that effect.

## VI. INFORMATION RELATING TO PLAINTIFF'S ALLEGATION OF AN UNFAIR AND BIASED INVESTIGATION (INTERROGATORY NO. 6)

Plaintiff's Response to Interrogatory No. 6, which asks Plaintiff to identify all witnesses with knowledge concerning her allegation in paragraph 334 of the complaint that she "was subject to an unfair and biased investigation, denied the presumption of innocence, and required to bear the burden of disproving the allegations against her," is likewise deficient. Plaintiff's Response offers no information other than incorporating her complaint and initial disclosures by reference and stating that she will produce documents forming the basis of this allegation. That does not suffice. *See Mahoney v. Kempton*, 142 F.R.D. 32, 34 (D. Mass. 1992) (ordering that "[e]ach interrogatory answer must be full and complete within itself and shall not refer or incorporate by reference any other document or pleading."). Please provide an amended response to this Interrogatory.

## VII. INFORMATION RELATING TO PLAINTIFF'S ALLEGED DAMAGES (RFP NO. 24 / INTERROGATORY NO. 12)

Plaintiff has not sufficiently responded to Requests seeking information about her damages. Interrogatory No. 12 asks for an "itemized description" of all monetary or non-economic damages Plaintiff claims she incurred and for which she seeks recovery from Harvard, including the way such amounts have been calculated and their basis and support. Plaintiff's Response that "she has suffered damages including but not limited to her loss of clients since being placed on leave and loss of her HBS salary and related executive income" is woefully insufficient. Nor does Plaintiff's incorporation of her initial disclosures render her Response proper, as those disclosures contain only a vague statement that "Plaintiff has sustained damages in an amount to be determined at trial."

Overwhelming authority establishes that Plaintiff "must . . . provide . . . a computation of any category of damages voluntarily, *i.e.*, 'without awaiting a discovery request.'" *AVX Corp.*, 252 F.R.D. at 76 (citing FRCP 26(a)(1)(A)). Harvard is entitled to "an opportunity to explore the basis for the calculations or to accurately gauge the monetary exposure it face[s] in this action." *Id.* at 78 (imposing evidentiary sanctions on litigant for failure to provide damages calculation pursuant to FRCP 26 and interrogatory). Plaintiff cannot evade this obligation by invoking privilege. *See Steffenberg v. Gilman*, No. 04-40113-FDS, 2005 WL 8176505, at *5 (D. Mass. May 25, 2005). Nor is this Interrogatory premature, as it has been approximately two years since Plaintiff was placed on administrative leave and filed this litigation. Plaintiff must have "at least a preliminary idea" of her damages calculations by this stage and Harvard is entitled to that information. *Abiomed*, 2018 WL 4054903, at *1.

Similarly, RFP No. 24 seeks documents sufficient to show Plaintiff's gross income and the sources of that income from January 1, 2021 to present. Plaintiff's Response agreeing to produce "documents sufficient to determine her damages" is not sufficient. Plaintiff is not entitled to unilaterally determine the documents "sufficient" to calculate her damages. Harvard's Request seeks documents are relevant to Plaintiff's damages, and Plaintiff has offered no valid objection to that Request.

Accordingly, please provide a response to Interrogatory No. 12 and confirm that Plaintiff will produce the documents requested by RFP No. 24.

## VIII. PLAINTIFF'S PSYCHOTHERAPY/MEDICAL RECORDS (RFP NO. 27)

RFP No. 27 seeks completed authorization forms for the release of medical records and psychotherapy notes for all medical providers with whom Plaintiff consulted, received, or sought treatment in connection with any alleged damages caused by Harvard. Plaintiff has indicated in her Initial Disclosures that she intends to seek damages in connection with

alleged "damages to physical well-being, emotional and psychological damages." *See* Plaintiff's Initial Disclosures, § C. Accordingly, Plaintiff is not entitled to invoke the psychotherapist-patient privilege, nor may Plaintiff refuse to produce documents related to her psychotherapy records. *Cherkaoui v. City of Quincy*, No. 14–cv–10571–LTS, 2015 WL 4504937, at *2 (D. Mass. July 23, 2015) (plaintiff waived privilege by, *inter alia*, "alleg[ing] that she suffered 'severe emotional distress' as a result of [] discrimination . . . .").

Plaintiff's confidentiality objection is also misplaced. Plaintiff received Harvard's proposed Stipulated Protective Order nearly two months ago, on April 21, 2025—which would allow for this type of information to be designated Confidential—and has yet to provide any comments or other feedback. Nor has Plaintiff even asked Harvard to agree to treat any documents produced in response to or in connection with this Request as confidential until such time as an agreement is reached on the Stipulated Protective Order and it is entered by the Court.

Accordingly, please provide an amended response to RFP No. 27 agreeing to produce the requested documents.

**IX. INFORMATION RELATING TO PLAINTIFF'S PUBLIC STATEMENTS AND FRANCESCA-V-HARVARD.ORG (RFP NOS. 28–31 / INTERROGATORY NO. 11)**

RFP Nos. 28–31 seek documents and communications published by Plaintiff, or exchanged between Plaintiff and third parties, pertaining to Harvard, this litigation, or the four papers at issue, on social media and other platforms or public fora, and on Plaintiff's own website dedicated to this litigation. Similarly, Interrogatory No. 11 seeks the identities of persons with knowledge concerning the Francesca v Harvard Website (as defined in the Interrogatories) and statements made on that website. Contrary to Plaintiff's objections, this information is both relevant and not privileged. *Brown*, 616 F. Supp. 3d at 142.

The Francesca v Harvard Website, and Plaintiff's other public statements on LinkedIn and other platforms, made directly to Harvard faculty and others, were created by Plaintiff to disseminate information pertaining directly to this litigation, including her contentions regarding Harvard's research misconduct investigation and her substantive rebuttals to the research misconduct allegations that were investigated. These documents and communications are plainly relevant and discoverable. Fed. R. Civ. P. 26(b) (permitting "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").

Privilege does not provide Plaintiff any basis to withhold such discovery. It is axiomatic that public statements are not privileged. Moreover, underlying facts are not

privileged. *Brown*, 616 F. Supp. 3d at 142. Indeed, asserting privilege over Plaintiff's publicly made statements is entirely improper and without legal basis.

Accordingly, please amend Plaintiff's Responses to respond to Interrogatory No. 11 and agree to produce any non-privileged documents responsive to RFP Nos. 28–31.

## X. PLAINTIFF'S ELECTRONIC DATA (RFP NO. 32 / INTERROGATORY NOS. 14, 15)

RFP No. 32 seeks forensically sound images or copies of Plaintiff's computers, electronic storage, or other storage platforms on which she has maintained information relevant to this dispute. Plaintiff objects on the grounds that such a request is not permitted under the federal rules. But Harvard is not seeking the production of electronic devices, as was at issue in *Mantha v. QuoteWizard.com, LLC*, No. 19-12235-LTS, 2020 WL 4369701, at *4 (D. Mass. July 30, 2020) (stating that "nothing in this ruling permits Plaintiff to withhold information or documents extracted from any of his devices in the course of this case unless protected by privilege."). Rather, Harvard is seeking forensically sound *copies* of the documents and data on these devices.

Plaintiff's other citations are similarly inapposite, as none of them involved similar circumstances. During the Third Statute proceeding, Plaintiff's forensic expert produced a list of computers, electronic storage devices, and other storage platforms in Plaintiff's possession that he claimed to have reviewed and which he represented contained no information related to the research misconduct allegations against Plaintiff. However, it soon became apparent that at least one of these electronic storage devices did in fact contain relevant information that had been withheld from Harvard and the Third Statute hearing committee. Moreover, Harvard has reason to believe that Plaintiff has already tampered with key data files at issue in this litigation and that evidence spoliation may have occurred. Under these circumstances, Harvard can demonstrate a compelling need for sound, forensic copies of Plaintiff's electronic storage locations where these research records have been kept. To the extent these devices contain information that is in fact privileged, Harvard is willing to meet and confer on an approach for withholding or redacting such information as appropriate, but Plaintiff must, at a minimum, agree to search for and provide relevant documents from any and all computers, or other electronic storage devices in Plaintiff's possession, custody, or control.

Similarly, Interrogatories Nos. 14 and 15 seek information regarding the devices and other storage locations of Plaintiff's research data relevant to the four studies investigated by Harvard. Plaintiff's research data and her handling of such data are plainly relevant and go directly to the heart of this case. Temporally, these Interrogatories are limited to the four studies that Plaintiff co-authored and published in 2012, 2014, 2015, and 2020. They are in fact narrowly focused on specific time frames of which Plaintiff is

aware. Finally, the identities of devices, storage platforms, and individuals containing or having knowledge of Plaintiff's research data for these four studies cannot reasonably be considered privileged. Please provide a response to Interrogatory Nos. 14 and 15.

## XI. INFORMATION RELATING TO PLAINTIFF'S RESEARCH RECORDS (RFP NO. 33)

RFP No. 33 seeks documents and communications relating to the four studies at issue in this litigation, including all versions of datasets, materials and/or drafts, and communications with collaborators. Plaintiff has objected on the grounds of undue burden and overbreadth, "particularly to the extent that it seeks information that is not in material dispute." As an initial matter, Harvard is entitled not only to information that is "in material dispute"; but also to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FRCP 26(b)(1). In any event, these documents and communications relate directly to a "material dispute"—namely, the legitimacy of the basis on which HBS found that Plaintiff committed research misconduct. There is no doubt that Plaintiff's research records and communications pertaining to the four studies at issue go to the heart of this case. Nor does burden excuse Plaintiff from producing these key documents in Plaintiff's possession, custody, or control.

Accordingly, please provide an amended response to RFP No. 33 agreeing to produce any non-privileged, responsive documents.

## XII. INFORMATION RELATING TO PLAINTIFF'S EXHIBITS AND WITNESSES (RFP NO. 34 / INTERROGATORIES NOS. 16, 17)

Certain Requests seek all documents and communications that Plaintiff intends to rely upon or introduce into evidence during the litigation and trial of this action, and information regarding those documents and other exhibits, and witnesses or persons with discoverable information. Plaintiff has declined to commit to producing responsive documents on the grounds of prematurity and inconsistency with the obligations imposed by the Federal Rules of Procedure. But Plaintiff cannot credibly argue that the Rules do not require the disclosure of documents on which Plaintiff intends to rely in litigating this case. Nor is Plaintiff's prematurity objection proper. *In re Collecto, Inc., Tel. Consumer Prot. Act Litig.*, No. 14-MD-02513-RGS, 2016 WL 3647842, at *1 (D. Mass. July 1, 2016) (rejecting prematurity objection). Plaintiff must provide Harvard "with the most complete answer[] [she] can at this time" and must then amend or supplement as new information or documents come to light. *In re Textron, Inc.*, No. CV-09-383ML, 2012 WL 12876091, at *2 (D.R.I. Apr. 11, 2012).

Accordingly, please amend Plaintiff's Responses to respond to Interrogatories Nos. 16 and 17 and produce any non-privileged documents responsive to RFP No. 34.

***

Harvard reserves all rights, waiving none. We look forward to hearing from you on these issues.

Sincerely,

/s/ *Elena W. Davis*

Elena W. Davis