# EXHIBIT 22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-11775-MJJ |

**PLAINTIFF'S AMENDED RESPONSES**
**TO INTERROGATORY NOS. 1, 3, 4, 5, 6, 11, 12, 16, 22**

Pursuant to Fed. R. Civ. P. 26 and 33, plaintiff Francesca Gino ("Gino" or "Plaintiff") hereby submits the follow amended responses to Interrogatory Nos. 1, 3, 4, 5, 6, 11, 12, 16, and 22 served by Defendants President and Fellows of Harvard College's and Srikant Datar's (collectively, "Harvard" or "Defendants").

1. For each count in Your Complaint, Identify all Persons with knowledge about that count, including facts and circumstances related to it, and the subject and sources of each such Person's knowledge.

**Objection:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, particularly to the extent that it seeks discovery concerning matters that are not in material dispute. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, spousal disqualification and/or other applicable privilege ("Privileged Information"). Plaintiff further objects to this Interrogatory on the grounds that "sources" of knowledge is vague and not defined.

**Original Answer**: N/A.

**Amended Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers that the Persons she believes possess non-privileged substantive knowledge concerning her claims are set forth in her Initial Disclosures.

2. Identify all specific provisions, paragraphs, or other terms of any contract(s) that Harvard allegedly breached, including the dates of the alleged breaches and each of Harvard's actions or inactions that allegedly breached the contract(s) and the dates of such actions or inactions.

**Objection:** Plaintiff objects to this Interrogatory on the grounds that it is premature and seeks to discover Privileged Information, including the mental impressions of her counsel. Plaintiff further objects to this Interrogatory on the grounds that it consists of separate distinct subparts, each of which constitute a separate Interrogatory.

**Original Answer**: N/A.

**Amended Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers that Harvard breached Plaintiff's contractual rights in the following manners:

- Creating the "Interim Policy" (for the purpose of investigating Plaintiff), which purported to alter the terms of existing policies, practices and procedures that existed to protect the rights of tenured faculty, and to which Plaintiff had a contractual right by virtue of being a tenured professor;
- Failing to abide by the Interim Policy, which—although providing fewer safeguards—provided some protection to tenured faculty, such as by requiring that HBS bear the burden of proof;
- Conducting the purported investigation in an unfair and biased manner;
- Publicly disclosing the purported findings of its "investigation";
- Making a secret "deal" with Data Colada;
- Conducting the Third Statute Proceeding in an unfair and biased manner, and in violation of the Third Statute and related policies and procedures;
- Terminating Plaintiff's employment; and
- Acting to damage Plaintiff's reputation and livelihood.

3. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 6 that Harvard "negotiated an agreement with Data Colada."

**Objection:** Plaintiff objects to this Interrogatory to the extent it seeks Privileged Information.

**Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers that she learned that Harvard negotiated an agreement with Data Colada from Professor Gary Pisano. In the witness statement submitted by Professor Pisano as part of the Third Statute Proceeding ("TSP"), he testified as follows: "In or about early November 2021, after an appointments committee meeting, I had a conversation with Dean Datar about the allegations against Professor Gino. Dean Datar said that he had made a deal with the complainant (Data Colada), whereby they (Data Colada) would not go public with the allegations against Professor Gino and that HBS would do the investigation itself. I found this surprising. From my prior experience at HBS when misconduct allegations were made against a faculty member, HBS did not negotiate in this manner with the accuser regarding the investigative process." Professor Pisano also shared this information with Professor Frances Frei of Harvard Business School ("HBS").

Further, in the early Fall of 2023, on a Zoom call with Berkeley Professor Don Moore and Harvard Kennedy School Professor Julia Minson, I learned from Professor Moore that HBS had asked Data Colada not to go public right away, and that there had been an agreement between HBS and Data Colada in 2021.

Further, per its August 1, 2024 submission in the TSP, Data Colada's own "written response" to HBS supports the understanding that HBS entered into a deal with Data Colada whereby Data Colada would not go public with their accusations at that time but rather let HBS first conduct its own investigation.

As the HBS investigation unfolded, HBS Dean Datar indicated that he felt pressure from Data Colada to move the HBS investigation along because Data Colada had expressed concern that HBS was "whitewashing" the situation (Pisano testified to this effect in his statement in the TSP).

During the TSP, Plaintiff obtained emails showing that Data Colada had been in conversation with HBS since July 2021. Plaintiff was told about the accusations on Oct 27, 2021.

**Amended Answer**: Plaintiff amends the foregoing answer to clarify that the "August 1, 2024 submission in the TSP"—referenced in the 3rd paragraph—was submitted by Plaintiff. The foregoing answer otherwise remains unchanged.

4. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 13 that "the results of Harvard Business School's investigation 'report' were disclosed to Data Colada."

**Objection:** Plaintiff objects to this Interrogatory to the extent it seeks Privileged Information.

**Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers that in their blogpost (https://datacolada.org/109) Data Colada specifies the number of pages in the HBS report: "we have heard from some HBS faculty that Harvard's internal report was ~1,200 pages long, which is 1,182 pages longer than the one we sent to HBS." In their blogposts, Data Colada

also remarked on the methods used in the analyses (e.g., cross-checking OSF posted data against Qualtrics original data).

Professor Frei also has knowledge of the allegation in this Interrogatory.

Further, in the Spring of 2023, before Plaintiff was placed on leave on June 13, 2023, Gideons Lewis-Krauss, a staff writer at The New Yorker, communicated with Plaintiff's coauthors about a story he was doing on Plaintiff. He seemed aware, as Plaintiff's co-authors indicated to Plaintiff in the summer of 2023, that the results of HBS's investigation report were disclosed to Data Colada.

**Amended Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers that both Professor Frei and the referenced co-authors communicated to her that the reporter seemed aware, but Plaintiff does not recall being told of what led them to that conclusion.

5. Identify all of the "potential witnesses" You alleged that You contacted in Paragraph 152.

**Objection:** Plaintiff objects to this Interrogatory to the extent it seeks Privileged Information.

**Original Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

| Name | Last Known Employer |
|---|---|
| [redacted] | Amazon |
| [redacted] | UCLA Anderson School of Management |
| [redacted] | Stephen M. Ross School of Business, University of Michigan |
| [redacted] | Olin, Washington University in St. Louis |
| [redacted] | Kenan Flagler Business School, University of North Carolina in Chapel Hill |
| [redacted] | Massachusetts Institute of Technology |
| [redacted] | Modern HR, Inc. |

**Amended Answer**: Plaintiff amends the foregoing answer to identify the following additional individuals, each of whom is identifiable by reviewing the materials attached to Plaintiff's response to the draft report of the HBS investigation committee:

| Name | Last Known Employer |
|---|---|
| Alexander Van Zandt | Rutgers Business School |
| Mike Walsh | Unknown |
| [redacted] | Boston Consulting Group |
| [redacted] | International Finance Corporation |

6. State the basis of and Identify all witnesses with knowledge concerning Your allegation in Paragraph 334 that Plaintiff "was subject to an unfair and biased investigation, denied the presumption of innocence, and required to bear the burden of disproving the allegations against her."

**Objection:** Plaintiff objects to this Interrogatory to the extent it seeks Privileged Information.

**Original Answer**: Subject to and without waiving the foregoing objection, Plaintiff answers that the facts which form the basis of her information regarding this allegation are set forth in her Amended Complaint. Further answering, Plaintiff will produce any non-privileged document that forms any part of the source of her information regarding this contention. With respect to witnesses, Plaintiff incorporates herein the list of witnesses set forth in her Initial Disclosures.

**Amended Answer**: Subject to and without waiving the foregoing objection, Plaintiff further answers that the investigation was unfair and biased in numerous respects, including the following:

- Defendants refused to give Plaintiff prompt notice of the allegations against her;
- Defendants refused to inform Plaintiff of the identities of her accusers;
- Defendants created a new "interim policy" specifically for the purpose of investigating Plaintiff;
- Defendants deprived Plaintiff of her contractual rights as a tenured professor, including the right to confront and cross-examine witnesses;
- Defendants misled Plaintiff regarding the investigatory steps that it had allegedly taken;
- Defendants did not make reasonable efforts to obtain relevant evidence;
- Defendants refused to provide Plaintiff sufficient time to provide requested information;
- Defendants imposed a strict confidentiality requirement that unfairly prejudiced Plaintiff's ability to gather information and otherwise defend herself;
- Defendants prohibited Plaintiff from utilizing more than two "advisors" and told her that, because she had already utilized two advisors, she was not permitted to obtain a forensic consultant of her own;
- Defendants failed and refused to consider relevant evidence;
- Defendants rushed to judgment, and made assumptions and presumptions about Plaintiff before obtaining the necessary evidence;
- Defendants claimed to reach conclusion that were not supported by the evidence; and

- Defendants failed and refused to apply the proper standard of proof.

Plaintiff further answers that Defendants proceeded from the presumption that she was guilty and placed the burden on Plaintiff prove that she was not.

The witnesses having knowledge of the foregoing facts would primarily be Defendant Datar, Alain Bonacossa, the Investigation Committee members, and Plaintiff. The other witnesses set forth in Plaintiff's Initial Disclosures may also have knowledge.

> 11. Identify each Person with knowledge concerning the Francesca v Harvard Website and any statements or claims made on the Francesca v Harvard Website at any time.

**Objection:** Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information. Plaintiff further objects to this Interrogatory to the extent it seeks Privileged Information.

**Original Answer**: N/A.

**Amended Answer**: Subject to and without waiving the foregoing objections, Plaintiff answers that the Persons she believes possess non-privileged substantive knowledge concerning the statements or claims made on the website are set forth in her Initial Disclosures. HBS Professor [redacted] also possesses substantive knowledge concerning the statements or claims made on the website.

> 12. Provide an itemized description of all damages, including monetary amounts, that You claim to have incurred as a result of the acts alleged in the Complaint for which You seek recovery against Harvard, including the manner in which such amount has been calculated and the specific basis and support for said amount, and describe any noneconomic damages You claim.

**Objection:** Plaintiff objects to this Interrogatory on the grounds that it is premature and seeks to discover Privileged Information, including the mental impressions of her counsel.

**Original Answer**: Subject to and without waiving the foregoing objections, Plaintiff incorporates Section C of her Initial Disclosures and also answers that, generally, she has suffered damages including but not limited to her loss of clients since being placed on leave and loss of her HBS salary and related executive income.

**Amended Answer**: Subject to and without waiving the foregoing objection, Plaintiff further answers that she estimates her damages as follows:

- Lost salary. Plaintiff's salary in 2022/2023 was roughly $415,000. Assuming modest annual increases, she estimates her losses for this category as of July 31, 2026 will be $1,280,000. Plaintiff estimates that these losses will continue to accrue until she turns 67 years old.
- Lost benefits. Plaintiff estimates that her annual employment benefits were worth approximately $100,000, making her losses for this category as of July 31, 2026 $300,000. Plaintiff estimates that these losses will continue to accrue until she turns 67 years old.
- Lost compensation for executive education teaching. Between August 1, 2023 and July 31, 2026, Plaintiff estimates that she would have earned $950,000 for executive education teaching. Plaintiff estimates that these losses will continue to accrue at the rate of $950,000 every three years (subject to adjustment for inflation), until she turns 67 years old.
- Lost consulting revenue. At the time that she was placed on administrative leave, Plaintiff estimates that her annual consulting revenue was approximately $2,500,000. It immediately dropped to nearly zero, making her losses for this category as of July 31, 2026 approximately $7,500,000. Plaintiff estimates that these losses will continue to accrue until she turns 67 years old.
- Lost publishing revenue. Plaintiff's book, All Hands: How Diverse Teams Win, was not released due to Defendants' conduct, thereby depriving Plaintiff of at least $200,000, plus additional royalties that would have been earned in excess of her advance fee and/or

based on the sale of internation publication rights. Plaintiff estimates that, but for Defendant's conduct, she would have published four more books over the course of her career, with estimated profits of $500,000 per book.

- Attorney's fees and costs. As of July 31, 2026, Plaintiff estimates she will have incurred approximately $5,000,000 in attorney's fees and costs as a result of Defendants' actions.
- Retirement payout. If she had not been terminated, Plaintiff believes that she would have received a retirement severance payout from HBS in or around her 67th birthday, equaling 3 years of her then-current salary.
- Emotional distress. Plaintiff has suffered extreme emotional distress, the appropriate compensation for which can only be determined by a jury.

Further answering, Plaintiff states that this damages estimate is only preliminary, and that she expects to rely upon an expert witness to opine as to the full measure of her economic harm.

16. Identify all Documents and exhibits You intend to rely upon or seek to introduce at any deposition, trial or hearing in this Action.

**Objection:** Plaintiff objects to this Interrogatory on the grounds that it is premature and seeks to discover Privileged Information, including the mental impressions of her counsel.

**Original Answer**: N/A

**Amended Answer**: Plaintiff has conducted a reasonable search for documents that she may rely upon at deposition, trial or hearing, and produced all such documents that she expects to use as of this date. Plaintiff will promptly supplement her production if appropriate.

Sworn to under the pains and penalties of perjury this 15th day of December, 2025.

Signed by:
FRANCESCA GINO
55F0AEA015CC4DF...
FRANCESCA GINO

Francesca Gino
By her attorneys,

*/s/ Patrick J. Hannon*
Barbara A. Robb (BBO #639976)
Patrick Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02210
brobb@hmrhlaw.com
phannon@hmrhlaw.com
P: (617) 723-8000

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, a true copy of the above document was served by electronic means upon counsel of record for Defendants.

*/s/ Patrick J. Hannon*
Parick J. Hannon