# EXHIBIT 25

# FORENSIC SEARCH PROTOCOL

## I. Definitions

The Parties agree the following definitions shall apply to the Protocol:

1. "Analyst" means Brandon Leatha of Leatha Consulting LLC, who is a neutral, third-party computer forensic expert retained to perform the forensic inspection and remediation described below. For the avoidance of doubt, the Analyst must have expertise in Mac operating systems.

2. "ESI Repositories" means (i) Plaintiff's Harvard-issued MacBook Pro laptop bearing the serial number C02T2CB6GTF1; (ii) Plaintiff's black, unlabeled USB drive bearing the serial number 21013403D7FFA005; (iii) Plaintiff's MicroCenter USB drive bearing the serial number 067308185030; (iv) Plaintiff's USB drive with the HBS logo used by Plaintiff bearing the serial number OB7E18851060; (v) Plaintiff's SimpleTech USB drive bearing the serial number 0196019921036; (vi) Plaintiff's Western Digital 1TB external hard drive bearing the serial number WXG2ACoAZCUK; (v) Plaintiff's Google Drive for the francescabgino@gmail.com account (the "Google Drive"); (vi) any device on which the file referred to in Harvard's counterclaim as the "2023 Cover-Up File" (Doc. No. 154, ¶ 78) was, prior to December 31, 2023, stored, edited, or otherwise modified, to the extent Plaintiff has knowledge of the identity of such device and such device is within Plaintiff's possession, custody, or control, and (vii) any other device or other storage location mutually agreed to by the Parties or as ordered by the Court. For the avoidance of doubt, the Parties agree that, to the extent a relevant device was forensically imaged in January 2024, Plaintiff may satisfy this provision by making available to the Analyst unredacted forensic images made by Plaintiff's expert in January 2024, subject to Defendants' right to object to the quality or completeness of such images or request up-to-date images upon reviewing them.

3. The term "any" means, as applicable, "each and every" or "all."

4. The singular includes the plural and the plural includes the singular. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

5. The terms "and" and "or" should be read interchangeably. The terms are intended to be all inclusive and do not limit any part of the Protocol.

## II. Redaction Protocol

The Parties agree to work in good faith to complete the following as soon as practicable (unless other deadlines are otherwise stated below):

1. Within three (3) business days of the execution of this Protocol, either the ESI Repositories or forensic images thereof shall be made available to the Analyst during normal business hours. To the extent that ESI Repositories are provided to the Analyst, the Analyst shall only access the ESI Repositories for the purpose of making a forensic image (collectively, the "Forensic Images").

2. Within five (5) business days of receiving either the ESI Repositories or forensic images thereof, the Analyst shall (i) create a Forensic Image of each of the ESI Repositories not already imaged, (ii) on the Forensic Images only, using X-Ways Forensics or any other appropriate computer forensic software, redact (a) the contents of all emails (including attachments), text messages and other communications, Spotlight .txt files, multi-document containers (*e.g.*, .zip, .tar, or .7z files), and any other documents contained on each Forensic Image (*e.g.*, .docx, .xlsx, .pptx, .pdf, etc.) (collectively, the "Redacted Files"), and (b) the file, application, or system metadata and logs ("Metadata and Logs") on the Forensic Images in their entirety to the extent such metadata or logs are dated November 4, 2021 or thereafter (together with the Redacted Files, the "Redacted Data"); and (iii) provide the redacted Forensic Images to Plaintiff's counsel via an encrypted hard drive. For the avoidance of doubt, the Analyst shall

not redact on the Forensic Images any Metadata and Logs on the Forensic Images that are dated prior to November 4, 2021. The Analyst shall not access or attempt to access any such cloud-based applications or information that may be accessible via those cloud-based applications in executing these Protocols other than the Google Drive.

3. Within a reasonable time following the provision of the redacted Forensic Images by the Analyst to Plaintiff's counsel, not to exceed five (5) business days, Plaintiff's counsel shall provide the Analyst with instructions on whether any or all such data or information must be redacted or withheld on the basis of attorney-client privilege, work product, or similar protections, or would otherwise disclose information of a personal or sensitive nature unrelated to this litigation (such data or information, the "Contested Data"), and will provide a privilege log indicating the basis for such redaction or withholding consistent with the Stipulation and Order for the Production of Documents and Electronically Stored Information, entered in this matter on September 19, 2025 ("ESI Protocol").

4. The Analyst shall redact the Contested Data from the redacted Forensic Images and provide those images to Defendants' counsel along with the privilege log.

5. The Parties shall meet and confer with respect to any disagreement concerning Plaintiff's privilege log regarding the Contested Data and whether Defendants will withdraw their request for the Contested Data, or whether Plaintiff will withdraw her objections to one or more of the Contested Data. If the Parties are unable to reach agreement regarding the Contested Data, Defendants may file a motion to compel within five (5) business days of the meeting between the Parties at which such disagreement becomes clear with respect to such Contested Data.

## III. Additional Ad Hoc Review and Production

Through the close of discovery, counsel for Defendants shall be permitted to work with Plaintiff and the Analyst in order to identify any additional discoverable material contained on the Forensic Images (which for the avoidance of doubt includes any data or information redacted in the Redacted Data) for production to Defendants' counsel as follows:

1. Counsel for Defendants shall identify in writing to counsel for Plaintiff the search terms, file names, application or system logs, or other data or metadata that Defendants wish to obtain from the Forensic Images ("Proposed Search Criteria").

2. Within two business days of receipt, Plaintiff shall provide any objections to the Proposed Search Criteria to Defendants' counsel in writing.

3. If any objection is made to the Proposed Search Criteria, the parties shall promptly meet and confer to resolve such dispute. If the Parties are unable to reach agreement regarding the Proposed Search Criteria, Defendants may file a motion to compel within three (3) business days of the meeting at which such disagreement becomes clear with respect to such Proposed Search Criteria.

4. The parties shall promptly inform the Analyst of the search criteria to which they have agreed through the process identified above (the "Agreed Search Criteria") and the Analyst shall then utilize such criteria to search the Forensic Images.

5. The Analyst shall provide to Plaintiff's counsel any data or other information found on the Forensic Images utilizing the Agreed Search Criteria, which communications shall not include Defendants' counsel.

6. Within a reasonable time following the provision of such data or other information by the Analyst to Plaintiff's counsel, not to exceed five (5) business days, Plaintiff's counsel shall

provide the Analyst with instructions on whether any or all such data or information must be redacted or withheld on the basis of attorney-client privilege, work product, or similar protections, or would otherwise disclose information of a personal or sensitive nature unrelated to this litigation, and will provide to the Analyst a privilege log consistent with the ESI Protocol indicating the basis for such redaction or withholding.

7. Within one (1) business day after receiving such instructions from Plaintiff's counsel, the Analyst shall provide the privilege log and any data or information from the Forensic Images that Plaintiff has not objected to being produced to Defendants' counsel.

8. Thereafter, the Parties agree to meet and confer regarding the privilege log and related data or other information. If the Parties are unable to reach agreement regarding the Contested Data within five (5) business days of Plaintiff's production of the privilege log referenced in the preceding paragraph, Defendants may file a motion to compel challenging the withholding of any data or information as stated on the privilege log.

**IV. Additional Agreements of the Parties**

1. The Parties agree that production of the ESI Repositories and/or forensic images thereof to the Analyst does not waive any rights of confidentiality or privilege.

2. Prior to being provided access to the ESI Repositories, the Analyst shall execute a confidentiality agreement agreeable to the Parties, which shall include an attestation that the Analyst will comply with the terms of this Protocol, and that all materials gathered and produced by the Analyst in connection with this matter will be destroyed upon completion of the work described herein.

3. Except as specified herein, all communication by, with, or to the Analyst regarding the execution of this Protocol will be with all counsel present or by a writing submitted to all. No

*ex parte* communications with the Analyst concerning the Protocol are permitted, unless agreed to by all counsel in writing and except as provided for in this Protocol.

4. Defendants shall pay all reasonable, pre-approved, and documented fees and costs of the Analyst related to the work performed under this Protocol.

5. Nothing herein shall preclude the Analyst from independently proposing appropriate steps to accomplish the Protocol for consideration by the Parties. Any modification or extension of the Protocol or work product provided by the Analyst must be agreed upon in writing by all of the Parties. Any attempt by the Parties to have the Analyst perform additional work without the written consent of the other Party is a violation of this Protocol.

6. Any disputes concerning or arising under this Protocol shall be resolved by the Court.

7. For the avoidance of doubt, Plaintiff shall be entitled to seek claw back of materials subject to attorney-client privilege or work product protections that are inadvertently disclosed under the same terms and procedures as set forth in the ESI Protocol.

The attorneys' signatures on this document are evidence of their intent that this document be a binding agreement, enforceable as between the Parties.

**ROPES & GRAY LLP**

/s/ *Douglas E. Brayley*

Douglas E. Brayley
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
(617) 951-7000
Douglas.Brayley@ropesgray.com
*Attorneys for Defendants President and Fellows of Harvard College and Srikant Datar*

**HARTLEY, MICHON, ROBB, HANNON LLP**

/s/ *Patrick J. Hannon*

Patrick J. Hannon
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
Direct: (617) 447-2819
Fax: (617) 447-2800
phannon@hmrhlaw.com
*Attorneys for Plaintiff*