# Exhibit 48

**Patrick J. Hannon**

| | |
|---|---|
| **From:** | Davis, Elena <Elena.Davis@ropesgray.com> |
| **Sent:** | Thursday, February 26, 2026 10:13 PM |
| **To:** | Travis, David; Patrick J. Hannon; Barbara Robb; Hampton Watson; Brayley, Douglas; Cooper, Jenny K.; Hoey, Laura; Kirk, Shannon Capone |
| **Subject:** | RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ re Forensic Protocol |
| **Attachments:** | ACTIVE_168249345_4_Gino v. Harvard - Letter to Steve York, Re Forensic Imaging (2.26.2026).docx |

Patrick,

Assuming you have not yet reviewed, please use this version attached. The only change is that we have slightly revised our proposed language in connection with Section I.2; the letter assumes that you will still disagree with that proposed edit and leaves a placeholder for your position, but let us know if that's not the case.

Best,
Elena

**Elena Weissman Davis**
**ROPES & GRAY LLP**
T +1 617 951 7017
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Elena.Davis@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Travis, David <David.Travis@ropesgray.com>
**Sent:** Thursday, February 26, 2026 7:48 PM
**To:** Patrick J. Hannon <phannon@hmrhlaw.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>; Hampton Watson <hwatson@hmrhlaw.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Hoey, Laura <Laura.Hoey@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ re Forensic Protocol

Hello Patrick,

Thank you for this feedback. We have incorporated it into the attached letter, in which we left a placeholder for you to insert your position on Section I.2.

Otherwise, we are fine with your proposed edits below, except that we prefer our original proposed language in Section II.4 for clarity, because otherwise there will be multiple instances of the term "redacted Forensic Images" in the protocol to mean different things. Please let us know if you are not comfortable with our original proposed language, if you would like any revisions to the letter, or if it would be helpful to discuss. This letter remains subject to our client's review.

Thanks,

David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: they/them/their

---

**From:** Patrick J. Hannon <phannon@hmrhlaw.com>
**Sent:** Thursday, February 26, 2026 5:07 PM
**To:** Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>; Hampton Watson <hwatson@hmrhlaw.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Hoey, Laura <Laura.Hoey@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Cc:** Travis, David <David.Travis@ropesgray.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ re Forensic Protocol

Elena,

**Section I.1**: Agreed.

**Section I.2(vi)**: We are fine with having the phrase "or as ordered by the Court" be appended to the end of romanette (vi) as drafted in the Court's proposal. We object to your alternative proposal.

**Section II.2**: Only nit on your proposal is the phrase "the Forensic Images containing the Redacted Data." For clarity, I think "redacted Forensic Images" is the better wording.

**Section II.3:** For clarity, I think the phrase "the provision of such data or other information by the Analyst" should be "the provision of the redacted Forensic Images by the Analyst…" Otherwise, your changes are agreeable.

**Section II.4**: How about: "The Analyst shall redact the Contested Data from the redacted Forensic Image and provide the redacted Forensic Image, along with the privilege log, to Defendants' counsel."

**Section III.3**: Agreed.

**Signature Blocks**. Agreed.

Let me know your thoughts.

Patrick J. Hannon
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
Direct: (617) 447-2819
Fax: (617) 447-2800
www.hmrhlaw.com

---

**From:** Davis, Elena <Elena.Davis@ropesgray.com>
**Sent:** Thursday, February 26, 2026 2:25 PM
**To:** Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>; Hampton Watson

03

<hwatson@hmrhlaw.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Hoey, Laura <Laura.Hoey@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Cc:** Travis, David <David.Travis@ropesgray.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ re Forensic Protocol

Patrick,

Below are our proposed edits. We are fine with your edits as we have implemented them below. Please let us know if you agree.

Elena

--

**Section I.1**:
To implement your edit, we propose adding a sentence at the end of this paragraph as follows: "For the avoidance of doubt, the Parties agree that Plaintiff may satisfy this provision by making available to the Analyst unredacted forensic images made by Plaintiff's expert in January 2024, subject to Defendants' right to object to the quality or completeness of such images or request up-to-date images upon reviewing them."

**Section I.2(vi)**:
We propose that romanette (vi) be replaced with the following text: "(vi) the device on which the 2023 Cover-Up File (as defined in Harvard's counterclaim, Doc. No. 154, ¶ 78) was edited or otherwise modified, to the extent such editing or modification was performed by Plaintiff or someone at Plaintiff's direction and such device is within Plaintiff's possession, custody, or control, and (vii) any other device or other storage location mutually agreed to by the Parties."

To the extent the Court is disinclined from adopting this proposal, we propose that the phrase "or as ordered by the Court" be appended to the end of romanette (vi) as drafted in the Court's proposal.

**Section II.2**:
In sub-section (a), in response to your proposed edit, we propose adding "text messages and other communications," after "all emails (including attachments)."

Similar to your proposed edit, we propose that the "and" preceding romanette (ii) should be deleted and an additional romanette (iii) should be inserted into the first sentence stating substantially as follows: "and (iii) provide the Forensic Images containing the Redacted Data to Plaintiff's counsel via an encrypted hard drive."

We agree that the second-to-last sentence in this section, which begins "To the extent Plaintiff's counsel…", may be deleted.

**Section II.3**:
We propose revising the paragraph as follows (blue text represents additions, and red strike-through text represents deletions): Within a reasonable time following the provision of such data or other information by the Analyst to Plaintiff's counsel, not to exceed five (5) business days, Plaintiff's counsel shall provide the Analyst with instructions on whether any or all such data or information must be redacted or withheld on the basis of attorney-client privilege, work product, or similar protections, or would otherwise disclose information of a personal or sensitive nature unrelated to this litigation (such data or information, the "Contested Data"), and will provide a privilege log indicating the basis for such redaction or withholding consistent with the Stipulation and Order for the Production of Documents and Electronically Stor~~i~~ed Information, entered in this matter on September 19, 2025 ("ESI Protocol") ~~the basis for the redaction (the "Contested Data")~~.

**Section II.4**:

We propose that Section II.4 be revised as follows: "The Analyst shall provide the privilege log to Defendants' counsel along with the Forensic Images containing any data or other information that Plaintiff has not objected to being produced."

**Section III.3**:
We propose inserting the following language to the end of Section III.3: "If the Parties are unable to reach agreement regarding the Proposed Search Criteria, Defendants may file a motion to compel within three (3) business days of the meeting at which such disagreement becomes clear with respect to such Proposed Search Criteria."

**Signature Blocks**. We propose that the month of "January" should be removed from the signature blocks and left blank.

**Elena Weissman Davis**
**ROPES & GRAY LLP**
T +1 617 951 7017
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Elena.Davis@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Patrick J. Hannon <phannon@hmrhlaw.com>
**Sent:** Thursday, February 26, 2026 9:44 AM
**To:** Barbara Robb <brobb@hmrhlaw.com>; Hampton Watson <hwatson@hmrhlaw.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Hoey, Laura <Laura.Hoey@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ re Forensic Protocol

Ropes Friends,

We have just a couple of nits on this, which I think we may be able to hammer out on our own and report back jointly to the Court:

In paragraph 1, we would like to confirm that the forensic images made by Mr. McGowan in January 2024 (unredacted of course) can be produced in lieu of the actual device(s);

In 2(ii)(a) we would like to add the phrase "text messages and other communications";

In 2/3, we would like to clarify the content/mechanism for "the provision of such data or other information by the Analyst to Plaintiff's counsel," referenced at the start of 3. Specifically, I'd suggest striking the second to last sentence of 2, and starting 3 with the following: "After completing the redactions described in paragraph 2 above, the Analyst shall provide the redacted Forensic Images to Plaintiff's counsel via an encrypted hard drive."

Please let us know if these changes are agreeable to Defendants.

Patrick J. Hannon
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
Direct: (617) 447-2819
Fax: (617) 447-2800
www.hmrhlaw.com

---

**From:** Steve York <Steve_York@mad.uscourts.gov>
**Sent:** Wednesday, February 25, 2026 3:41 PM
**To:** Barbara Robb <brobb@hmrhlaw.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Hampton Watson <hwatson@hmrhlaw.com>; Brayley, Douglas <douglas.brayley@ropesgray.com>; Davis, Elena <elena.davis@ropesgray.com>; Cooper, Jenny K. <jenny.cooper@ropesgray.com>; laura.hoey@ropesgray.com; shannon.kirk@ropesgray.com
**Subject:** Gino v. Harvard et al., No. 1:23-cv-1175-MJJ re Forensic Protocol

Hi Counsel,

Attached is Judge Joun's proposed Forensic Protocol as discussed at today's hearing.

Thank you,

*Steve.*

***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***
***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Travis, David <David.Travis@ropesgray.com>
**Sent:** Wednesday, February 18, 2026 1:25 PM
**To:** Patrick J. Hannon <phannon@hmrhlaw.com>
**Cc:** Steve York <Steve_York@mad.uscourts.gov>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Mr. York,

We are writing to clarify that we absolutely did not intentionally delay the submission of our letter, as Mr. Hannon asserts below. Our letter addresses certain technical issues that required input from our expert, and it was not finalized until this morning. Our letter merely responds to the points raised in Mr. Hannon's letter earlier this month and does not warrant postponing tomorrow's conference or further submissions to the Court.

Thanks,
David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: they/them/their

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Patrick J. Hannon <phannon@hmrhlaw.com>
**Sent:** Wednesday, February 18, 2026 12:27 PM
**To:** Travis, David <David.Travis@ropesgray.com>
**Cc:** Steve York <Steve_York@mad.uscourts.gov>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** Re: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Mr. York,

In light of Harvard's letter, I ask that tomorrow's hearing be postponed until our status conference that is scheduled for next week. Defendants are aware that I am away for a family vacation and intentionally delayed the submission of this letter so that I would not have an opportunity to respond in advance of the 2/19 conference.

-Patrick

Sent from my iPhone

> On Feb 18, 2026, at 12:16 PM, Travis, David <David.Travis@ropesgray.com> wrote:
>
> Mr. York,
>
> We have conferred with Mr. Hannon, and we will keep the existing time at 2:45 p.m. tomorrow.
>
> Additionally, we are attaching a letter addressing some of the points raised in Mr. Hannon's letter of February 3, 2026.
>
> Thanks,
> David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: they/them/their

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Steve York <Steve_York@mad.uscourts.gov>
**Sent:** Wednesday, February 18, 2026 9:06 AM
**To:** Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>
**Cc:** Travis, David <David.Travis@ropesgray.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Hi Counsel,

After speaking with the Judge, he's not available to conduct this hearing at 11am. If the parties prefer another date instead of 2:45pm on 2/18, we can do 2/25 and 2/26 at either 11am or 12pm.

Please confer and let me know what you decide.

Thank you,

*Steve.*

<image001.jpg>

***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***
***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>
**Sent:** Tuesday, February 17, 2026 5:53 PM

**To:** Patrick J. Hannon <phannon@hmrhlaw.com>; Steve York <Steve_York@mad.uscourts.gov>
**Cc:** Travis, David <David.Travis@ropesgray.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Hello, confirming that Defendants can make this time as well.

Thank you,
Jenny

**Jenny K. Cooper**
**ROPES & GRAY LLP**
T +1 617 951 7048
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Jenny.Cooper@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Patrick J. Hannon <phannon@hmrhlaw.com>
**Sent:** Tuesday, February 17, 2026 5:49 PM
**To:** Steve York <Steve_York@mad.uscourts.gov>
**Cc:** Travis, David <David.Travis@ropesgray.com>; Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** Re: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Mr. York,

That works for Plaintiff. I understand that Defendants are able to make that work as well, but will defer to them.

- Patrick

Sent from my iPhone

> On Feb 17, 2026, at 2:06 PM, Steve York <Steve_York@mad.uscourts.gov> wrote:
>
> Unfortunately, 9 to 10 doesn’t work and we already have something scheduled 12 to 1.
>
> We can do 11 to 12 if that works for everyone.

Thank you,

*Steve.*

<image001.jpg>

***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***
***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Patrick J. Hannon <phannon@hmrhlaw.com>
**Sent:** Tuesday, February 17, 2026 1:48 PM
**To:** Steve York <Steve_York@mad.uscourts.gov>; Travis, David <David.Travis@ropesgray.com>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Hi Mr. York,

I'm writing to inquire if the hearing schedule for 2:45 pm on Thursday (2/19) could be conducted earlier in the day to accommodate family conflicts arising from school vacation week. I've conferred with Defendants, and all parties are available from 9-10 and 12-1.

If those times are not convenient for the Court, or you otherwise whish to keep the hearing as currently schedule, I will make 2:45 pm work.

Thank you.

Patrick J. Hannon
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
Direct: (617) 447-2819

Fax: (617) 447-2800
www.hmrhlaw.com

---

**From:** Steve York <Steve_York@mad.uscourts.gov>
**Sent:** Tuesday, February 3, 2026 1:18 PM
**To:** Travis, David <David.Travis@ropesgray.com>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Hi Counsel,

Regarding your below question, Judge Joun will address the forensic protocol at the 2/19 hearing. He also intends to extend the discovery deadline given the issues involved.

Thank you,

*Steve.*

<image001.jpg>

***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***
***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Travis, David <David.Travis@ropesgray.com>
**Sent:** Friday, January 30, 2026 6:33 PM
**To:** Steve York <Steve_York@mad.uscourts.gov>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Hello Steve,

Please find attached Defendants' proposal regarding the forensic imaging issue. Relatedly, Defendants would like clarification regarding the Court's 2/19 hearing date in light of the discovery deadline of February 28. Does the Court intend to address the forensic protocol issue at the hearing, or will it to so in advance? If the Court does not intend to address the forensic protocol proposals prior to the hearing, we are concerned that the discovery deadline of 2/28 will no longer be feasible, and we would ask that an earlier hearing be scheduled, if possible. Please let us know the Court's intentions on this issue.

Thanks,
David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: they/them/their

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Steve York <Steve_York@mad.uscourts.gov>
**Sent:** Monday, January 26, 2026 12:41 PM
**To:** Travis, David <David.Travis@ropesgray.com>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Hi Counsel,

We just scheduled a further conference for 2/19 at 2:45pm. Please go ahead and submit your respective proposals, as directed at the January 14 Conference.

Thank you,

*Steve.*

<image001.jpg>
***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***

***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Travis, David <David.Travis@ropesgray.com>
**Sent:** Friday, January 23, 2026 10:32 PM
**To:** Steve York <Steve_York@mad.uscourts.gov>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Hello Mr. York,

Please find attached a joint letter by the parties in the above-captioned matter regarding the parties' efforts to agree on a forensic search protocol, as discussed with the Court in the parties' January 14, 2026 conference.

Thanks,
David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: they/them/their

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Steve York <Steve_York@mad.uscourts.gov>
**Sent:** Wednesday, December 31, 2025 10:38 AM
**To:** Travis, David <David.Travis@ropesgray.com>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Hi David,

We will set a zoom conference for 1/14/26 at 3:30pm.

Thanks,

*Steve.*

<image001.jpg>

***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***
***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Travis, David <David.Travis@ropesgray.com>
**Sent:** Tuesday, December 30, 2025 3:03 PM
**To:** Steve York <Steve_York@mad.uscourts.gov>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Mr. York,

My colleagues and I write on behalf of Defendants President and Fellows of Harvard College and Srikant Datar in the above-captioned matter regarding certain discovery issues that we would like to bring to the Court's attention, which are detailed in the attached letter. Please advise on when the Court may be available for another Zoom conference to discuss.

Thanks,
David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: they/them/their

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Steve York <Steve_York@mad.uscourts.gov>
**Sent:** Monday, November 10, 2025 3:47 PM
**To:** Travis, David <David.Travis@ropesgray.com>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** RE: Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

Ok, we'll set a hearing for 11/20 at 2:30 p.m.

*Thank you!*

*Steve.*

<image001.jpg>

***Steve York***
***Courtroom Deputy to***
***The Hon. Myong J. Joun***
***United States District Court***
***District of Massachusetts***
***1 Courthouse Way - Suite 2300***
***Boston, MA 02210***
***(617) 748-4354***
www.mad.uscourts.gov

---

**From:** Travis, David <David.Travis@ropesgray.com>
**Sent:** Monday, November 10, 2025 3:32 PM
**To:** Steve York <Steve_York@mad.uscourts.gov>
**Cc:** Brayley, Douglas <Douglas.Brayley@ropesgray.com>; Cooper, Jenny K. <Jenny.Cooper@ropesgray.com>; Davis, Elena <Elena.Davis@ropesgray.com>; Patrick J. Hannon <phannon@hmrhlaw.com>; Barbara Robb <brobb@hmrhlaw.com>
**Subject:** Gino v. Harvard et al., No. 1:23-cv-1175-MJJ - Letter to Steve York Regarding Discovery Issues

**CAUTION - EXTERNAL:**

Mr. York,

My colleagues and I write on behalf of Defendants President and Fellows of Harvard College and Srikant Datar in the above-captioned matter regarding certain discovery issues that we would like to bring to the Court's attention, which are detailed in the

attached letter. Please advise on when the Court may be available for a Zoom conference to discuss.

Thanks,
David

**David E. Travis**
**ROPES & GRAY LLP**
T +1 617 951 7580
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
David.Travis@ropesgray.com
www.ropesgray.com
pronouns: he/him/his

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

{This email originated from outside your Organization}

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

{This email originated from outside your Organization}

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

{This email originated from outside your Organization}

<Gino v. Harvard - Letter to Steve York_ Re Forensic Imaging (2.18.2026).pdf>

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

{This email originated from outside your Organization}

{This email originated from outside your Organization}

{This email originated from outside your Organization}

ROPES & GRAY
ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

Douglas E. Brayley
T +1 617 951 7119
douglas.brayley@ropesgray.com

February 26, 2026

**BY E-MAIL**

Steve York, Courtroom Clerk for the Honorable Myong J. Joun
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210
steve_york@mad.uscourts.gov

Re: *Gino v. President and Fellows of Harvard College et al.*, No. 1:23-cv-11775-MJJ: Proposed Forensic Search Protocol

Dear Mr. York:

We write jointly on behalf of the Parties in connection with the above-captioned matter to provide comments to the Court's proposed Forensic Search Protocol sent to the Parties on February 25, 2026. These comments are as follows:

**Disputed Revisions**

- **Section I.2(vi)**:
  - Defendants' Position: Defendants proposed the language "(vi) any other device or other storage location utilized by Plaintiff to store research records relevant to the four studies at issue in this matter" because Defendants are aware of at least one additional device that Plaintiff used to backdate what Defendants believe to be the July 16 OG File, but which was not among the devices that Plaintiff's forensic expert identified in the course of the Third Statute proceedings, and which Defendants have not yet been able to identify, potentially due to the redactions Plaintiff made to the information provided in the Third Statute proceeding.[1] Plaintiff's forensic expert admitted in the course of the Third Statute proceeding that it would be necessary to have this device in order to determine how the file that Defendants believe to be the July 16 OG File

[1] Defendants referred to this device as the "unknown device" in their letters to the Court dated December 30, 2025 and February 18, 2026.

was backdated. *See* Excerpt of Third Statute Hearing Transcript, attached hereto as Exhibit A. Accordingly, Defendants respectfully request that romanette (vi) be replaced with the following text:

"(vi) any device on which the 2023 Cover-Up File (as defined in Harvard's counterclaim, Doc. No. 154, ¶ 78) was stored, edited, or otherwise modified, to the extent Plaintiff has knowledge of the identity of such device and such device is within Plaintiff's possession, custody, or control, and (vii) any other device or other storage location mutually agreed to by the Parties."

To the extent the Court is disinclined from adopting this proposal, Defendants respectfully request that the phrase "or as ordered by the Court" be appended to the end of romanette (vi) as drafted in the Court's proposal. At a minimum, based on the evidence adduced throughout the remainder of discovery, Defendants may seek to raise with the Court Plaintiff's refusal to provide an image of the "unknown device."

- Plaintiff's Position: [ ]

**Agreed-Upon Revisions**

- **Section I.1**:

  - The Parties agree on adding a sentence at the end of this paragraph as follows: "For the avoidance of doubt, the Parties agree that Plaintiff may satisfy this provision by making available to the Analyst unredacted forensic images made by Plaintiff's expert in January 2024, subject to Defendants' right to object to the quality or completeness of such images or request up-to-date images upon reviewing them."

- **Section II.2**:

  - In sub-section (a), the Parties agree to add "text messages and other communications," after "all emails (including attachments)."

  - The Parties agree that the "and" preceding romanette (ii) should be deleted and an additional romanette (iii) should be inserted into the first sentence stating substantially as follows: "and (iii) provide the redacted Forensic Images to Plaintiff's counsel via an encrypted hard drive."

  - The Parties agree that the second-to-last sentence in this section, which begins "To the extent Plaintiff's counsel…", may be deleted as redundant with the Court's edits to Section II.3 providing Plaintiff the opportunity to instruct the Analyst to make additional redactions to the Forensic Images beyond the Redacted Data.

- **Section II.3**:

  - The Parties propose revising the paragraph as follows to eliminate stray language at the end of this paragraph and to ensure clarity (blue text represents additions, and red strike-through text represents deletions):

    Within a reasonable time following the provision of ~~such data or other information~~ the redacted Forensic Images by the Analyst to Plaintiff's counsel, not to exceed five (5) business days, Plaintiff's counsel shall provide the Analyst with instructions on whether any or all such data or information must be redacted or withheld on the basis of attorney-client privilege, work product, or similar protections, or would otherwise disclose information of a personal or sensitive nature unrelated to this litigation (such data or information, the "Contested Data"), and will provide a privilege log indicating the basis for such redaction or withholding consistent with the Stipulation and Order for the Production of Documents and Electronically Stor~~i~~ed Information, entered in this matter on September 19, 2025 ("ESI Protocol") ~~the basis for the redaction (the "Contested Data")~~.

- **<u>Section II.4</u>**:

  - The Parties propose that Section II.4 be revised as follows to ensure clarity for the parties: "The Analyst shall provide the privilege log to Defendants' counsel along with the Forensic Images containing any data or other information that Plaintiff has not objected to being produced."

- **<u>Section III.3</u>**:

  - Defendants believe that they should be permitted to raise disputes with the Court over any Proposed Search Criteria that the Parties are unable to resolve in a reasonable time frame. Accordingly, Defendants propose inserting the following language to the end of Section III.3: "If the Parties are unable to reach agreement regarding the Proposed Search Criteria, Defendants may file a motion to compel within three (3) business days of the meeting at which such disagreement becomes clear with respect to such Proposed Search Criteria." Plaintiff agrees to this proposed revision.

- **<u>Signature Blocks</u>**. The Parties agree that the month of "January" should be removed from the signature blocks and left blank.

Respectfully submitted,

*/s/ Douglas E. Brayley*
Douglas E. Brayley

# <u>Exhibit A</u>

Excerpt of Third Statute Hearing Transcript (Testimony of Plaintiff's Forensic Expert, Michael McGowan)

Third Statute Proceeding Against
Prof. Francesca Gino

Confidential

Hearing
November 16, 2024

Page 149

2-149

changed" that would be updated to the time --
that would be updated, for example, to September
2023 at the time of the backdating.
That's not what we have here. The
record change time for this file is the same as
the date added time that Mr. Ackert lists in his
report. So from that, I would conclude that the
document hasn't changed since it was copied onto
Professor Gino's computer in September of 2023.
Q **So it sounds, sir, like you have done an analysis**
**on how this backdating was done, is that right?**
**You have determined that?**
A No. What I've done is I saw Mr. Ackert's
rebuttal report and tried to assess the theory
that he laid at there. It's not one that I
haven't -- I don't -- yeah, I'll stop.
Q **Okay. You would agree with me, sir, that just**
**because a document says that it was -- let me**
**find it -- last saved 9/23/2023 right here.**
A I see that, yes.
Q **Okay. You would agree with me that that doesn't**
**mean that it was created in 2023, is that right?**
A I would agree with that, yes.
Q **We'd have to have this unknown device to do some**

Page 150

**2-150**

**more investigation to figure out when was that**
**document with modified study data created, isn't**
**that right?**
A Yes.
Q **Okay, thank you.**
**And my last question, you're aware**
**that we have asked for that unknown device and**
**this document from that device, right, and it is**
**not forthcoming to us? You're aware of that,**
**right?**
A I'm aware of that, yes.
Q **Okay. And so I'd like to pull back up the policy**
**that we talked about, the Harvard policy.**
MS. KIRK: If you wouldn't mind, Alex.
MR. MACHT: We were advised that the
committee was not going to draw any adverse
inferences based on privilege. What she's about
to do is point to the policy that said that the
respondent is supposed to provide relevant
evidence and they're going to do exactly what
they're not supposed to do is suggest that you
should draw an adverse inference from the fact
that a privileged protected set of information
wasn't provided. So I object on privileged

Page 151

2-151

ground.
Q **Just last question, sir. So --**
MR. PERRELLI: Just to reassure that
the committee is not going to draw any adverse
inference from this line of questioning.
MS. KIRK: Thank you, Professor.
Q **I think we've established that there is a copy.**
**We don't know its origins -- you've said that in**
**your testimony -- or its date. I just would call**
**your attention to the policy section three.**
**(Reading):**

**"All individuals subject to this**
**policy, including respondents,**
**have an obligation to provide**
**evidence relevant" --**

MR. MOGCK: I'm sorry, I thought we
just --
Q **The end.**
MS. KIRK: No further questions.
MR. PERRELLI: I'm going to just jump
in here, guys, okay. The committee -- on the
privilege question, we're not going to draw any

adverse inference from an assertion o
We're not going to stop the complainant if they
want to ask a question about this, but rest
assured, okay, that the committee is not going to
draw an adverse inference from the assertion of
privilege.
Q **Thank you, Mr. McGowan. I have no further**
**questions.**
A Thank you.
MR. TEETER: Is there any redirect?

REDIRECT EXAMINATION
By Mr. Mogck:
Q **Mr. McGowan, you were asked on cross examination**
**about, if emails of an RA were deleted, if that**
**would be unknowable. Do you remember being asked**
**a question like that?**
A I think I understood the question differently,
but...
Q **Okay. I want to ask you about what can be known**
**about emails that have been deleted. If an email**
**is exchanged between an RA and Professor Gino and**
**Professor Gino deletes that email for whatever**
**reason, is it unknowable whether the RA and**

O'Brien & Levine, A Magna Legal Services Company
888.825.3376 - production@court-reporting.com

Pages 149–152

Q **We'd have to have this unknown device to do some**
**more investigation to figure out when was that**
**document with modified study data created, isn't**
**that right?**
A Yes.