UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCESCA GINO,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENTS AND FELLOWS OF HARVARD COLLEGE, SRIKANT DATAR, JOHN DOES 1-10, AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 1:23-cv-11775-MJJ |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**MEMORANDUM OF LAW INITIALLY UNDER SEAL**

Today, on November 18, 2026, Plaintiff will be submitting a motion seeking reconsideration in part of the Court's Order on summary judgment (Doc. No. 277). Parts of Plaintiff's memorandum of law in support of this motion ("Memorandum of Law") will refer to summary judgment exhibits that were previously filed under seal, or to portions of the parties' statements of facts (Doc. No. 264-1) that were previously redacted in publicly facing filings.

Plaintiff does not believe that her Memorandum of Law ultimately should be sealed or redacted. The forthcoming Memorandum of Law is a judicial record subject to the presumptive right of public access, and will not contain highly sensitive non-public information of the sort that warrants redaction.[1] See Order (Mar. 12, 2024), Doc. No. 67 (citing United States v. Kravetz, 706 F.3d 47, 54 (1st Cir. 2013)).

[1] Plaintiff will soon be filing a separate motion under Section 17 of the Protective Order and Fed. R. Civ. P. 5.2(d) in which she will be challenging Defendants' confidentiality designations regarding the summary judgment exhibits, and in which she will ask the Court to unseal the summary judgment filings with only limited exceptions for narrow categories of confidential information.

However, given that Defendants may assert that some of the content of Plaintiff's Memorandum of Law should be shielded from public view, Plaintiff is filing this motion to seal in accordance with the provisions of Section 18 of the Protective Order and Local Rule 7.2.

Plaintiff respectfully requests that she be given leave to file her Memorandum of Law initially under seal. Plaintiff will submit a placeholder cover page for this Memorandum of Law in her publicly facing filing today, November 18, 2026.

Plaintiff further proposes that the Memorandum of Law be unsealed in its entirety by Tuesday, November 24, 2026, as there are no sufficiently "compelling reasons" to redact the Memorandum of Law. Kravetz, 706 F.3d. at 59.

Plaintiff reached out to Defendants' counsel in advance of filing this motion, who indicated that Defendant assents to relief that would permit the Motion for Reconsideration to be filed under seal on a provisional basis while the parties attempt to resolve the confidentiality issues.

**WHEREFORE**, Plaintiff respectfully requests that Court allow this Motion, and permit her to file the Memorandum of Law initially under seal, but direct the Clerk to unseal the Memorandum of Law by November 24, 2026.

Respectfully submitted,
Francesca Gino,
By her attorneys,

*/s/ Hampton M. Watson*
Patrick J. Hannon (BBO# 664958)
Barbara A. Robb (BBO# 639976)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
101 Federal Street, Suite 1810
Boston, MA 02110
Telephone: (617) 723-8000
Facsimile: (617) 447-2800
phannon@hmrhlaw.com
brobb@hmrhlaw.com

hwatson@hmrhlaw.com

*Attorneys for Plaintiff Francesca Gino*

Dated: November 18, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Defendant by electronically serving their counsel of record.

*/s/ Hampton M. Watson*

Hampton M. Watson